**IN THE UNITED STATES DISTRICT COURT
FOR NORTH DAKOTA**

| | |
|---|---|
| RELIANCE TELEPHONE OF GRAND FORKS INCORPORATED, a North Dakota corporation, <br><br>and<br><br>RELIANCE SYSTEMS INC., a Nevada corporation,<br><br>　　　　Plaintiffs,<br><br>　　　v.<br><br>YANKTON COUNTY, SOUTH DAKOTA,<br><br>and<br><br>NETWORK COMMUNICATIONS INTERNATIONAL CORP., a Texas corporation,<br><br>　　　　Defendants. | Civil No. 3:23-CV-00227-ARS<br><br>**AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Reliance Telephone of Grand Forks Incorporated ("Reliance") and Reliance Systems Inc. ("Systems"), for their Amended Complaint against Defendants Yankton County, South Dakota ("the County") and Network Communications International Corp. ("NCIC"), state and allege as follows:

**JURISDICTION AND VENUE**

1.　　This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1332. The Plaintiffs and Defendants are citizens of different states, and the amounts

in controversy exceed the sum of $75,000.00, exclusive of interest and costs, as hereinafter more fully appears.

2. This Court further has jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1121, as hereinafter more fully appears, for violations of the Lanham Act, 15 U.S.C. §1125(a). This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over all related claims.

3. Venue is proper within this judicial district pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Reliance is a North Dakota corporation with its offices located in Grand Forks, North Dakota. Reliance is nationally-recognized and the leading provider of telephone, iPod, iPad and voice call communication services to correction facilities throughout the United States.

5. Systems is a Nevada corporation with its offices located in Las Vegas, Nevada and Grand Forks, North Dakota. As of 2021, it is the successor-in-interest to Reliance Systems Incorporated. Systems is nationally-recognized and the leading provider of inmate text messaging and video call services to correction facilities located throughout the United States.

6. The County is a political subdivision of the State of South Dakota. Its county seat is located in Yankton, South Dakota. It owns and operates the Yankton County Jail, located in Yankton, South Dakota.

7. NCIC is a Texas corporation with its offices located at Longview, Texas. NCIC is a direct competitor of Reliance and Systems.

## FACTS

8. In 2010, Reliance installed telephone systems for inmates at the Yankton County Jail correctional facility.

9. In return for the 2010 installation, the County received significant revenues from Reliance for approximately ten (10) years. The County did not complain about the services Reliance provided to the County. This 2010 Oral Agreement between the County and Reliance continued until August 2020, when it was replaced by a written contract.

10. On or about August 1, 2016, Systems' predecessor-in-interest entered into a contract with the Yankton County Jail and the County entitled "Inmate Text and Video Call Location Agreement" (the "2016 Contract"). The 2016 Contract was executed by Mr. James C. Vlahakis, sheriff of Yankton County, on behalf of the County.

11. The effective start date of the 2016 Contract was September 1, 2016.

12. The initial term of the 2016 Contract was five (5) years. The 2016 Contract provided in relevant part that the Yankton County Jail

> does hereby grant, an exclusive right and license, for a term of (5) five years, to install and operate texting and video call devices to provide texting and video call services. This agreement shall be automatically renewed, unless a notice is given 30 days prior to the termination date. The effective date shall be the 1st, day of Sept., 2016.

13. The 2016 Contract did not contain any provision for early termination prior to expiration of its initial five-year term.

14. Systems' predecessor-in-interest performed as required under the terms of the 2016 Contract.

15. Both Systems' predecessor-in-interest and the County earned and received significant revenues pursuant to the terms of the 2016 Contract.

16. In August 2020, Reliance, Systems and the County entered into two (2) new contracts in substitution for the 2016 Contract and the 2010 Oral Agreement. The revenue received

under these two new contracts increased substantially with the new technology deployed in the County's jail.

17. On August 18, 2020, Reliance and the County entered into a "Phone/iPod/iPad Voice call Location Agreement" ("Reliance Contract"). The Reliance Contract replaced the 2010 Oral Agreement. The Reliance Contract was executed by Mr. James C. Vlahakis, sheriff of Yankton County, on behalf of the Yankton County Jail.

