IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| RELIANCE TELEPHONE OF GRAND FOLKS INCORPORATED, a North Dakota corporation,<br><br>and<br><br>RELIANCE SYSTEMS, INC., a Nevada corporation,<br><br>      Plaintiffs,<br><br>v.<br><br>YANKTON COUNTY, SOUTH DAKOTA,<br><br>and<br><br>NETWORK COMMUNICATIONS INTERNATIONAL CORP., a Texas corporation,<br><br>      Defendants. | Case No. 4:24-cv-04098-KES<br><br><br>**ANSWER AND JURY DEMAND** |

    Defendant, Network Communications International Corp. ("NCIC"), for its Answer to Plaintiffs' Amended Complaint (Doc. 28), answers, states, and alleges, as follows:

    1.    Denies each and every heading, matter, allegation, and thing contained in Plaintiffs' Amended Complaint, except as admitted, qualified, or otherwise explained.

    2.    Understands this action was transferred by Magistrate Judge Alice R. Senechal from North Dakota's District Court to South Dakota's District Court, Southern Division, on May 14, 2024, due to improper venue and the doctrine of *forum non-conveniens*. As such, to the extent Plaintiffs' Amended Complaint infers that the captioned court, District Court for North Dakota,

1

ever had or currently has proper jurisdiction over NCIC, NCIC denies this conclusion and moves to dismiss Plaintiffs' Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure on the basis of improper venue and deficient subject matter jurisdiction and personal jurisdiction over NCIC.

    3.    Denies the allegations asserted in paragraphs 1 – 3 of Plaintiffs' Amended Complaint. However, NCIC admits the District Court for South Dakota has proper jurisdiction over this matter and further admits that the current venue in South Dakota's Southern District is proper.

    4.    Denies the allegations and characterization of Plaintiffs' communication services asserted in paragraphs 4 – 5 of Plaintiffs' Amended Complaint. NCIC otherwise lacks knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations.

    5.    Admits the allegations asserted in paragraphs 6 – 7 of Plaintiffs' Amended Complaint.

    6.    Lacks knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations asserted in paragraphs 8 – 20 of Plaintiffs' Amended Complaint and thus denies Plaintiffs' allegations to the extent a response is required and asserts that the documents Plaintiffs reference and partially cite speak for themselves.

    7.    Denies the allegations and legal conclusions asserted in paragraph 21 of Plaintiffs' Amended Complaint.

    8.    Lacks knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations asserted in paragraphs 22 – 25 of Plaintiffs' Amended Complaint and thus denies Plaintiffs' allegations to the extent a response is required and asserts that the documents Plaintiffs reference and partially cite speak for themselves.

9. Denies the allegations and legal conclusions asserted in paragraph 26 of Plaintiffs' Amended Complaint.

10. Lacks knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations asserted in paragraphs 27 – 29 of Plaintiffs' Amended Complaint and thus denies Plaintiffs' allegations to the extent a response is required and asserts that the documents Plaintiffs reference and partially cite speak for themselves.

11. Denies the allegations and legal conclusions asserted in paragraphs 30 - 31 of Plaintiffs' Amended Complaint.

12. Lacks knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations asserted in paragraph 32 of Plaintiffs' Amended Complaint and thus denies Plaintiffs' allegations to the extent a response is required and asserts that the documents Plaintiffs reference and partially cite speak for themselves.

13. Denies the allegations and legal conclusions asserted in paragraph 33 of Plaintiffs' Amended Complaint.

14. As it pertains to paragraph 34 of Plaintiffs' Amended Complaint, NCIC admits that the Yankton County Jail discussed NCIC's equipment and services with NCIC's employees prior to July 17, 2023, that NCIC is a competitor of Plaintiffs, and that the Yankton County Jail expressed dissatisfaction with Plaintiffs equipment and services. NCIC denies Plaintiffs' remaining allegations and characterization of NCIC and Yankton County's encounter as asserted in paragraph 34 of Plaintiffs' Amended Complaint.

15. As it pertains to paragraph 35 of Plaintiffs' Amended Complaint, NCIC admits that it has a general awareness of the contracts being referenced. NCIC denies Plaintiffs' remaining allegations asserted in paragraph 35 of Plaintiffs' Amended Complaint.

16. Denies the allegations and legal conclusions asserted in paragraph 36 – 39 of Plaintiffs' Amended Complaint.

17. Denies the allegations asserted in paragraphs 40 – 46 of Plaintiffs' Amended Complaint and asserts that the letters Plaintiffs reference and partially cite speak for themselves.

