UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| RELIANCE TELEPHONE OF GRAND FOLKS INCORPORATED and RELIANCE SYSTEMS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> YANKTON COUNTY, SOUTH DAKOTA and NETWORK COMMUNICATIONS INTERNATIONAL CORP., <br><br> Defendants. | Case No.: 4:24-cv-04098 <br><br> MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS PROPERLY WITHHELD AS PRIVILEGED FROM DEFENDANT NETWORK COMMUNICATIONS INTERNATIONAL CORP. |

Defendant Network Communications International Corp. ("NCIC"), through their undersigned counsel, respectfully submits this MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTIONS TO COMPEL.

### INTRODUCTORY STATEMENT

This Court must deny PLAINTIFFS' MOTION TO COMPEL (Doc. 69). The email communications between and amongst the Co-Defendants and their attorneys took place during the course of this litigation and are protected from disclosure by the common interest privilege and joint defense privilege.

### BACKGROUND

NCIC has produced 25,980 documents to Plaintiffs in discovery and has responded to four (4) sets of requests for the production of documents and one (1) set of interrogatories in this lawsuit.

In PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL (Doc. 76), Plaintiffs seek to compel NCIC to "produce forty-one (41) documents"[1] that NCIC identified on its privilege log and withheld on the basis of the joint defense or common interest privileges. (Docs. 69 and 76). Plaintiffs challenge NCIC's withheld documents because they involve communications between co-defendants that either pre-date May 14, 2024,[2] or occur after that date, where a lawyer did not appear as the sender or recipient of the communication. Plaintiffs also mistakenly assert that NCIC did not have counsel until after this lawsuit was transferred[3] and that NCIC and Yankton County do not have a common interest in this lawsuit,[4] and that the lack of an executed defense agreement precludes NCIC and Yankton County from qualifying for the common interest and joint defense privileges.

In response to Plaintiffs' challenges, NCIC and Yankton County engaged in extensive written correspondence and multiple meet-and-confer calls to further explain the factual and legal grounds for asserting privilege over the challenged documents beyond the information already provided in its privilege logs. In an effort to respond to Plaintiffs' concerns, provide further context for the privilege designations, and avoid burdening the Court, NCIC's counsel re-reviewed every challenged entry and produced—without waiver of its position—redacted versions of several

---

[1] As of Plaintiffs' Motion (Doc. 69), NCIC is withholding forty-five (45) documents under partial redaction on the basis of the Attorney Client Privilege, Common Interest Privilege, and Joint Defense Privilege. Of these documents, another four (4) have already been partially produced to Plaintiffs previously. (S*ee* NCIC-007082 for NCIC-011688, and YC003300 and YC003297 for NCIC-011222, NCIC-011451, and NCIC-0011553). Accordingly, Plaintiffs are truly only withholding forty-one (41) documents on the above privileges. Two (2) of the remaining forty-one (41) documents have been misidentified on NCIC's Privilege Log as being privileged on other grounds, but are clearly redacted with the applicable privileges in NCIC's production to Plaintiffs. (*See* NCIC-011845 and NCIC-011852).
[2] Plaintiffs erroneously and inappropriately venued this lawsuit within the State of North Dakota. It was not until May 13, 2024, that the parties filed a JOINT STIPULATION TO TRANSFER CIVIL ACTION (Doc. 36) to re-venue the lawsuit within South Dakota.
[3] NCIC was represented by Scott Strand while this lawsuit was still venued in the State of North Dakota and is represented by Lee Petro and Glenn Richards.
[4] Despite Plaintiffs' best efforts to draw distinctions against NCIC and Yankton County's common interests during informal discovery disputes, Plaintiffs have acknowledged that NCIC and Yankton County have pursued the same legal arguments in support of the common interest and joint defense privileges claimed.

documents that had previously been withheld in full to resolve Plaintiffs' contentions with NCIC's document production.[5] Despite NCIC's good-faith efforts, Plaintiffs now ask this Court to conduct an *in camera* review of all forty-five (45) documents that NCIC maintained as privileged. Plaintiffs' Motion is based on nothing more than speculation and exaggerates the extent of the discovery dispute between the parties.

