## IN THE UNITED STATES DISTRICT COURT
## FOR SOUTH DAKOTA

|  |  |  |
|---|---|---|
| RELIANCE TELEPHONE OF GRAND FORKS INCORPORATED, a North Dakota corporation, | ) ) ) ) | Civil No. 4:24-cv-04098-ECS |
| and | ) ) |  |
| RELIANCE SYSTEMS INC., a Nevada corporation, | ) ) ) | **PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR** |
| Plaintiffs, | ) ) | **MOTION TO COMPEL DISCOVERY FROM** |
| v. | ) ) ) | **DEFENDANT NETWORK COMMUNICATIONS INTERNATIONAL CORP.** |
| YANKTON COUNTY, SOUTH DAKOTA, | ) ) |  |
| and | ) ) |  |
| NETWORK COMMUNICATIONS INTERNATIONAL CORP., a Texas corporation, | ) ) ) ) |  |
| Defendants. | ) ) ) |  |

This Reply Memorandum is submitted on behalf of Plaintiffs Reliance Telephone of Grand Forks Incorporated ("Reliance Telephone") and Reliance Systems Inc. ("Reliance Systems") (collectively "Plaintiffs") in support of their Motion to Compel against Defendant Network Communications International Corp. ("NCIC") (Doc. 69). NCIC's Memorandum in Opposition is simply a "what they said" response, essentially adopting the arguments presented by Defendant Yankton County, South Dakota ("Yankton") in Yankton's opposition memorandum. *See* Doc. 81. *Cf.* Doc. 79. Just like Yankton, NCIC fails to address critical issues regarding its attempt to withhold forty-four (44) documents based on a meritless claim of joint defense privilege. Just like Yankton, NCIC conspicuously fails to address the fact that thirty-two (32) of

the documents withheld pre-date May 14, 2024, the earliest date on which it claims it entered into an oral "standard joint defense agreement" with Yankton. This fact is fatal to NCIC's claim of joint defense privilege for those 32 documents.

Regarding the twelve (12) documents dated after May 14, 2024, five (5) of them do not even include a lawyer, which is a necessary requirement for any claim of any privilege, much less joint defense privilege. NCIC's memorandum primarily states it "incorporates" Yankton's arguments "as if fully stated herein by this reference." Doc. 81 at 10-11. NCIC ignores the fact that it produced two documents previously withheld because they were communicated to a third party who is not a party to this action. *See* Doc. 75, Ex. Q.[1] No privilege therefore ever existed for these documents. NCIC cannot meet its burden to establish the existence of the narrow and "strictly construed" joint defense privilege. This Court should therefore grant Plaintiffs' motion in its entirety.[2]

## ARGUMENT

### I.    Thirty-two of NCIC's Withheld Documents Pre-Date the Alleged "Standard Joint Defense Agreement."

NCIC stated unequivocally under oath in its interrogatory answers that it did not enter into an oral "standard joint defense agreement" with Yankton until transfer of this action to this Court. *See* Doc. 75, Ex. W. (Yankton made the same assertion. *See id.*, Ex. V.) Thirty-two (32) of

---

[1] *See* Doc. 75, Ex. Q. The email thread last sent on February 9, 2024 at 8:43pm CST (NCIC-011785-789) included Karin L. Sandahl, who was employed by a non-party entity called TS Phones. The email thread last sent on February 9, 2024 at 8:29pm CST (NCIC-012178-181) also included Ms. Sandahl. Thus, neither of these emails was ever privileged in any way because they included a non-party to this action.

[2] NCIC whines about Plaintiffs' Statement of Relevant Facts. *See* Doc. 81 at 12. Those complaints are of no moment. NCIC may not like the facts as they have developed thus far concerning it and its co-defendant's improper conduct, but that does not change the fact it has improperly refused to produce at least 41 documents. Plaintiffs' Statement of Relevant Facts properly places this motion in context with the facts of the dispute.

the documents NCIC has refused to produce pre-date May 14, 2024, the date on which this action was transferred to this Court. *See* Doc. 81 at 3-5; Doc. 75, Exs. S, U. Thus, the emails all pre-date the existence of any joint defense agreement.

NCIC does not address this critical fact anywhere in its opposition memorandum. It simply ignores it. However, NCIC clearly and unequivocally stated the date it entered into an oral joint defense agreement with Yankton. It makes no argument for any other date – which in any event would contradict its sworn interrogatory answer. At best, NCIC presents attorney-arguments that conspicuously dance around this predicate requirement without addressing it.

