# UNITED STATES DISTRICT COURT

# DISTRICT OF SOUTH DAKOTA

# SOUTHERN DIVISION

| | |
|---|---|
| RELIANCE TELEPHONE OF GRAND FORKS INCORPORATED, A NORTH DAKOTA CORPORATION; AND RELIANCE SYSTEMS, INC., A NEVADA CORPORATION;<br><br>**Plaintiffs,**<br><br>vs.<br><br>YANKTON COUNTY, SOUTH DAKOTA, NETWORK COMMUNICATIONS INTERNATIONAL CORP., A TEXAS CORPORATION;<br><br>**Defendants.** | 4:24-CV-04098-ECS<br><br><br>ORDER OVERRULING<br>NCIC'S PARTIAL OBJECTION |

The undersigned conducted an *in camera* review of documents that Yankton County and the Network Communications International Corp. (NCIC) claimed to be privileged. It then granted in part and denied in part Reliance's motion to compel.[1] To make clear what documents the Court found privileged, it included an appendix to its order setting forth the bates stamp number, time, date, and recipients of each privileged

---

[1] Docket No. 85.

1

email that did not need to be disclosed.[2] Because some contested documents were copies of the same email, the Court included footnotes mentioning the bates stamp number that the copies could be found at.[3]

NCIC lodges a narrow objection to the Court's order noting one instance that the Court ruled an email was privileged, but seemingly overlooked a copy of the email in the footnoted part.[4] While true that the Court did not include the copy in the footnote, it still ruled the email was privileged—albeit a different box in the appendix.[5] NCIC thus was never under an obligation to turn over the email that is the subject of its objection. As such, it is

ORDERED that NCIC's partial objection to the Court's order[6] is overruled because the Court's initial order listed the email as privileged, and NCIC need not turn it over.

DATED this 4th day of June, 2025.

BY THE COURT:

**MARK A. MORENO**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] *Id.* at 9–12.
[3] *Id.* at 9 nn.*–***.
[4] Docket No. 89.
[5] *See* Docket No. 85, at 12.
[6] Docket No. 89.