UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| RELIANCE TELEPHONE OF GRAND FOLKS INCORPORATED and RELIANCE SYSTEMS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> YANKTON COUNTY, SOUTH DAKOTA and NETWORK COMMUNICATIONS INTERNATIONAL CORP., <br><br> Defendants. | Case No.: 4:24-cv-04098 <br><br><br> NCIC MEMORANDUM IN SUPPORT OF YANKTON COUNTY'S MOTION TO AMEND SCHEDULING ORDER AND EXTEND DEADLINES (DOC 95) |

Defendant Network Communications International Corp. ("NCIC"), through its undersigned attorney, submits this MEMORANDUM IN SUPPORT OF YANKTON COUNTY'S MOTION TO AMEND SCHEDULING ORDER AND EXTEND DEADLINES (DOC 95).

NCIC submits this Memorandum to clearly express NCIC's full support and affirmation of all declarations and arguments made by Yankton County's counsel as set forth in Yankton County's Motion to Amend Scheduling Order and Extend Deadlines (DOC 95) and supplement thereto (DOC 101). NCIC also fully supports all declarations and arguments made by Yankton County's counsel as set forth in to Yankton County's Motion in Limine, or in the Altnerative, Motion to Compel (DOC 94), but does not address the merits of that motion at this time.

Yankton County's proposed deadlines are reasonable and appropriate for the following reasons:

1. <u>Retained Experts</u> – Yankton County proposes a **September 30, 2025** deadline for Defendants to identify and produce reports from retained experts. Yankton County proposes an **October 31, 2025** deadline for Plaintiffs to produce any desired expert

rebuttal report. This gives Plaintiffs' expert more time to produce a rebutall report than it would under the current scheduling order. That timeline is reasonable given the pending 30(b)(6) depositions and given Plaintiffs refusal to provide requested documents that could support or refute Plaintiffs' damages claim.

Plaintiffs' expert report opines primarily on "lost profits". Yankton County has repeatedly requested documents related to Plaintiffs' lost profits so Defendants can analyze Plaintiffs' damages claim. Plaintiffs have refused to produce many such documents; such refusal is the subject of Yankton County's Motion in Limine, or the Alternative, Motion to Compel that is currently before the Court. (DOC 94).

Reliance System's (30)(b)(6) deposition is scheduled for June 25, 2025 and Yankton County's motion to compel is already before the Court, so the discovery matters that exist between the parties should resolve one or another shortly. The **September 30, 2025** deadline for Defendants' expert disclosure and report provides a reasonable time for Defendants' experts to analyze the information that should be forthcoming in the next few weeks and produce a report that incorporates such information.

Given the nature and early stagues of this litigation, Platiniffs will not be prejudiced by a short extension of the deadline for Defendants to identify experts and provide any accompanying report.

2. <u>Remaining Deadlines</u> – The parties all agree the remaining deadlines need to be amended. The parties both have depositions currently scheduled that would not conform to the existing scheduling order.There are also depositions that the parties

agree need to be taken but have not yet been scheduled, such as the various expert depositions.

Yankton County proposes the parties complete discovery (excluding expert discovery) by **December 10, 2025**, complete expert discovery by **January 15, 2026** and have all non-limine motions submitted by **March 15, 2026.** These proposed deadlines provide reasonable timeframes for the parties to complete discovery and make appropriate dispositive motions. Given the nature of the existing claims and defenses in this case, Yankton County's proposed extension schedule does not excessively delay Plaintiffs' trial date or provide any prejudice to either party in litigating their respective cases.

While NCIC does support Yankton County's motion to extend the deadlines, NCIC is concerned that Yankton County's proposed extensions may not be lengthy enough if there are going to be discovery disputes as have been set forth in the Plainitff s most recent objections to Defendants attempts to conduct basic discovery. *See Declaration of Counsel dated June 20, 2025, Ex. 1 – 4*.

NCIC asks the court consider the pending discovery disputes and their resolution timeline proper deadlines in this matter.

NCIC believes good cause exists for this Scheduling Order amendment because:

1. The reasons set forth in Yankton County's Motion to Amend Scheduling Order and Extend Deadlines (DOC 95) and Yankton County's Supplemental Memorandum in support thereof (DOC 101) are incorporated herein by this reference.

2. Defendants have attempted to obtain basic financial documents from Plaintiffs. Those documents could reasonably lead to discoverable information about Plaintiffs' claims for damages. In fact, those documents could provide the best and most substantive

information regarding Plaintiffs claims and the opinions given by Plaintiffs' designated expert.

3. The parties likely will need the court to resolve existing disocovery disputes because (a) the parties cannot even agree on the standard scope of discovery. For example, Plaintiffs continue to maintain relevancy objections, despite having been provided authority clearly stating that those objections are not proper; and (b) the parties also apparently cannot agree on what topics are permitted in a 30(b)(6) deposition. For example, Relaiance claims certain topics are not permitted in its clients 30(b)(6) deposition because those topics are "presented in Reliance Systems' expert's report." If Plaintiffs' counsel instructs clients not to answer questions at the June 25, 2025 30(b)(6) deposition of Reliance Systems, the Court will have to determine whether Plaintiffs' objections are proper.

4. Plaintiff's counsel claims NCIC's "alleged concerns as expressed in my [June 17, 2025 meet and confer] letter are without basis". *See Declaration of Counsel dated June 20, 2025,* Ex. 3. However, in the same letter, Plaintiff's counsel states it will "object and, if necessary, adjourn the deposition to seek an appropriate protective order" if NCIC's counsel were to "inquire on topics that are presented in Reliance Systems' expert's report." *See Id.* It is exactly these types of tactics Plaintiffs' have repeatedly used to prevent Defendants from conducting discovery and this is exactly why Yankton County's motion to extend deadlines should be granted.

5. Despite the existing discovery disputes, the parties have managed to advance the litigation. For example, the parties have agreed to depsition dates for Yankton County and its employees in July and of NCIC and its agents in August. The proposed deadline

extension schedule aligns with the general deposition schedule already agreed upon by the Parties and should allow the parties to resolve the remaining discovery disputes, even if those require court intervention.

Accordingly, Defendant NCIC requests the Court grant Yankton County's Motion to Amend Scheduling Order and Extend Deadlines.

Dated: June 20, 2025.

    /s/ Nicholas G. Moser
Nicholas G. Moser – SDBA #4650
Dylan M. Miller – SDBA #5439
Marlow, Woodward & Huff, Prof. LLC
PO Box 667
200 W. Third St.
Yankton, SD 57078
Telephone: (605) 665-5009
Facsimile: (605) 665-4788
Email: nick@mwhlawyers.com;
      dylan@mwhlawyers.com
*Attorneys for Defendant Network Communications International Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of June, 2025, the foregoing ***NCIC MEMORANDUM IN SUPPORT OF YANKTON COUNTY'S MOTION TO AMEND SCHEDULING ORDER AND EXTEND DEADLINES (DOC 95)*** was served via CM/ECF to all parties on the service list who have registered to receive service by e-mail over CM/ECF.

    /s/ Nicholas G. Moser
    Nicholas G. Moser