# Exhibit K

| | |
|---|---|
| **Subject:** | RE: Reliance Telephone and Reliance Systems v. Yankton County and NCIC |
| **Date:** | Thursday, June 12, 2025 at 6:02:21 AM Mountain Daylight Time |
| **From:** | Alan Anderson |
| **To:** | Nick Moser, Melissa Jelen, Reagan Florence, Pat Sealey |
| **CC:** | Dylan Miller, Claire Wilka, Erica Hagerty |
| **Attachments:** | image001.gif, image002.png, image003.png, image004.png, image005.png, image006.png, joint motion to amend scheduling order - PLFS Edits - 12JUN2025.docx |

Nick,

Thank you for your email. I respond as follows to your points:

1. This of course is a double-edged sword. You won't get any other depositions than the 2 presently scheduled on June 24 and 25. We will subpoena the various third-party witnesses (Vlahakis, Brandt & Payor) for new depositions before July 1 and they will have to appear. I'm quite comfortable cross-examining your witnesses and Yankton County's at trial based on the documents produced. Are you? If you want to go this route rather than being reasonable, let me know.

2. If do wish you go this route, then I have no concerns about your trip to Iceland or anything else or anyone else's schedule. Your expert reports will be due June 30 and I'll notice their depositions before August 1 at a time convenient to me. You have others in your office who have appeared in this matter, including Dylan, and I'm quite certain he's fully capable of appearing at depositions. Normally, the parties simply pay their own expert's expenses, if any, for expert depositions – at least in my many years of experience. If you want to not do so here, however, I'm quite willing and able to depose your experts via Zoom to avoid any such expenses on my side. I'm rather certain the court would grant such a motion if necessary under FRCP 30(b)(4). Please let me know.

3. As for Mr. Hangsleben's expert deposition, I'll provide dates after July 14 once you confirm you really want to go this route. And you can pay his travel expenses to come to South Dakota or you can take it via Zoom.

4. As for your alleged reasons for proposing to extend expert deadlines, you are offering baseless and incorrect reasons. The defendants delayed producing documents for weeks and weeks and weeks. Those delays necessitated the first amendment to the Scheduling Order. The various unavailability of witnesses due to their schedules – which all sides accommodated – as well as accommodating lead counsels' schedules and our successful motion to compel which was granted by the Court – necessitated the second amendment. Please review the stipulations that were filed. There is no basis for your attempt to place the need for prior – or present – amendment of the Scheduling Order on the Plaintiffs.

    Further, NCIC hardly has any basis for complaining about any document productions or discovery responses by the Plaintiffs <u>since NCIC has not served any written discovery requests in this action</u>. You cannot object to the timing of productions since you made no requests.

    Moreover, the defendants cannot force a plaintiff to prematurely take damages positions and thereby whipsaw them if the final position differs. We produced our detailed damages calculations timely under the Scheduling Order, and you, and presumably your experts, will have had that information for 2 full months before any expert report by your experts are due. That's more than sufficient time to respond.

    As for thinking "the expert report deadline is some sacred cow," I hardly think it is. But there is a fundamental question of fairness here. The 2 prior amendments to the Scheduling Order changed only the fact discovery deadline and expert witness discovery deadline. The 2 prior stipulations conspicuously stated that all other deadlines remained unchanged. That included the expert report disclosure deadlines. No mention was <u>ever</u> made regarding changing those deadlines. We therefore complied with the April 30 deadline for our expert report. Now, suddenly, with no prior discussion or even mention of changing <u>all</u> the other deadlines, you propose giving your side a benefit by giving you not only months and months to prepare expert reports, but to have the benefit of deposing the Plaintiffs' witnesses before your expert reports are due. The Plaintiffs didn't have such advantages; why should the defendants?

I recall that either in an email or during one of our conferences discussing deposition schedules, Melissa mentioned wanting several weeks after the end of fact discovery before expert depositions were taken (I don't have my conference notes with me to confirm the exact date). No mention was made of changing the deadlines for expert witness reports. In your email dated May 19, you mentioned moving the final motions deadline back a couple of months. No mention was made of changing the expert report deadlines, and that was 3 weeks <u>after</u> you had received our expert report. Again, no mention ever was made of changing the defendants' expert report deadline until Melissa's draft stipulation.

