# IN THE UNITED STATES DISTRICT COURT
# FOR SOUTH DAKOTA

| | |
|---|---|
| RELIANCE TELEPHONE OF GRAND FORKS INCORPORATED, a North Dakota corporation, <br><br> and <br><br> RELIANCE SYSTEMS INC., a Nevada corporation, <br><br> Plaintiffs, <br><br> v. <br><br> YANKTON COUNTY, SOUTH DAKOTA, <br><br> and <br><br> NETWORK COMMUNICATIONS INTERNATIONAL CORP., a Texas corporation, <br><br> Defendants. | Civil No. 4:24-cv-04098-ECS <br><br><br> **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS TO AMEND AND EXTEND THE SCHEDULING ORDER** |

This Memorandum is submitted on behalf of Plaintiffs Reliance Telephone of Grand Forks Incorporated ("Reliance Telephone") and Reliance Systems Inc. ("Reliance Systems") (collectively, "Plaintiffs") in response to the motions of Defendants Yankton County, South Dakota ("Yankton") and Network Communications International Corp. ("NCIC") (collectively, "Defendants") to amend and extend the scheduling order in this action. Yankton first filed a Motion to Amend Scheduling Order and Extend Deadlines on June 16, 2025. *See* Doc. 95. The next day, it filed a Supplemental Memorandum in Further Support of Motion to Amend Scheduling Order and Extend Deadlines. *See* Doc. 101. NCIC then filed a Memorandum in Support of Yankton County's Motion to Amend Scheduling Order and Extend Deadlines on June

20, 2025. *See* Doc. 103. NCIC's Motion adds nothing new and simply repeats the assertions of Yankton.

On June 17, this Court scheduled a Status Conference for June 25, 2025. *See* Doc. 102. Although Plaintiffs' responses to Yankton's motion and NCIC's memorandum are not due until July 7 and 11, respectively, Plaintiffs submit this response for the Court's benefit prior to the Status Conference.[1]

Yankton's Motion to Amend, now belatedly joined by NCIC, should be denied as requested for several reasons. First, Defendants have failed to meet and confer in good faith to reach agreement on a stipulation to amend the previously-amended Scheduling Order. Yankton proposed a stipulation to amend the Scheduling Order that went far beyond the more limited extension the parties had discussed and to which the parties had generally agreed. Plaintiffs therefore proposed a revised stipulation and amendment consistent with the parties' previous communications. However, rather than engage in good faith discussions to reach agreement, as the parties have done since the commencement of this action, Yankton filed its motion to amend (and motion to compel) without responding to Plaintiffs' proposal. NCIC also failed to respond. Thus, neither Yankton nor NCIC have attempted to meet and confer to reach agreement on a stipulation to amend the Scheduling Order before filing the pending motion to amend.

Second, the asserted reason for the lengthy extension requested – Plaintiffs' alleged failure to produce documents relating to its lost profits damages claim – is baseless. Plaintiffs have fully complied with their discovery obligations. Plaintiffs served a detailed expert report and all documents reviewed or relied on by its expert on April 30, 2025. *See* DOC. 96-19 and

---

[1] Plaintiffs will separately submit their oppositions to Yankton's Motion in Limine or in the Alternative, Motion to Compel (Doc. 94) timely on or before July 7.

2

DOC. 96-20 (filed under seal). Before and after that date, Plaintiffs have produced hundreds of pages of damages-related documents. Instead of attempting to respond to Plaintiffs' damages calculations, Yankton (and now NCIC) has spent the past several months trying to concoct a baseless argument by asking for production of documents that are not pertinent to Plaintiffs' lost profits damages claim and repeatedly, and baselessly, claiming that Plaintiffs have not fulfilled their discovery obligations.[2] Rather than considering all the damages-related documents produced by Plaintiffs, Yankton has wasted its time by demanding production of documents that were not used by, and are therefore not relevant to, Plaintiffs' calculation of damages. Further, when asked repeatedly to provide any reason for requesting documents not used in calculating lost profits, Yankton – the only defendant to have served any written discovery requests – has conspicuously refused. This failure makes clear that Yankton is trying to create the appearance of a failure by Plaintiffs to comply with proper discovery requests out of whole cloth.

