IN THE UNITED STATES DISTRICT COURT
FOR SOUTH DAKOTA

| | |
|---|---|
| RELIANCE TELEPHONE OF GRAND FORKS INCORPORATED, a North Dakota corporation, <br><br>and<br><br>RELIANCE SYSTEMS INC., a Nevada corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>YANKTON COUNTY, SOUTH DAKOTA,<br><br>and<br><br>NETWORK COMMUNICATIONS INTERNATIONAL CORP., a Texas corporation,<br><br>    Defendants. | Civil No. 4:24-cv-04098-ECS<br><br><br><br><br><br>**DECLARATION OF ALAN M. ANDERSON IN REPONSE TO DEFENDANT YANKTON COUNTY'S MOTION *IN LIMINE*, OR IN THE ALTERNATIVE, MOTION TO COMPEL** |

I, Alan M. Anderson, hereby declare under penalty of perjury as follows:

    1.    I am lead counsel for Plaintiffs Reliance Telephone of Grand Forks Incorporated and Reliance Systems Inc. (collectively, "Plaintiffs"). I am admitted to this Court *pro hac vice*. This declaration is based on personal knowledge unless otherwise indicated.

    2.    This declaration is submitted in support of Plaintiffs' Memorandum in Opposition to Defendant Yankton County's ("Yankton") Motion *in Limine*, or in the Alternative, Motion to Compel. *See* Docs. 96, 97.

    3.    On May 5, 2025, during a conference call with all counsel primarily to discuss deposition scheduling and logistics and further amendment of the Scheduling Order, I asked

Yankton to indicate the possible relevance of certain previously-requested documents, including tax returns of Plaintiffs. Yankton did not provide any response to this request.

4. After I sent my email on June 12, 2025, to Yankton's counsel, in which I stated I was "happy to discuss" any issues raised in Yankton's June 10 letter to which I had responded, Yankton's counsel never offered or requested to discuss any of the issues I addressed in my email.

5. On June 23, Plaintiffs timely served their responses to Yankton's Fourth Set of Document Requests and Third Set of Interrogatories. True and correct copies of these responses are attached as Exhibits A and B, respectively.

6. I defended Mr. Hangsleben during depositions taken on June 24 and 25, 2025. He was deposed both individually and as a Rule 30(b)(6) designee for Plaintiff Reliance Systems, Inc. Both depositions were concluded on June 24 and 25, respectively. During these depositions, Yankton's counsel never introduced the documents Plaintiffs had produced relating to offers and solicitations to potential new clients since January 1, 2023. Yankton never asked any questions relating to these documents. NCIC, who asked questions in each deposition, also did not ask any questions relating to such offers or solicitations.

7. At the time Plaintiffs served their Rule 26(a)(1) Initial Disclosures on August 30, 2024, no decision had been made regarding who might testify as an expert witness on damages on behalf of the Plaintiffs. The decision to identify Mr. Hangsleben as their damages expert was not finally made until months later, shortly before the timely service of Plaintiffs' expert witness disclosures on April 30, 2025.

8. I disagree that Yankton has met and conferred in good faith regarding the discovery issues it now raises in its motion. For example, Yankton has <u>never</u> raised any issues

regarding Plaintiffs' response to Document Request No. 18. Additionally, since January, Yankton has presented issues relating to a variety of ever-changing discovery responses. Its last alleged deficiency letter, dated June 10, 2025, only raised issues regarding Plaintiffs' responses to Document Request Nos. 26, 27, 28, 29 and 30. I therefore believed those were the only discovery responses remaining in issue. I responded to Yankton's June 10 letter on June 12 by email. As I stated at the conclusion of that email, I remained ready and willing to further discuss the issues. However, Yankton never responded and instead filed this motion. I note that Yankton must have found my responses regarding Request Nos. 27, 28 and 29 satisfactory, since it does not move to compel production of any documents in response to those requests.

I declare under penalty of perjury pursuant to 28 U.S.C. §1746 that the foregoing is true and correct to the best of my knowledge, information and belief as of the date of execution of this declaration.

Dated: July 7, 2025.

_____
Alan M. Anderson

3