## IN THE UNITED STATES DISTRICT COURT
## FOR SOUTH DAKOTA

RELIANCE TELEPHONE OF GRAND )
FORKS INCORPORATED, )
a North Dakota corporation, )
)
and )
)
RELIANCE SYSTEMS INC., )
a Nevada corporation, )
)
     Plaintiffs, )
)
     v. )
)
YANKTON COUNTY, SOUTH DAKOTA, )
)
and )
)
NETWORK COMMUNICATIONS )
INTERNATIONAL CORP., )
a Texas corporation, )
)
     Defendants. )
)

Civil No. 4:24-cv-04098-ECS

**PLAINTIFFS' OPPOSITION TO DEFENDANT YANKTON COUNTY'S MOTION TO STRIKE**

This Memorandum is submitted on behalf of Plaintiffs Reliance Telephone of Grand Forks Incorporated ("Reliance Telephone") and Reliance Systems Inc. ("Reliance Systems") (collectively, "Plaintiffs") in opposition to Defendant Yankton County's Motion to Strike ("Motion"). *See* Docs. 119, 120. Yankton's Motion should be denied in its entirety.

Defendant Network Communications International Corp. ("NCIC") filed a "Joinder" motion, in which it stated that it "adopts all facts, declarations and legal arguments presented by Yankton County as set forth in Yankton County's Declaration of Counsel (Doc. 96), Yankton County's Memorandum in Support of Motion *in Limine*, or in the Alternative, Motion to Compel (Doc. 97) and <u>any and all arguments made by Yankton County in support thereof</u>." Doc. 112 at 1

(emphasis added). Plaintiffs therefore, filed an opposition to NCIC's "Joinder" motion. *See* Docs. 117, 118. Because NCIC adopted "any and all arguments made by Yankton County in support" of its separate motion, Plaintiffs had the right – and indeed obligation – to respond to all arguments presented by Yankton in its opposition to NCIC's "Joinder" motion because NCIC adopted them all – not just some, but all.

Yankton's moves to strike Plaintiffs' proper opposition even though Plaintiffs' opposition was filed only in response to NCIC's Joinder motion. *See* Doc. 112 ("Docket Text: RESPONSE to Motion re [112] MOTION for Joinder filed by Reliance Systems, Inc., Reliance Telephone of Grand Forks Incorporated.") (Emphasis added.) Plaintiffs did not file their opposition to NCIC's "Joinder" motion against Yankton's motion. Yankton therefore lacks standing to move to strike a proper response to a motion it did not file.

Plaintiffs' opposition was not an unauthorized sur-reply, as contended by Yankton. *See* Doc. 120 at 1-3. Because NCIC adopted "any and all arguments" made by Yankton, Plaintiffs had to respond to all arguments presented by NCIC by virtue of its "Joinder" to the extent Plaintiffs had not done so previously. Plaintiffs' opposition to NCIC's "Joinder" motion was not an improper sur-reply given the adoption by NCIC of "any and all arguments" made by Yankton.

For the foregoing reasons, Plaintiffs Reliance Telephone of Grand Forks Incorporated and Reliance Systems Inc. respectfully request that the Court deny Defendant Yankton County's Motion to Strike in its entirety.

Dated: August 4, 2025.

Patrick L. Sealey AT0007085
HEIDMAN LAW FIRM, P.L.L.C.
1128 Historic Fourth Street
P.O. Box 3086
Sioux City, IA 51102
Tel: (712) 255-8838

Fax: (712) 258-6714
Email: Patrick.Sealey@heidmanlaw.com

and

Alan M. Anderson (MN Bar #149500)
(admitted *pro hac vice*)
L. Reagan Florence (MN Bar #0396468)
(admitted *pro hac vice*)
ALAN ANDERSON LAW FIRM LLC
11100 Wayzata Blvd., Suite 545
Minneapolis, MN 55305
Tel: 612-756-7010
Fax: 612-756-7050
Email: aanderson@anderson-lawfirm.com
        rflorence@anderson-lawfirm.com

*Attorneys for Plaintiff Reliance Telephone of
Grand Forks Incorporated and Reliance
Systems Inc.*