# UNITED STATES DISTRICT COURT

## DISTRICT OF SOUTH DAKOTA

### SOUTHERN DIVISION

| | |
|---|---|
| RELIANCE TELEPHONE OF GRAND FORKS INCORPORATED, A NORTH DAKOTA CORPORATION; AND RELIANCE SYSTEMS, INC., A NEVADA CORPORATION; | 4:24-CV-04098-ECS |
| **Plaintiffs,** | **REPORT AND RECOMMENDATIONS ON MOTIONS IN LIMINE, TO COMPEL, FOR JOINDER, TO STRIKE, AND FOR EXPENSES** |
| **vs.** | |
| YANKTON COUNTY, SOUTH DAKOTA, NETWORK COMMUNICATIONS INTERNATIONAL CORP., A TEXAS CORPORATION; | |
| **Defendants.** | |

Yankton County and Network Communications International Corp. (NCIC) are dissatisfied with the timing and quality of Reliance Telephone of Grand Forks and Reliance Systems' (collectively, "Reliance") damages disclosures. So they ask that (1) Reliance either be excluded from presenting evidence of damages or compelled to produce unresolved requests, and (2) attorney's fees and expenses be ordered for its trouble. The Court agrees in part but recommends that the issue of fees and expenses be deferred until this report is acted on and the parties are given a chance to be heard.

1

## BACKGROUND

This case is an evolving story about a contract dispute. Reliance alleges that they had contracts with Yankton County to provide telephone, text, and video call services to its inmates.[1] But that the County breached by terminating the contracts over two years before their expiration—thanks in part to NCIC's tortious meddling.[2]

In this story's current chapter, the parties' spar over Reliance's damages computation. As required by the Federal Rules of Civil Procedure, Reliance must turn over a computation of each category of damages they would be seeking to Yankton County and NCIC.[3] But when August 2024 rolled around and Reliance's disclosure was due, all they could say was that they "have not yet computed their damages claim."[4] Reliance assured though that  they "would seasonably supplement [their] response . . . when they have determined their damages claims with reasonable certainty."[5]

Unsatisfied, Yankton County followed up with interrogatories and requests for production (RFPs). In October, it sent two interrogatories requesting that Reliance "[d]escribe all damages [they] claim[ ] to have suffered as a result of the County's alleged breach of contract, including the amount of each category of damages and the method by which [Reliance] calculated each amount."[6] The production requests similarly sought "all

---

[1] *See generally* Docket No. 28.
[2] *Id.*
[3] Fed. R. Civ. P. 26(a)(1)(A)(iii).
[4] Docket No. 96-1, at 6.
[5] *Id.*
[6] Docket No. 96-3, at 9.

documents relating to any damages . . . including calculations, receipts, invoices, financial statements, and any other evidence of damages."[7]

Reliance objected in November.[8] They labeled the interrogatories as "vague and ambiguous" and implicating privileges.[9] Without waiving their objections or providing a privilege log, Reliance repeated that they "have not yet calculated with a reasonable degree of certainty the damages [they] will seek."[10] Still, they offered insight that they would be "seek[ing] [their] lost revenues and/or profits for over two years that [they] expected to receive pursuant to the remaining term[s] of" their contracts, as well as to "recoup and recover [their] expenses incurred in installing [their] equipment . . . [and their] development costs associated with that equipment."[11] Reliance propounded more of the same with their objections to Yankton County's RFPs.[12]

Then in January 2025, Reliance supplemented its answers for the first time. They kept the same response, but appended a bates stamped list of documents that Yankton County could use to determine for itself what Reliance's damages computation would be.[13] Reliance did much the same in their second supplemental answer that March, which

---

[7] *Id.* at 10.
[8] Docket No. 96-4.
[9] *Id.* at 18–19.
[10] *Id.*
[11] *Id.*
[12] Docket No. 96-8, at 7–8.
[13] Docket No. 96-5, at 17–19.

