## IN THE UNITED STATES DISTRICT COURT
## FOR SOUTH DAKOTA

|  |  |  |
|---|---|---|
| RELIANCE TELEPHONE OF GRAND FORKS INCORPORATED, a North Dakota corporation, | ) ) ) ) | Civil No. 4:24-cv-04098-ECS |
| and | ) ) | |
| RELIANCE SYSTEMS INC., a Nevada corporation, | ) ) ) | |
| Plaintiffs, | ) ) ) | **PLAINTIFFS' OBJECTIONS TO REPORT AND RECOMMENDATIONS (DOC. 124)** |
| v. | ) ) ) | |
| YANKTON COUNTY, SOUTH DAKOTA, | ) ) ) | |
| and | ) ) | |
| NETWORK COMMUNICATIONS INTERNATIONAL CORP., a Texas corporation, | ) ) ) ) | |
| Defendants. | ) ) | |

These Objections are submitted on behalf of Plaintiffs Reliance Telephone of Grand Forks Incorporated ("Reliance Telephone") and Reliance Systems Inc. ("Reliance Systems") (collectively, "Reliance" or "Plaintiffs") in response to the Report and Recommendations on Motions in Limine, to Compel, for Joinder, to Strike and for Expenses ("R&R"), filed on August 12, 2025 (Doc. 124). Defendant Yankton County, South Dakota ("Yankton") initially moved to amend the pretrial schedule. *See* Doc. 95. As an alternative to the Court amending the discovery schedule, Yankton moved *in limine* or alternatively to compel. *See* Doc. 94; Doc. Doc. 97 at 2, 21, 22, 24. After orally telling the parties it would grant Yankton's motion to amend on June 25, the Court issued its order granting the motion. Doc. 111. Defendant Network Communications

International Corp. ("NCIC") then filed a "Joinder" with Yankton's alternative motion *in limine* or to compel, without providing any basis for the motion, any supporting memorandum, or any description of the relief sought specific to it. *See* Doc. 112. This Court referred Yankton's remaining alternative motions for a report and recommendation. The referral did not mention NCIC's "Joinder." *See* Doc. 113.

On August 12, the magistrate judge issued his R&R. Contrary to Eighth Circuit precedents and well-established caselaw, the R&R recommended that Plaintiffs' timely-served expert witness report be gutted. The R&R recommended that over 90% of Plaintiffs' damages calculations be excluded, even though Plaintiffs' initial Rule 26(a) disclosures, subsequent multiple document productions, and supplemental discovery responses relating to damages were consistent with numerous Federal cases. The R&R never addressed this Court's order amending the discovery schedule, which eliminated any possible prejudice to Yankton relating to Reliance's damages claims.

The R&R also approved NCIC's "Joinder," even though the Federal Rules of Civil Procedure do not authorize such a motion. The R&R ignored NCIC's failure to comply with Federal Rule of Civil Procedure 7, or Local Rules 7.1 and 37.1.

Lastly, the R&R recommended granting Yankton's alternative motion to compel. The R&R requires Plaintiffs to create documents that do not exist and that they do not regularly prepare. It requires Plaintiffs to produce documents that even the R&R indicated are not relevant to Yankton's purported failure to reasonably mitigate damages affirmative defense. The R&R ignores the fact Plaintiffs have produced all documents relating to its damages claims that it has.

As a result of the R&R, Yankton has prevailed on three alternative motions, despite the fact that the granting of its motion to amend the pretrial schedule effectively obviated the other two

motions. The Plaintiffs reasonably and in good faith believed that their initial disclosures and subsequent document productions and supplemental discovery responses relevant to damages satisfied their obligations under the Federal Rules, consistent with established caselaw. Plaintiffs timely produced their damages calculations and analysis as required by the then-applicable scheduling order. This Court then extended the discovery schedule, giving Yankton five (5) months to prepare its response to Plaintiffs' damages claims and over seven (7) months to conduct fact discovery. *See* Doc. 111. But according to the R&R, despite these facts, Plaintiffs' damages claim should be eviscerated and over 90% of their damages should be excluded. NCIC gets to ride Yankton's coattails, despite never having served any written discovery, never having raised any issues with Plaintiffs' initial or later discovery disclosures, and never having complied with the Federal or Local Rules applicable to motions. Additionally, Plaintiffs must create non-existent documents demanded by Yankton and produce documents even the R&R indicates are not relevant.

No cases even remotely similar to the facts and recommendations of the R&R have been cited or identified. The R&R is contrary to binding Eighth Circuit cases and multiple prior decisions of this Court and other Federal courts. The R&R is contrary to the facts presented and so is also clearly erroneous. This Court must review the R&R's recommendations *de novo*. *See* 28 U.S.C. §636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Ally v. Reyes*, 2025 U.S. Dist. LEXIS 46359, at *2 (D.S.D. Mar. 10, 2025). Based on a *de novo* review and Reliance's objections, this Court should reject the R&R's recommendations.

## ARGUMENT

### I. The R&R's Recommendation to Exclude Plaintiffs' Damages Claim for Lost Future Profits is Clearly Erroneous and Contrary to Law.

On June 16, 2025, Yankton filed a motion to extend the discovery schedule. *See* Doc. 95. This Court granted Yankton's motion in full. *See* Doc. 111. As a result, the deadline for Yankton

and NCIC to serve expert reports in response to Reliance's expert report (served on April 30, 2025) was extended to September 30, 2025. Rebuttal expert reports now are due by October 31, 2025. Fact discovery now ends on December 10, 2025. Expert discovery does not close until January 15, 2026. *See id.* at 2.

Yankton also filed its alternative motion *in limine* or to compel on June 16. *See* Doc. 94. Yankton unequivocally stated that its alternative motion was filed as an alternative to its motion to extend the scheduling order. *See* Doc. 97 at 2, 21, 22, 24. Yankton now has received the complete alternative relief it requested extending the discovery schedule. It now will have five (5) full months to prepare a response to Reliance's timely-served expert report as well as eight (8) full months to take fact discovery. Despite these facts, the R&R recommends that Reliance's timely-served expert report be essentially excluded, striking the majority of Plaintiffs lost incremental profits damages claim. *See* Doc. 124 at 7-8.