18. The effective start date of the Reliance Contract was December 2, 2020.

19. The initial term of the Reliance Contract was five (5) years. The Reliance Contract provides in relevant part that the County

> does hereby grant [to Reliance], an exclusive right and license, for a term of (5) years for the purpose of installing and operating inmate telephones and other inmate devices using a graphical user interface. This agreement shall be automatically renewed on the same terms and conditions for consecutive five (5) periods, unless a notice is given by either party thirty (30) days prior to the renewal date. The effective start date shall be the install date of 2nd, day of Dec 2020.

20. The Reliance Contract does not contain any provision for early termination prior to expiration of its initial five-year term.

21. Reliance has performed as required under the terms of the Reliance Contract.

22. On August 18, 2020, Systems' predecessor-in-interest and the Yankton County Jail entered into an "Inmate Text Message and Video Call Location Agreement" ("Systems Contract"). The Systems Contract was executed by Mr. James C. Vlahakis, sheriff of Yankton County, on behalf of the County.

23. The effective start date of the Systems Contract was December 2, 2020.

24. The initial term of the Systems Contract was five (5) years. The Systems Contract provides in relevant part that the Yankton County Jail

>does hereby grant [to Systems], an exclusive right and license, for a term of (5) years, to install and operate text messaging and video call devices to provide text message and video call services. This agreement shall be automatically renewed on the same terms and conditions for consecutive five (5) year periods, unless a notice is given by either party thirty (30) days prior to the renewal date. The effective start date shall be the install date of 2nd, day of Dec 2020.

25. The Systems Contract does not contain any provision for early termination prior to expiration of its initial five-year term.

26. Systems has performed as required under the terms of the Reliance Contract.

27. In reasonable reliance on the Reliance Contract and the Systems Contract, Reliance and Systems invested and installed additional and new equipment after the execution of those contracts on August 18, 2020.

28. Reliance, Systems and the County have each received significant revenues under the terms of the Reliance Contract and Systems Contract. For example, in calendar year 2021, total revenue under the two contracts was $224,783.85. In calendar year 2022, total revenue under the two contracts was $272,164.07. Since March 2018, the County and/or the Yankton County Jail has received in excess of $400,000 in fees from the two contracts.

29. The Systems Contract and the Reliance Contract have been mutually beneficial to Reliance, Systems, the Yankton County Jail and the County.

30. Throughout the term of the Reliance Contract and the Systems Contract, Reliance and Systems always addressed and remedied, to the satisfaction of the Yankton County Jail, any asserted complaints or issues regarding their performance under the two contracts.

31. Reliance and Systems had valid and existing contractual and business relationships with the Yankton County Jail and an expectation that the contracts would be performed for their full five (5) year terms.

32. Without prior warning, on July 17, 2023, Mr. Todd Brandt, the Jail Administrator for the Yankton County Jail, sent a letter raising for the first time four areas of alleged dissatisfaction with Reliance's performance under the Reliance Contract.

33. The asserted areas of dissatisfaction were in fact pretextual.

34. Some time prior to July 17, 2023, the Yankton County Jail was approached by one or more employees or agents of NCIC, a direct competitor of Reliance and Systems, to convince the Yankton County Jail to terminate the Reliance Contract and the Systems Contract and to use NCIC's equipment and services instead of the equipment and services of Reliance and Systems.

35. Upon information and belief, the Yankton County Jail administrator, Mr. Brandt, and likely others, made NCIC's agents or employees aware of the Reliance Contract and the Systems Contract and the fact that those contracts did not expire until December 2, 2025.

36. The employees or agents of NCIC therefore knew of the existence of the Reliance Contract and Systems Contract prior to, or at or about the time of, contacting the Yankton County Jail.

37. Upon information and belief, NCIC's agents or employees provided the Yankton County Jail administrator, Mr. Brandt, and likely others with the jail, with incorrect and inaccurate information regarding Reliance and Systems' capabilities and performance under the Reliance Contract and Systems Contract.