18. Denies the allegations asserted in paragraphs 47 – 50 of Plaintiffs' Amended Complaint.

19. Lacks knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations asserted in paragraphs 51 – 52 of Plaintiffs' Amended Complaint and thus denies Plaintiffs' allegations to the extent a response is required.

20. As it pertains to paragraph 53 of Plaintiffs' Amended Complaint, NCIC admits that NCIC is currently providing inmate communication services to Yankton County Jail. NCIC lacks knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations asserted in Plaintiffs' remaining allegations asserted in paragraph 53 of Plaintiffs' Amended Complaint and thus denies Plaintiffs' allegations to the extent a response is required.

21. Lacks knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations asserted in paragraphs 54 – 58 of Plaintiffs' Amended Complaint and thus denies Plaintiffs' allegations to the extent a response is required.

22. Denies the allegations and legal conclusions asserted in paragraph 59 of Plaintiffs' Amended Complaint.

23. Lacks knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations asserted in paragraph 60 of Plaintiffs' Amended Complaint and thus denies Plaintiffs' allegations to the extent a response is required.

24. Denies the allegations asserted in paragraphs 61 – 67 of Plaintiffs' Amended Complaint.

25. No response is required to the allegations asserted in paragraphs 68 – 105 of Plaintiffs' Amended Complaint as such paragraphs contain allegations that are not directed towards NCIC. To the extent a response is required, NCIC denies the allegations set forth in paragraphs 68 – 105 of Plaintiffs' Amended Complaint and restates the preceding paragraphs of this Answer as though fully set forth herein as it relates to paragraphs 68, 77, 86, 91, 96, and 101 of Plaintiffs' Amended Complaint.

26. Denies the allegations asserted in paragraphs 106 – 119 of Plaintiffs' Amended Complaint and restates the preceding paragraphs of this Answer as though fully set forth herein as it relates to paragraphs 106 and 113 of Plaintiffs' Amended Complaint.

27. NCIC specifically denies the nature and extent of Plaintiffs' damages claimed in Plaintiffs' Amended Complaint to the extent alleged, if any.

## AFFIRMATIVE DEFENSES

28. Plaintiffs' Amended Complaint may be barred for failing to state claims upon which relief can be granted pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure and should therefore be dismissed in whole or in part.

29. Plaintiffs' claims and alleged damages, if any, are barred, in whole or in part, by the doctrine of unclean hands. estoppel, and illegality. NCIC reserves the right to conduct discovery on these issues.

30. Plaintiffs' alleged damages, if any, are, in whole or in part, the result of Plaintiffs' own actions or inactions over which NCIC had no control and are thus not legally responsible. NCIC reserves the right to conduct discovery on these issues.

31. Plaintiffs' alleged damages, if any, may be the result of other parties, including but not limited to, Defendant Yankton County, South Dakota, over whom NCIC has no control or right of control and, as such, NCIC cannot be liable for Plaintiffs' alleged damages. NCIC reserves the right to conduct discovery on these issues.

32. To the extent Plaintiffs are able to prove any of their alleged damages, Plaintiffs may have failed to avoid, minimize, or mitigate their damages, and any alleged damages should be reduced proportionately or barred altogether. NCIC reserves the right to conduct discovery on this issue.

33. Plaintiffs' claims may be barred because the Plaintiffs' alleged contracts are illegal, void, and/or void ab initio. NCIC reserves the right to conduct discovery on these issues.

34. NCIC reserves the right to assert any other affirmative defenses, cross-claims, and/or joinder claims, by way of an amended answer or otherwise, based on information obtained through further investigation or discovery.

**WHEREFORE**, Defendant NCIC prays that Plaintiffs' Amended Complaint be dismissed on the merits with prejudice and that it be awarded its costs, disbursements, and such other relief as the Court deems just and equitable.

## JURY DEMAND

Defendant NCIC demands a trial by jury of the maximum number of jurors permitted by law on all issues so triable to a jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated this 12th day of June, 2024.

/s/ Nicholas G. Moser
Nicholas G. Moser – SDBA #4650
Dylan M. Miller – SDBA #5439
Marlow, Woodward & Huff, Prof. LLC
PO Box 667
200 W. Third St.
Yankton, SD 57078
Telephone: (605) 665-5009
Facsimile: (605) 665-4788
Email: nick@mwhlawyers.com;
    dylan@mwhlawyers.com
*Attorneys for Defendant Network Communications International Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of June 2024, the foregoing **Answer and Jury Demand** was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Nicholas G. Moser
Nicholas G. Moser