To be clear, NCIC has withheld thirty-two (32) documents pre-dating May 14, 2024, on the basis of joint defense or common interest privileges. NCIC has also withheld twelve (12) documents post-dating May 14, 2024, on the same basis. Regarding the thirty-two (32) documents pre-dating May 14, 2024, nearly all of them pertain to the same email chain and consist of either duplicate or inclusive emails and related threads. They are described below for the Court's convenience:

- Email from Sheriff Preston Crissey to NCIC's Craig Storer and Scott Baniecke, cc NCIC's President/CEO Bill Pope, on December 21, 2023 (NCIC-012270)
- Email from Craig Storer to Bill Pope, on December 27, 2023 (NCIC-011057)
- Email from Craig Storer to Bill Pope, on December 27, 2023 (NCIC-011810)
- Email from Bill Pope to Craig Storer, on December 27, 2023 (NCIC-011847)
- Email from Craig Storer to Bill Pope, cc Scott Baniecke, on December 28, 2023 (NCIC-011089)
- Email from Craig Storer to Bill Pope, cc Scott Baniecke, on December 28, 2023 (NCIC-011845)
- Email from Craig Storer to Bill Pope, cc Scott Baniecke, on February 13, 2024 (NCIC-011873)
- Email from Bill Pope to Craig Storer and Scott Baniecke, on February 13, 2024 (NCIC-011812)
- Email from Bill Pope to Craig Storer, cc Scott Baniecke, on March 3, 2024 (NCIC-012200)
- Email from Bill Pope to Attorney Harrie, cc Sheriff Crissey and Attorney Harrie's legal staff member Rachel Henry, on March 4, 2024 (NCIC-011132)

---

[5] On February 8, 2025, NCIC reproduced 1,235 documents previously entirely redacted with either no redactions or with partial redactions. Again, on March 20, 2025, NCIC reproduced two (2) documents to Plaintiffs without redaction. (*See* NCIC-011786 and NCIC-012178).

- Email from Yankton County's attorney William Harrie to Bill Pope, cc Sheriff Crissey, Attorney Harrie, and Rachel Henry, on March 4, 2024 (NCIC-011199)
- Email from Bill Pope to Craig Storer and Scott Baniecke, on March 4, 2024 (NCIC-012284)
- Email from Craig Storer to Bill Pope and Scott Baniecke, on March 6, 2024 (NCIC-011852)
- Email from Bill Pope to Sheriff Crissey, Craig Storer, and Scott Baniecke, on March 21, 2024 (NCIC-012233)
- Email from Bill Pope to Craig Storer and Scott Baniecke, on March 22, 2024 (NCIC-012272)
- Email from Bill Pope to Attorney Harrie, cc Sheriff Crissey and Rachel Henry, on March 22, 2024 (NCIC-011141)
- Email from Bill Pope to Attorney Harrie, cc Sheriff Crissey and Rachel Henry, on March 22, 2024 (NCIC-011151)
- Email from Attorney Harrie to Bill Pope, cc Attorney Harrie, Preston Crissey, and Rachel Henry, on March 22, 2024 (NCIC-011073)
- Email from Bill Pope to Craig Storer and Scott Baniecke, on March 24, 2024 (NCIC-012166)
- Email from Craig Storer to Bill Pope and Scott Baniecke, on March 24, 2024 (NCIC-011861)
- Email from Craig Storer to Bill Pope and Scott Baniecke, on March 24, 2024 (NCIC-012182)
- Email from Attorney Harrie to Bill Pope, cc Preston Crissey, Rachel Henry, Attorney Harrie, and Scott Kerr, on April 4, 2024 (NCIC-011091)
- Email from Bill Pope to Attorney Harrie, cc Attorney Harrie, Rachel Henry, and Scott Kerr, on April 4, 2024 (NCIC-011104)
- Email from Attorney Harrie to Bill Pope, cc Sheriff Crissey, Rachel Henry, and Scott Kerr, on April 4, 2024 (NCIC-011118)
- Email from Attorney Harrie to Bill Pope, cc Sheriff Crissey, Rachel Henry, and Attorney Harrie, on April 4, 2024 (NCIC-011162)
- Email from Bill Pope to Attorney Harrie, cc Sheriff Crissey and Rachel Henry, on April 4, 2024 (NCIC-011174)
- Email from Bill Pope to Attorney Harrie, cc Sheriff Crissey and Rachel Henry, on April 4, 2024 (NCIC-011186)
- Email from Bill Pope to NCIC's attorney Dylan Miller, on April 11, 2024 (NCIC-011059)
- Email from Bill Pope to Attorney Harrie, on April 12, 2024 (NCIC-011207)
- Email from Attorney Harrie to Bill Pope, cc Attorney Harrie and Rachel Henr, on May 6, 2024 (NCIC-011083)