NCIC's failure makes this Court's decision on Plaintiffs' motion to compel relating to 32 documents relatively simple. This Court's decision in *Dakota Energy Coop., Inc. v. E. River Elec. Power Coop., Inc.*, 2021 U.S. Dist. LEXIS 212516 at *6-7 (D.S.D. Nov. 3, 2021), is instructive and dispositive. In that case, the defendant withheld a document based on a claim of joint defense privilege. This Court rejected the defendant's claim on multiple grounds, one of which was the fact the document in question was created "four months *before* the parties entered into the CIA [common interest agreement]." *Id.* at *6. *See also id.* at *7, n.3 ("By not stating the date the oral CIA was first entered into, [defendant] has failed to carry its burden.").

Similarly, in *For Your Ease Only, Inc. v. Calgon Carbon Corp.*, 2003 U.S. Dist. LEXIS 14084 at *6-7 (N.D. Ill. Aug. 12, 2003), the district court rejected a claim of joint defense privilege for all communications that occurred prior to October 11, 2002, "because there was no evidence that the parties had a joint defense agreement in place at that time." As a result, the court found that the defendant had "failed to meet its burden of demonstrating the existence of a joint defense agreement or understanding before" the critical date. *Id.* at *6. *Accord Ludwig v. Pilkington N. Am., Inc.*, 2004 U.S. Dist. LEXIS 16049, at *11-13 (N.D. Ill. Aug. 13, 2004).

Here, NCIC unequivocally stated that it and Yankton entered into an oral joint defense agreement on "upon transfer of this action to South Dakota." Doc. 75, Ex. W. That date was May 14, 2024. Doc. 38. NCIC makes no argument for any specific earlier date. Thirty-two of the documents NCIC has refused to produced are dated prior to May 14, 2024. *See* Doc. 81 at 3-5.

The absence of any joint defense agreement prior to May 14, 2024, mandates production of at least 32 of NCIC's withheld documents. Consistent with this Court's decision in *Dakota Energy Coop.*, this Court should order NCIC to produce all 32 withheld documents.

## II.    NCIC Cannot Establish All Factors Necessary for the Existence of a Joint Defense Privilege Under South Dakota Law.

Even if this Court ignores the undisputed fact that 32 of the documents withheld pre-date the claimed "standard joint defense agreement," it should still order production of all documents NCIC is withholding based on a claim of joint defense privilege. "[P]rivileges created by statute are to be *strictly construed to avoid suppressing otherwise competent evidence*." *State v. Catch the Bear*, 352 N.W.2d 640, 646-647 (S.D. 1984) (emphasis added). NCIC bears the burden of establishing the existence of all factors necessary to claim the joint defense privilege. *Id.* at 645. Here, NCIC cannot establish the existence of each of the factors necessary under South Dakota law. *See* SDCL §19-19-502(b).

Under SDCL §19-19-502, NCIC must establish: (1) the communication was made with an understanding that it would be confidential; (2) the communication was made for the purpose of rendering or receiving legal services; (3) the communication was made to a client; and (4) the client falls within one of the enumerated relationships in SDCL §19-19-502(b). *See, e.g., Catch the Bear*, 352 N.W.2d at 647. SDCL §19-19-502(b)(3) in turn narrowly circumscribes the situations in which a joint defense may be asserted. It limits such a claim to "communications made for *the purpose of facilitating the rendition of professional legal services to the client*: …

4

(3) [b]y him or his representative or his lawyer or a representative of the lawyer to *a lawyer or a representative of a lawyer representing another party* in a pending action and concerning a matter of common interest therein. (Emphasis added.)

At a minimum, NCIC cannot establish that the first two requirements to properly claim privilege. Other than its own "say-so," NCIC provides no evidence that Yankton's employees who were involved in the alleged joint defense communications, made the communications with an understanding they would be confidential. NCIC has not submitted any declaration from any of the non-lawyer participants to the withheld documents stating that they understood the communication would be kept confidential and privileged. Absent such a declaration or other admissible evidence, NCIC cannot simply present lawyer-argument to satisfy this necessary element.

Similarly, there is no evidence "the communication was made for the purpose of rendering or receiving legal services." Yankton and NCIC's decision to submit all the withheld documents to the Court for *in camera* inspection will be "the proof of the pudding is in the eating." *See* Docs. 78, 82. However, the two documents NCIC voluntarily produced show they were not made for the purpose of rendering or receiving legal services, even if they ever were privileged given their dissemination to a third party. *See* Doc. 75, Ex. Q.