Furthermore, under FRCP 26(e)(2), all parties have a right and duty to supplement expert reports at or before the time for filing final pretrial disclosures. This includes supplementing information in the report and arising from the expert's deposition. Therefore, there is no unfairness with proceeding with the existing expert report deadlines, as all sides have the ability, right and duty to supplement an expert's report at the time of submitting final pretrial submissions. FRCP 26(e)(2) ensures equality of all parties in this case, whereas the sudden of changing the deadline just proposed benefits only the defendants.

Indeed, I note that under the original Scheduling Order, expert discovery was to be completed by July 9, but rebuttal expert reports were not due until July 14. DOC. 64, ¶s 5, 8. Thus, as originally ordered, you would have had to complete expert depositions prior to even receiving our rebuttal expert report. I presume the Court was aware of FRCP 26(e)(2) when it set these deadlines. (I also remind you that under the Scheduling Order, an expert may be deposed only once, and the same expert may not be deposed separately by each party. DOC. 64, ¶7.)

I attach a copy of Melissa's draft stipulation with my tracked edits. In making these edits, I have relied on the spacing between deadlines as set forth in the original Scheduling Order; that spacing should generally be followed as much as possible since it is what the Court wanted. You will see that I have actually provided more time between deadlines than as set forth in the original Scheduling Order. The only non-negotiable deadlines from my point of view are the expert report deadlines. The rest we can discuss further if you wish, within reason. There's no reason to push dispositive motions or this case off until 2026, other than the defendants' understandable desire to delay the day of judgment.

Let me know if you have questions or if you wish to discuss this further.

Thanks much.


*Alan*

Alan M. Anderson, PhD, FCIArb
**Alan Anderson Law Firm LLC**
Direct:  612.756.7010
Cell:  612.867.2301
Fax:  612.756.7050
aanderson@anderson-lawfirm.com
Crescent Ridge Corporate Center
11100 Wayzata Blvd., Suite 545
Minneapolis, MN 55305
Tel:  612.756.7000




Associate Tenant
aanderson@littletonchambers.co.uk
Littleton Chambers
3 King's Bench Walk North
Temple
London  EC4Y 7HR

**3 King's Bench Walk North Temple**
**London, EC4Y 7HR**
**DX: 1047 Chancery Lane**
www.littletonchambers.com

*Keep updated on Littleton's latest cases, news and comments*

*Littleton accept instructions on the conditions published here on Chambers' website.*

*****
CONFIDENTIALITY NOTICE: The information contained in this email communication and any attached documentation may be privileged, confidential or otherwise protected from disclosure and is intended only for the use of the designated recipient(s). It is not intended for transmission to, or receipt by, any unauthorized person. The use, distribution, transmittal or re-transmittal by an unintended recipient of this communication is strictly prohibited without our express approval in writing or by email. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work-product privilege.

---

**From:** Nick Moser <nick@mwhlawyers.com>
**Sent:** Wednesday, June 11, 2025 8:55 AM
**To:** Alan Anderson <aanderson@anderson-lawfirm.com>; Melissa Jelen <mjelen@cadlaw.com>; Reagan Florence <rflorence@anderson-lawfirm.com>; Pat Sealey <Patrick.Sealey@heidmanlaw.com>
**Cc:** Dylan Miller <dylan@mwhlawyers.com>; Claire Wilka <cwilka@cadlaw.com>; Erica Hagerty <ehagerty@cadlaw.com>
**Subject:** RE: Reliance Telephone and Reliance Systems v. Yankton County and NCIC

Alan:

I think we will respectfully decline your "invitation at another try". You can either propose an alternative schedule or the Defendants will either file their own motion to extend the schedule as proposed or we may decide to roll with the scheduling order we have. If it is the latter, please note the following:

1. Defendants will object to Reliance conducting any form of discovery after July 1 and any form of expert discovery after August 1, 2025, including depositions. If that is the option you choose, we can cancel the depositions of Yankton County's folks in July unless you are granted leave from the Court to take those depositions after the discovery deadline has passed prior to their scheduled dates.

2. If you intend to depose our two experts, we will all need to make arrangements for the travel needed to depose them before August 1, 2025. I presume we will all need to arrange travel unless Reliance intends to pay for our experts to travel to SF, so the sooner you could let us know when you intend to depose our experts, the better. We can work with you to establish those dates. I am not sure where Yankton County's expert will be located, but mine is certainly not close to South Dakota. As I have told this group for months, I am unavailable July 1 – 3 because I will be in Iceland. I am also unavailable July 21. I am supposed to be unavailable July 22 – 25, but I will re-arrange that commitment and any others if need to be to accommodate these depositions. Melissa is unavailable July 15-25.