Additionally, the extensions to the Scheduling Order now sought by Yankton (and NCIC) are longer than the extensions originally proposed in Yankton's unacceptable proposed stipulation to amend. Even though all fact depositions requested by all the parties in this action are now scheduled and will be completed by August 8, 2025, Yankton now wants to extend fact discovery by <u>over five (5) months</u>. Even though there may be at best three (3) expert depositions in this action, Yankton now claims it must have a 5½-month extension to the present expert discovery deadline. It also now claims it needs a seven (7) month extension of the deadline to submit dispositive motions. In order to unfairly prejudice Plaintiffs, who timely served their expert report on April 30, 2025, Yankton now moves to allow it not the two month-period

---

[2] Yankton is the only defendant to have served any written discovery in this action. NCIC has not served any document requests, interrogatories, or requests for admission. NCIC therefore lacks standing to assert or argue that Plaintiffs have not produced all documents requested or relevant to the damage claims asserted in this action.

3

between service of expert reports provide in the Scheduling Order, but three (3) additional months, extending <u>after</u> the completion of all fact discovery – a benefit Plaintiffs did not have – to submit an expert report. Yankton – and NCIC which merely repeats Yankton's baseless argument – does not provide sufficient good cause to amend the Scheduling Order contrary to the prior discussions of the parties as radically as it now requests. *See* Fed. R. Civ. P. 16(b)(4).

Plaintiffs agree the Scheduling Order should be amended to accommodate the fact deposition schedule to which all parties have agreed. Under that schedule, all fact depositions will be concluded by August 8. Consistent with the prior discussions of the parties, Plaintiffs propose that: (1) fact discovery be completed by August 22, 2025; (2) expert discovery be completed by September 19, 2025; all motions other than motions *in limine* be filed by October 17, 2025; and (4) all other deadlines in the Scheduling Order remain unchanged.[3] The extensions now requested by Yankton and NCIC are excessive, unreasonable, and unnecessary.

Furthermore, the Court should take this opportunity to place appropriate limits on Defendants to prevent them from duplicating discovery and harassing Plaintiffs. Yankton and NCIC entered into an oral "standard" joint defense agreement in May 2024. *See generally* DOC. 85 (Order Granting in Part and Denying in Part Plaintiff's [*sic*] Motion to Compel). However, they did not disclose this fact to Plaintiffs or this Court prior to the entry of the original Scheduling Order. As now is clear from the Rule 30(b)(6) deposition notices served by Yankton and NCIC, which list essentially the same topics for the Rule 30(b)(6) depositions, Yankton and NCIC are needlessly duplicating discovery. This Court therefore should limit Yankton and NCIC from deposing any individual witnesses identified with either of the Plaintiffs for more than eight

---

[3] The agreed deposition schedule extends 6 weeks beyond the present discovery cut-off date of July 1. Accordingly, this Court could simply extend the remaining deadlines in the Scheduling Order by 6 weeks.

4

(8) total hours. The Court also should prevent Yankton and NCIC from deposing either Plaintiff pursuant to Rule 30(b)(6) on the same or similar deposition topics and should limit the total length of Rule 30(b)(6) depositions to no more than eight (8) total hours. Finally, the Court should provide that Yankton and NCIC may not present expert witnesses to testify on the same or similar subjects as Plaintiffs' expert. Without such a limitation, Yankton and NCIC are each likely to submit separate expert reports on the same subject. Because Yankton and NCIC have a joint defense agreement, they must act accordingly and not try to obtain "two bites at the apple" by submitting expert reports that are duplicative.[4] In addition to being unfairly prejudicial to Plaintiffs, such duplicative expert reports will be wasteful of this Court's limited trial time and confusing to the jury at trial.