3

added five new sets of bates stamped documents for the County to find.[14] And as the pattern would suggest, Reliance's RFP answers mirrored their interrogatory ones.[15]

Finally, at the end of that April, Reliance supplemented their answers for a third time. They directed Yankton County to a contemporaneously disclosed expert report from Dave Hangsleben—Reliance's founder, president, and CEO.[16] This was the first disclosure of Hangsleben as an expert witness;[17] he would be responsible for calculating Reliance's damages.[18] In his report, Hangsleben projected Reliance's lost revenues for the alleged breached contracts. But his computations did not end there. He further assumed that Reliance would be missing out on an additional 5 to 15 years of hypothetical contract renewals.[19] Making his damages estimate total anywhere from $200,148–$2,231,276 in lost profits for Reliance Telephone and $349,688–$3,794,826 for Reliance Systems.[20]

Throughout this timeline, Yankton County voiced its discontent with Reliance's damages disclosures.[21] It chided Reliance for their amorphous responses, and the attending stress on the County's timeline for conducting discovery.[22] What's more,

---

[14] Docket No. 96-6, at 17–20.

[15] Docket No. 96-9, at 8–9; Docket No. 96-10, at 6–7.

[16] Docket No. 96-7, at 5–7; *see also* Docket No. 96-19, at ¶ 10 (Hangsleben averring to his relationship with both plaintiffs).

[17] *See* Docket No. 96-4, at 14 (Reliance responding to an interrogatory asking they identify "any expert [they] intend to call at trial" by saying they "have not yet retained . . . any persons relating to the litigation"); *cf.* Docket Nos. 96-5, -6 (Reliance not supplementing response to interrogatory).

[18] *See* Docket Nos. 96-2, -18 (Reliance's Rule 26(a)(2) amended disclosures).

[19] *See generally* Docket No. 96-19, at ¶¶ 58–74.

[20] *Id.* ¶ 74.

[21] *See generally* Docket Nos. 96-23, -25, -27, -29, -31.

[22] *E.g.*, Docket No. 96-25, at 1–2.

additional RFPs related to damages calculations were bogged down in dispute. Yankton County wants Reliance's damages evidence excluded or, at the very least, their requests compelled and the scheduling order extended.[23] Judge Schulte has already granted the County's request to amend the scheduling order.[24] That leaves whether Reliance should be barred from introducing evidence of damages for lost profits or be compelled to disclose the disputed discovery. And off in the distance, NCIC has filed a motion for joinder, apparently intending to adopt Yankton County's arguments—causing another dispute.[25]

## DISCUSSION

### I.    Initial Disclosures

A party has an obligation under Rule 26(a) to provide the other parties with "a computation of each category of damages claimed" and the documents "on which each computation is based."[26] This is "basic information," yet "needed in most cases to prepare for trial or make an informed decision about settlement."[27] Such a party is not "excused from making its disclosures because it has not fully investigated the case."[28] Even so, the

---

[23] Docket No. 97, at 10–12, 24; Docket No. 115, at 9–15.

[24] Docket No. 111.

[25] Docket No. 112.

[26] Fed. R. Civ. P. 26(a)(1)(A)(iii).

[27] Fed. R. Civ. P. 26(a) advisory committee's note to 1993 amendment.

[28] Fed. R. Civ. P. 26(a)(1)(E); *accord Wilbur-Ellis Co. v. Jens*, No. 23-cv-04104, 2025 WL 90098, at *8 (D.S.D. Jan. 14, 2025).

rule recognizes that the disclosing party may not have everything lined up at the beginning of the case, and allows for timely supplementation.[29]

Rule 26(a)'s obligations "are given teeth by the threat of sanctions in Rule 37."[30] When a party fails to disclose or supplement its discovery as required, that information is excludable from trial or otherwise sanctionable unless the failure was substantially justified or harmless.[31] A court has discretion when crafting its sanction for a Rule 26(a) violation, but that discretion "narrows as the severity of the sanction or remedy it elects increases."[32] So when "exclusion of the evidence is tantamount to dismissal, a . . . court may need to first consider the possibility of lesser sanctions."[33] Rule 37 also authorizes a court to compel withheld discovery.[34]

Reliance's initial disclosure cannot fly. That they had "not yet computed their damages"[35] hardly even pays lip service to their obligations under Rule 26(a). Initial disclosures are not a nullity that can be waived away with simple, unhelpful phrases. At a minimum, the damages computation must include the types of damages sought and an

---

[29] *See* Fed. R. Civ. P. 26(e); *see also id.* 26(a)(1)(E) ("A party must make its initial disclosures based on the information then reasonably available to it.").

[30] *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702 (8th Cir. 2018).

[31] Fed. R. Civ. P. 37(c).

[32] *Vanderberg*, 906 F.3d at 704.

[33] *Id.* at 704–05.

[34] Fed. R. Civ. P. 37(a).