Respectfully, the R&R's recommendation is contrary to binding Eighth Circuit precedents regarding the proper analysis that a court must conduct before imposing such a severe sanction. The R&R's recommendation does not discuss or address the cases presented by Plaintiffs supporting their conduct in timely disclosing their incremental lost profits damages claim and subsequent discovery responses. *See* Doc. 109 at 12-19, 22-23. The R&R fails to consider this Court's grant of Yankton's motion to amend the pretrial schedule, thereby obviating any possible prejudice to Yankton.[1]

The discretion to impose a sanction under Rule 37 is not absolute. *Doe v. Young*, 664 F.3d 727, 734 (8th Cir. 2011). A court's discretion "narrows as the severity of the sanction or remedy it

---

[1] Yankton has never argued that Reliance's timely expert disclosures on April 30, 2025, were deficient or failed to comply with this Court's Scheduling Order or the Federal Rules of Civil Procedure. Nor could it. *See* Doc. 96-7 (Plaintiffs' Third Supplemental Answers to Defendant Yankton County, South Dakota's First Set of Interrogatories, Nos. 12 and 13); Doc. 96-18 (Plaintiffs' Rule 26(a)(2) Disclosure); Doc. 96-19 (Expert Report of Dave Hangsleben).

elects increases." *Wegener v. Johnson*, 527 F.3d 687, 692 (8ᵗʰ Cir. 2008). "Exclusion of evidence is a harsh penalty, and should be used sparingly." *ELCA Enters. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 190 (8ᵗʰ Cir. 1995). *See, e.g., Bonds v. Dist. of Columbia*, 93 F.3d 801, 809 (D.C. Cir. 1996). *See also* Fed. R. Civ. P. 37(c)(1), Notes of Advisory Committee on Rules – 1993 Amendment (exclusion limited to violations "without substantial justification," and excluding "harmless" violations). The Eighth Circuit has made clear that a less drastic result, "such as a continuance" is the proper and preferred course of action. *Doe*, 664 F.3d at 735-736. *See also* Fed. R. Evid. 403, Notes of Advisory Committee on Proposed Rules (where a party claims unfair surprise, "the granting of a continuance is a more appropriate remedy than exclusion of the evidence"). This Court has repeatedly held that allowing additional time, or even the possibility of a party to move for additional time, is a sufficient basis for refusing to exclude allegedly late-disclosed expert evidence. *See, e.g., Zoss v. Protsch*, 2023 U.S. Dist. LEXIS 36275, at *7-8 (D.S.D. Mar. 1, 2023); *Janvrin v. Cont'l Res., Inc.*, 2016 U.S. Dist. LEXIS 118093, at *6-7 (D.S.D. Sept. 1, 2016). Indeed, the Eighth Circuit has held that a failure to request a continuance is a basis for denying a motion to exclude late-disclosed evidence. *See Gruttemeyer v. Transit Auth.*, 31 F.4th 638, 645 (8ᵗʰ Cir. 2022).

In determining whether a sanction is appropriate as well as its form, "the district court should consider, *inter alia*, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Wegener*, 527 F.3d at 692. *See Nasuti v. Walmart, Inc.*, 2021 U.S. Dist. LEXIS 145920, at *9 (D.S.D. Aug. 4, 2021). In deciding whether to exclude expert evidence, as here, this Court has described the relevant factors as: "'(1) the importance of the excluded expert testimony; (2) the party's explanation for

failure to disclose; (3) the potential prejudice created by permitting use of the expert testimony at trial or on a pending motion; and (4) the ability to cure any prejudice by granting a continuance.'" *Lauing v. Rapid City, Pierre &E. R.R.*, 610 F. Supp. 3d 1203, 1224 (D.S.D. 2022) (quoting *Sancom, Inc. v. Qwest Commc'ns Corp.*, 683 F. Supp. 2d 1043, 1063 (D.S.D. 2010)). Consideration of each of these factors establishes that the R&R's recommendation to effectively exclude Plaintiffs' damages claim is contrary to law and clearly erroneous.

A. <u>The Excluded Expert Evidence is Critical to Plaintiffs' Damages Claims.</u>

Plaintiffs' timely-disclosed and served expert report clearly sets forth his analysis of the damages suffered by each of them. The expert fully and carefully considered the retention and renewal rates experienced by each of the Plaintiffs over the past decades, including Yankton. *See* Doc. 96-19, ¶s 53-59, 62-64 & Appendix D. Based on the Plaintiffs' retention experience over the past decades, as well as its relationship with Yankton, Plaintiffs' expert opined that their contracts with Yankton would have been renewed for one to three additional five-year terms. *See* Doc. 96-19, ¶62.

Despite these facts, the R&R recommends that all but two years of Plaintiffs' damages claim be excluded. *See* Doc. 124 at 8. This amounts to over 90% of Plaintiffs' total damages claim for each plaintiff. *See* Doc. 96-19, ¶s 73-74. It fails to recognize the fact that neither of the Plaintiffs have asserted a breach of contract claim against NCIC. Their claims against NCIC are for violations of the Lanham Act and intentional interference with business relationships. *See* Doc. 28, ¶s 106-119. The R&R's recommended exclusion, therefore, is critical to Reliance's damages claims against Yankton and NCIC. The R&R's recommendation is tantamount to excluding all of Reliance's damages and prejudicially reduces its properly- and timely-disclosed damages expert report to an unreasonably low amount, fails to take into account the different damages Plaintiffs

may seek against NCIC, and is contrary to the evidence concerning contract renewals that will be presented at trial.

The Plaintiffs' damages expert report, to the extent the R&R recommends exclusion, therefore is critical to their claims. The first factor that this Court must consider therefore favors Reliance and does not support the R&R's exclusion recommendation.

B. Reliance's Alleged "Failure" to Disclose was in Good Faith and Based on Federal Decisions and this Court's Scheduling Order Deadlines.

Yankton claims that Reliance should have completely disclosed and described their damages calculations on August 30, 2024, because Reliance later decided to use their president as their damages expert. *See* Doc. 97 at 19-21. Yankton's argument incorrectly assumes and presupposes that Plaintiffs could see into the future, and knew on August 30, 2024, not only that they would use their president as their damages expert, but also that they knew at that time the full extent and nature of the damages they would claim. Yankton's argument is based not on the sufficiency of Plaintiffs' disclosures or their timing, but on the identification of the expert selected. However, Plaintiffs did not decide who to use as an expert witness until more than seven months after August 30, 2024. It was not until they timely served their expert disclosures on April 30, 2024, that Plaintiffs made the decision. Doc. 110, ¶7.

Additionally, the R&R (and Yankton) failed to properly or correctly consider what occurred between August 30, 2024 and April 30, 2025, when Plaintiffs timely served their expert disclosures. First, Yankton did not raise any issue regarding Reliance's initial Rule 26(a)(1) disclosures or the adequacy of their discovery responses until January 16, 2025, over four months after Reliance served their initial disclosures. *See* Doc. 96-23. Plaintiffs therefore had no reason to believe Yankton had any issues for over four months. Plaintiffs responded to Yankton on January 27. Doc. 96-24. Yankton then thanked Plaintiffs for their response and stated it "would be in touch

if we need to further discuss the points addressed...." Doc. 105-1. Thus, Reliance should not be penalized or held accountable for the over four months that passed before Yankton raised any alleged concerns.