38. Upon information and belief, the pretextual areas of dissatisfaction stated in the July 17, 2023, letter were based on false and misleading information provided in whole or in part by NCIC's agents or employees in-person or via email or similar communications.

39. The stated pretextual areas of dissatisfaction were false and misleading. In particular, NCIC's agents or employees falsely and misleadingly told the Yankton County Jail

6

administrator and likely others that Reliance and Systems were charging fees in excess of those permitted under applicable Federal Communications Commission (FCC) regulations.

40. In the July 17 letter, the Yankton County Jail stated that it was providing notice of termination of the Reliance Contract ninety (90) days from the date of the letter, although it conspicuously stated that it did not want Reliance to "cease providing any service to or remove any hardware from the Yankton County Jail Facility."

41. On July 30, 2023, Reliance responded to the July 17 letter. In that letter, Reliance pointed out that Systems had a separate contract – the Systems Contract – with the County and that the July 17 letter did not reference that contract.

42. Reliance's July 30 letter also pointed out that the Reliance contract was in effect until December 2, 2025, and that it did not contain any provision for early or premature termination.

43. Reliance's July 30 letter further pointed out that, "Any mutually-agreed early termination would necessitate a payment to us [Reliance] of our estimated revenues for the remaining term of the contract."

44. Reliance's July 30 letter, *inter alia*, separately addressed each of the four pretextual asserted areas of dissatisfaction identified in the Yankton County Jail's July 17 letter and pointed out the errors and falsity with each of them.

45. On August 17, 2023, Mr. Todd Brandt responded on behalf of the Yankton County Jail.

46. In his August 17 letter, Mr. Brandt again falsely and wrongly accused Reliance and Systems of "illegally" billing in excess of Federal Communications Commission allowances.

47. Upon information and belief, the basis for this false and defamatory accusation was information provided by agents or employees of NCIC to Mr. Brandt and/or others with the County at some time prior to the July 17, 2023 letter and thereafter.

48. The accusation was and is false, defamatory and disparaging of Reliance and Systems and their business and therefore constitutes intentional, independently tortious or otherwise unlawful interference by NCIC.

49. All the pretextual areas of dissatisfaction were false and disparaging of Reliance and Systems and their businesses and therefore constitute intentional, independently tortious actions by NCIC.

50. The false and defamatory accusation of illegal billing was made by Mr. Brandt, at the instigation of NCIC's agents or employees, on behalf of the Yankton County Jail to try to dissuade and deter Reliance and Systems from enforcing their lawful contractual rights under the Reliance Contract and the Systems Contract.

51. In the August 17 letter, Mr. Brandt stated on behalf of the Yankton County Jail that it "genuinely appreciated the relationship that we have had with your firm over the years and as it currently stands, we would have nothing but positive feedback regarding Reliance, for any individuals or agencies enquiring about our experience with you."

52. Mr. Brandt restated that the Yankton County Jail intended to "transition to a different inmate communications system" but still expected Reliance to continue to provide services through October 17, 2023.

53. Upon information and belief, the "different inmate communications system" referenced in the August 17 letter is now being supplied to the Yankton County Jail by NCIC.

54. The August 17 letter also stated for the first time that the earlier July 17 letter "does indeed encapsulate all existing agreements between our agency and Reliance / Reliance Systems."

55. On September 5, 2023, Reliance and Systems, through their counsel, sent a letter to Mr. Brandt in response to the two letters dated July 17 and August 17.

56. In the September 5 letter, Reliance and Systems, through their counsel, responded to the pretextual assertions contained in the July 17 and August 17 letters.

57. In the September 5 letter, Reliance and Systems concluded by requiring that the Yankton County Jail "freeze all information with regarding to inmate telephone, messaging and video services and that none of that information be provided to any new vendor. None of that information may be used by, or provided to, any other vendor. Please immediately confirm that you will comply with this request, and that no such information has been provided to any other vendor." (Underlining in original.)