- Email from Bill Pope to Attorney Harrie, on May 6, 2024 (NCIC-011085)
- Email from Bill Pope to Attorney Harrie, cc Rachel Henry, on May 6, 2024 (NCIC-011087)

(*Doc. 75-19 and 21, Exs. S and U—NCIC's Supplemental Privilege Logs*).

The majority of the documents described above pertain to one (1) extended email chain between NCIC's employees, Yankton County's employees, and Yankton County's Attorney, William Harrie. (*Id.*). The remaining documents relate to four (4) separate email chains between NCIC and Yankton County regarding their impressions of Plaintiffs' lawsuit and that each co-defendant had common interests in the litigation, both before and after Attorney Harrie got involved. Thus, in reality, there are only five (5) email chains that have been withheld by NCIC on the basis of the Joint Defense Privilege and Common Interest Privilege. Notably, all such communications took place ***after*** Plaintiffs' lawsuit was commenced, but before NCIC was inevitably added as a defendant. Thus, they are irrelevant to any claim or defense. (Doc. 1).

Plaintiffs also attempt to distinguish twelve (12) emails NCIC has withheld following May 14, 2024. They are described below for the Court's convenience:

- Email from Craig Storer to Bill Pope, on June 6, 2024 (NCIC-012124)
- Email from Bill Pope to Craig Storer on June 6, 2024 (NCIC-011878)
- Email from Craig Storer to Attorney Miller and Attorney Nick Moser, on June 6, 2024 (NCIC-011817)
- Email from Attorney Miller to Craig Storer, on June 10, 2024 (NCIC-011688)
- Email from Craig Storer to Attorney Miller, on June 10, 2024 (NCIC-011888)
- Email from Attorney Miller to Craig Storer, on June 10, 2024 (NCIC-011891)
- Email from Sheriff Crissey to Bill Pope, on July 16, 2024 (NCIC-011222)
- Email from Bill Pope to Sheriff Crissey, on July 16, 2024 (NCIC-011451)
- Email from Bill Pope to Sheriff Crissey, on July 16, 2024 (NCIC-011553)
- Email from Bill Pope to Attorney Miller, cc Craig Storer on August 23, 2024 (NCIC-011821)
- Email from Craig Storer to Bill Pope and Attorney Miller, cc Scott Baniecke, on October 7, 2024 (NCIC-011849)

- Email from Craig Storer to Bill Pope and Attorney Miller, on October 17, 2024 (NCIC-011882)

*(Doc. 75-19 and 21, Exs. S and U—NCIC's Supplemental Privilege Logs).*

The documents described above pertain to emails following the date NCIC and Yankton County entered into a joint defense agreement and have been withheld on the basis of attorney client privilege and work product, as well as common interest privilege and joint defense privileges. (*Id.*). Furthermore, contrary to Plaintiffs' allegations, seven (7) of the emails are directly between NCIC and its counsel, while the rest relate to fulfilling NCIC's Counsels' requests for further information. Accordingly, the above documents are undisputedly privileged.