The February 9 email from an attorney who allegedly represented NCIC to NCIC's president clearly has nothing to do with rendering legal advice. It merely forwards a printout of docket entries. The email from Mr. Pope to Sheriff Crissey on the same date does not relate to the rendering of legal advice. Rather, it is Mr. Pope's request to speak with Yankton's counsel and his opinion that manner in which the case against Yankton was proceeding "is not the direction we want to be going with this case." Doc. 75, Ex. Q. Neither email is for the purpose of

a lawyer rendering legal advice to his client. NCIC's mischaracterization of these two emails calls into question its boilerplate description that all the withheld emails "relate to legal advice." Doc. 81 at 10.

NCIC admits that most of the withheld emails "relate to fulfilling NCIC's Counsel's [*sic*] requests for further information." *Id.* at 6. But telling facts to a lawyer does not render that communication privileged. Even if a client tells their lawyer that the "light was red when I went through it and hit the plaintiff's car," the communication of that fact does not thereby become privileged. It is a *fact*, and facts are not privileged; only the legal advice rendered as a result of the facts might be privileged. *See IBJ Whitehall Bank & Trust Co. v. Cory & Assocs.*, 1999 U.S. Dist. LEXIS 12440, at *12, 15 (N.D. Ill. Aug. 12, 1999) (ordinary business communications or documents concerning strategic business matters are not privileged).

Additionally, Yankton voluntarily produced three emails months ago that NCIC attempts to withhold under the guise of joint defense privilege. *See* Doc. 75, Ex. X. But those emails, dated July 15 and 16, 2024, clearly do not involve the giving or receiving of legal advice. At best, they simply forward other communications, including from Plaintiffs' counsel, to NCIC or Yankton employees, or provide non-legal views regarding the status of the litigation. *See id.* Again, NCIC's claim that these emails involved the giving or receiving of legal advice in the context of a joint defense is baseless.

Further, the plain text of SDCL §19-19-502(b)(3) requires that a communication be made "to a lawyer or a representative of a lawyer representing another party." At least 21 of the withheld documents were not made "to a lawyer or a representative of a lawyer representing another party." They are purely between employees of NCIC and Yankton. *See* Doc. 81 at 3-5. In *Dakota Energy Coop.*, this Court rejected the defendant's claim of joint defense privilege in part

because no lawyers "were even present at the" allegedly privileged presentation. *Dakota Energy Coop.*, 2021 U.S. Dist. LEXIS 215516, at *6. NCIC's apparent adoption of Yankton's reliance on this Court's decision in *Pucket v. Hot Springs Sch. Dist. No. 23-2*, 239 F.R.D. 572 (D.S.D. 2006), besides being contrary to *Dakota Energy Coop.*, is misplaced. *Pucket* was an action brought pursuant to 42 U.S.C. §1983. *Id.* at 578. Thus, it was a federal cause of action and the federal rules, not state law, applied to the claim of joint defense privilege. The Court never mentioned or cited SDCL §19-19-502, which applies in this action, in its decision. *See generally id.* at 578-591.

This Court should not apply a case that did not find a basis for ignoring the plain language of SDCL §19-19-502(b)(3), and which is contrary to decisions of other federal courts of appeal. *See, e.g., In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 364 (3d Cir. 2007) ("To be protected, 'the communication must be shared with the attorney of the member of the community of interest' as '[s]haring the communication directly with a member of the community may destroy the privilege.'" (alteration in original)); *In re Bevill, Bresler & Schulman Asset Mgmnt. Corp.*, 805 F.2d 120, 126 (3rd Cir. 1986) (joint defense privilege must include an attorney for another party for it to apply). Because NCIC cannot establish all of the necessary elements for the existence of a joint defense privilege, this Court should grant Plaintiffs' motion in its entirety.

### III.    NCIC's Arguments Regarding Waiver are a Red-Herring.

On March 20, 2025, NCIC produced two documents it previously had withheld under a claim of joint defense/common interest privilege.[3] Anderson Decl., ¶25, Ex. Q. The email threads voluntarily produced by NCIC constitute a waiver of any privilege, if any ever existed.

---

[3] Document 46 on NCIC's amended privilege log is the is the same as document 7. Doc. 75, ¶25.