3. Please also provide dates that Dave can have his expert deposition taken in July. This will need to be after his deadline to submit a rebuttal report, which is July 14th. Melissa and I are both available July 30 and 31, and would propose one of those dates. I am not sure if we will need to travel to Grand Forks for that or not; that is your call.

Please note that the reason why we are proposing to extend the expert deadlines is because of your client's significant delay in this case in disclosing its damages itemization and methodology until April

30, 2025, and your clients' refusal to produce documents in response to discovery requests that are directly relevant to the factual basis of Mr. Hangsleben's expert damages opinion and your clients' damages claim. I believe this also impacts the rate charge analysis because rate charges (in any industry) are impacted in large part by the financial condition of the company charging the rates. The financial condition of a company helps explain their actions in terms of what they charge their customers and why.

Because of your clients' delay and continued refusal to produce relevant documents, it is extremely difficult for any expert to analyze Dave's opinions or the factual basis thereof, and any opinion they render without that information will need to be supplemented once they have had an opportunity to review the financial records that have been requested. I would also note that our proposed schedule provided additional time for your clients to produce their expert rebuttal reports than the schedule currently provides.

I have no idea why you think the expert report deadline is some sacred cow here. It is highly unlikely this case will be tried before the Summer of 2026, given that we know dispositive motions are going to be made by both Defendants. Given that reality, my opinion is that there is no valid reason to resist moving the expert report deadline back the six weeks Melissa proposed to resolve the discovery disputes at issue (whether amongst the parties or through a motion to compel), along with moving the rest of the schedule to a point where we can actually accomplish what we need to accomplish prior to trial. The schedule proposed also provides sufficient time for the parties to obtain and review deposition transcripts prior to the dispositive motion deadline. Fifteen days, as the current schedule provides, is simply not sufficient, and fifty-nine days is certainly not unreasonable. If you want to propose a somewhat tighter schedule with respect to the motion deadline than what Melissa proposed, that is fine, but I have said from the beginning that I want our amended schedule to be one that can accomplish what we need to accomplish so we do not have to amend again. I believe the Defendants' proposal was reasonable. It accomplishes that goal without adding significant delay in terms of when this case would actually be tried even if the schedule remains the exact same as it is now.

Based on the foregoing, I would ask you to reconsider your position on the proposed motion to amend the scheduling order, or alternatively, propose an alternative schedule that will address these legitimate issues raised by the Defendants.

Thank you,

Nick G. Moser, Partner
Marlow, Woodward & Huff, Prof. LLC
PO Box 667 - 200 W.3d St
Yankton SD 57078
605-665-5009 (p)
605-665-4788 (f)
nick@mwhlawyers.com

This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it.

**From:** Alan Anderson <aanderson@anderson-lawfirm.com>
**Sent:** Tuesday, June 10, 2025 10:46 AM
**To:** Melissa Jelen <mjelen@cadlaw.com>; Reagan Florence <rflorence@anderson-lawfirm.com>; Pat Sealey <Patrick.Sealey@heidmanlaw.com>
**Cc:** Nick Moser <nick@mwhlawyers.com>; Dylan Miller <dylan@mwhlawyers.com>; Claire Wilka <cwilka@cadlaw.com>; Erica Hagerty <ehagerty@cadlaw.com>
**Subject:** RE: Reliance Telephone and Reliance Systems v. Yankton County and NCIC

Hi Melissa,

Apologies for the delay in responding, but I have been, and am, out of the country on work.

Anyway, the Plaintiffs cannot agree to your proposed stipulation. It goes far beyond simply extending the deadlines for the completion of fact and expert discovery and then a slight extension for dispositive motions. The proposal, for the first time, extends the deadlines for expert reports. We have never discussed such an extension and will not agree. We served our expert report timely on April 30. We're not going to allow the Defendants and unfair advantage to have taken depositions and 3 ½ months to prepare a response. So we will not agree to any changes regarding expert reports.

Regarding the time period for completion of discovery, you have added far more time than necessary. The last fact depositions are presently set for the week of August 8. Even if you think you'll need additional time to complete the Rule 30(b)(6) deposition of the Plaintiffs, the parties do not need nearly 3 full months to do so and to take, what likely will be no more than 2 expert depositions. Adding 2 months to take 2 depositions is unreasonable, particularly since the amended discovery schedule allowed 1 month.

We also won't agree to then adding months to the due date for dispositive motions, when the schedule as amended allowed 2 weeks after the close of expert discovery.