## STATEMENT OF FACTS

Prior to the sudden filing of Yankton's Motion to Amend (DOC. 95), the parties had worked cooperatively and diligently to schedule depositions of all witnesses identified by any of the parties in a manner to accommodate not only the schedules and availability of the witnesses, but also the schedules of counsel. Through a series of email communications and conferences, counsel for the parties reached an agreement to schedule depositions of Plaintiffs' witnesses on June 24 and 25 (and subsequently, also July 11); depositions of all witnesses from Yankton from July 8-10; and depositions of all NCIC witnesses from August 5-7. The schedule agreed by counsel includes depositions of three individuals who are no longer employed by Yankton and who are not represented by either of the defendants' counsel in this action. Defendants have only

---

[4] Plaintiffs' expert presents a single opinion applicable to their lost profits damages claim against Yankton and NCIC. Plaintiffs' expert presents a single opinion regarding the inaccuracy of Yankton and NCIC's claim that Plaintiffs were charging rates in excess of those permitted by applicable Federal Communications Commission regulations. Yankton and NCIC should not be permitted to present two experts with the same or similar opinions on the same subjects of Plaintiffs' expert.

indicated they wish to take the individual deposition of the Plaintiffs' CEO and Rule 30(b)(6) depositions of each of the Plaintiffs. Neither of Defendants has ever indicated a desire to depose any other employee of Plaintiffs or any third party. Declaration of Alan M. Anderson, dated June 23, 2025 ("Anderson Decl."), ¶s 19-20, Exs. C-D, G-I.

The parties' agreement regarding deposition scheduling necessitates amending the Scheduling Order in this action, because the present Amended Scheduling Order provides that all fact discovery shall be completed by July 1, 2025 and all expert discovery by August 1, 2025. *See* DOC. 65; DOC. 66. All other deadlines set forth in the original Scheduling Order remain unchanged. *See id.*; DOC. 64. Counsel for all parties recognized the need to amend the Scheduling Order to accommodate the fact witness deposition schedule pursuant to which the final fact depositions would be concluded on August 11, 2025. *See* Anderson Decl., ¶s 21-22, Exs. C, D, G.

NCIC's counsel stated in an email dated May 19, 2025, "So if we did the last of those depositions the weeks of August 4 or 11, *we would probably really need only to move that final motions deadline back a month or two depending on when the depositions can get scheduled.*" *Id.*, ¶23, Ex. E (emphasis added). The next day, Yankton's counsel indicated her agreement regarding the limited extensions that would be necessary. On May 20, Yankton's counsel stated, "*I would like to have a few weeks between the conclusion of the fact witness depositions and the expert witness depositions to allow for the receipt and review of deposition transcripts before experts are deposed.*" *Id.*, ¶24, Ex. E (emphasis added). At no time did Yankton or NCIC's counsel suggest or indicate that they anticipated longer or other extensions to the discovery schedule other than as indicated above. *Id.*, ¶25.

6

Yankton's counsel submitted a proposed stipulation to amend the Scheduling Order on June 4, 2024. However, inconsistent with the prior positions stated by Defendants' counsel, Yankton suddenly requested extensions of deadlines never previously discussed and far longer than the "few weeks between the conclusion of the fact discovery witness depositions and the expert depositions" previously stated. The proposed stipulation also sought a far longer extension of the motion submission deadline than the "month or two" indicated by NCIC's counsel. *Id.*, ¶s 25-26, Exs. G, K.