[35] Docket No. 96-1, at 5.

estimate of their amount accompanied by "at least some analysis."[36] Granted, Rule 26(a)'s requirements "do[ ] not elaborate further on the level of specificity required" and are not traps to prematurely pin down plaintiffs to their ideas at the start of the case.[37] In that sense, the damages computation can be both a general estimate and adjustable as the case progresses. But Reliance's initial disclosure is not satisfactory even under a lax reading of the rule.[38]

Reliance's August initial disclosure is not the end of the analysis though. Yankton County's motion comes after Reliance offered several supplements. With Hangsleben's report, Reliance has provided their estimated damages for lost profits and an explanation of how they got to their numbers.[39] That at least satisfies their initial disclosure obligation. But the eight months it took for Reliance to comply with their obligation cannot be ignored. The delay left Yankton County in the blind on damages for a substantial period, prejudicing the County's ability to evaluate and address them early on. Exclusion then should be considered.

---

[36] *N. Am. Commc'ns, Inc. v. Sessa*, No. 14-cv-00227, 2015 WL 5714514, at *12 (W.D. Pa. Sept. 29, 2015); *accord Rolf v. McKee Foods Corp.*, No. 10-cv-0005, 2010 WL 11619148, at *2 (W.D. Mo. May 4, 2010); *Park Cityz Realty, LLC v. Archos Cap., LLC*, No. 20-cv-00522, 2021 WL 4991717, at *9 (D. Utah Oct. 27, 2021).

[37] *See Cates v. Trs. of Columbia Univ.*, 330 F.R.D. 369, 373 (S.D.N.Y. 2019).

[38] *Cf. Aware Prods. LLC v. Epicure Med. LLC*, --- F. Supp. 3d ---, 2025 WL 973801, at *5 (E.D. Mo. Mar. 31, 2025) (initial disclosure offering a general amount of damages plaintiff would be seeking insufficient); *Middleton v. Hempstead Cnty.*, No. 18-cv-04112, 2020 WL 4927517, at *1, *3 (W.D. Ark. Aug. 21, 2020) ("no question that [p]laintiff failed to comply with his mandatory disclosure duties under Rule 26(a)" when all that he gave was that "damages in this case have not been calculated").

[39] Docket No. 96-19, at ¶¶ 60–74.

Wholesale preclusion of Reliance's damages computations would effectively kill Reliance's case. Such a harsh remedy is unwarranted under these circumstances. Judge Schulte's amendment to the scheduling order has already mitigated much of the harm Reliance's sluggish disclosure has caused. But Yankton County's time in the dark still presents some lingering prejudice. A smaller carve-out should be made.

Reliance's current theory of damages includes lost profits for the remainder of their contracts and assumes 5–15 years of contract renewals.[40] Although Reliance's supplements hinted that they would be asking for lost profits through the end of their contract terms,[41] the added profits on contract renewals were unforeseeable and amount to a considerable increase in damages.[42] That is unacceptable. And prejudicially so when Yankton County had been preparing its case clueless to Reliance's altered plan. The Court therefore recommends excluding Reliance's tacked-on lost profit damages estimate for assumed contract renewals from trial.

## II.    Motion to Compel

Because wholesale exclusion is inappropriate, Yankton County's alternative motion to compel must also be addressed. The County contends that some of its RFPs remain unsatisfied, specifically, numbers 8–9, 18, 26, and 30.[43] Numbers 8 and 9 request

---

[40] Docket No. 96-19, at ¶ 62, 70–73.
[41] *E.g.*, Docket No. 96-6, at 18–20.
[42] *See* Docket No. 115, at 7 n.3.
[43] *See* Docket No. 115, at 9.

Reliance produce "all documents relating to any damages . . . including calculations, receipts, invoices, financial statements, and any other evidence of damages."[44] Number 18 relates to documents or communications on Reliance's revenues or profits in 2024 and their 2025 projections.[45] Number 26 is for financial records between 2020 and now, "including but not limited to income tax returns, profits and loss statements, balance sheets, expense reports, gross revenue reports, and net revenue reports."[46] Number 30 solicits the leases and contract agreements that Reliance entered into after July 13, 2023.[47]

At the outset, Reliance challenges whether Yankton County has fulfilled its meet-and-confer obligations before bringing the motion.[48] A motion to compel requires the moving party include a certification attesting to the party's good-faith attempt to confer with the offending party to resolve each discovery dispute it has without judicial intervention.[49] Without meeting and conferring, a court does not have to consider the motion.[50]

---

[44] Docket No. 96-3, at 10.