Further, Yankton was hardly "left in the blind." Reliance produced and identified specific documents relevant to damages on January 31, 2025. *See* Doc. 96-5; Doc. 96-9; Doc. 105, ¶5. Yankton did not raise any alleged concern regarding the adequacy of Plaintiffs' damages-related disclosures again until March 4, over one month later. A day earlier, Reliance had made a third production of documents to Yankton, including many documents relevant to their damages claims. *See* Doc. 105, ¶6. On March 26, Plaintiffs served three additional supplemental responses to Yankton's first set of interrogatories and first two sets of document requests. Each of these supplemental responses identified specifically by Bates number documents relevant to Reliance's damages claims. *See* Doc. 96-6 at 18-21; Doc. 96-10 at 6-8; Doc. 96-14 at 5-11.

Not until April 15, <u>six weeks after</u> Plaintiffs responded to Yankton's previously-asserted concerns, did Yankton complain again. *See* Doc. 96-27. Two weeks later, Reliance fully and timely complied with the then-existing Amended Scheduling Order and served its damages calculations. *See* Doc. 96-2, Doc. 96-7, Doc. 96-15, Doc. 96-18, Doc. 96-19, Doc. 96-20. As the R&R correctly found, Reliance's timely April 30 disclosures satisfied its damages disclosure obligations. *See* Doc. 124 at 7. Yankton's failure to promptly raise its purported concerns regarding the adequacy of Reliance's initial disclosures is a basis to deny its motion to exclude. *See Aware Prods. LLC v. Epicure Med. LLC*, 2025 U.S. Dist. LEXIS 60937, at *17 (E.D. Mo. Mar. 31, 2025).

The R&R does not discuss any of the arguments or caselaw presented by Reliance in support of its actions relating to damages disclosure. *Compare* Doc. 109 *with* Doc. 124. The Federal Rules do not impose the sort of forward-looking, absolute Rule 26(a)(1) disclosure

obligation as Yankton argued or the R&R found. The Federal Rules not only anticipate, but courts have long recognized, that continuing supplementation of initial disclosures and discovery responses is permitted as a case progresses. *See* Fed. R. Civ. P. 26(e). Compliance with Rule 26(a)(1) does not vary based on a decision months later on who a party may identify as an expert witness. *See, e.g., Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006) (Rule 26(a) contemplates that parties file supplemental disclosures with ever-greater level of detail as discovery progresses); *Caruana v. Marcum*, 2016 U.S. Dist. LEXIS 99585, at *15 (M.D. Tenn. July 28, 2016) ("a party is free to satisfy Rule 26(a)'s requirements through supplemental disclosures filed later"); *Palm Bay Int'l, Inc. v. Marchesi Di Barolo S.P.A.*, 2009 U.S. Dist. LEXIS 104020, at *17 (E.D.N.Y. Nov. 9, 2009) ("Damages calculations are often updated as further information is developed during discovery. … It is understood that such calculations may be seasonably amended, particularly if Plaintiff will be presenting expert testimony on the issue of damages and will be producing an expert report."); *City & Cty. of S.F. v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 220, 222 (N.D. Cal. 2003) ("Rule 26 does not elaborate on the level of specificity required in the initial disclosure. … So long as Plaintiffs timely fulfill their disclosure obligations, they will not be prejudiced for making initial disclosures that are revised." (Emphasis added)).

Second, the R&R fails to recognize that a party may fulfill its disclosure obligations under Rule 26(a) through subsequent discovery responses. "[C]ourts have found that a party can satisfy Rule 26(a)'s disclosure requirements by pointing to materials or testimony that bears on a category of damages sought." *Caruana*, 2016 U.S. Dist. LEXIS, at *16. *See, e.g., Frontline Med. Assocs., Inc. v. Coventry Health Care*, 263 F.R.D. 567, 569-70 (C.D. Cal. 2009) (party can satisfy Rule 26(a) by disclosing supporting documents for damages calculations); *Reyes v. City of Glendale*, 2009 U.S. Dist. LEXIS 80318, at *18 (C.D. Cal. Aug. 19, 2009) (plaintiff "sufficiently

demonstrated" compliance by pointing to deposition testimony and interrogatory answers); *Pine Ridge Recycling, Inc. v. Butts Cty., Ga.*, 889 F. Supp. 1526, 1527 (M.D. Ga. 1995) (Rule 26(a)'s damages calculation disclosure requirements satisfied by identification of categories of damages and production of documents relating to damages).

Contrary to the R&R's assertion, Yankton was not "left in the blind" regarding Plaintiffs' damages. Plaintiffs produced damages-related documents and supplemented their discovery responses on multiple occasions on an ongoing basis. Contrary to the R&R's recommendation, Yankton had substantial information regarding Plaintiffs' likely damages claims.

Further, the cases Yankton cited involved complete failures to disclose or egregious conduct far different than here. *See Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 699, 701, 703-04 (8th Cir. 2018) (plaintiff never made any timely expert witness disclosures and never provided a summary of expected expert testimony); *Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1222-25 (10th Cir. 2015) (failure to disclose insurance policy for 18 months; appeal involved district court's authority to sanction attorneys under Rule 37(c)(1)); *Remington v. Mathson*, 575 Fed. Appx. 808, 809 (9th Cir. 2014) (affirming discovery sanction against *pro se* plaintiff for complete failure to comply with expert witness disclosures); *Manigaulte v. C.W. Post of Long Island Univ.*, 533 Fed. Appx. 4, 4 (2nd Cir. 2013) (affirming dismissal of *pro se* plaintiff's claims for failure to submit to oral deposition). *See also Tutor-Saliba*, 218 F.R.D. at 220 (defendants' cases "involve extreme situations in which the defendant was either prejudiced by plaintiff's conduct or entitled to summary judgment because of lack of any supporting evidence"). Yankton's cases thus are readily distinguishable.

Similarly, the cases referenced in the R&R (Doc. 124 at 7, nn.36, 37, 38) are inapposite or even contrary to its exclusion recommendation. *See Aware Prods.*, 2025 U.S. Dist. LEXIS 60937,

at *17 (denying Rule 37(c)(1) motion where plaintiff made no substantive damages disclosure; court instead required plaintiff to provide updated damages disclosures within seven days); *Park City Realty, LLC v. Archos Capital, LLC*, 2021 U.S. Dist. LEXIS 208428, at *21-30 (D. Utah Oct. 27, 2021) (plaintiffs did not provide any documentation regarding damages until the final day of discovery, trial would be disrupted and delayed if untimely evidence allowed; evidence plaintiffs' failures to disclose were willful); *Middleton v. Hempstead County*, 2020 U.S. Dist. LEXIS 151803, at *2-3, 9-10 (W.D. Ark. Aug. 21, 2020) (plaintiff did not disclose any damages information until after the close of discovery; court refused to exclude evidence and instead re-opened discovery to permit discovery on damages); *Cates v. Trs. of Columbia Univ. in N.Y.*, 330 F.R.D. 369, (S.D.N.Y. 2019) (court refused to preclude plaintiffs' damages disclosures even though disclosures were less than forthcoming); *N. Am. Communs., Inc. v. Sessa*, 2015 U.S. Dist. LEXIS 131549, at * (W.D. Pa. Sept. 29, 2015) (court denied Rule 37 motion despite plaintiff's failure to provide specific damages information in initial disclosures because plaintiff did not act willfully or in bad faith). Thus, the cases referenced in the R&R, far from supporting exclusion of any part of Reliance's timely-served expert report, actually counsel against exclusion.