58. Neither Mr. Brandt nor any other representative of the Yankton County Jail or the County ever responded to the September 5 letter.

59. On or about October 18, 2023, the Yankton County Jail wrongly and improperly turned off Reliance and Systems equipment.

60. Neither the County nor the Yankton County Jail have offered to return Reliance and Systems' equipment or to compensate Reliance and Systems for the cost of retrieving their equipment.

61. By turning off Reliance and Systems' equipment, the County has wrongly terminated and breached the Reliance Contract and the Systems Contract.

62. If the Reliance Contract is terminated over two (2) years prior to the contractual end date of December 2, 2025, Reliance will suffer loss and damage in excess of $75,000.00.

63. If the Reliance Contract is terminated over two (2) years prior to the contractual end date of December 2, 2025, Reliance will suffer reputational harm in its competitive industry, because competitors will wrongly believe that the Reliance Contract was terminated due to lack of performance or a breach by Reliance. Reliance will also lose its "exclusive" rights to provide services for a period of five (5) years as provided in the Reliance Contract.

64. If the Systems Contract is terminated over two (2) years prior to the contractual end date of December 2, 2025, Systems will suffer loss and damage well in excess of $75,000.00.

65. If the Systems Contract is terminated over two (2) years prior to the contractual end date of December 2, 2025, Systems will suffer reputational harm in its competitive industry, because competitors will wrongly believe that the Systems Contract was terminated due to lack of performance or a breach by Systems. Systems will also lose its "exclusive" rights to provide services for a period of five (5) years as provided in the Systems Contract.

66. Based on the long and mutually beneficial contractual relationships between Reliance, Systems and the County, the Reliance Contract and the Systems Contract would likely have been extended for additional five-year terms as set forth in each of the contracts.

67. But for the intentional and independent tortious interference with the Reliance Contract and the Systems Contract by NCIC's agents or employees, through their false and misleading statements and representations to the Yankton County Jail administrator and others, the County would not have wrongfully terminated them and thereby caused Reliance and Systems to suffer damages caused by the wrongful, early termination of them.

## COUNT I

### (Reliance: Breach of Contract)

68. Reliance and Systems restate and reallege paragraphs 1 through 67 and incorporate them herein by reference.

69. Reliance and the County entered into a valid and binding contract – the Reliance Contract – for a five (5) year term commencing on December 2, 2020.

70. Reliance has complied with all of its obligations under the terms of the Reliance Contract.

71. The County has breached the Reliance Contract by effectively terminating it as of about October 18, 2023, over two years prior to its stated expiration on December 2, 2025.

72. The County's breach of the Reliance Contract is without justification or cause.

73. The County's wrongful termination and breach of the Reliance Contract will cause Reliance to suffer loss and damage in the form of lost revenues in excess of $75,000.00, the precise amount to be determined at trial.

74. The County's termination and breach the Reliance Contract will cause Reliance to suffer reputational harm in an amount reasonably believed to be in excess of $75,000.00.

75. The County's termination and breach of the Reliance Contract will cause Reliance to lose its exclusive rights under the terms of the contract. The value of these exclusive rights, the loss of which would permit a competitor to provide the same or similar services to the County, is reasonably believed to be in excess of $75,000.00.

76. Reliance is therefore entitled to an award of damages against the County in an amount in excess of $75,000.00, the precise amount to be determined at trial.

## COUNT II

### (Systems: Breach of Contract)

77. Systems and Reliance restate and reallege paragraphs 1 through 76 and incorporate them herein by reference.

78. Systems and the County entered into a valid and binding contract – the Systems Contract – for a five (5) year term commencing as of December 2, 2020.

79. Systems has complied with all of its obligations under the terms of the Systems Contract.

80. The County has breached the Systems Contract by effectively terminating it as of about October 18, 2023, over two years prior to its stated expiration on December 2, 2025.

81. The County's breach of the Systems Contract is without valid justification or cause.

82. The County's wrongful termination and breach of the Systems Contract will cause Systems to suffer loss and damage in the form of lost revenues in excess of $75,000.00, the precise amount to be determined at trial.