NCIC would also note that it provided Plaintiffs a Privilege Log on December 6, 2024, that identified the documents at issue and provided a sufficient description of the subject matter contained in the communications withheld to allow Plaintiffs to assess NCIC's claims of privilege.[6] In an email dated December 19, 2024, Plaintiffs demanded a more detailed description of the subject matter of those communications, and NCIC cooperated and provided a Supplemental Privilege Log that included a more detailed description of the documents that were withheld. (Doc. 75-19 and 21, Exs. S and U). NCIC has met and conferred with Plaintiffs both over the phone and by email as it pertains to the production of documents withheld under claims of common interest privilege and joint defense privilege. The parties ultimately could not resolve their disagreement and believed the issue was ready to be presented to the Court for further determination. However, there have been no further communications between counsel for Plaintiffs and counsel for NCIC whatsoever since Defendant NCIC produced two (2) documents on March 20, 2025, regarding

---

[6] Plaintiffs' conclusory statement on page 7 of its brief (Doc. 77) that NCIC seemingly failed to comply with Fed. R. Civ. P. 26(b)(5)(A) is completely false. NCIC and Plaintiffs entered into an ESI Agreement to limit the extent and burden of responding to Plaintiffs' discovery requests. As required by Rule 26 and the agreed-upon ESI protocol, NCIC identified by Bates number the sender, recipients, copyees, document name, and dates for each final email that contained privileged communications or attorney work product, and provided sufficient descriptions setting forth the basis for each privilege claimed. NCIC's indexed Privilege Log went above and beyond what Rule 26 requires.

Plaintiffs' seemingly new dispute and claim that NCIC and Yankton County have "waived" their respective claims of privilege. Thus, NCIC has had no opportunity to meet and confer with Plaintiffs to address Plaintiffs' new contention that the privileges have been waived.

For all of the reasons articulated below, PLAINTIFFS' MOTION TO COMPEL (Doc. 69) should be denied because the email communications sought are privileged and have been properly withheld.

## LEGAL STANDARD

The attorney-client privilege "ranks among the oldest and most established evidentiary privileges known to our law." *United States* v. *Jicarilla Apache Nation*, 564 U.S. 162, 165 (2011). Attorney-client privilege exists "to encourage full and frank communications between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co.* v. *United States,* 449 U.S. 383, 389 (1981). "Where the privilege applies, attorney-client confidential communications are afforded 'absolute and complete protection from disclosure.'" *Tatum* v. *R.J. Reynolds Tobacco Co.*, 247 F.R.D. 488, 492 (M.D.N.C. 2008) (quoting *In re Allen*, 106 F.3d 582, 600 (4th Cir. 1997)). The "work product privilege protects an attorney's work done in preparation for litigation." *In re Grand Jury Proc. #5 Empaneled Jan. 28, 2004*, 401 F.3d 247, 250 (4th Cir. 2005). The work product doctrine "is premised on the idea that '[n]ot even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney.'" *Id.* (quoting *Hickman* v. *Taylor*, 329 U.S. 495, 510 (1947)). "Work product protection . . . shields from discovery work product prepared by an attorney, or at the direction of an attorney, in anticipation of litigation." *E.I. Dupont de Nemours and Co.* v. *Kolon Industries, Inc.*, 269 F.R.D. 600, 604 (E.D. Va. 2010).

A party withholding documents or information on the basis of the attorney-client privilege or work product doctrine must both "(i) expressly make the claim" and "(ii) describe the nature of the documents, communications or other tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Privilege logs meet the standard of Rule 26 "even if not detailed" provided they identify "the nature of each document, the date of its transmission or creation, the author and recipients, the subject, and the privilege asserted." *Johnson* v. *Ford Motor Co.*, 309 F.R.D. 226, 232 (S.D.W. Va. 2015). Here, NCIC has demonstrated the privileged basis for the 41 challenged documents.

## ARGUMENT AND AUTHORITIES

I.  **Plaintiffs did not meet and confer with NCIC with respect to their new "waiver" argument before filing their motion to compel.**

Counsel for NCIC and Reliance engaged in significant discussions regarding claims of attorney-client privilege, common interest privilege, and joint defense privilege. The issue of waiver, however, was not discussed in a meet and confer between the parties. In support of its motion to compel, Plaintiffs raise, for the very first time, that Yankton County and NCIC waived the common interest/joint defense privileges because NCIC produced two (2) documents it previously had withheld under claims of joint defense/common interest privileges on March 20, 2025. Plaintiffs never discussed this new argument with NCIC and instead ran to the Court to file their Motion to Compel (Doc. 69) on April 4, 2025. The "waiver" issue was never raised prior to motion being filing, and thus, failed to satisfy the meet and confer requirement on this issue before filing its motion to compel as required by Fed. R. Civ. P. 37. Consequently, Plaintiffs' argument regarding waiver of the privilege is not properly before the Court and must be disregarded.