NCIC first argues that Plaintiffs' motion should be denied in its entirety because it did not discuss NCIC's voluntary decision to produce them as part of a meet and confer. But NCIC's argument places form over substance. NCIC's opposition to Plaintiffs' motion makes clear that it does not concede that its voluntary production of the documents constitutes a waiver. No conference with NCIC's counsel will change that fact. Any further meet and confer, particularly in light of the considerable efforts made previously to resolve this discovery dispute, would be futile.[4]

Moreover, NCIC's voluntarily-produced emails were never privileged and were improperly withheld, as NCIC realized when it finally produced them. The email thread last was sent on February 9, 2024 at 8:43pm CST (NCIC-011785-789) included Karin L. Sandahl, who was employed by a non-party entity called TS Phones. The email thread last sent on February 9, 2024 at 8:29pm CST (NCIC-012178-181) also included Ms. Sandahl. *See* Doc. 75, Ex. Q. Sending these email threads to a third party destroyed any privilege that may have existed.

As stated previously these two email threads did not involve the rendering of legal advice. *See supra* pp. 5-6. Finally, these emails pre-date the alleged May 14, 2024, oral joint defense agreement. Doc. 75, Ex. W.

Additionally, months ago Yankton voluntarily produced three email threads that NCIC now claims as privileged. *See* Doc. 75, Ex. X. NCIC makes no argument that the production of those documents by Yankton was not a waiver of any claimed privilege. *See generally* Doc. 81. Nor could it. Those emails, dated July 15 and 16, 2024, clearly do not involve the giving or receiving of legal advice. At best, they simply forward other communications, including from

---

[4] At best the alleged meet and confer failure would only relate to Plaintiffs' waiver argument, not to the motion in its entirety.

Plaintiffs' counsel, to NCIC or Yankton employees, or provide non-legal views regarding the status of the litigation. *See* Doc. 74, Ex. X. Again, NCIC's claim that these emails involved the giving or receiving of legal advice in the context of a joint defense is baseless.

NCIC presents no *evidence*, as opposed to attorney argument, neither Yankton nor it ever agreed to production of these 5 email threads. More significantly, despite knowing of its and Yankton's voluntary production for months, NCIC has <u>never asked for any of them back</u>. NCIC has never attempted to follow the procedures set forth in Fed. R. Evid. 502(b) or Fed. R. Civ. P. 26(b)(5)(B). NCIC's actions – or inactions – are entirely inconsistent with its argument that neither it nor Yankton ever agreed to production of the documents. If true, NCIC surely would have asked for them back long ago, consistent with the applicable Federal Rules. Its failure to make any timely attempt to claw-back the documents voluntarily produced by it and Yankton renders its claim that it never agreed to their production baseless.

NCIC and Yankton's voluntary production of documents withheld as privileged by either of them destroys the basis for NCIC's privilege claim. Production of documents otherwise privileged constitutes a <u>subject matter</u> wavier. *See Pucket*, 239 F.R.D. at 580. All of NCIC's withheld documents relate to the same subject matter. All of NCIC's withheld documents, therefore, should be produced. The voluntary production of five documents claimed at one time or another as privileged reveals that NCIC's repetitive description of the basis for privilege for all withheld documents is misleading. This Court should ignore NCIC's red herring arguments concerning waiver and should grant Plaintiffs' motion in its entirety.

## CONCLUSION

For the foregoing reasons, as well as the reasons stated in their initial memorandum (Doc. 69), Plaintiffs Reliance Telephone of Grand Forks Incorporated and Reliance Systems Inc.

respectfully request that the Court grant their Motion to Compel in its entirety and order

Defendant Network Communications International Corp. to promptly produce all documents it

has withheld from production based on a claim of joint defense privilege.

Dated: May 9, 2025.

Patrick L. Sealey AT0007085
HEIDMAN LAW FIRM, P.L.L.C.
1128 Historic Fourth Street
P.O. Box 3086
Sioux City, IA 51102
Tel: (712) 255-8838
Fax: (712) 258-6714
Email: Patrick.Sealey@heidmanlaw.com

and

Alan M. Anderson (MN Bar #149500)
(admitted *pro hac vice*)
L. Reagan Florence (MN Bar #0396468)
(admitted *pro hac vice*)
ALAN ANDERSON LAW FIRM LLC
11100 Wayzata Blvd., Suite 545
Minneapolis, MN 55305
Tel: 612-756-7010
Fax: 612-756-7050
Email: aanderson@anderson-lawfirm.com
        rflorence@anderson-lawfirm.com

*Attorneys for Plaintiff Reliance Telephone of
Grand Forks Incorporated and Reliance
Systems Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing pleading was served upon all parties to the above action by depositing the same in the U.S. Mail, postage pre-paid, to their respective mailing addresses disclosed on the pleadings, or, in the event the party is represented by counsel, to their counsel; or notice of the filing of this pleading was sent by email, via CM/ECF, to all parties on the service list who have registered to receive service by email over CM/ECF, on May 9, 2025.