So for the above reasons, we will not agree to your proposed stipulation.

I invite another try, or, if you wish, we're happy to send you our proposal, consistent with the time frames in the original schedule, as amended, and keeping in mind that overall, compared with the as amended schedule, we only need about 6 weeks to complete fact discovery.

Let me know if you have questions or if you wish to discuss this further.

Thanks.

*Alan*

Alan M. Anderson, PhD, FCIArb
**Alan Anderson Law Firm LLC**
Direct:  612.756.7010
Cell:  612.867.2301
Fax:  612.756.7050
aanderson@anderson-lawfirm.com
Crescent Ridge Corporate Center
11100 Wayzata Blvd., Suite 545
Minneapolis, MN 55305

Tel:  612.756.7000

Associate Tenant
aanderson@littletonchambers.co.uk
Littleton Chambers
3 King's Bench Walk North
Temple
London  EC4Y 7HR

*Keep updated on Littleton's latest cases, news and comments*

**3 King's Bench Walk North
Temple
London, EC4Y 7HR
DX: 1047 Chancery Lane**
www.littletonchambers.com

*Littleton accept instructions on the conditions published* here *on Chambers' website.*

*****
CONFIDENTIALITY NOTICE:  The information contained in this email communication and any attached documentation may be privileged, confidential or otherwise protected from disclosure and is intended only for the use of the designated recipient(s).  It is not intended for transmission to, or receipt by, any unauthorized person.  The use, distribution, transmittal or re-transmittal by an unintended recipient of this communication is strictly prohibited without our express approval in writing or by email.  If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.  Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work-product privilege.

---

**From:** Melissa Jelen <mjelen@cadlaw.com>
**Sent:** Tuesday, June 10, 2025 10:27 AM
**To:** Alan Anderson <aanderson@anderson-lawfirm.com>; Reagan Florence <rflorence@anderson-lawfirm.com>; Pat Sealey <Patrick.Sealey@heidmanlaw.com>
**Cc:** Nick Moser <nick@mwhlawyers.com>; Dylan Miller <dylan@mwhlawyers.com>; Claire Wilka <cwilka@cadlaw.com>; Erica Hagerty <ehagerty@cadlaw.com>
**Subject:** RE: Reliance Telephone and Reliance Systems v. Yankton County and NCIC

Dear Alan and Reagan:

I have not received any response to my email below.  Please advise if the Defendants' proposed joint motion to amend the scheduling order is acceptable.

**Melissa R. Jelen**
**CADWELL SANFORD DEIBERT & GARRY LLP**
200 E. 10th Street, Suite 200
Sioux Falls, SD 57104
Phone: (605) 336-0828
Fax: (605) 336-6036
Email:  mjelen@cadlaw.com
Website: www.cadlaw.com

NOTICE: This message (including any attachments) is covered by the Electronic Communication Privacy Act, 18 U.S.C. § 2510 - 2521, is confidential and may also be protected by attorney/client privilege. If you believe that it has been sent to you in error, do not read it. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it. Thank you.

**From:** Melissa Jelen
**Sent:** Wednesday, June 4, 2025 3:47 PM
**To:** Alan Anderson <aanderson@anderson-lawfirm.com>; Reagan Florence <rflorence@anderson-lawfirm.com>; Pat Sealey <Patrick.Sealey@heidmanlaw.com>
**Cc:** Nick Moser <nick@mwhlawyers.com>; Dylan Miller <dylan@mwhlawyers.com>; Claire Wilka <cwilka@cadlaw.com>; 'Erica Hagerty (ehagerty@cadlaw.com)' <ehagerty@cadlaw.com>
**Subject:** Reliance Telephone and Reliance Systems v. Yankton County and NCIC

Dear Alan and Reagan:

Attached please find both of the Defendants' proposed joint motion to amend the scheduling order. Please review and advise if this is acceptable.

Best regards,

        **Melissa R. Jelen**
        **CADWELL SANFORD DEIBERT & GARRY LLP**
        200 E. 10th Street, Suite 200
        Sioux Falls, SD 57104
        Phone: (605) 336-0828
        Fax: (605) 336-6036
        Email:  mjelen@cadlaw.com
        Website: www.cadlaw.com

NOTICE: This message (including any attachments) is covered by the Electronic Communication Privacy Act, 18 U.S.C. § 2510 - 2521, is confidential and may also be protected by attorney/client privilege. If you believe that it has been sent to you in error, do not read it. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it. Thank you.