Inconsistent with its proposed stipulation, Yankton now moves for <u>even longer</u> extensions than it previously proposed. Its Motion to Amend (DOC. 95) adds <u>seven (7) months</u> to the discovery schedule. Instead of this action potentially being ready for trial in 2025, it now would not be ready for trial until mid-2026. *Id.*, ¶27. *See* DOC. 95. The following chart shows the present deadlines stated in the Amended Scheduling Order and Scheduling Order, the deadlines originally proposed by Yankton's counsel, the new, longer deadlines now requested in its Motion to Amend, and the length of the new extension requested:

| Stated Event | Present Deadlines (DOCS. 64 & 66) | Defendants' Original Proposed Extensions | Defendants' New Proposed Extensions (DOC. 95) | Length of New Extension Requested |
|---|---|---|---|---|
| End Fact Discovery | July 1, 2025 | October 31, 2025 | December 10, 2025 | **5 MONTHS and 2 WEEKS** |
| End Expert Discovery | August 1, 2025 | December 31, 2025 | January 15, 2026 | **5.5 MONTHS** |
| All motions, other than motions *in limine* | August 15, 2025 | February 28, 2026 | March 15, 2026 | **7 MONTHS** |
| Defendants' *ALONE* Expert Disclosures | July 1, 2025 | August 15, 2025 | September 30, 2025 | **3 MONTHS** |

7

| Stated Event | Present Deadlines (DOCS. 64 & 66) | Defendants' Original Proposed Extensions | Defendants' New Proposed Extensions (DOC. 95) | Length of New Extension Requested |
|---|---|---|---|---|
| Plaintiffs' Rebuttal Expert Disclosures | July 14, 2025 | September 15, 2025 | October 31, 2025 | **3.5 MONTHS** |

*See* Anderson Decl., ¶28. The stipulation proposed by Yankton's counsel was surprising, not only because it blamed Plaintiffs for the need for the extensions – blame that had never previously been stated – but also because it sought extensions far longer and different than those previously discussed by counsel. *Id.*, ¶29.

Plaintiffs' counsel then advised Defendants' counsel that the draft stipulation was not agreeable, because, "It goes far beyond simply extending the deadlines for the completion of fact and expert discovery and then a slight extension for dispositive motions." Plaintiffs' counsel also pointed out that the proposed extension of the deadline for Defendants to submit their expert disclosure was unfairly prejudicial, because Plaintiffs had served their expert report and supporting documents timely on April 30, 2025. The draft stipulation not only would give Defendants the benefit of having completed fact discovery, but would also give them a total of 3.5 months to prepare a response. *Id.*, ¶30, Ex. G.

After Defendants' counsel refused to propose a different stipulation and amendment to the Scheduling Order, Plaintiffs sent a revised joint motion to amend. The revised draft stipulation proposed, consistent with the prior communications from Yankton and NCIC's counsel, the following new discovery deadlines:

    a. August 22, 2025 – deadline to complete all fact discovery;

    b. September 19, 2025 – deadline to complete all expert discovery;

    c. October 17, 2025 – deadline to file all motions, other than motions *in limine*;

        d. All other deadlines to remain unchanged.

*Id.*, ¶s 31-32, Exs. G, K. When neither of Defendants' counsel responded to this proposal, on June 15, Plaintiffs' counsel sent a follow-up email, asking for a timely response, inviting, if the proposal was not agreeable, another suggestion. Defendants never responded to Plaintiffs' proposal or provided any alternative. Instead, Yankton's counsel filed its motion to amend the next morning. Defendants' counsel thus made no attempt to meet and confer in good faith to amend this Court's Scheduling Order. *Id.*, ¶s 33-34, Ex. K.

        The draft stipulation proposed by Yankton's counsel, and the even longer extensions now requested in its motion, seeks extensions that are unreasonable and unnecessary. Yankton's motion requests far more time than is necessary to prepare this action for trial. The last fact depositions will be concluded on August 7, 2025. No other fact depositions have ever been identified or discussed by any party. However, Defendants now ask for over five months more to complete fact discovery. Instead of the previously-ordered one month within which to complete expert discovery, Defendants now seek an additional 5.5 months – during which no more than 3 expert depositions will be taken. Defendants now move for an additional 7 months within which to bring motions other than motions *in limine*, rather than the "month or two" proposed by NCIC's counsel and to which Yankton's counsel agreed. Even though this Court's original Scheduling Order set a deadline only one month after the deadline for Plaintiffs to submit any rebuttal expert report, Defendants' motion requests a full seven-month extension to this deadline. Defendants offer no "good cause" for such any of these lengthy extensions requested in Yankton's motion to amend. *Id.*, ¶s 35-38.