[45] Docket No. 96-12, at 10.

[46] Docket No. 96-16, at 8.

[47] *Id.* at 9.

[48] Docket No. 109, at 19–22.

[49] Fed. R. Civ. P. 37(a)(1); D.S.D. Civ. LR 37.1; *see also Eddie's Truck Ctr., Inc. v. Daimler Vans USA LLC*, No. 21-cv-05081, 2023 WL 4624888, at *4 (D.S.D. July 19, 2023) (parties must "meaningfully discuss each contested discovery dispute" before bringing motion to compel).

[50] *E.g., Buergofol GmbH v. Omega Liner Co.*, No. 22-cv-04112, 2023 WL 4980031, at *7 (D.S.D. Aug. 3, 2023) (denying motion for a protective order when litigants had failed to meet and confer before bringing motion).

Reliance insists that Yankton County has never raised the issue with RFP 18 before moving to compel.[51] The County rejoins that it griped to Reliance in a June 10, 202 letter.[52] RFP 18, however, is not mentioned in that letter. And the RFP seeks different information than RFP 26, which the letter spotlights.[53] Yankton County's motion to compel RFP 18 should therefore be denied so the County can meet and confer on the matter first.

Yankton County made known its grievances for the remaining RFPs sufficiently to have satisfied the meet-and-confer requirement. This despite Reliance's contention that RFPs 8 and 9 were also not mentioned in the June 10 letter.[54] The letter *does* refer to RFP 9.[55] And numbers 8 and 9 are practically indistinguishable so that if the County registered its discontent to one, Reliance would have been on notice of the other.

Reliance does not appear to otherwise contest the relevance of these two RFPs. So Yankton County's motion to compel RFPs 8 and 9 should be granted.

RFP 26 (requesting financial records from 2020 to present) is objected to because Reliance claims they have turned over everything they have.[56] Or, stated differently, there are no "expense reports, gross revenue reports[,] or net revenue reports" and no

---

[51] Docket No. 109, at 20 & n.4.
[52] Docket No. 115, at 10.
[53] Docket No. 96-31.
[54] Docket No. 109, at 20.
[55] Docket No. 96-31, at 2 ("We insist that your clients must produce all of the financial records and other documents requested in [RFP] No. 9 and 26.").
[56] Docket No. 109, at 20.

"financial statements or tax returns" after 2023.[57] But no matter, Reliance says, because they did not consider any of the requested information in their damages calculation.[58]

How Reliance computed their damages does not decide what information they must turn over. Evidence is discoverable if it is relevant to a party's claim or defense.[59] The information Yankton County seeks is clearly relevant regardless of whether Reliance considered it.[60]

Further, although Reliance says they do not have documents for the requested discovery, Hangsleben's deposition seems to contradict that representation—or at least suggests that financial reports can be generated for 2024 and 2025.[61] The information is critical given that Reliance is seeking damages for lost profits during those years. Yankton County's motion to compel RFP 26 should be granted.

Reliance finally argues that RFP 30, seeking documents pertaining to their attempts to mitigate damages, is irrelevant.[62] "Generally, damages are not recoverable for losses the plaintiff could reasonably avoid."[63] Meaning that mitigation of damages

---

[57] *Id.*; *see also* Docket No. 96-32, at 1.

[58] Docket No. 109, at 20.

[59] Fed. R. Civ. P. 26(b)(1).

[60] *See, e.g., Excel Underground, Inc. v. Brant Lake Sanitary Dist.*, 941 N.W.2d 791, 807 (S.D. 2020) (discussing approvingly that tax returns were a relevant consideration in contract breach case); *Table Steaks v. First Premier Bank, N.A.*, 650 N.W.2d 829, 838 (S.D. 2002) (not an abuse of discretion for trial court to allow testimony of gross profits rather than net profits to sustain damages for lost profits).

[61] *See* Docket No. 114-1, at 103:17–104:9 (Reliance can run quarterly reports for gross revenues); *id.* at 110:11–20 (Reliance can generate mid-year revenue reports).

[62] Docket No. 109, at 20–21.