Thus, Plaintiffs' initial disclosures, subsequent multiple document productions, and supplemental discovery responses were consistent with established caselaw. Reliance's actions, culminating in their timely expert witness disclosures, were made in good faith, based on federal court decisions and this Court's then-existing Scheduling Order deadlines. Yankton had received numerous damages-related documents before Plaintiffs' timely expert report. Yankton's arguments – and the R&R's implicit finding – that because Reliance ultimately decided to use their president as their damages expert they therefore should have provided a complete description and calculation of damages with their initial disclosures – makes a mockery of the right to supplement as a case

progresses. No court has ever enunciated the requirement Yankton seeks and the R&R approves based on the later-determined identity of an expert witness. No decisions cited by Yankton or referenced by the R&R support the decimation of Plaintiffs' damages claims. In fact, numerous decisions reject the recommendation of the R&R in situations far more egregious than here. Plaintiffs' actions were substantially justified and do not support the R&R. This factor, therefore, favors Reliance and rejection of the R&R.

### C. Yankton Will Suffer No Actual or Potential Prejudice If Plaintiffs are Permitted to Use Their Timely-Disclosed Expert Report in Its Entirety.

Yankton claims it was surprised by the "remarkable increase in alleged damages" when it received Reliance's timely-disclosed expert report. Doc. 115 at 7 n.3. The R&R asserts that Yankton was left "in the blind on damages for a substantial period." Doc. 124 at 7. However, Reliance timely-served its expert report months before the end of discovery and months before Yankton's responsive report was due under the then-applicable scheduling order. *See* Doc. 68. Accordingly, Yankton could not properly claim unfair prejudice. Moreover, when this Court granted entirely Yankton's alternative motion to amend the Scheduling Order (Doc. 111), any actual or potential prejudice to Yankton evaporated. Under the new Scheduling Order, it has far more time not only to cogitate on Reliance's damages claim, but to conduct fact discovery and submit its own damages expert response than previously allowed.

Courts have rejected motions to exclude evidence disclosed with far less time to respond. *See, e.g., Doe,* 664 F.3d at 732-736 (witness deposed over five months before trial); *Lauing,* 610 F. Supp. 3d at 1224 (exclusion denied where defendant had deposed expert and had over 1.5 months to designate surrebuttal expert); *Fraase v. Advantage Credit Bureau,* 2025 U.S. Dist. LEXIS 59364, at *7-9 (D.N.D. Mar. 28, 2025) (motion to strike undisclosed witness denied where the plaintiff learned of the witness two months before discovery closed and took their deposition);

*Ames v. Nationwide Mut. Ins. Co.*, 2012 U.S. Dist. LEXIS 192011, at *2-5 (S.D. Iowa Sept. 18, 2012) (motion to exclude untimely disclosed expert witness denied where trial was two months off and deposition could be taken during that time). This factor therefore also favors Reliance and counsels against the R&R's exclusion recommendation.

D. This Court's Order Granting Yankton's Motion to Extend the Discovery Schedule Eliminates Any Possible Prejudice.

Not only is it possible to cure any alleged prejudice by granting a continuance, this Court has already done so. This Court's order extending discovery eliminates any possible prejudice to Yankton. *See* Doc. 111. This Court's order gives Yankton five (5) full months to submit any expert report in response to Reliance's timely-served expert report. It extends the period during which the parties may conduct fact discovery until December 10, 2025. *Id.*, ¶s 1-2. Yankton, therefore, now has more than sufficient time to conduct any additional fact discovery and to respond to Plaintiffs' damages claims. This factor, therefore, strongly favors Reliance. Indeed, relevant cases confirm this as the appropriate course of action for this Court.

In *Doe*, 664 F.3d at 732, the plaintiff filed an amended witness list adding an additional witness only seventeen (17) days before trial. The district court excluded the witness from trial, reasoning it would be "an unfair surprise" even though the defendant had deposed the witness months earlier. *Id.* at 732-33. The Eighth Circuit reversed the district court's decision. It pointed out that the witness had been deposed over five months before trial. *Id.* at 733-736. Additionally, the Eighth Circuit stated that "if any unfair surprise existed, the proper course here was not exclusion but instead something less drastic, such as a continuance, to allow the [defendants] to prepare further for the new information." *Id.* at 736.

In *Farmland Indus., Inc. v. Morrison-Quirk Grain Corp.*, 54 F.3d 478, 482 (8th Cir. 1995), the Eighth Circuit affirmed the district court's refusal to exclude certain expert witness testimony.

The district court gave the opposing party an additional opportunity to depose the expert. As a result, the defendant "was neither surprised nor confused at the substance of [the expert's] testimony." *Id.*

In *Lauing*, 610 F. Supp. 3d at 1224, Chief Judge Lange denied a motion to exclude the plaintiffs' rebuttal expert witness. In doing so, the Court analyzed the same factors as here. The Court found all four factors favored denial of the motion to exclude. The Court stated that the case was "not one of the <u>rare cases</u> where the 'harsh penalty' of excluding a witness is appropriate." *Id.* (Emphasis added.) The Court noted the defendant had deposed the rebuttal expert and "had over a month-and-half after his disclosure to designate a surrebuttal expert." *Id.*

In *Zoss*, 2023 U.S. Dist. LEXIS 36275, at *3-8, this Court rejected the defendants' motion to exclude the plaintiff's late-submitted expert report. Although the plaintiff submitted the report after the court-ordered deadline, the Court held that exclusion was not appropriate and that the defendant instead should have the opportunity to submit one or more expert reports as surrebuttal.

In *Janvrin*, 2016 U.S. Dist. LEXIS 118093, at *1-8, this Court rejected the defendant's motion to exclude the plaintiff's damages evidence pursuant to Fed. R. Civ. P. 37(c)(1). The plaintiff never timely disclosed his damages pursuant to Rule 26(a) and had not submitted an expert report by the court-ordered deadline. Analyzing the same factors under Eighth Circuit precedents, this Court held exclusion was not appropriate, *inter alia*, because it had not set a trial date and it would "ensure that the defendant had adequate time to prepare for cross examination." *Id.* at *7.