83. The County's termination and breach of the Systems Contract will cause Systems to suffer reputational harm in an amount reasonably believed to be in excess of $75,000.00.

84. The County's termination and breach of the Systems Contract will cause Systems to lose its exclusive rights under the terms of the contract. The value of these exclusive rights, the loss of which would permit a competitor to provide the same or similar services to the County, is reasonably believed to be in excess of $75,000.00.

85. Systems is therefore entitled to an award of damages against the County in an amount in excess of $75,000.00, the precise amount to be determined at trial.

## COUNT III

### (Reliance: Specific Performance)

86. Reliance and Systems restate and reallege paragraphs 1 through 85 and incorporate them herein by reference.

87. If the County is permitted to terminate the Reliance Contract as of about October 18, 2023, Reliance will be unable to obtain revenues or provide services to the County.

88. The provision of Reliance's services, and the receipt of revenues from the County, is unique to the County.

89. Reliance does not have any comparable or similar source of revenues from the County.

90. Reliance therefore is entitled to an Order requiring the County to specifically perform its obligations under the Reliance Contract until its expiration on December 2, 2025.

## COUNT IV

### (Systems: Specific Performance)

91. Systems and Reliance restate and reallege paragraphs 1 through 90 and incorporate them herein by reference.

92. If the County is permitted to terminate the Systems Contract as of about October 18, 2023, Systems will be unable to obtain revenues or provide services to the County.

93. The provision of Services' services, and the receipt of revenues from the County, is unique to the County.

94. Services does not have any comparable or similar source of revenues from the County.

95. Services therefore is entitled to an Order requiring the County to specifically perform its obligations under the Reliance Contract until its expiration on December 2, 2025.

## COUNT V

### (Reliance: Declaratory Judgment)

96. Reliance and Systems restate and reallege paragraphs 1 through 95 and incorporate them herein by reference.

97. An actual and justiciable controversy exists between Reliance and the County regarding the term and terminability of the Reliance Contract.

98. This Court may declare the rights and legal relations of Reliance and the County pursuant to 28 U.S.C. §2201.

99. Reliance is entitled to a declaration that the Reliance Contract's expiration is December 2, 2025.

100. Reliance is entitled to a declaration that the County may not unilaterally terminate the Reliance Contract prior to December 2, 2025.

## COUNT VI

### (Systems: Declaratory Judgment)

101. Systems and Reliance restate and reallege paragraphs 1 through 100 and incorporate them herein by reference.

102. An actual and justiciable controversy exists between Systems and the County regarding the term and terminability of the Systems Contract.

103. This Court may declare the rights and legal relations of Systems and the County pursuant to 28 U.S.C. §2201.

104. Systems is entitled to a declaration that the Systems Contract's expiration is December 2, 2025.

105. Systems is entitled to a declaration that the County may not unilaterally terminate the Systems Contract prior to December 2, 2025.

## COUNT VII

### (Reliance and Systems: Violation of the Lanham Act)

106. Reliance and Systems restate and reallege paragraphs 1 through 105 and incorporate them herein by reference.

107. NCIC has violated the Lanham Act, 15 U.S.C. §1125(a)(1)(B) by making false and misleading statements regarding Reliance and Systems' business operations, qualities and products in connection the sale of NCIC's goods and services.

108. NCIC made these false and misleading statements to the Yankton County Jail administrator and likely others in connection with the promotion and sale in interstate commerce of NCIC's goods and services.

109. As a result of NCIC's violations of the Lanham Act, Reliance and Systems have each suffered in excess of $75,000 in damages to their businesses through damage to their reputations, lost sales and revenues from the contracts with the County, lost goodwill.

110. Pursuant to 15 U.S.C. §1117(a), Reliance and Systems also are entitled to recover all profits made by NCIC as a result of its contract or contracts entered into with the County.

111. Reliance and Systems are each therefore entitled to an award of damages against NCIC in an amount in excess of $75,000.00, the precise amount to be determined at trial.