II.  **The email communications are privileged and, therefore, not discoverable.**

This Court must apply South Dakota law to determine the existence and scope of the attorney-client privilege, joint defense privilege, and common interest privilege in this diversity case. Fed. R. Evid. 501; *Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1053 (8th Cir. 2000). Despite that, Plaintiffs rely heavily on cherry-picked case law addressing these privileges from various jurisdictions outside of this Court's jurisdiction. This reliance is misplaced. Furthermore, Plaintiffs' cited cases are not controlling or persuasive as they contradict South Dakota law. In fact, Plaintiffs' argument essentially ignores the plain language of SDCL § 19-19-502(b)(3), which is South Dakota's codified common interest privilege. *See Saar v. Kingdom Trust Co.*, 2020 U.S. Dist. LEXIS 95959, at *10 (D.S.D. June 2, 2020). Under South Dakota law, "privileges created by statute are to be strictly construed to avoid suppressing otherwise competent evidence." *State v. Catch the Bear*, 352 N.W.2d 640, 646-47 (SD 1984). "The burden of showing entitlement to assert the privilege rests with [the] claimant." *Id*. at 645.

### A. NCIC and Yankton County have shared a common interest throughout this litigation, and thus, their communications are privileged under SDCL § 19-19-502(b)(3).

NCIC and Yankton County share a common interest. NCIC joins in Yankton County's argument in Section II.A. of their MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DEFENDANT YANKTON COUNTY, SOUTH DAKOTA (Doc. 79, pg. 8-14), and incorporates that argument as if fully stated herein by this reference.

Furthermore, Plaintiffs' contend that NCIC and Yankton County's common interest privilege and joint defense privileges are destroyed due to NCIC's preserved affirmative defense. (Doc. 51, ¶ 31). However, Plaintiffs fail to appreciate that NCIC's pleadings are entirely appropriate under Fed. R. Civ. P.8(d)(3), permitting parties to state separate claims or defenses, regardless of consistency. Contrary to Plaintiffs' beliefs, the interests of separately represented co-

defendants need not be entirely congruent. Restatement (Third) of the Law Governing Lawyers § 76 cmt. e (2000).

### B. NCIC will submit the email communications to the Court for in camera review.

Despite Plaintiffs' abject failure to establish entitlement to *in camera* review, NCIC is agreeable to submitting the email communications at issue to the Court for a review *in camera*. NCIC has agreed to a motion requesting permission to submit the subject communications to the Court for *in camera* review contemporaneously with the filing of this Memorandum.

### C. The withheld email communications relate to legal, not business, advice.

The email communications that have been withheld relate to legal advice. NCIC joins in Yankton County's argument in Section II.C. of its MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DEFENDANT YANKTON COUNTY, SOUTH DAKOTA (Doc. 79, pg. 15-23), and incorporates that argument as if fully stated herein by this reference.

### D. Yankton County has not authorized NCIC to disclose confidential communications that fall under the purview of SDCL § 19-19-502(b)(3).

NCIC joins in Yankton County's argument in Section II.D. of its MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DEFENDANT YANKTON COUNTY, SOUTH DAKOTA (Doc. 79, pg. 16), and incorporates that argument as if fully stated herein by this reference. Yankton County has not authorized NCIC to disclose any of the withheld confidential communications that are protected by the common interest privilege or joint defense privilege. Nor has NCIC authorized Yankton County to disclose the same. Accordingly, neither co-defendant has waived the confidential communications at issue.

### E. The joint defense privilege also protects these email communications.

The subject email communications are also protected by the joint defense privilege. NCIC joins in Yankton County's argument in Section II.E. of its MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DEFENDANT YANKTON COUNTY, SOUTH

DAKOTA (Doc. 79, pg. 16-20), and incorporates that argument as if fully stated herein by this reference.