IN THE UNITED STATES DISTRICT COURT
FOR SOUTH DAKOTA

| | |
|---|---|
| RELIANCE TELEPHONE OF GRAND FORKS INCORPORATED, a North Dakota corporation, <br><br> and <br><br> RELIANCE SYSTEMS INC., a Nevada corporation, <br><br> Plaintiffs, <br><br> v. <br><br> YANKTON COUNTY, SOUTH DAKOTA, <br><br> and <br><br> NETWORK COMMUNICATIONS INTERNATIONAL CORP., a Texas corporation, <br><br> Defendants. | Civil No. 4:24-cv-04098-ECS <br><br> **JOINT STIPULATED MOTION TO AMEND SCHEDULING ORDER** |

Pursuant to FRCP 16 and ¶13 of the Scheduling Order (DOC 64) entered in this action, which was amended in DOC 66 and DOC 68, the parties, by their respective undersigned counsel of record, hereby jointly move to amend the Scheduling Order to change the deadlines as follows:

1. The parties have until **August 22, 2025** to complete all fact discovery (excluding expert discovery).

2. The parties have until **September 19, 2025** to complete expert discovery.

3. All motions, other than motions in limine, together with supporting briefs, must be filed and served on or before **October 17, 2025**.

*[Margin comments:]*
Deleted: ¶ The identity of and reports from retained experts under Rule 26(a)(2) are due from Defendant by **August 15, 2025**. Plaintiff's expert rebuttal reports, if any, are due by **September 15, 2025**.¶
Deleted: October 31
Deleted: December 31
Deleted: February 28, 2026

4. All other deadlines as set forth in the Court's Scheduling Order (Doc. 64), shall remain unchanged.

Good cause exists for this amendment because:

1) The parties remain engaged in document exchange and written discovery;

2) Discovery disputes have arisen between the parties. The parties are actively working on attempting to address and resolve several discovery related issues, but anticipate court intervention may become necessary to resolve some of those discovery disputes;

3) The parties have cooperatively worked to schedule depositions of nearly a dozen fact witnesses from various geographic locations in June, July and August of 2025. Most of those depositions are scheduled after the current discovery deadlines have expired;

4) Amending the discovery deadlines will permit the parties to more efficiently and effectively complete discovery and address any outstanding discovery disputes.

Accordingly, the parties jointly move and respectfully request the Court to enter an Order, amending the Scheduling Order to change the deadlines as set forth above.

Dated: June ___, 2025.

/s/ _____
Alan M. Anderson (MN Bar #149500)
    (admitted *pro hac vice*)
L. Reagan Florence (MN Bar #0396468)
    (admitted *pro hac vice*)
ALAN ANDERSON LAW FIRM LLC
11100 Wayzata Blvd., Suite 545
Minneapolis, MN 55305
Tel: 612-756-7010
Fax: 612-756-7050
Email: aanderson@anderson-lawfirm.com
       rflorence@anderson-lawfirm.com

and

Patrick L. Sealey
HEIDMAN LAW FIRM, P.L.L.C.
1128 Historic Fourth Street
P.O. Box 3086
Sioux City, IA 51102
Tel: 712-255-4121
Fax: 712-258-6714

Deleted: will

Deleted: ¶

2

Email: patrick.sealey@heidmanlaw.com

*Attorneys for Plaintiffs Reliance Telephone of Grand Forks Incorporated and Reliance Systems Inc.*

Dated: June ___, 2025.

/s/_____
Nicholas G. Moser – SDBA #4650
Dylan M. Miller – SDBA #5439
Marlow, Woodward & Huff, Prof. LLC
PO Box 667
200 W. Third St.
Yankton, SD 57078
Telephone: (605) 665-5009
Facsimile: (605) 665-4788
Email: nick@mwhlawyers.com;
         dylan@mwhlawyers.com

*Attorneys for Defendant Network Communications International Corp.*

Dated: June ___, 2025.

/s/_____
Melissa R. Jelen
Claire E. Wilka
Cadwell Sanford Deibert & Garry LLP
200 E 10th Street Suite 200
Sioux Falls, SD 57104
Ph: (605)336-0828
Email: mjelen@cadlaw.com
         cwilka@cadlaw.com

*Attorneys for Defendant Yankton County, South Dakota*

3

| Page 2: [1] Deleted | Alan Anderson, PhD | 6/12/25 6:54:00 AM |
|---|---|---|

x