        Defendants' motion seeks to unfairly prejudice Plaintiffs. Plaintiffs submitted their expert report, all necessary accompanying pleadings, and supporting documents, on April 30, as

required by the Amended Scheduling Order. *See* DOC. 96-19; DOC. 96-20 (filed under seal). Although they never previously had hinted that they wanted more time to submit their expert reports, Defendants now ask not for the previously-agreed two-month interval after Plaintiffs' expert report submission, but three months – after obtaining the benefit of all fact discovery – before submitting their expert reports. This new, never-previously expressed extension, punishes Plaintiffs for having complied with this Court's Amended Scheduling Order by properly serving their expert report and supporting documents and pleadings on April 30, 2025. The defendants offer no "good cause" for this unfairly prejudicial extension. *Id.*, ¶39.

The asserted reason for the lengthy extension requested – Plaintiffs' alleged failure to produce documents relating to its lost profits damages claim – is baseless. Plaintiffs dispute entirely Yankton's claim they have failed to comply with their discovery obligations under the Federal Rules of Civil Procedure. Plaintiffs will respond fully to these assertions in their opposition to Yankton's motion *in limine* or alternative motion to compel. For present purposes, however, Plaintiffs served a detailed expert report and all documents reviewed or relied on by its expert on April 30, 2025. Before and after that date, Plaintiffs produced hundreds of pages of damages-related documents and supplemented their interrogatory answers and document request responses relating to damages on multiple occasions. *See id.*, ¶s 3, 5-6, 8-9, 14, 16; DOCs. 96-33, 96-18, 96-15, 96-14, 96-17, 96-9, 96-10, 96-13, 96-5, 96-6, 06-8, 96-7, 96-1, 96-2, 96-4. Plaintiffs have asked Yankton repeatedly to provide any reason or basis for requesting documents not used in calculating lost profits. Yankton – the only defendant to have served any written discovery requests – has refused to do so. This failure makes clear that Yankton is trying to create the appearance of a failure by Plaintiffs to comply with proper discovery requests out of whole cloth. Anderson Decl., ¶40.

Months *after* this Court issued its original Scheduling Order, Defendants disclosed that they had entered into an oral "standard" joint defense agreement months earlier. *Id.*, ¶41. *See generally* DOC. 85. Because Defendants did not disclose the existence of their oral "standard" joint defense agreement, this Court's Scheduling Order allowed each party to take 10 fact depositions. However, "the same expert may not be deposed separately by each party." *See* DOC. 64, ¶7; Anderson Decl., ¶42.

As apparently agreed between them, only Yankton has served any written discovery in this action. NCIC has not served any interrogatories, document requests or requests for admission. However, NCIC now seeks to depose Plaintiffs' witnesses in addition to the depositions noticed by Yankton. In fact, NCIC's Rule 30(b)(6) deposition notice for Plaintiff Reliance Systems repeats almost exactly the same deposition topics as those noticed by Yankton. *Id.*, ¶s 43-44; DOCs. 100-1, 100-2.

In light of Defendants' oral "standard" joint defense agreement, they should not be allowed to each depose Plaintiffs witnesses without limitation. They also should not be allowed to depose each plaintiff pursuant to Fed. R. Civ. P. 30(b(b)(6) on the same or similar topics. Anderson Decl., ¶45.