[63] *Boxa v. Vaughn*, 674 N.W.2d 306, 313 (S.D. 2003) (citing Restatement (Second) of Conts. § 350 (A.L.I. 1981)); *accord Excel Underground*, 941 N.W.2d at 804.

evidence is usually relevant. Reliance downplays the relevance here by professing how unique and irreplaceable Yankton County, as a client, is. But that confuses mitigation evidence with specific performance—an extraordinary type of contract remedy only available when the breach cannot be compensated another way.[64] That the County is a solitary entity does not obviate Reliance's need to mitigate their damages. True, the damages Reliance actually mitigated is not the test, it is the efforts that count.[65] In that sense, all leases or contract agreements Reliance has entered into is an underinclusive request that could be misleading. But just like unsuccessful efforts to mitigate are relevant, so too are successful ones. RFP 30 should likewise be granted.

## III.    NCIC's Motion for Joinder, Reliance's Resistance, and Yankton County's Motion to Strike

NCIC has filed a "Motion for Joinder" adopting the arguments in Yankton County's motion.[66] Reliance resists, claiming that it is unauthorized by the federal civil rules, that NCIC has never served any written discovery to have standing for its joinder motion, and that Judge Schulte's amendment to the scheduling order otherwise moots the issue.[67] The resistance goes further to explain why Yankton County's arguments are

---

[64] *See* S.D. Codified Laws § 21-9-3 (2025).

[65] *See* Restatement (Second) of Conts. § 350(2) (A.L.I. 1981) ("The injured party is not precluded from recovery . . . to the extent that he has made reasonable but unsuccessful efforts to avoid loss.").

[66] Docket No. 112.

[67] *See generally* Docket No. 117.

unfounded and should be denied,[68] prompting a motion to strike from the County because Reliance's resistance is really an improper surreply.[69]

The Court has seen a co-party adopt another's argument for efficiencies sake. It cannot recall, however, ever having to deal with a motion for joinder of a pending motion. But NCIC's point is obvious; it too believes Reliance's Rule 26(a) disclosures are inadequate, and it should be afforded the same relief as Yankton County. Neither party has cited any caselaw on the propriety of a motion for joinder of a motion.[70] The Court's search though has found an instance of a co-party filing a motion for joinder of an argument.[71] There, the court noted how the federal civil rules are silent on whether joinder to a motion is permitted.[72] And from that silence, a simple "me too" joinder was "not problematic" so long as it did not offer substantive arguments or evidence.[73]

Such approach makes sense and is workable. Here, since NCIC only adopted Yankton County's motion without adding anything new,[74] NCIC's joinder motion is neither barred, by the federal rules or the tenets of due process, nor prejudicial.

Reliance's standing and mootness arguments also do not hold water. The standing argument appears to misconstrue the obligations Reliance has under Rule 26(a). Whether

---

[68] *Id.* at 4–8.

[69] Docket Nos. 119–20.

[70] *See* Docket No. 122, at 1.

[71] *Star Ins. v. Iron Horse Tools, Inc.*, No. 16-cv-00048, 2018 WL 3079493, at *4 (D. Mont. Feb. 7, 2018).

[72] *Id.* (citing *In re Hujazi*, No. 16-nc-01018, 2017 WL 3007084, at *6 (B.A.P. 9th Cir. July 14, 2017)).

[73] *Id.*

[74] *See* Docket No. 112.

NCIC has sought discovery is beside the point. Reliance had to disclose its computation of each category of damages even without a discovery request.[75] So Reliance's belated satisfaction of its Rule 26(a) obligation did the same harm to NCIC as it did to Yankton County. Parity of relief is appropriate and the issue is not moot. Reliance should be prevented from introducing damages computations for lost profits going beyond the expiration of the contracts that they alleged were breached.

The bookend of this chapter is Yankton County's motion to strike Reliance's response. The County appeals the Court do so under its inherent authority to control its docket.[76]

The District of South Dakota's local rules set up a timeline for motions practice. After a motion is filed, the opposing party may file a reply once before the movant has the final word.[77] Surreplies are not in the playbook; a party must seek leave to file one, usually "when the moving party's reply brief contains new information or arguments for which an opportunity to respond is needed."[78]

It bears repeating that NCIC's motion for joinder is just an adoption of Yankton County's arguments; the motion does not make any new arguments. To the extent that Reliance uses their opposition to contest the merits of the County's motion, the time for