Finally, in *Lead GHR Enters., Inc. v. Am. States Ins. Co.*, 2014 U.S. Dist. LEXIS 38860, at *7-30 (D.S.D. Mar. 25, 2014), the plaintiff did not timely disclose an expert witness. The deadlines for submitting an expert report had passed. The Court held that the plaintiff's failure was not substantially justified. *Id.* at *24. The Court also found that the untimely disclosure was not

harmless. However, rather than grant the defendant's motion to exclude, the Court found that the appropriate remedy was to extend the discovery deadlines to permit the defendant to depose the untimely expert and to submit a rebuttal expert report. *Id.* at *28-30. *See, e.g., Fraase*, 2025 U.S. Dist. LEXIS 59364, at *7-9 (motion to strike undisclosed witness denied where the plaintiff learned of the witness two months before discovery closed and took their deposition); *Burch v. United States*, 2014 U.S. Dist. LEXIS 192879, at *2-3 (D.N.D. Dec. 2, 2014) (motion to exclude plaintiff's untimely-disclosed experts denied where defendant was aware of the plaintiff's intention to designate the witnesses as experts and could conduct additional discovery before trial and could request a continuance if more time was necessary); *Ames*, 2012 U.S. Dist. LEXIS 192011, at *2-5 (motion to exclude untimely disclosed expert witness denied where trial was two months off and deposition could be taken during that time).

Here, Plaintiffs properly supplemented their initial Rule 26(a) disclosures multiple times by serving documents relevant to their damages calculations between January and March 2025. Plaintiffs timely disclosed and submitted their damages expert report pursuant to the then-applicable Scheduling Order on April 30, 2025. Reliance's president and expert witness has already been deposed for two days, both individually and as a Rule 30(b)(6) designee. As a result of this Court's Order amending the Scheduling Order, Yankton will have five months to prepare a responsive expert report (three months longer than in the previous Scheduling Order), and over seven (7) months to conduct additional fact discovery. It will then be able to depose Plaintiffs' expert witnesses, including their opinions regarding damages. Trial is not yet scheduled.

The R&R's recommendation to eviscerate Reliance's damages claim is unsupported by the facts, Eighth Circuit precedents, and previous decisions by this Court and other courts. The factors that must be considered under Eighth Circuit law all favor Plaintiffs and preclude gutting their

timely-served damages expert report as recommended by the R&R. No case has been found where a timely-disclosed damages expert report was excluded under any similar set of facts, particularly where the allegedly-prejudiced party was given as many months to respond as Yankton now has. This Court should therefore reject the R&R's exclusion recommendation as contrary to law and clearly erroneous.

## II.    The R&R's Recommendation to Permit NCIC's "Joinder" is Clearly Erroneous and Contrary to Law.

The R&R recommends that this Court permit NCIC's "Joinder," despite the fact "the federal civil rules are silent on whether joinder to a motion is permitted." Doc. 124 at 13. The R&R relies on a single bankruptcy decision in 2017 and a passing reference to that case from the District of Montana in 2018 to support its recommendation. *See id.* at 13, nn.71, 72. Despite recommending NCIC be allowed to file a "Joinder" that is not permitted under the Federal Rules of Civil Procedure, the R&R then ties Reliance's hands by recommending that Reliance's opposition be stricken to the extent it addressed the merits of NCIC's "Joinder." *Id.* at 14-15.

The R&R's recommendation is contrary to law and clearly erroneous. As multiple courts have held, "The Federal Rules of Civil Procedure do not recognize the concept of a party's 'joinder' in another party's motion." *Pappas v. Frank Azar & Assocs., P.C.*, 2009 U.S. Dist. LEXIS 17400, at *2, n.1 (D. Colo. Feb. 23, 2009). *See, e.g., Riegler v. Carlisle Cos.*, 2023 U.S. Dist. LEXIS 1492, at *4-5 (D. Utah Jan. 3, 2023); *Wood v. World Wide Ass'n of Specialty Programs & Schs.*, 2007 U.S. Dist. LEXIS 32083, at *5-6 (D. Utah Apr. 30, 2007). As the court cogently stated in *Riegler*:

> The Rules do allow parties to 'independently move, requesting certain specific relief, and incorporate by reference arguments made by another party seeking that same relief.' But parties seeking to incorporate arguments of another party's motion must do so 'in accordance with [the Rules].'

*Riegler*, 2023 U.S. Dist. LEXIS 1492, at *5 (citations omitted). "Such attempts at joinder result in needless confusion." *Wood*, 2007 U.S. Dist. LEXIS 32083, at *6.

16

The Federal Rules explicitly identify permitted forms of joinder motions. *See* Fed. R. Civ. P. 18 (joinder of claims and remedies); 19, 20 & 21 (joinder, misjoinder and non-joinder of persons and parties). Nothing in the Federal Rules provides, much less hints, that any other form of "joinder" motion is permitted. The text of the Rules indicates otherwise. Rule 7, which governs "Form of Motions and Other Papers" mandates:

> (b)    MOTIONS AND OTHER PAPERS.
> (1) *In General.* A request for a court order must be made by motion. The motion must:
>> (A) be in writing unless made during a hearing or trial;
>> (B) state with particularity the grounds for seeking the order; and
>> (C) state the relief sought.

Fed. R. Civ. P. 7(b) (emphasis added).

The Federal Rules of Civil Procedure are adopted through a multi-step process involving an advisory committee, the Supreme Court, the Judicial Conference of the United States, and ultimately, Congress. In interpreting the Federal Rules, the Supreme Court looks to the text of the rule in question. *See, e.g., Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 547-548 (2010) (reversing court of appeals decision which found no "support in the text of the Rule."). As Justice Scalia stated, "Even assuming that we and the Congress allowed the Rule to take effect and read and agreed with those intentions, *it is the text of the Rule that controls*." (Emphasis added.) *Id.* at 557 (Scalia, J., concurring in part and concurring in the judgment) (citing *Tome v. United States*, 513 U.S. 150, 167-68 (1995) (Scalia, J., concurring in part and concurring in judgment)).

The R&R recommendations improperly permit a form of motion that is not found in the text of the Rules. If the Advisory Committee, Supreme Court, and Congress intended to allow "piggy-back" motions, they certainly could have provided for them. *Cf.* Fed. R. Civ. P. 18-21. But they did not. Rule 7(b) unequivocally requires that all motions state "with particularity the grounds

for seeking the order" and "the relief sought." Fed. R. Civ. P. 7(b)(1)(B) & (C). Nothing in the text

of the Rules permits, much less suggests, that a court may allow a "joinder" as filed by NCIC.