112. NCIC's false and misleading statements concerning Reliance and Systems were made willfully and intentionally and with knowledge of their false and misleading nature. This

action therefore is exception and Reliance and Systems should be awarded their reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a).

## COUNT VIII

**(Reliance and Systems: Tortious Interference with Business Relationships)**

113. Reliance and Systems restate and reallege paragraphs 1 through 112 and incorporate them herein by reference.

114. Reliance and Systems had valid contractual and business relationships and expectancies with the County

115. NCIC knew or had reason to know of the Reliance and Systems contracts with the County and Reliance and Systems' business relationships and expectancies with the County.

116. NCIC committed independent tortious or otherwise unlawful acts of interference through its agents or employees providing false, misleading and disparaging statements and information to the County, as detailed in prior paragraphs.

117. NCIC's intentional interference with the Reliance and Systems' business relationships and contracts with the County caused the County to wrongfully terminate the contracts and business relationships, thereby causing harm to Reliance and Systems.

118. As a result of NCIC's interference with Reliance and Systems' business relationships and contracts, Reliance and Systems have each suffered in excess of $75,000 in damages, the precise amount to be determined at trial.

119. NCIC's intentional interference involved fraud and an actual intent to disrupt and interfere with Reliance and Systems' business and contractual relationships with the County, thereby entitling Reliance and Systems, and each of them, to an award of punitive or exemplary damages, the precise amount to be determined at trial.

**DEMAND FOR JURY TRIAL**

Reliance and Systems demand a trial by jury on all issues triable to a jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Reliance Telephone of Grand Forks Incorporated and Reliance Systems Inc., each pray for entry of judgment against Defendant Yankton County, South Dakota, and Network Communications International Corp. as follows:

1. On Count I, for an award of damages against the County to Reliance in excess of $75,000, the precise amount to be determined at trial.

2. On Count II, for an award of damages against the County to Systems in excess of $75,000, the precise amount to be determined at trial.

3. On Count III, for an Order of specific performance, requiring the County to perform as required under the terms of the Reliance Contract until the expiration of its initial term on December 2, 2025.

4. On Count IV, for an Order of specific performance, requiring the County to perform as required under the terms of the Systems Contract until the expiration of its initial term on December 2, 2025.

5. On Count V, for a declaratory judgment that the Reliance Contract's expiration is December 2, 2025, and that the County may not unilaterally terminate the Reliance Contract prior to December 2, 2025.

6. On Count VI, for a declaratory judgment that the Systems Contract's expiration is December 2, 2025, and that the County may not unilaterally terminate the Systems Contract prior to December 2, 2025.

7. On Count VII, for an award of damages against NCIC to Reliance and Systems, and each of them, in excess of $75,000 each, the precise amount to be determined at trial.

8. On Count VII, for an award of all of NCIC's profits from its contractual and business relationship with the County to each of Reliance and Systems.

9. On Count VIII, for an award of damages against NCIC to Reliance and Systems, and each of them, in excess of $75,000 each, the precise amount to be determined at trial.

10. On Count VIII, for an award of punitive or exemplary damages against NCIC to Reliance and Systems, and each of them, the precise amount to be determined at trial.

11. For an award of attorneys' fees and costs, pursuant to 15 U.C.S. §1117(a).

12. For pre- and post-judgment interest on all sums awarded as allowed by law.

13. For an award of their costs incurred in this action as allowed by law.

14. For such other and further relief as the Court may deem just and equitable.

Dated: March 20, 2024.                                  /s/Alan M. Anderson
                                                                Alan M. Anderson (MN Bar #149500)
L. Reagan Florence (MN Bar #0396468)
ALAN ANDERSON LAW FIRM LLC
11100 Wayzata Blvd., Suite 545
Minneapolis, MN 55305
Tel: 612-756-7010
Fax: 612-756-7050
Email: aanderson@anderson-lawfirm.com
       rflorence@anderson-lawfirm.com

*Attorneys for Plaintiffs Reliance Telephone of Grand Forks Incorporated and Reliance Systems Inc.*

18