   F. **The Co-Defendants have not waived the Common Interest Privilege and Joint Defense Privilege.**

NCIC joins in Yankton County's argument in Section II.F. of the MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DEFENDANT YANKTON COUNTY, SOUTH DAKOTA (Doc. 79, pg. 20-21), and incorporates that argument as if fully stated herein by this reference. Furthermore, NCIC produced two (2) documents on March 20, 2025, after numerous meet and confer conferences with Plaintiffs in an effort to respond to Plaintiffs' concerns. In no way was NCIC's production a waiver of the remaining documents at issue withheld under the common interest and joint defense privileges by either NCIC or Yankton County. Furthermore, NCIC does not have Yankton County's consent to waive said privileges.

As it pertains to Plaintiffs' assertion that NCIC privileges have been waived because Yankton County voluntarily or inadvertently disclosed certain documents produced, Yankton County has never communicated to NCIC that it intended to waiving any common interest or joint defense privileges More importantly, NCIC has not consented to the waiver of any common interest or joint defense privileges by Yankton County. Accordingly, there has been no waiver, as waiver is required by **all** parties to the defense.

   G. **The emails between NCIC executives and NCIC's attorneys are protected by the attorney-client privilege.**

It is undisputed that the emails between and among NCIC, those that manage its operations, and NCIC's attorneys in this matter are clearly protected from disclosure by attorney-client privilege. SDCL 19-19-502(b)(1). Accordingly, the email communications Plaintiffs seek in their motion to compel are not discoverable under Fed. R. Civ. P. 26 because they are protected by the parties' common interest privilege, joint defense privilege, and/or attorney-client

privilege. Furthermore, communications between non-lawyers are privileged when they provide "information to the lawyer to enable him to give sound and informed advice." *In re Zetia (Ezetimibe) Antitrust Litig*, 2019 U.S. Dist. LEXIS 206524; *see also Santrade, Ltd. v. GE*, 150 F.R.D. 539, at 545 (E.D.N.C. 1993) (protected when relaying information requested by attorneys).

### III. This Court should disregard the irrelevant documents and salacious allegations about NCIC that were submitted by the Plaintiff.

Plaintiffs filed various documents and spent most of their brief arguing disputed facts related to the underlying causes of action against the Co-Defendants. A motion to compel is not an appropriate forum to litigate a party's case or to submit salacious allegations against the other parties, and therefore, NCIC will not address those documents or the Plaintiffs' contentions with respect to the underlying claims. However, to be sure, NCIC denies the Plaintiffs' claims in this lawsuit and specifically denies any wrongdoing by NCIC or Yankton County as to the points raised. NCIC requests that this Court disregard the extraneous documents and comments that have no relevance with respect to Plaintiffs' motion to compel.

### CONCLUSION

For any and all of the foregoing reasons, Plaintiffs' motion to compel must be denied. The email communications at issue are protected by the common interest privilege, joint defense privilege, and/or attorney-client privilege and have been properly withheld.

In the alternative, if this Court should rule that the emails at issue must be produced by NCIC in discovery, NCIC respectfully submits that an award of attorneys' fees under Fed. R. Civ. P. 37(5)(A) would not be appropriate for four reasons: (1) NCIC's nondisclosure and objections premised on the common interest privilege and joint defense privilege were substantially justified, (2) Plaintiffs' objections to NCIC's claims of work product or attorney client privilege were not conferred upon prior to Plaintiffs' filing of this motion; (3) the email communications at the heart

of the motion were the subject of a good faith discovery dispute between the parties; and (4) Plaintiffs did not satisfy the good faith meet and confer requirements relating to their "waiver" argument before filing their motion to compel.

Dated this 25th day of April, 2025.

        /s/ Nicholas G. Moser
Nicholas G. Moser – SDBA #4650
Dylan M. Miller – SDBA #5439
Marlow, Woodward & Huff, Prof. LLC
PO Box 667
200 W. Third St.
Yankton, SD 57078
Telephone: (605) 665-5009
Facsimile: (605) 665-4788
Email: nick@mwhlawyers.com;
       dylan@mwhlawyers.com
*Attorneys for Defendant Network Communications International Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April, 2025, the foregoing ***Memorandum in Opposition to Plaintiffs' Motion to Compel the Production of Documents Properly Withheld as Privileged from Defendant Network Communications International Corp.*** was served via CM/ECF to all parties on the service list who have registered to receive service by e-mail over CM/ECF.

        /s/ Nicholas G. Moser
        Nicholas G. Moser