Accordingly, any amendment to the present Amended Scheduling Order should provide that Defendants: (a) may not depose any witness employed by or associated with either Plaintiff for more than 8 hours total; and (b) may not depose either Plaintiff pursuant to Rule 30(b)(6) for more than 8 hours total and may not ask questions on the same or similar noticed deposition topics. No justification exists to permit two defendants, operating jointly pursuant to an oral joint defense agreement, to harass Plaintiffs or their witnesses by asking questions for the 14 total hours otherwise permitted under the Federal Rules of Civil Procedure (7 hours per party). The

Court should further order that Yankton and NCIC may not present expert witnesses to testify on the same or similar subjects as Plaintiffs' experts. Without such a limitation, Yankton and NCIC are each likely would submit separate expert reports on the same subject. Because Yankton and NCIC have a joint defense agreement, they must act accordingly and not try to get "two bites at the apple" by submitting duplicative expert reports. In addition to being unfairly prejudicial to Plaintiffs, such duplicative expert reports will be wasteful of this Court's limited trial time and confuse the jury at trial. *Id.*, ¶s 46-47.[5]

Finally, on June 20, 2025, the parties counsel held a meet and confer regarding Yankton counsel's alleged concerns relating to the objections to the Rule 30(b)(6) deposition notices served by Plaintiffs. In fifteen (15) minutes of discussion, all of Yankton and NCIC's alleged concerns were addressed and any confusion or areas of disagreement were resolved, such that no concerns or issues presently exist regarding Plaintiffs' objections to the Rule 30(b)(6) deposition notices. Accordingly, the alleged concerns stated in Yankton's Supplemental Memorandum (DOC. 101) have now been fully resolved and should not be considered further by the Court. Anderson Decl., ¶48.

## ARGUMENT

I. **Yankton's Motion Should be Denied Because Defendants' Counsel Have Failed to Meet and Confer in Good Faith to Reach Agreement on any Discovery Extension.**

As established above, Defendants' counsel have not negotiated in good faith to reach agreement on extensions to this Court's Scheduling Order. All counsel previously has consistently met and conferred and reached any necessary agreements, whether to amend the

---

[5] Plaintiffs have not discussed these limitations with Defendants. The duplication planned by Defendants only became clear when NCIC served its Rule 30(b)(6) deposition notice for Reliance Systems on June 13.

12

Scheduling Order (twice) or in working cooperatively to schedule all fact depositions in light of the witness's availability and counsels' schedules. However, instead of proposing extensions consistent with the parties' prior communications, Yankton submitted a draft stipulation that went far beyond any prior discussions and sought to blame Plaintiffs for the need for the extensions.

When Plaintiffs proposed a revised stipulation and extensions consistent with prior discussions and that would not be unfairly prejudicial to them, Defendants failed and refused to respond. Instead, Yankton filed its motion to amend, and days later, NCIC simply piled on with a memorandum that simply repeated Yankton's arguments.

These actions do not represent good faith negotiations. Rather, they represent an attempt to force an entirely different proposal on Plaintiffs to their detriment. The fact that the parties were able, in a mere 15 minutes of conversation, to resolve all of Defendants' alleged concerns arising from Plaintiffs' properly-served objections to Defendants' duplicative Rule 30(b)(6) deposition notices shows that the parties are able to resolve any differences by communicating. Defendants have failed to do so in good faith before filing the instant motion.

## II. This Court Should Amend the Scheduling Order Consistent with Plaintiffs' Proposal.

Plaintiffs' proposed new discovery deadlines are consistent with the parties' previous discussions and more than sufficient to permit the orderly completion of discovery and preparation of this action for trial. All fact depositions of all witnesses identified by any party will be completed on August 7. Plaintiffs' proposal provides a month within which to schedule what will surely be no more than 3 expert depositions – again consistent with prior discussions and this Court's original Scheduling Order. Plaintiffs' proposal provides a month before motions, excluding motions *in limine* must be filed, again, consistent with prior discussions of counsel and this Court's original Scheduling Order. *See* Anderson Decl., ¶s 31-37.

The new extensions sought for the first time in Yankton's motion go far beyond the extent necessary to prepare this action for trial. Neither Yankton nor NCIC provide any explanation for why they now need 6 additional months to take fact depositions. They do not provide any explanation for why they need an additional 5.5 months to take a single deposition of Plaintiffs' expert. They provide no explanation for why they now need 7 additional months before filing any dispositive motion. *See id.*, ¶s 35-39. Defendants simply are seeking to needlessly delay the final resolution of this action. The Court should reject Yankton's proposed lengthy extensions to the Scheduling Order.