---

[75] Fed. R. Civ. P. 26(a)(1)(A).
[76] Docket No. 120, at 1 (citing *Buergofol Gmbh v. Omega Liner Co.*, No. 22-cv-04112, 2024 WL 3521802, at *2 (July 24, 2024)).
[77] D.S.D. LR 7.1.
[78] *Counts v. Wasko*, No. 23-cv-04103, 2024 WL 4068651, at *2 (Sept. 5, 2024).

that has passed—those portions are effectively an attempt to backdoor a surreply and should be stricken. At any rate, Reliance's opposition is more than a merits challenge to Yankton County's motion. The opposition goes beyond that, pointing out, for example, why NCIC's motion is procedurally improper. Although the Court finds the arguments in opposition unpersuasive, they should not be stricken to the extent that they respond to the propriety of NCIC's so-called "me too" motion.

### IV.    Attorney's Fees and Expenses

Yankton County asks to be reimbursed for its time and effort in dealing with Reliance's discovery violations. It seeks to recover reasonable attorney's fees and expenses incurred in compelling disclosure of damages information.[79]

The federal civil rules provide that a party whose conduct necessitated a motion to compel be required to pay the "movant's reasonable expenses incurred in making the motion, including attorney's fees[,]" unless:

1. The movant filed the matter before trying—in good faith—to obtain the requested information without court action;

2. The opposing party's nondisclosure or response was "substantially justified"; or

3. Other circumstances make an expense award "unjust."[80]

---

[79] Docket No. 97, at 24.
[80] Fed. R. Civ. P. 37(a)(5)(A).

15

Deciding whether expenses are warranted at this time would be premature. Judge Schulte needs to rule on the pending discovery motions first. And then, once he has done so, the parties have the right to be heard on the expense issue.[81] If he wants to keep this issue or refer it for the Court to pass on is up to him. For now, any expense determination must wait.

## CONCLUSION

Reliance took eight months to provide Yankton County and NCIC with a computation of each category of damages Reliance would be seeking. Though that conduct does not merit wholesale exclusion of damages computations, the delayed revelation that Reliance would be after damages for contracts that never existed, but that they assumed would come, was a major change that warrants exclusion. Yankton County's motion to compel RFPs 8, 9, 26, and 30 should be granted because the information is relevant, and the County has fulfilled its meet-and-confer obligations. And Reliance's opposition to NCIC's motion for joinder should be stricken insofar as the opposition attempts to backdoor a surreply to the merits of the County's motion. Finally, whether the Yankton County is entitled to attorney's fees and expenses for discovery violations should be addressed later on, after Judge Schulte rules and the parties are afforded time to express their views.

---

[81] *Id.*

## RECOMMENDATION

For these reasons, and based on the record now before the Court, it is

RECOMMENDED that Yankton County's motion in limine[82] be granted in part. Reliance's computation of damages, to the extent that it relies on lost profits from nonexistent contracts, should be excluded. But not damages for lost profits related to the contracts that the County allegedly breached. It is further

RECOMMENDED that Yankton County's alternative motion to compel[83] should be granted for RFPs 8, 9, 26, and 30, but denied for RFP 18 because the County had not satisfied its obligation to meet and confer before bringing the motion. It is further

RECOMMENDED that NCIC's motion for joinder[84] be granted, and the same damages computation evidence excluded against Yankton County be also excluded against NCIC. It is further

RECOMMENDED that Yankton County's motion to strike[85] be granted for those portions of Reliance's opposition that challenge the merits of the County's in limine motion but denied for the portions that challenge the procedural aspects of NCIC's motion. It is further

---

[82] Docket No. 94.
[83] *Id.*
[84] Docket No. 112.
[85] Docket No. 119.

RECOMMENDED That Yankton County's motion for attorney's fees and expenses be held in abeyance pending a ruling on the Court's report and an opportunity for the parties to be heard.

## NOTICE

The parties have 14 calendar days after service of report and recommendation to object.[86] Failure to timely object will waive the parties' rights to appeal questions of fact unless an extension of time for cause is later obtained.[87] Objections must "identify[ ] those issues on which further review is desired."[88]

DATED this _____ day of August, 2025.

BY THE COURT:

_____

**MARK A. MORENO**
**UNITED STATES MAGISTRATE JUDGE**

---

[86] 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(2).
[87] *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990) (per curiam); *Nash v. Black*, 781 F.2d 665, 667 & n.3 (8th Cir. 1986).
[88] *Nash*, 781 F.2d at 667 (quoting *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).