Additionally, consistent with Federal Rule 7(b), this Court's Local Rules require: "With

every opposed motion raising a question of law, ... <u>the movant must serve and file a brief</u>

<u>containing the movant's legal arguments, the authorities in support thereof, and the Federal Rule</u>

<u>of Civil Procedure on which the movant relies</u>." South Dakota LR 7.1 (emphasis added). Here,

NCIC's "Joinder" did not comply with Federal Rule 7 or LR 7.1. NCIC's "Joinder" stated in its

entirety:

> [NCIC] hereby joins in Defendant Yankton County's Motion in Limine, or in the Alternative, Motion to Compel (Doc. 94). Defendant NCIC adopts all facts, declarations and legal arguments presented by Yankton County as set forth in Yankton County's Declaration of Counsel (Doc. 96), Yankton County's Memorandum in Support of Motion in Limine, or in the Alternative, Motion to Compel (Doc. 97) and any and all arguments made by Yankton County in support thereof.

Doc. 112.

Such a "Joinder" violates Federal Rule 7(b), which requires that any motion state "with

particularity the grounds for seeking the order" and "the relief sought." Fed. R. Civ. P. 7(b)(1)(B)

& (C). NCIC made no request for any form of relief specific to it. NCIC's "Joinder" also does not

comply with LR 7.1. NCIC did not file a brief as required. *See* LR 7.1. Thus, its "Joinder" does

not comply with either the Federal or Local Rules. Even if this Court could substitute its judgment

for the explicit text of the Federal Rules by permitting NCIC's "Joinder" motion, a party still must

comply with Federal Rule 7(b) and LR 7.1.

Local Rule 7.1 further provides specific timeframes for filing opposition and reply briefs.

However, NCIC did not file its "Joinder" until July 11, twenty-five (25) days <u>after</u> Yankton filed

its motion, <u>four days after</u> Plaintiffs filed their opposition, and on the same day Yankton filed its

reply memorandum. *See* Doc. 94 (Yankton's motion filed June 16); Doc. 109 (Plaintiffs' opposition

filed July 7); Doc. 112 (NCIC's "Joinder" filed July 11); Doc. 115 (Yankton's reply filed July 11). By delaying – for no apparent reason – its "Joinder" until 25 days after Yankton filed its motion and 4 days after Plaintiffs filed their opposition, NCIC denied Plaintiffs any timely knowledge of its "Joinder" and any opportunity to respond on the merits to NCIC's "Joinder." If NCIC wanted to "join" Yankton's motion, it surely knew upon Yankton's filing.[2]

Finally, contrary to the R&R, NCIC's position is not the same or even similar, to Yankton's. Yankton's motion is devoted solely to its alleged issues with Reliance's disclosures relating to the claims asserted solely against Yankton – for breach of contract damages. Plaintiffs have not asserted any claim for breach of contract against NCIC. Plaintiffs' claims against NCIC are for violations of the Lanham Act and tortious interference with business relationships. *See* Doc. 28, ¶s 106-119. Further, NCIC never served any written discovery requests prior to its "Joinder."[3] *See* Doc. 105, ¶43. It never expressed any concerns about the adequacy of Reliance's discovery responses or disclosures. NCIC never requested, nor participated in, any meet and confer conferences as required by LR 37.1 – a prerequisite to any motion to compel. *See* LR 37.1. Yet the R&R permits an unauthorized form of motion without requiring compliance with LR 37.1.

The R&R prejudicially allows NCIC to "join" a motion where none of the arguments presented by Yankton pertain to it. Whatever NCIC's arguments specific to it were (and neither Plaintiffs nor this Court knows because NCIC failed to comply with Federal Rule 7 and LR 7.1), Yankton's arguments cannot apply to NCIC. NCIC could not have been "surprised" by Reliance's timely expert witness disclosures when it never claimed that Plaintiffs' disclosures and discovery

---

[2] NCIC could have filed a proper motion and memorandum much earlier. It filed a motion and memorandum joining Yankton's motion to amend the Scheduling Order three (3) days after Yankton filed its motion to amend. *See* Docs. 100, 101, 103, 104. It surely could have done so again if it wished to join Yankton's alternative motions.

[3] Yankton finally served written discovery on August 13, 2025, clearly taking advantage of the fact discovery extension granted by the Court.

responses were inadequate. Plaintiffs cannot be required to assume that NCIC had any issues with the adequacy of discovery responses, which as shown previously, were well-supported by longstanding caselaw. Further, Plaintiffs' supplemental discovery responses and productions of numerous documents showed their revenues, profits, client retention rates and other information – the bases for their incremental lost profits claims.

The complete lack of congruity between Plaintiffs' claims against NCIC and Yankton distinguishes this case from the cases cited in the R&R. *In re Hujazi*, 2017 Bankr. LEXIS 1963 (B.A.P. 9th Cir. July 14, 2017), was an appeal in bankruptcy. Under the bankruptcy rules, "Bankruptcy courts have broad authority to 'regulate practice in any manner consistent with [the applicable procedural rules], Official Forms, and local rules of the district.'" *Id.* at * 16 (quoting Fed. R. Bankr. P. 9029(b)).[4] There is no comparable provision in the Federal Rules of Civil Procedure. Further, unlike this case, the parties that filed "joinder" motions in *Hujazi* had identical arguments and positions. *See id.* at *17-18.

*Star Ins. Co. v. Iron Horse Tools, Inc.*, 2018 U.S. Dist. LEXIS 45660, at *12-15 (D. Mont. Feb. 7, 2018), is also distinguishable. There the court noted the requirements of Federal Rule 7 and the local rules' timing requirements. In granting a motion to strike the reply brief and affidavit filed by the party filing the "joinder" motion, the court noted that the "joinder" motion raised no different issues. It also noted that the better course for a party with different or additional arguments was "to file its own fully briefed motion, which will alleviate due process and prejudice concerns." *Id.* at *14.[5]

---

[4] Fed. R. Bankr. P. 9029(b) is now Rule 9029(c).

[5] None of the cases holding that the Federal Rules of Civil Procedure do not permit "joinder" motions support the R&R. In *Riegler*, 2023 U.S. Dist. LEXIS 1492, at *6-17, the court refused to accept the defendant's "joinder" motion, but instead treated it as a stand-alone motion. It then denied the motion as untimely. In *Pappas*, 2009 U.S. Dist. LEXIS 17400, at *2 n.1, the court found no prejudice to the plaintiffs and therefore treated the "joinder" motions as separate motions by the defendant. In *Wood*, 2007 U.S. Dist. LEXIS 32083, at *5-6, the court prohibited any future "joinder"

Despite the lack of similarity and vagueness of NCIC's improper "Joinder," the R&R recommends striking Plaintiffs' substantive opposition arguments. It thereby denies Plaintiffs' due process rights. NCIC claimed to "join" Yankton's motion in its entirety without requesting any specific relief on its behalf or making any arguments relevant to its unique situation. *See* Doc. 112. That included Yankton's reply memorandum and declaration filed on the same day. Plaintiffs surely had the right to respond on the merits to NCIC's "Joinder," particularly in light of its untimely filing. By recommending that Plaintiffs' substantive arguments be stricken, the R&R compounded its error in permitting an unauthorized form of motion.[6]

The R&R's recommendation to allow NCIC's belated "Joinder" motion, contrary to Federal Rule 7, LR 7.1 and LR 37.1, permits a form of motion not recognized in either the Federal or Local Rules. It absolves NCIC from its obligation to specify the relief it wants, present the grounds for the relief requested, or provide prior notice of its position. It recommends striking Reliance's opposition to NCIC's "Joinder" in response a motion by *Yankton*, not NCIC. As the court warned in *Wood*, 2007 U.S. Dist. LEXIS 32083, at *6, "Such attempts at joinder result in needless confusion." That is the case here. The R&R is contrary to law and clearly erroneous and should be rejected.