### III. This Court Should Limit Defendants from Duplicating Discovery and Expert Reports.

As is now clear from NCIC's "me-too" memorandum (DOC. 103) and the duplicative topics listed on its Rule 30(b)(6) deposition notice of Reliance Systems, Defendants intend to conduct duplicative discovery without basis. Defendants entered into an oral "standard" joint defense agreement in May 2024. *See* DOC. 85. Defendants have acted in concert since that time. Given their joint defense agreement, Defendants should not be allowed to needlessly lengthen depositions or the discovery process.

This Court therefore should limit Defendants from each deposing individual witnesses associated with Plaintiffs for more than 8 hours total on a single occasion, rather than each being able to depose such individuals for 7 hours as provided in the Federal Rules. Similarly, Defendants should be precluded from each deposing Reliance Telephone and Reliance Systems for 7 hours each pursuant to Rule 30(b)(6). Defendants' recently-served Rule 30(b)(6) notices for Reliance Systems shows they intend to ask questions on the same topics twice, simply to needless extend discovery and increase costs. Defendants should similarly be limited to deposing each Plaintiff pursuant to Rule 30(b)(6) for no more than 8 hours total.

14

Finally, Defendants should be precluded from offering duplicative expert reports and experts. Plaintiffs have submitted a single expert report. Defendants, however, likely would offer expert reports to provide opinions on the same subject as Plaintiffs, thereby needlessly doubling the number of experts, necessitating multiple depositions, and undoubtedly confusing the jury at trial. Defendants are acting in concert. This Court should preclude them from submitting multiple expert reports and offering multiple experts on the same subjects. The efficient resolution of this action requires such a limitation. *Cf. Namugisha v. Avera McKennan Hosp.*, 2021 U.S. Dist. LEXIS 31267, at *19-20 (D.S.D. Feb. 19, 2021) (court indicating it would quash duplicative depositions).

## CONCLUSION

For the foregoing reasons, Plaintiffs Reliance Telephone of Grand Forks Incorporated and Reliance Systems Inc. respectfully request that the Court deny Defendant Yankton County, South Dakota's Motion to Amend Scheduling Order and Extend Deadlines. Instead, Plaintiffs request that the Court enter an amended Scheduling Order substantially as follows:

1. Setting August 22, 2025 as the deadline to complete all fact discovery;

2. Setting September 19, 2025 as the deadline to complete all expert discovery;

3. Setting October 17, 2025 as the deadline to file all motions, other than motions *in limine*;

4. Providing that all other deadlines set in the original Scheduling Order (Doc. 64) remain unchanged;

5. Providing that the Defendants, combined, may not depose any individual or witness identified with either of Plaintiffs for more than eight (8) total hours, and may not

depose either Plaintiff pursuant to Fed. R. Civ. P. 30(b)(6) on the same or similar deposition topics or for more than eight (8) total hours; and

6. Providing that the Defendants may not present expert witnesses to testify on the same or similar subjects as Plaintiffs' experts.

Dated: June 23, 2025.

Patrick L. Sealey AT0007085
HEIDMAN LAW FIRM, P.L.L.C.
1128 Historic Fourth Street
P.O. Box 3086
Sioux City, IA 51102
Tel: (712) 255-8838
Fax: (712) 258-6714
Email: Patrick.Sealey@heidmanlaw.com

and

Alan M. Anderson (MN Bar #149500)
(admitted *pro hac vice*)
L. Reagan Florence (MN Bar #0396468)
(admitted *pro hac vice*)
ALAN ANDERSON LAW FIRM LLC
11100 Wayzata Blvd., Suite 545
Minneapolis, MN 55305
Tel: 612-756-7010
Fax: 612-756-7050
Email: aanderson@anderson-lawfirm.com
        rflorence@anderson-lawfirm.com

*Attorneys for Plaintiff Reliance Telephone of Grand Forks Incorporated and Reliance Systems Inc.*