### III.    The R&R's Recommendation to Grant Yankton's Motion to Compel is Clearly Erroneous and Contrary to Law.

Despite the fact that Yankton's motion to compel was presented as an <u>alternative</u> form of relief to its motion to amend the pretrial schedule and *in limine* (*see* Doc. 97 at 2, 21, 22, 24), the

---

motions, but permitted the previously-filed "joinder" motions because the arguments presented were identical and the plaintiff fully responded to them. Additionally, the plaintiffs "fully responded" to the arguments presented. Here, NCIC's position and arguments are not and cannot be identical to Yankton's, and remain a mystery.

[6] NCIC never moved or argued that Reliance's response to its "Joinder" should be stricken; only Yankton did. *See* Docs. 119, 120. But Plaintiffs' opposition to NCIC's improper "Joinder" was filed only in response to NCIC's motion, not Yankton's. *See* Doc. 121 at 2. The R&R erroneously grants Yankton's motion to strike a memorandum that was not filed in response to any motion it filed.

R&R recommends that Yankton's motion be granted with respect to four of the five document requests on which it moved.[7] However, the R&R ignores settled caselaw that a party cannot be compelled to create documents that do not exist in response to document requests. It ignores its own, correct, statement of the scope of documents relevant to a failure to reasonably mitigate damages affirmative defense. Additionally, the R&R ignores the fact that Reliance had already produced all documents relevant to Plaintiffs' damages claims.

> Yankton's Document Request No. 26 states:

> Produce your financial records for the years 2020 to present, including but not limited to income tax returns, profit and loss statements, balance sheets, expense reports, gross revenue reports, and net revenue reports.

Doc. 96-33, at 3. Reliance responded (in relevant part):

> The Plaintiffs do not have "expense reports, gross revenue reports, and net revenue reports," and so have no responsive documents to that extent. The Plaintiffs have no profit and loss statements, balance sheets or income statements for 2024 or 2025 as no such documents have been prepared as of this date, and so have no responsive documents to that extent.

*Id.*, at 3-4. *See also* Doc. 96-32 (confirming "Plaintiffs do not have 'expense reports, gross revenue reports or net revenue reports.' Also, no financial statements or tax returns have been prepared for 2024 as yet, and neither have such documents been prepared for 2025."); Doc. 118, Ex. A at 144:10-145:5.

The R&R ignored the non-existence of nearly all of the requested documents, because the deposition testimony of Plaintiffs' owner "suggests that financial reports can be generated for 2024 and 2025." Doc. 124 at 11. It therefore recommended granting Yankton's motion to compel regarding Request No. 26.

---

[7] The R&R correctly refused to consider Yankton's motion to compel relating to Document Request No. 18, because it had never raised that request in any meet and confer. *See* Doc. 124 at 10.

This recommendation is contrary to established caselaw. As this Court held in *Gard v. Dooley*, 2017 U.S. Dist. LEXIS 27770, at \*20 (D.S.D. Feb. 28, 2017), "The court cannot order defendants to produce documents that do not exist nor to create documents where none exist." As the court stated *A.R. Arena Prods. v. Grayling Indus.*:

> There is no point, of course, in ordering a party to produce documents that do not exist. Further, [defendant] has no obligation to create new, responsive documents. Courts have consistently held that "[a] party cannot be compelled to create, or cause to be prepared, new documents solely for their production. Rule 34 only requires a party to produce documents that are already in existence."

2012 U.S. Dist. LEXIS 100157, at \*30-32 (N.D. Ohio Apr. 30, 2012) (quoting *Thompson v. Lantz*, 2009 U.S. Dist. LEXIS 90923, at \*4 (D. Conn. Sept. 25, 2009) (in turn quoting 7 James Wm. Moore, *et al*., MOORE'S FEDERAL PRACTICE §34.12[2] (3rd ed. 2009)).

Courts faced with motions to compel a party to create nonexistent documents that do not already exist in its possession, custody or control have uniformly refused to order a party to do so. *See, e.g., LeSzczynski v. Kitchen Cube LLC*, 2024 U.S. Dist. LEXIS 187989, at \*5-6 (C.D. Cal. Aug. 26, 2024) ("The court cannot order a party to produce documents that do not exist. A requesting party's mere suspicion that additional documents must exist is an insufficient basis to grant a motion to compel."); *Q Indus., Inc. v. O'Reilly Auto., Inc.*, 2023 U.S. Dist. LEXIS 151705, at \*16 (C.D. Cal. July 28, 2023) (same); *Hay Creek Royalties, LLC v. Roan Res. LLC*, 2020 U.S. Dist. LEXIS 96536, at \*13 (N.D. Cal. June 2, 2020) ("The Court will not order [defendant] to create additional documents not already in existence or to alter existing documents.); *Brown v. Warden Ross Corr. Inst.*, 2011 U.S. Dist. LEXIS 52246, at \* (S.D. Ohio May 16, 2011) ("The Court cannot require [defendants] to produce what they do not have. Moreover, Defendants have no duty to create documents simply to comply with Plaintiff's request.").

Reliance cannot be compelled to create non-existent documents in response to Document Request No. 26. Rule 34 only requires production of documents within a "party's possession,

custody, or control." Fed. R. Civ. P. 34(a)(1). Courts uniformly reject motions to compel such as

Yankton's. The R&R is clearly erroneous and contrary to law to the extent it orders Plaintiffs to

create documents it does not possess and that do not exist.[8]

In Document Request No. 30, Yankton requested, "all leases, contracts and/or agreements

that you entered into with any other jail, correctional facility, municipality, county, state, or other

entity related to your technology and/or services from July 7, 2023 to present." Doc. 96-33 at 6.

Plaintiffs responded (in relevant part):

> The Plaintiffs … object to this Request because it seeks documents that are not
> relevant to any party's claim or defense and not proportional to the needs of the
> case, as required by Fed. R. Civ. P. 26(b)(1). … [T]he plaintiffs have produced
> proposals or offers made by Reliance Telephone or Reliance Systems … to potential
> new clients or customers for the period from January 1, 2023 to present….

*Id.* at 7. Yankton's only argument for the relevance of documents responsive to Document Request

No. 30 was its affirmative defense of failure to reasonably mitigate damages. *See* Doc. 97 at 23-

24. But as Reliance's counsel explained to Yankton:

> Regarding Document Request No. 30, I fail to see the relevance to any purported
> defense of failure to mitigate. The documents produced in response to Document
> Request No. 29 are far more pertinent to reasonable efforts to mitigate (if
> applicable). Whether or not such efforts were successful is not the test to my
> understanding; it is the efforts that matter.

Doc. 96-32.

The R&R correctly stated, "True, the damages Reliance actually mitigated is not the test,

it is the efforts that count." Doc. 124 at 12 (emphasis added) (citing RESTATEMENT (SECOND) OF

CONTRACTS, §350(2) (1981)). However, it then inexplicably recommended Yankton's motion to

compel production of documents showing successful efforts to obtain new business, even though

---

[8] To be clear, when regularly-prepared profit and loss statements for 2024 and 2025 are created in the ordinary course, Reliance will produce them. Similarly, although Yankton has not made any attempt to show the relevance of income tax returns or balance sheets to any issue (*see* Doc. 96-32), Reliance will produce those documents for 2020 through 2023, and thereafter for 2024 and 2025 once they are prepared in the ordinary course.

Plaintiffs had already produced all documents relating to their <u>efforts</u> to mitigate damages. Doc. 124 at 12. *See* Doc. 96-32.

Documents responsive to Request No. 30 are not relevant to Yankton's affirmative defense of failure to reasonably mitigate damages. Plaintiffs already produced all documents relating to their efforts to get new business for a period longer than requested by Yankton.[9] *See* Doc. 96-33 (response to Request No. 29); Doc. 96-32. Nothing more is required under the law. The R&R is clearly erroneous and contrary to law with regard to Document Request No. 30.

The R&R recommends compelling production of documents responsive to Yankton's Document Request Nos. 8 and 9. However, in doing so, it brushed aside the fact that Yankton had not raised any issue with Plaintiffs' response to Request No. 8 since February 19, 2025. *See* Doc. 96-25; Doc. 96-26. The R&R stated these requests "are practically indistinguishable so that if the County registered its discontent to one, Reliance would have been on notice of the other." Doc. 124 at 10. But Reliance is not required to guess or attempt to discern Yankton's unstated complaints.

Importantly, Yankton dropped all references to Request No. 8 after Reliance responded on March 4, 2025 – more than four months prior to filing its motion. *See* Doc. 96-26. *See also* Doc. 96-30 (addressing Yankton's purported concerns only regarding Request No. 9). Yankton never raised Reliance's response to Request No. 8 in its final letter prior to filing its motion. *See* Doc. 96-31. The meet and confer requirement of LR 37.1 surely requires explicit specificity for what issues exist in order to meaningfully confer over them. A party should not be permitted to side-

---

[9] Inexplicably, Yankton never asked any questions regarding the documents Plaintiffs produced relating to their efforts to obtain new business in either of the depositions taken and concluded on June 24 and 25. Doc. 110, ¶6.

step LR 37.1 or basic notice requirements, and must clearly identify and explain which discovery requests are in issue in order to properly meet and confer.

Regardless, Request Nos. 8 and 9 sought, "all documents relating to any damages [each Plaintiff] claims to have suffered as a result of Yankton County's alleged breach of contract, including calculations, receipts, invoices, financial statements, and any other evidence of damages." *See* Doc. 96-10, at 6-8. However, Yankton's motion morphed the requests into something they were not. Yankton contended that the documents sought by Request Nos. 8 and 9:

> includes, but is not limited to, calculations of those damages, financial records and financial data such as receipts, sales data and records, revenue data and records, expense data and records, invoices, income statements, operating statements, financial statements, profit and loss statements, income tax returns, expense reports, balance sheets, operational costs, revenue reports, and any other evidence of or relating to their alleged damages.

Doc. 97 at 22-23. That description goes far beyond the scope of the two actual requests.

Further, the R&R (and Yankton) erroneously ignored that Plaintiffs had already produced all documents responsive to Request Nos. 8 and 9 as propounded. Plaintiffs told Yankton this on June 4. By June 4, the only documents Plaintiffs had not produced were confidential financial statements which would have been produced earlier but for the lack of execution of a stipulated amendment to the Protective Order. *See* Doc. 96-30. Those documents were produced once Yankton and NCIC each agreed to abide by the terms of the stipulated amendment pending the Court's execution of the amended Protective Order. *See* Doc. 105, ¶14. Plaintiffs thus have produced all documents responsive to Request Nos. 8 and 9. *See id.*, ¶s 3, 5-6, 9, 14.

Yankton again apparently seeks documents that Plaintiffs do not have, or to require Plaintiffs to create documents it does not regularly create or maintain. *See* Doc. 97 at 22-23. The R&R provides no indication of any existing documents responsive to Request Nos. 8 and 9 that Plaintiffs have failed or refused to produce. *See* Doc. 124 at 10. Just as with non-existent

documents Yankton demanded in Request No. 26, Plaintiffs cannot be ordered to create and produce documents that do not exist in response to Request Nos. 8 and 9. The R&R is clearly erroneous and contrary to law regarding Request Nos. 8 and 9. Therefore, the R&R's recommendation that Plaintiffs be compelled to produce non-existent or irrelevant documents responsive to Request Nos. 8, 9, 26 and 30 should be rejected.

## CONCLUSION

For the foregoing reasons, Plaintiffs Reliance Telephone of Grand Forks Incorporated and Reliance Systems Inc. respectfully request that the Court reject the Report and Recommendation (Doc. 124). Yankton therefore also is not entitled to any award of attorneys' fees incurred in connection with its motion.

Dated: August 26, 2025.

Patrick L. Sealey AT0007085
HEIDMAN LAW FIRM, P.L.L.C.
1128 Historic Fourth Street
P.O. Box 3086
Sioux City, IA 51102
Tel: (712) 255-8838
Fax: (712) 258-6714
Email: Patrick.Sealey@heidmanlaw.com

and

Alan M. Anderson (MN Bar #149500)
(admitted *pro hac vice*)
L. Reagan Florence (MN Bar #0396468)
(admitted *pro hac vice*)
ALAN ANDERSON LAW FIRM LLC
11100 Wayzata Blvd., Suite 545
Minneapolis, MN 55305
Tel: 612-756-7010
Fax: 612-756-7050
Email: aanderson@anderson-lawfirm.com
       rflorence@anderson-lawfirm.com

*Attorneys for Plaintiff Reliance Telephone of Grand Forks Incorporated and Reliance Systems Inc.*