## IN THE UNITED STATES DISTRICT COURT
## FOR SOUTH DAKOTA

RELIANCE TELEPHONE OF GRAND
FORKS INCORPORATED,
a North Dakota corporation,

and

RELIANCE SYSTEMS INC.,
a Nevada corporation,

    Plaintiffs,

    v.

YANKTON COUNTY, SOUTH DAKOTA,

and

NETWORK COMMUNICATIONS
INTERNATIONAL CORP.,
a Texas corporation,

    Defendants.

Civil No. 4:24-cv-04098-ECS

**PLAINTIFFS' RESPONSES TO DEFENDANT YANKTON COUNTY'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN RESISTANCE TO YANKTON COUNTY, SOUTH DAKOTA'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56 and LR 56.1(B), Plaintiffs Reliance Telephone of Grand Forks Incorporated ("Reliance Telephone") and Reliance Systems Inc. ("Reliance Systems") (collectively, "Plaintiffs") hereby submit their Responses to Defendant Yankton County's ("Yankton") Statement of Undisputed Material Facts in Resistance to Yankton County, South Dakota's Motion for Summary Judgment (Doc. 128), as follows:

1. Reliance Telephone of Grand Forks, Inc. ("Reliance") is a provider of telephone, iPod, iPad, and voice call communication services to correctional facilities. (DOC 28, ¶4).

<u>RESPONSE:</u>

<u>Not disputed.</u>

2. Reliance Systems, Inc., a Nevada corporation ("Reliance Systems") is a provider of text messaging and video call services to correctional facilities. (DOC 28, ¶5).

RESPONSE:

Not disputed.

3. Yankton County is a political subdivision and county of the State of South Dakota. (DOC 28, ¶6; SDCL 7-1-67).

RESPONSE:

Not disputed.

4. Yankton County owns and operates the Yankton County Jail that is located in Yankton, South Dakota. (DOC 28, ¶6).

RESPONSE:

Not disputed.

5. On August 18, 2020, then-acting Yankton County Sheriff James Vlahakis executed two separate lease agreements with Reliance and Reliance Systems' alleged predecessor, respectively, that expressly superseded all prior agreements between the parties. (DOC 28, ¶¶16-17; Counsel Dec., Ex. 1 (Vlahakis Depo. p. 27-28, 32-33 and Ex. 28), Ex. 2 (Hangsleben Depo. Ex 1-2)).

RESPONSE:

Disputed in part. Plaintiffs dispute that either of the contracts entered into on August 18, 2020, were "lease agreements." On their face, neither constitutes a true "lease." *See NBC Leasing Co. v. Stillwell*, 334 N.W.2d 596, 599 (S.D. 1983). Labels do not control. *American Family Ins. Co. v. Jepson*, 148 F.3d 954, 956 (8th Cir. 1996 (applying South Dakota law). *See also* Cornell Law School, Legal Information Institute (2022) (defining "lease") (available at:

2

https://www.law.cornell.edu/wex/lease#:~:text=A%20lease%20is%20a%20contract,property%20law). This failure is further explained by the fact the author of the documents had no legal training or understanding of the meaning of the words used.

- The agreement between Reliance Telephone and Yankton is entitled, "Reliance Telephone – Phone/iPod/iPad Voice call Location Agreement" (hereinafter "2020 Telephone Contract"). LRF Decl. Ex. J (28).[1]

- It provides for the payment of "a percentage of the gross revenue derived from the operation of the inmate telephones, iPods and iPads in return for the exclusive right to install and operate the inmate telephones and other inmate devices using a graphical user interface on the premises." *Id.*

- The 2020 Telephone Contract does not provide for any minimum or guaranteed amount to be paid by Reliance Telephone to Yankton for the services provided. *Id.*; LRF Decl. Ex. B (Vlahakis Depo. 34:13-17); (Brandt Depo. 83:4-85:6); DH Decl., ¶s 15-20.[2]

- Pursuant to the 2020 Telephone Contract, Reliance Telephone did not lease or rent any specific space at the Yankton County Jail. LRF Decl. Ex. J (28); LRF Decl. Ex. B (Vlahakis Depo. 34:19-22); LRF Decl. Ex. A (Payer Depo. 39:12-20); LRF Decl. Ex. G (Brandt Depo. 85:7-10); DH Decl., ¶s 15-20. In substance and fact, therefore, the 2020 Telephone Contract was not a "lease."

---

[1] "LRF Decl." refers to the Declaration of L. Reagan Florence, dated September 3, 2025. Citations to it will be followed by the exhibit letter assigned to a document or deposition excerpt in that declaration, followed by the deposition exhibit number (if any) assigned to the document in any deposition. References to depositions will indicate the specific page(s) and line(s) cited as [page]: [lines].

[2] "DH Decl." refers to the Declaration of Dave Hangsleben, dated September 3, 2025.

- The agreement between Reliance Systems and Yankton is entitled, "Reliance Systems – Inmate Text Message and Video Call Location Agreement (hereinafter "2020 Systems Contract"). LRF Decl. Ex. J (28).

- The 2020 Systems Contract provided for the payment of a "cost recovery fee calculated from the gross revenue derived from the operation of the text messaging ($0.09/text message) and video calling (0.25/minute), in return for the exclusive right to install and operate the text message and video equipment on the premises." *Id.*

- The 2020 Systems Contract does not provide for any minimum or guaranteed amount to be paid by Reliance Systems to Yankton for the services provided. LRF Decl. Ex. J (28); LRF Decl. Ex. B (Vlahakis Depo. 31:16-32:3); LRF Decl., Ex. G (Brandt Depo. 83:14-23; 84:9-12); DH Decl., ¶s 23-28.

- Pursuant to the 2020 Systems Contract, Reliance Systems did not lease or rent any specific space at the Yankton County Jail. LRF Decl. Ex. J (28); LRF Decl. Ex. B (Vlahakis Depo. 32:4-12); LRF Decl. Ex. G (Brandt Depo. 84:13-21); LRF Depo. Ex. A (Payer Depo. 39:12-20); DH Decl., ¶s 23-28. In substance and fact, therefore, the 2020 Systems Contract was not a "lease."

6. On August 18, 2020, then-acting Yankton County Sheriff James Vlahakis and Reliance Systems' alleged predecessor executed the 2020 "Inmate Text Message and Video Call Location Agreement" (the "2020 Reliance Systems Lease Agreement"). (DOC 28, ¶¶16-17; Counsel Dec., Ex. 1 (Vlahakis Depo. p. 27-28, 32-33 and Ex. 28), Ex. 2 (Hangsleben Depo. Ex. 2)).

RESPONSE:

Disputed in part. Plaintiffs dispute that the 2020 Systems Contract was a "lease."

- The 2020 Systems Contract between Reliance Systems and Yankton is entitled, "Reliance Systems – Inmate Text Message and Video Call Location Agreement." LRF Decl. Ex. J (28).

- The 2020 Systems Contract provided for the payment of a "cost recovery fee calculated from the gross revenue derived from the operation of the text messaging ($0.09/text message) and video calling (0.25/minute), in return for the exclusive right to install and operate the text message and video equipment on the premises." *Id.*

- The 2020 Systems Contract does not provide for any minimum or guaranteed amount to be paid by Reliance Systems to Yankton for the services provided. LRF Decl. Ex. J (28); LRF Decl. Ex. B (Vlahakis Depo. 31:16-32:3); LRF Decl., Ex. G (Brandt Depo. 83:14-23; 84:9-12); DH Decl., ¶ 23-28.

- Pursuant to the 2020 Systems Contract, Reliance Systems did not lease or rent any specific space at the Yankton County Jail. LRF Decl. Ex. J (28); LRF Decl. Ex. B (Vlahakis Depo. 32:4-12); LRF Decl. Ex. G (Brandt Depo. 84:13-21); LRF Depo. Ex. A (Payer Depo. 39:12-20); DH Decl., ¶s 23-28. In substance and fact, therefore, the 2020 Systems Contract was not a "lease."

- The 2020 Systems Contract was assigned or transferred to Reliance Systems predecessor-in-interest, as permitted by the terms of the 2020 Systems Contract. LRF Decl. Ex. J (28); LRF Decl. F (Reliance Sys. Depo. 116:12-117:19).

7. On August 18, 2020, then-acting Yankton County Sheriff James Vlahakis and Reliance executed the "Phone/iPod/iPad Voice call Location Agreement (the "2020 Reliance Lease Agreement"). (DOC 28, ¶¶16-17, 22; Counsel Dec., Ex. 1 (Vlahakis Depo. p. 27-28, 32-33 and Ex. 28), Ex. 2 (Hangsleben Depo. Ex. 1)).

RESPONSE:

<u>Disputed in part.</u> Plaintiffs dispute that the 2020 Telephone Contract was a "lease."

- The 2020 Telephone Contract between Reliance Telephone and Yankton is entitled, "Reliance Telephone – Phone/iPod/iPad Voice call Location Agreement." LRF Decl. Ex. J (28).

- It provides for the payment of "a percentage of the gross revenue derived from the operation of the inmate telephones, iPods and iPads in return for the exclusive right to install and operate the inmate telephones and other inmate devices using a graphical user interface on the premises." *Id.*

- The 2020 Telephone Contract does not provide for any minimum or guaranteed amount to be paid by Reliance Telephone to Yankton for the services provided. *Id.*; LRF Decl. Ex. B (Vlahakis Depo. 34:13-17); LRF Decl. Ex. G (Brandt Depo. 84:22-85:6); DH Decl., ¶s 15-20.

- Pursuant to the 2020 Telephone Contract, Reliance Telephone did not lease or rent any specific space at the Yankton County Jail. LRF Decl. Ex. J (28); LRF Decl. Ex. B (Vlahakis Depo. 34:19-22); LRF Decl. Ex. A (Payer Depo. 39:12-20); LRF Decl. Ex. G (Brandt Depo. 85:7-10); DH Decl., ¶s 15-20. In substance and fact, therefore, the 2020 Systems Contract was not a "lease."

8. The 2020 Reliance Systems Lease Agreement and the 2020 Reliance Lease Agreement (hereinafter collectively referred to as the "2020 Lease Agreements") provided that the effective start date for each of the 2020 Lease Agreements would be December 2, 2020, and both carried an initial term of five (5) years. (DOC 28, ¶¶18-19, 23-24; Counsel Dec., Ex. 1 (Vlahakis Depo. p. 27-28, 32-33 and Ex. 28), Ex. 2 (Hangsleben Depo. Ex. 1-2)).

RESPONSE:

Disputed in part. Plaintiffs dispute that either of the contracts entered into on August 18, 2020, were "lease agreements."

- The 2020 Telephone Contract between Reliance Telephone and Yankton is entitled, "Reliance Telephone – Phone/iPod/iPad Voice call Location Agreement." LRF Decl. Ex. J (28).

- It provides for the payment of "a percentage of the gross revenue derived from the operation of the inmate telephones, iPods and iPads in return for the exclusive right to install and operate the inmate telephones and other inmate devices using a graphical user interface on the premises." *Id.*

- The 2020 Telephone Contract does not provide for any minimum or guaranteed amount to be paid by Reliance Telephone to Yankton for the services provided. *Id.*; LRF Decl. Ex. B (Vlahakis Depo. 34:13-17); LRF Decl. Ex. G (Brandt Depo. 84:22-85:6); DH Decl., ¶s 15-20.

- Pursuant to the 2020 Telephone Contract, Reliance Telephone did not lease or rent any specific space at the Yankton County Jail. LRF Decl. Ex. J (28); LRF Decl. Ex. B (Vlahakis Depo. 34:19-22); LRF Decl. Ex. A (Payer Depo. 39:12-20); LRF Decl. Ex. G (Brandt Depo. 85:7-10); DH Decl., ¶s 15-20.

- The 2020 Systems Contract between Reliance Systems and Yankton is entitled, "Reliance Systems – Inmate Text Message and Video Call Location Agreement." LRF Decl. Ex. J (28).

- The 2020 Systems Contract provided for the payment of a "cost recovery fee calculated from the gross revenue derived from the operation of the text messaging ($0.09/text

message) and video calling (0.25/minute), in return for the exclusive right to install and operate the text message and video equipment on the premises." *Id.*

- The 2020 Systems Contract does not provide for any minimum or guaranteed amount to be paid by Reliance Systems to Yankton for the services provided. LRF Decl. Ex. J (28); LRF Decl. Ex. B (Vlahakis Depo. 31:16-32:3); LRF Decl., Ex. A (Brandt Depo. 83:14-23; 84:9-12); DH Decl., ¶s 23-28.

- Pursuant to the 2020 Systems Contract, Reliance Systems did not lease or rent any specific space at the Yankton County Jail. LRF Decl. Ex. J (28); LRF Decl. Ex. B (Vlahakis Depo. 32:4-12); LRF Decl. Ex. G (Brandt Depo. 84:13-21); LRF Depo. Ex. A (Payer Depo. 39:12-20); DH Decl., ¶s 23-28.

- Additionally, the 2020 Systems Contract was assigned or transferred to Reliance Systems predecessor-in-interest, as permitted by the terms of the 2020 Systems Contract. LRF Decl. Ex. J (28); LRF Decl. F (Reliance Sys. Depo. 116:12-117:19).

9. The Reliance Systems Lease Agreement referred to the Yankton County Jail and Yankton County as "LESSOR" and Reliance Systems' alleged predecessor as "LESSEE." (Counsel Dec., Ex. 1 (Vlahakis Depo. Ex. 28), Ex. 2 (Hangsleben Depo. Ex. 2)).

<u>RESPONSE:</u>

<u>Disputed in part.</u> Plaintiffs dispute that the 2020 Systems Contract was a "lease."

- The 2020 Systems Contract between Reliance Systems and Yankton is entitled, "Reliance Systems – Inmate Text Message and Video Call Location Agreement." LRF Decl. Ex. J (28).

- The 2020 Systems Contract provided for the payment of a "cost recovery fee calculated from the gross revenue derived from the operation of the text messaging ($0.09/text

message) and video calling (0.25/minute), in return for the exclusive right to install and operate the text message and video equipment on the premises." *Id.*

- The 2020 Systems Contract does not provide for any minimum or guaranteed amount to be paid by Reliance Systems to Yankton for the services provided. LRF Decl. Ex. J (28); LRF Decl. Ex. B (Vlahakis Depo. 31:16-32:3); LRF Decl., Ex. G (Brandt Depo. 83:14-23; 84:9-12); DH Decl., ¶s 23-28.

- Pursuant to the 2020 Systems Contract, Reliance Systems did not lease or rent any specific space at the Yankton County Jail. LRF Decl. Ex. J (28); LRF Decl. Ex. B (Vlahakis Depo. 32:4-12); LRF Decl. Ex. G (Brandt Depo. 84:13-21); LRF Depo. Ex. A (Payer Depo. 39:12-20); DH Decl., ¶s 23-28. In substance and fact, therefore, the 2020 Systems Contract was not a "lease."

- Additionally, the 2020 Systems Contract was assigned or transferred to Reliance Systems predecessor-in-interest, as permitted by the terms of the 2020 Systems Contract. LRF Decl. Ex. J (28); LRF Decl. F (Reliance Sys. Depo. 116:12-117:19).

10. The Reliance Systems Lease Agreement provided, in pertinent part:

> LESSOR, for and in consideration of the rent hereinafter set out and service provided by LESSEE, does hereby lease to said LESSEE locations upon and within the property known as: YANKTON COUNTY JAIL, YANKTON, SOUTH DAKOTA and does hereby grant, an exclusive right and license, for a term of (5) years, to install and operate text message and video call devices to provide text message and video call services. This agreement shall be automatically renewed with the same terms and conditions for consecutive five (5) year periods, unless a notice is given by either party at least thirty (30) days prior to the renewal date. The effective start date shall be the install date of 2nd day of Dec. 2020. ... This is the sole agreement between the parties hereto superseding all previous agreements[.]

(Counsel Dec., Ex. 1 (Vlahakis Depo. Ex. 28), Ex. 2 (Hangsleben Depo. Ex. 2)).

RESPONSE:

Disputed in part. Plaintiffs dispute that the 2020 Systems Contract was a "lease."

- The 2020 Systems Contract between Reliance Systems and Yankton is entitled, "Reliance Systems – Inmate Text Message and Video Call Location Agreement." LRF Decl. Ex. J (28).

- The 2020 Systems Contract provided for the payment of a "cost recovery fee calculated from the gross revenue derived from the operation of the text messaging ($0.09/text message) and video calling (0.25/minute), in return for the exclusive right to install and operate the text message and video equipment on the premises." *Id.*

- The 2020 Systems Contract does not provide for any minimum or guaranteed amount to be paid by Reliance Systems to Yankton for the services provided. LRF Decl. Ex. J (28); LRF Decl. Ex. B (Vlahakis Depo. 31:16-32:3); LRF Decl., Ex. G (Brandt Depo. 83:14-23; 84:9-12); DH Decl., ¶s 23-28.

- Pursuant to the 2020 Systems Contract, Reliance Systems did not lease or rent any specific space at the Yankton County Jail. LRF Decl. Ex. J (28); LRF Decl. Ex. B (Vlahakis Depo. 32:4-12); LRF Decl. Ex. G (Brandt Depo. 84:13-21); LRF Depo. Ex. A (Payer Depo. 39:12-20); DH Decl., ¶s 23-28. In substance and fact, therefore, the 2020 Systems Contract was not a "lease."

- Additionally, the 2020 Systems Contract was assigned or transferred to Reliance Systems predecessor-in-interest, as permitted by the terms of the 2020 Systems Contract. LRF Decl. Ex. J (28); LRF Decl. F (Reliance Sys. Depo. 116:12-117:19).

11. The Reliance Lease Agreement similarly referred to Yankton County and the Yankton County Jail as "LESSOR" and Reliance as "LESSEE." (Counsel Dec., Ex. 1 (Vlahakis Depo. Ex. 28), Ex. 2 (Hangsleben Depo. Ex. 1).

RESPONSE:

<u>Disputed in part</u>. Plaintiffs dispute that the 2020 Telephone Contract was a "lease."

- The 2020 Telephone Contract between Reliance Telephone and Yankton is entitled, "Reliance Telephone – Phone/iPod/iPad Voice call Location Agreement." LRF Decl. Ex. J (28).

- It provides for the payment of "a percentage of the gross revenue derived from the operation of the inmate telephones, iPods and iPads in return for the exclusive right to install and operate the inmate telephones and other inmate devices using a graphical user interface on the premises." *Id.*

- The 2020 Telephone Contract does not provide for any minimum or guaranteed amount to be paid by Reliance Telephone to Yankton for the services provided. *Id.*; LRF Decl. Ex. B (Vlahakis Depo. 34:13-17); LRF Decl. Ex. G (Brandt Depo. 84:22-85:6); DH Decl., ¶s 15-20.

- Pursuant to the 2020 Telephone Contract, Reliance Telephone did not lease or rent any specific space at the Yankton County Jail. LRF Decl. Ex. J (28); LRF Decl. Ex. B (Vlahakis Depo. 34:19-22); LRF Decl. Ex. A (Payer Depo. 39:12-20); LRF Decl. Ex. G (Brandt Depo. 85:7-10); DH Decl., ¶s 15-20. In substance and fact, therefore, the 2020 Systems Contract was not a "lease."

12. The Reliance Lease Agreement provided, in relevant part:

> LESSOR, for and in consideration of the rent hereinafter set out and service provided by LESSEE, does hereby lease to said LESSEE locations upon and within the property known as: **YANKTON COUNTY JAIL**, a body corporate and political **YANKTON, SOUTH DAKOTA** and does hereby grant, an exclusive right and license, for a term of (5) years for the purpose of installing and operating inmate telephones and other inmate devices using a graphical user interface.. This agreement shall be automatically renewed with the same terms and conditions for consecutive five (5) year periods, unless a notice is given by either party at least

thirty (30) days prior to the renewal date. The effective start date shall be the install date of 2nd, day of Dec. 2020.

This is the sole agreement between the parties hereto superseding all previous agreements[.]

(Counsel Dec., Ex. 1 (Vlahakis Depo. Ex. 28), Ex. 2 (Hangsleben Depo. Ex. 1)).

RESPONSE:

Disputed in part. Plaintiffs dispute that the 2020 Telephone Contract was a "lease."

- The 2020 Telephone Contract between Reliance Telephone and Yankton is entitled, "Reliance Telephone – Phone/iPod/iPad Voice call Location Agreement." LRF Decl. Ex. J (28).

- It provides for the payment of "a percentage of the gross revenue derived from the operation of the inmate telephones, iPods and iPads in return for the exclusive right to install and operate the inmate telephones and other inmate devices using a graphical user interface on the premises." *Id.*

- The 2020 Telephone Contract does not provide for any minimum or guaranteed amount to be paid by Reliance Telephone to Yankton for the services provided. *Id.*; LRF Decl. Ex. B (Vlahakis Depo. 34:13-17); LRF Decl. Ex. G (Brandt Depo. 84:22-85:6); DH Decl., ¶s 15-20.

- Pursuant to the 2020 Telephone Contract, Reliance Telephone did not lease or rent any specific space at the Yankton County Jail. LRF Decl. Ex. J (28); LRF Decl. Ex. B (Vlahakis Depo. 34:19-22); LRF Decl. Ex. A (Payer Depo. 39:12-20); LRF Decl. Ex. G (Brandt Depo. 85:7-10); DH Decl., ¶s 15-20. In substance and fact, therefore, the 2020 Telephone Contract was not a "lease."

12

13. The 2020 Lease Agreements required Reliance and Reliance Systems to pay rent to Yankton County as set forth therein. (Counsel Dec., Ex. 1 (Vlahakis Depo. Ex. 28), Ex. 2 (Hangsleben Depo. Ex 1-2)).

RESPONSE:

Disputed. Neither the 2020 Systems Contract nor the 2020 Systems Contract in fact require the payment of any fixed or set amount of "rent" for any specific or identified space at the Yankton County Jail.

- The 2020 Systems Contract between Reliance Systems and Yankton is entitled, "Reliance Systems – Inmate Text Message and Video Call Location Agreement." LRF Decl. Ex. J (28).

- The 2020 Systems Contract provided for the payment of a "cost recovery fee calculated from the gross revenue derived from the operation of the text messaging ($0.09/text message) and video calling (0.25/minute), in return for the exclusive right to install and operate the text message and video equipment on the premises." *Id.*

- The 2020 Systems Contract does not provide for any minimum or guaranteed amount to be paid by Reliance Systems to Yankton for the services provided. LRF Decl. Ex. J (28); LRF Decl. Ex. B (Vlahakis Depo. 31:16-32:3); LRF Decl., Ex. G (Brandt Depo. 83:14-23; 84:9-12); DH Decl., ¶s 23-28.

- Pursuant to the 2020 Systems Contract, Reliance Systems did not lease or rent any specific space at the Yankton County Jail. LRF Decl. Ex. J (28); LRF Decl. Ex. B (Vlahakis Depo. 32:4-12); LRF Decl. Ex. G (Brandt Depo. 84:13-21); LRF Depo. Ex. A (Payer Depo. 39:12-20); DH Decl., ¶s 23-28. In substance and fact, therefore, the 2020 Systems Contract was not a "lease" and did not require the payment of any "rent" to Yankton.

- Additionally, the 2020 Systems Contract was assigned or transferred to Reliance Systems predecessor-in-interest, as permitted by the terms of the 2020 Systems Contract. LRF Decl. Ex. J (28); LRF Decl. F (Reliance Sys. Depo. 116:12-117:19).

- The 2020 Telephone Contract between Reliance Telephone and Yankton is entitled, "Reliance Telephone – Phone/iPod/iPad Voice call Location Agreement." LRF Decl. Ex. J (28).

- It provides for the payment of "a percentage of the gross revenue derived from the operation of the inmate telephones, iPods and iPads in return for the exclusive right to install and operate the inmate telephones and other inmate devices using a graphical user interface on the premises." *Id.*

- The 2020 Telephone Contract does not provide for any minimum or guaranteed amount to be paid by Reliance Telephone to Yankton for the services provided. *Id.*; LRF Decl. Ex. B (Vlahakis Depo. 34:13-17); LRF Decl. Ex. G (Brandt Depo. 84:22-85:6); DH Decl., ¶s 15-20.

- Pursuant to the 2020 Telephone Contract, Reliance Telephone did not lease or rent any specific space at the Yankton County Jail. LRF Decl. Ex. J (28); LRF Decl. Ex. B (Vlahakis Depo. 34:19-22); LRF Decl. Ex. A (Payer Depo. 39:12-20); LRF Decl. Ex. G (Brandt Depo. 85:7-10); DH Decl., ¶s 15-20. In substance and fact, therefore, the 2020 Telephone Contract was not a "lease" and did not require the payment of any "rent" to Yankton.

14. The 2020 Lease Agreements were drafted by Dave Hangsleben, the President and CEO of Reliance and Reliance Systems. (Counsel Dec., Ex. 2 (Hangsleben Depo. p. 9, 26, 35-36, 46 and Ex 1-2)).

RESPONSE:

<u>Disputed in part</u>. Dave Hangsleben is not an attorney and has no legal training. He has no legal training or expertise relating to drafting contracts. He is not familiar with any particular form or format or words of art for drafting contracts. He did not consult with any attorney in connection with the preparation of either the 2020 Telephone Contract or the 2020 Systems Contract. When he drafted the 2020 Telephone Contract and the 2020 Systems Contract, he did not believe or understand that Yankton actually was a "lessor" as a legal designation. He did not believe or understand that either Reliance Systems or Reliance Telephone was actually a "lessee" as a legal designation. DH Decl., ¶s 2, 15-20, 23-28.

15. Then-sheriff James Vlahakis was succeeded by a new sheriff, Preston Crissey, on January 3, 2023. (Counsel Dec., Ex. 1 (Vlahakis Depo. p. 16), Ex. 3 (Crissey Depo. p. 13-14)).

RESPONSE:

<u>Not disputed, but not a material issue of fact</u>.

16. Yankton County Sheriff Preston Crissey continues to serve as the current Yankton County Sheriff for Yankton County. (Counsel Dec., Ex. 3 (Crissey Depo. p. 13-14)).

RESPONSE:

<u>Not disputed, but not  material issue of fact</u>.

17. On July 17, 2023, Yankton County sent a letter to Reliance and Reliance Systems providing notice that it was terminating Reliance and Reliance Systems' services and the 2020 Lease Agreements as of October 17, 2023. (Counsel Dec., Ex. 3 (Hangsleben Depo. Ex. 3)).

RESPONSE:

<u>Disputed in part</u>. Reliance Telephone and Reliance Systems dispute that either the 2020 Telephone Contract or the 2020 Systems Contract were "lease agreements." *See supra* Responses to Yankton's

Statement of Undisputed Material Facts, Nos. 5-14. The July 17, 2023, letter did not mention or refer to Reliance Systems. It was only directed toward Reliance Telephone and the 2020 Telephone Contract. Yankton did not assert that it was terminating the 2020 Systems Contract. LRF Decl., Ex. M (45); LRF Decl. Ex. G (Brandt Depo. 156:6-158:2).

18. On August 17, 2023, Yankton County sent a second letter to Reliance and Reliance Systems clarifying and confirming that it was terminating both of 2020 Lease Agreements with Reliance and Reliance Systems as of October 17, 2023. (Counsel Dec., Ex. 2 (Hangsleben Depo. Ex. 7)).

RESPONSE:

Disputed in part. *See supra* Responses to Yankton's Statement of Undisputed Material Facts, Nos. 5-14, 17.

19. Yankton County disabled Reliance and Reliance Systems' devices in its correctional facility on October 17, 2023. (DOC 28, ¶52).

RESPONSE:

Not disputed.

20. Sheriff Preston Crissey sent an email to Reliance and Reliance Systems' counsel, Alan Anderson, on November 13, 2023, inviting Reliance and Reliance Systems to pick up their equipment from the Yankton County Jail anytime. (Counsel Dec., Ex. 2 (Hangsleben Depo. p. 151 and Ex. 21)).

RESPONSE:

Not disputed, but not a material issue of fact.

16

21. To date, Reliance and Reliance Systems has [*sic*] not picked up their equipment from the Yankton County Jail, and that equipment remains in storage at the Yankton County Safety Center. (Counsel Dec., Ex. 2 (Hangsleben Depo. p. 151), Ex. 4 (Int. 7)).

RESPONSE:

Not disputed, but not a material issue of fact.

22. The annual value of the 2020 Lease Agreements at the time they were entered into exceeded $500 per year. (DOC 28, ¶28; DOC 96, Ex. 19)).

RESPONSE:

Disputed. Reliance Telephone and Reliance Systems dispute that either the 2020 Telephone Contract or the 2020 Systems Contract were "lease agreements." *See supra* Responses to Yankton's Statement of Undisputed Material Facts, Nos. 5-14.

- Neither the 2020 Telephone Contract nor the 2020 Systems Contract in fact require the payment of any fixed or set amount of money for any specific or identified space at the Yankton County Jail. LRF Decl. Ex. J (28); LRF Decl. Ex. B (Vlahakis Depo. 31:16-23, 34:13-17); LRF Decl. Ex. G (Brandt Depo. 83:14-23, 84:9-12, 84:22-85:6); DH Decl., ¶s 15-20, 23-28.

- The 2020 Systems Contract does not provide for any minimum or guaranteed amount to be paid by Reliance Systems to Yankton for the services provided. LRF Decl. Ex. J (28); LRF Decl. Ex. B (Vlahakis Depo. 31:16-32:3); LRF Decl., Ex. G (Brandt Depo. 83:14-23; 84:9-12); DH Decl., ¶s 23-28.

- The 2020 Telephone Contract does not provide for any minimum or guaranteed amount to be paid by Reliance Telephone to Yankton for the services provided. LRF Decl. Ex. J (28);

LRF Decl. Ex. B (Vlahakis Depo. 34:13-17); LRF Decl. Ex. G (Brandt Depo. 84:22-85:6); DH Decl., ¶s 15-20.

- The Yankton County Sheriff, who executed the 2020 Telephone Contract and 2020 Systems Contract on behalf of Yankton understood and believed that he was authorized to execute both contracts on behalf of Yankton without any need for any public hearing or further action by the Yankton County Commission. Rather the facts show he had both contracts reviewed by the Yankton States Attorney prior to signing. He was never told or advised that he could not sign them or that any approvals or public notices were required. He repeatedly spoke to the Yankton County Commission and commissioners regarding the various contracts he signed on behalf of Yankton with Reliance Telephone and Reliance Systems. He spoke to the Yankton County Commission and commissioners monthly and quarterly regarding the contracts and the amount of money being received by Yankton as a result of the 2020 Telephone Contract and the 2020 Systems Contract. The Yankton County Commission was provided with monthly and quarterly reports that explicitly mentioned the contracts with Reliance Telephone and Reliance Systems. Neither the Yankton County Commission nor any commissioner ever questioned the validity of the two contracts or indicated there was a need to have any sort of public notice or public hearing prior to entering into the contracts. Mr. Hangsleben, Reliance Telephone's and Reliance System's president never was told that any action by the Yankton County Commission was required or even necessary for the two contracts to be signed or valid. LRF Decl. Exs. P, T, U, V (57, 75, 76, 77); LRF Decl. Ex. F (Reliance Systems Depo. 61:10-63:6); LRF Decl. Ex. B (Vlahakis Depo. 21:5-27:2, 27:24-36:9, 38:24-443:19, 54:12-56:4); LRF Decl. Ex. H (Crissey Depo. 118:12-119:13, 120:2-20, 121:8-22, 134:11-18, 136:18-137:8, 141:11-

142:4); LRF Decl. Ex. A (Payer Depo. 30:8-11, 49:15-50:1); LRF Decl. Ex. D (Yankton [Crissey designee] Depo. 92:14-93:6); LRF Decl. Ex C (Yankton [Schindler designee] Depo. 16:10-18:8); DH Decl., ¶s 21-22, 29-30. These facts establish or support an inference that the 2020 Telephone Contract and 2020 Systems Contract did not have an annual value in excess of $500 at the time they were executed.

- Further, the evidence cited by Yankton in support of this asserted fact is not relevant and does not support the assertion. Under binding Eighth Circuit precedent, Yankton must prove that the fair market value of each contract as of the date on which it was made without regard to events which may have occurred subsequent to its execution exceeded $500. *See County of Harding v. Frithiof*, 483 F.3d 541, 546 (8th Cir. 2007) ("*Frithiof* I"). Yankton cites to allegations contained in the Amended Complaint and Plaintiffs' Expert Witness Report. *See* Doc. 28, ¶28; Doc. 96-19. The Eighth Circuit has explicitly held that such evidence does not establish that a lease (assuming that either the 2020 Telephone Contract or the 2020 Systems Contract were "leases") had a fair market value in excess of $500. *See id.* at 546-550. *See also Harding County v. Frithiof*, 575 F.3d 767, 771 (8th Cir. 2009) ("*Frithiof* II") (affirming summary judgment against county following remand in *Frithiof* I). Accordingly, Yankton has not referenced or cited any admissible evidence to support its asserted fact in this paragraph.

23. The governing body of Yankton County is the Yankton County Board of Commissioners ("Yankton County Commission"). (SDCL 7-8-1, et seq.).

<u>RESPONSE:</u>

<u>Not disputed.</u>

24. The Yankton County Commission did not adopt a resolution to authorize then-sheriff James Vlahakis to execute the 2020 Lease Agreements on behalf of Yankton County. (Counsel Dec., Ex.      1      (Vlahakis      Depo.      p.      46-48),      Ex.      4      (Int.      10); http://www.co.yankton.sd.us/custom/meetings).

RESPONSE:

Disputed. Reliance Telephone and Reliance Systems dispute that either the 2020 Telephone Contract or the 2020 Systems Contract were "lease agreements" or had a fair market value as of the date on which each were made. *See supra* Responses to Yankton's Statement of Undisputed Material Facts, Nos. 5-14, 22.

- Neither the 2020 Telephone Contract nor the 2020 Systems Contract in fact require the payment of any fixed or set amount of money for any specific or identified space at the Yankton County Jail. LRF Decl. Ex. J (28); LRF Decl. Ex. B (Vlahakis Depo. 31:16-23, 34:13-17); LRF Decl. Ex. G (Brandt Depo. 83:14-23, 84:9-12, 84:22-85:6); DH Decl., ¶s 15-20, 23-28.

- The 2020 Systems Contract does not provide for any minimum or guaranteed amount to be paid by Reliance Systems to Yankton for the services provided. LRF Decl. Ex. J (28); LRF Decl. Ex. B (Vlahakis Depo. 31:16-32:3); LRF Decl. Ex. G (Brandt Depo. 83:14-23; 84:9-12); DH Decl., ¶s 15-20.

- The 2020 Systems Contract does not provide for any minimum or guaranteed amount to be paid by Reliance Telephone to Yankton for the services provided. LRF Decl. Ex J (28); LRF Decl. Ex. B (Vlahakis Depo. 34:13-17); LRF Decl. Ex. G (Brandt Depo. 84:22-85:6); DH Decl., ¶s 23-28.

- The Yankton County Sheriff, who executed the 2020 Telephone Contract and 2020 Systems Contract on behalf of Yankton understood and believed that he was authorized to execute both contracts on behalf of Yankton without any need for any public hearing or further action by the Yankton County Commission. He had both contracts reviewed by the Yankton States Attorney prior to signing. He was never told or advised that he could not sign them or that any approvals or public notices were required. He repeatedly spoke to the Yankton County Commission and commissioners regarding the various contracts he signed on behalf of Yankton with Reliance Telephone and Reliance Systems. He spoke to the Yankton County Commission and commissioners monthly and quarterly regarding the contracts and the amount of money being received by Yankton as a result of the 2020 Telephone Contract and the 2020 Systems Contract. The Yankton County Commission was provided with monthly and quarterly reports that explicitly mentioned the contracts with Reliance Telephone and Reliance Systems. Neither the Yankton County Commission nor any commissioner ever questioned the validity of the two contracts or indicated there was a need to have any sort of public notice or public hearing prior to entering into the contracts. Mr. Hangsleben, Reliance Telephone's and Reliance System's president never was told that any action by the Yankton County Commission was required for the two contracts to be signed or valid. LRF Decl. Exs. P, T, U, V (57, 75, 76, 77); LRF Decl. Ex. F (Reliance Systems Depo. 61:10-63:6); LRF Decl. Ex. B (Vlahakis Depo. 21:5-27:2, 27:24-36:9, 38:24-443:19, 54:12-56:4); LRF Decl. Ex. H (Crissey Depo. 118:12-119:13, 120:2-20, 121:8-22, 134:11-18, 136:18-137:8, 141:11-142:4); LRF Decl. Ex. A (Payer Depo. 30:8-11, 49:15-50:1); LRF Decl. Ex. D (Yankton [Crissey designee] Depo. 92:14-93:6); LRF Decl. Ex C (Yankton [Schindler designee] Depo. 16:10-18:8); DH Decl., ¶s 21-22, 29-30.

These facts establish or support at least an inference that the Yankton County Commission did not believe a resolution was required to authorize then-Sheriff James Vlahakis to execute the contracts on behalf of Yankton, or that it had an established practice or policy of not requiring any such resolution, or that in fact it adopted a resolution authorizing then-Sheriff Vlahakis to execute the 2020 Telephone Contract and the 2020 Systems Contract.

- Further, some of the evidence cited by Yankton in support of this assertion is inadmissible as hearsay and for lack of authentication. A website is not admissible evidence. *See* Fed. R. Evid. 801, 803, 901.

25. The Yankton County Commission did not adopt a resolution authorizing or approving any of the terms or conditions of the 2020 Lease Agreements. (Counsel Dec., Ex. 1 (Vlahakis Depo. p. 46-48), Ex. 4 (Int. 10); http://www.co.yankton.sd.us/custom/meetings).

RESPONSE:

Disputed. Reliance Telephone and Reliance Systems dispute that either the 2020 Telephone Contract or the 2020 Systems Contract were "lease agreements" or had a fair market value as of the date on which each were made. *See supra* Responses to Yankton's Statement of Undisputed Material Facts, Nos. 5-14, 22.

- Neither the 2020 Telephone Contract nor the 2020 Systems Contract in fact require the payment of any fixed or set amount of money for any specific or identified space at the Yankton County Jail. LRF Decl. Ex. J (28); LRF Decl. Ex. B (Vlahakis Depo. 31:16-23, 34:13-17); LRF Decl. Ex. G (Brandt Depo. 83:14-23, 84:9-12, 84:22-85:6); DH Decl., ¶s 15-20, 23-28.

- The 2020 Systems Contract does not provide for any minimum or guaranteed amount to be paid by Reliance Systems to Yankton for the services provided. LRF Decl. Ex. J (28);

LRF Decl. Ex. B (Vlahakis Depo. 31:16-32:3); LRF Decl., Ex. G (Brandt Depo. 83:14-23; 84:9-12); DH Decl., ¶s 23-28.

- The 2020 Telephone Contract does not provide for any minimum or guaranteed amount to be paid by Reliance Telephone to Yankton for the services provided. LRF Decl. Ex. J; LRF Decl. Ex. B (Vlahakis Depo. 34:13-17); LRF Decl. Ex. G (Brandt Depo. 84:22-85:6); DH Decl., ¶s 15-20.

- The Yankton County Sheriff, who executed the 2020 Telephone Contract and 2020 Systems Contract on behalf of Yankton understood and believed that he was authorized to execute both contracts on behalf of Yankton, without any need for any public hearing or further action by the Yankton County Commission. He had both contracts reviewed by the Yankton States Attorney prior to signing. He was never told or advised that he could not sign them or that any approvals or public notices were required. He repeatedly spoke to the Yankton County Commission and commissioners regarding the various contracts he signed on behalf of Yankton with Reliance Telephone and Reliance Systems. He spoke to the Yankton County Commission and commissioners monthly and quarterly regarding the contracts and the amount of money being received by Yankton as a result of the 2020 Telephone Contract and the 2020 Systems Contract. The Yankton County Commission was provided with monthly and quarterly reports that explicitly mentioned the contracts with Reliance Telephone and Reliance Systems. Neither the Yankton County Commission nor any commissioner ever questioned the validity of the two contracts or indicated there was a need to have any sort of public notice or public hearing prior to entering into the contracts. Mr. Hangsleben, Reliance Telephone's and Reliance System's president never was told that any action by the Yankton County Commission was required for the two contracts to be

signed or valid. LRF Decl. Exs. P, T, U, V (57, 75, 76, 77); LRF Decl. Ex. F (Reliance Systems Depo. 61:10-63:6); LRF Decl. Ex. B (Vlahakis Depo. 21:5-27:2, 27:24-36:9, 38:24-443:19, 54:12-56:4); LRF Decl. Ex. H (Crissey Depo. 118:12-119:13, 120:2-20, 121:8-22, 134:11-18, 136:18-137:8, 141:11-142:4); LRF Decl. Ex. A (Payer Depo. 30:8-11, 49:15-50:1); LRF Decl. Ex. D (Yankton [Crissey designee] Depo. 92:14-93:6); LRF Decl. Ex C (Yankton [Schindler designee] Depo. 16:10-18:8); DH Decl., ¶s 21-22, 29-30. These facts establish or support at least an inference that the Yankton County Commission did not believe a resolution was required to authorize or approve the terms and conditions of the 2020 Telephone Contract and the 2020 Systems Contract, or that it had an established practice or policy of not requiring any such resolution, or that it adopted a resolution authorizing or approving the terms of the 2020 Telephone Contract and the 2020 Systems Contract.

- Further, some of the evidence cited by Yankton in support of this assertion is inadmissible as hearsay and for lack of authentication. A website is not admissible evidence. *See* Fed. R. Evid. 801, 803, 901.

26. The Yankton County Commission did not adopt a resolution authorizing or approving the 2020 Lease Agreements. (Counsel Dec., Ex. 1 (Vlahakis Depo. p. 46-48), Ex. 4 (Int. 10); http://www.co.yankton.sd.us/custom/meetings).

RESPONSE:

Disputed. Reliance Telephone and Reliance Systems dispute that either the 2020 Telephone Contract or the 2020 Systems Contract were "lease agreements" or had a fair market value as of the date on which each were made. *See supra* Responses to Yankton's Statement of Undisputed Material Facts, Nos. 5-14, 22.

- Neither the 2020 Telephone Contract nor the 2020 Systems Contract in fact require the payment of any fixed or set amount of money for any specific or identified space at the Yankton County Jail. LRF Decl. Ex. J (28); LRF Decl. Ex. B (Vlahakis Depo. 31:16-23, 34:13-17); LRF Decl. Ex. G (Brandt Depo. 83:14-23, 84:9-12, 84:22-85:6); DH Decl., ¶s 15-20, 23-28.

- The 2020 Systems Contract does not provide for any minimum or guaranteed amount to be paid by Reliance Systems to Yankton for the services provided. LRF Decl. Ex. J (28); LRF Decl. Ex. B (Vlahakis Depo. 31:16-32:3); LRF Decl., Ex. G (Brandt Depo. 83:14-23; 84:9-12); DH Decl., ¶s 23-28.

- The 2020 Telephone Contract does not provide for any minimum or guaranteed amount to be paid by Reliance Telephone to Yankton for the services provided. LRF Decl. Ex. J (28); LRF Decl. Ex. B (Vlahakis Depo. 34:13-17); LRF Decl. Ex. G (Brandt Depo. 84:22-85:6); DH Decl., ¶s 15-20.

- The Yankton County Sheriff, who executed the 2020 Telephone Contract and 2020 Systems Contract on behalf of Yankton understood and believed that he was authorized to execute both contracts on behalf of Yankton without any need for any public hearing or further action by the Yankton County Commission. He had both contracts reviewed by the Yankton States Attorney prior to signing. He was never told or advised that he could not sign them or that any approvals or public notices were required. He repeatedly spoke to the Yankton County Commission and commissioners regarding the various contracts he signed on behalf of Yankton with Reliance Telephone and Reliance Systems. He spoke to the Yankton County Commission and commissioners monthly and quarterly regarding the contracts and the amount of money being received by Yankton as a result of the 2020 Telephone Contract

and the 2020 Systems Contract. The Yankton County Commission was provided with monthly and quarterly reports that explicitly mentioned the contracts with Reliance Telephone and Reliance Systems. Neither the Yankton County Commission nor any commissioner ever questioned the validity of the two contracts or indicated there was a need to have any sort of public notice or public hearing prior to entering into the contracts. Mr. Hangsleben, Reliance Telephone's and Reliance System's president never was told that any action by the Yankton County Commission was required for the two contracts to be signed or valid. LRF Decl. Exs. P, T, U, V (57, 75, 76, 77); LRF Decl. Ex. F (Reliance Systems Depo. 61:10-63:6); LRF Decl. Ex. B (Vlahakis Depo. 21:5-27:2, 27:24-36:9, 38:24-443:19, 54:12-56:4); LRF Decl. Ex. H (Crissey Depo. 118:12-119:13, 120:2-20, 121:8-22, 134:11-18, 136:18-137:8, 141:11-142:4); LRF Decl. Ex. A (Payer Depo. 30:8-11, 49:15-50:1); LRF Decl. Ex. D (Yankton [Crissey designee] Depo. 92:14-93:6); LRF Decl. Ex C (Yankton [Schindler designee] Depo. 16:10-18:8); DH Decl., ¶s 21-22, 29-30. These facts establish or support at least an inference that the Yankton County Commission did not believe a resolution was required to authorize or approve the 2020 Telephone Contract or the 2020 Systems Contract, or that it had an established practice or policy of not requiring any such resolution, or that it in fact adopted a resolution approving the 2020 Telephone Contract and the 2020 Systems Contract.

- Further, some of the evidence cited by Yankton in support of this assertion is inadmissible as hearsay and for lack of authentication. A website is not admissible evidence. *See* Fed. R. Evid. 801, 803, 901.

27. The Yankton County Commission did not adopt a resolution of intent to enter into the 2020 Lease Agreements. (Counsel Dec., Ex. 1 (Vlahakis Depo. p. 46-48), Ex. 4 (Int. 10); http://www.co.yankton.sd.us/custom/meetings).

RESPONSE:

Disputed. Reliance Telephone and Reliance Systems dispute that either the 2020 Telephone Contract or the 2020 Systems Contract were "lease agreements" or had a fair market value as of the date on which each were made. *See supra* Responses to Yankton's Statement of Undisputed Material Facts, Nos. 5-14, 22.

- Neither the 2020 Telephone Contract nor the 2020 Systems Contract in fact require the payment of any fixed or set amount of money for any specific or identified space at the Yankton County Jail. LRF Decl. Ex. J (28); LRF Decl. Ex. B (Vlahakis Depo. 31:16-23, 34:13-17); LRF Decl. Ex. G (Brandt Depo. 83:14-23, 84:9-12, 84:22-85:6); DH Decl., ¶s 15-20, 23-28.

- The 2020 Systems Contract does not provide for any minimum or guaranteed amount to be paid by Reliance Systems to Yankton for the services provided. LRF Decl. Ex. J (28); LRF Decl. Ex. B (Vlahakis Depo. 31:16-32:3); LRF Decl. Ex. G (Brandt Depo. 83:14-23; 84:9-12); DH Decl., ¶s 23-28.

- The 2020 Telephone Contract does not provide for any minimum or guaranteed amount to be paid by Reliance Telephone to Yankton for the services provided. LRF Decl. Ex. J (28); LRF Decl. Ex. B (Vlahakis Depo. 34:13-17); (Brandt Depo. 84:22-85:6); DH Decl., ¶s 15-20.

- The Yankton County Sheriff, who executed the 2020 Telephone Contract and 2020 Systems Contract on behalf of Yankton understood and believed that he was authorized to execute

both contracts on behalf of Yankton without any need for any public hearing or further action by the Yankton County Commission. He had both contracts reviewed by the Yankton States Attorney prior to signing. He was never told or advised that he could not sign them or that any approvals or public notices were required. He repeatedly spoke to the Yankton County Commission and commissioners regarding the various contracts he signed on behalf of Yankton with Reliance Telephone and Reliance Systems. He spoke to the Yankton County Commission and commissioners monthly and quarterly regarding the contracts and the amount of money being received by Yankton as a result of the 2020 Telephone Contract and the 2020 Systems Contract. The Yankton County Commission was provided with monthly and quarterly reports that explicitly mentioned the contracts with Reliance Telephone and Reliance Systems. Neither the Yankton County Commission nor any commissioner ever questioned the validity of the two contracts or indicated there was a need to have any sort of public notice or public hearing prior to entering into the contracts. Mr. Hangsleben, Reliance Telephone's and Reliance System's president never was told that any action by the Yankton County Commission was required for the two contracts to be signed or valid. LRF Decl. Exs. P, T, U, V (57, 75, 76, 77); LRF Decl. Ex. F (Reliance Systems Depo. 61:10-63:6); LRF Decl. Ex. B (Vlahakis Depo. 21:5-27:2, 27:24-36:9, 38:24-443:19, 54:12-56:4); LRF Decl. Ex. H (Crissey Depo. 118:12-119:13, 120:2-20, 121:8-22, 134:11-18, 136:18-137:8, 141:11-142:4); LRF Decl. Ex. A (Payer Depo. 30:8-11, 49:15-50:1); LRF Decl. Ex. D (Yankton [Crissey designee] Depo. 92:14-93:6); LRF Decl. Ex C (Yankton [Schindler designee] Depo. 16:10-18:8); DH Decl., ¶s 21-22, 29-30. These facts establish or support at least an inference that the Yankton County Commission did not believe a resolution of intent was required to enter into the 2020 Telephone Contract

or the 2020 Systems Contract, or that it had an established practice or policy of not requiring any such resolution, or that it in fact adopted such a resolution.

- Further, some of the evidence cited by Yankton in support of this assertion is inadmissible as hearsay and for lack of authentication. A website is not admissible evidence. *See* Fed. R. Evid. 801, 803, 901.

28. There was no public hearing of the Yankton County Commission on the adoption of a resolution to authorize then-Sheriff James Vlahakis to execute the 2020 Lease Agreements on behalf of Yankton County. (Counsel Dec., Ex. 1 (Vlahakis Depo. p. 46-48), Ex. 4 (Int. 10); http://www.co.yankton.sd.us/custom/meetings).

RESPONSE:

Disputed. Reliance Telephone and Reliance Systems dispute that either the 2020 Telephone Contract or the 2020 Systems Contract were "lease agreements" or had a fair market value as of the date on which each were made. *See supra* Responses to Yankton's Statement of Undisputed Material Facts, Nos. 5-14, 22.

- Neither the 2020 Telephone Contract nor the 2020 Systems Contract in fact require the payment of any fixed or set amount of money for any specific or identified space at the Yankton County Jail. LRF Decl. Ex. J (28); LRF Decl. Ex. B (Vlahakis Depo. 31:16-23, 34:13-17); LRF Decl. Ex. G (Brandt Depo. 83:14-23, 84:9-12, 84:22-85:6); DH Decl., ¶s 15-20, 23-28.

- The 2020 Systems Contract does not provide for any minimum or guaranteed amount to be paid by Reliance Systems to Yankton for the services provided. LRF Decl. Ex. J (28); LRF Decl. Ex. B (Vlahakis Depo. 31:16-32:3); LRF Decl., Ex. G (Brandt Depo. 83:14-23; 84:9-12); DH Decl., ¶s 23-28.

- The 2020 Telephone Contract does not provide for any minimum or guaranteed amount to be paid by Reliance Telephone to Yankton for the services provided. LRF Decl. Ex. J (28); LRF Decl. Ex. B (Vlahakis Depo. 34:13-17); LRF Decl. Ex. G (Brandt Depo. 84:22-85:6); DH Decl., ¶s 15-20.

- The Yankton County Sheriff, who executed the 2020 Telephone Contract and 2020 Systems Contract on behalf of Yankton understood and believed that he was authorized to execute both contracts on behalf of Yankton without any need for any public hearing or further action by the Yankton County Commission. He had both contracts reviewed by the Yankton States Attorney prior to signing. He was never told or advised that he could not sign them or that any approvals or public notices were required. He repeatedly spoke to the Yankton County Commission and commissioners regarding the various contracts he signed on behalf of Yankton with Reliance Telephone and Reliance Systems. He spoke to the Yankton County Commission and commissioners monthly and quarterly regarding the contracts and the amount of money being received by Yankton as a result of the 2020 Telephone Contract and the 2020 Systems Contract. The Yankton County Commission was provided with monthly and quarterly reports that explicitly mentioned the contracts with Reliance Telephone and Reliance Systems. Neither the Yankton County Commission nor any commissioner ever questioned the validity of the two contracts or indicated there was a need to have any sort of public notice or public hearing prior to entering into the contracts. Mr. Hangsleben, Reliance Telephone's and Reliance System's president never was told that any action by the Yankton County Commission was required for the two contracts to be signed or valid. LRF Decl. Exs. P, T, U, V (57, 75, 76, 77); LRF Decl. Ex. F (Reliance Systems Depo. 61:10-63:6); LRF Decl. Ex. B (Vlahakis Depo. 21:5-27:2, 27:24-36:9,

38:24-443:19, 54:12-56:4); LRF Decl. Ex. H (Crissey Depo. 118:12-119:13, 120:2-20, 121:8-22, 134:11-18, 136:18-137:8, 141:11-142:4); LRF Decl. Ex. A (Payer Depo. 30:8-11, 49:15-50:1); LRF Decl. Ex. D (Yankton [Crissey designee] Depo. 92:14-93:6); LRF Decl. Ex C (Yankton [Schindler designee] Depo. 16:10-18:8); DH Decl., ¶s 21-22, 29-30. These facts establish or support at least an inference that the Yankton County Commission did not believe a public hearing on a resolution was required to authorize then-Sheriff James Vlahakis to execute the contracts on behalf of Yankton, or that it had an established practice or policy of not requiring any such resolution, or that it in fact held such a public hearing.

- Further, some of the evidence cited by Yankton in support of this assertion is inadmissible as hearsay and for lack of authentication. A website is not admissible evidence. *See* Fed. R. Evid. 801, 803, 901.

29. There was no public hearing of the Yankton County Commission on the adoption of a resolution authorizing any of the terms or conditions of the 2020 Lease Agreements. (Counsel Dec., Ex. 1 (Vlahakis Depo. p. 46-48), Ex. 4 (Int. 10); http://www.co.yankton.sd.us/custom/meetings).

RESPONSE:

Disputed. Reliance Telephone and Reliance Systems dispute that either the 2020 Telephone Contract or the 2020 Systems Contract were "lease agreements" or had a fair market value as of the date on which each were made. *See supra* Responses to Yankton's Statement of Undisputed Material Facts, Nos. 5-14, 22.

- Neither the 2020 Telephone Contract nor the 2020 Systems Contract in fact require the payment of any fixed or set amount of money for any specific or identified space at the

Yankton County Jail. LRF Decl. Ex. J (28); LRF Decl. Ex. B (Vlahakis Depo. 31:16-23, 34:13-17); LRF Decl. Ex. G (Brandt Depo. 83:14-23, 84:9-12, 84:22-85:6); DH Decl., ¶s 15-20, 23-28.

- The 2020 Systems Contract does not provide for any minimum or guaranteed amount to be paid by Reliance Systems to Yankton for the services provided. LRF Decl. Ex. J (28); LRF Decl. Ex. B (Vlahakis Depo. 31:16-32:3); LRF Decl., Ex. G (Brandt Depo. 83:14-23; 84:9-12); DH Decl., ¶s 23-28.

- The 2020 Telephone Contract does not provide for any minimum or guaranteed amount to be paid by Reliance Telephone to Yankton for the services provided. LRF Decl. Ex. J (28); LRF Decl. Ex. B (Vlahakis Depo. 34:13-17); LRF Decl. Ex. G (Brandt Depo. 84:22-85:6); DH Decl., ¶s 15-20.

- The Yankton County Sheriff, who executed the 2020 Telephone Contract and 2020 Systems Contract on behalf of Yankton understood and believed that he was authorized to execute both contracts on behalf of Yankton without any need for any public hearing or further action by the Yankton County Commission. He had both contracts reviewed by the Yankton States Attorney prior to signing. He was never told or advised that he could not sign them or that any approvals or public notices were required. He repeatedly spoke to the Yankton County Commission and commissioners regarding the various contracts he signed on behalf of Yankton with Reliance Telephone and Reliance Systems. He spoke to the Yankton County Commission and commissioners monthly and quarterly regarding the contracts and the amount of money being received by Yankton as a result of the 2020 Telephone Contract and the 2020 Systems Contract. The Yankton County Commission was provided with monthly and quarterly reports that explicitly mentioned the contracts with Reliance

Telephone and Reliance Systems. Neither the Yankton County Commission nor any commissioner ever questioned the validity of the two contracts or indicated there was a need to have any sort of public notice or public hearing prior to entering into the contracts. Mr. Hangsleben, Reliance Telephone's and Reliance System's president never was told that any action by the Yankton County Commission was required for the two contracts to be signed or valid. LRF Decl. Exs. P, T, U, V (57, 75, 76, 77); LRF Decl. Ex. F (Reliance Systems Depo. 61:10-63:6); LRF Decl. Ex. B (Vlahakis Depo. 21:5-27:2, 27:24-36:9, 38:24-443:19, 54:12-56:4); LRF Decl. Ex. H (Crissey Depo. 118:12-119:13, 120:2-20, 121:8-22, 134:11-18, 136:18-137:8, 141:11-142:4); LRF Decl. Ex. A (Payer Depo. 30:8-11, 49:15-50:1); LRF Decl. Ex. D (Yankton [Crissey designee] Depo. 92:14-93:6); LRF Decl. Ex C (Yankton [Schindler designee] Depo. 16:10-18:8); DH Decl., ¶s 21-22, 29-30. These facts establish or support at least an inference that the Yankton County Commission did not believe a public hearing on the adoption of a authorizing any of the terms and conditions of the 2020 Telephone Contract or the 2020 Systems Contract was required, or that it had an established practice or policy of not requiring any such formal authorization, or that it in fact held such a public hearing.

- Further, some of the evidence cited by Yankton in support of this assertion is inadmissible as hearsay and for lack of authentication. A website is not admissible evidence. *See* Fed. R. Evid. 801, 803, 901.

30. There was no public hearing of the Yankton County Commission on the adoption of a resolution authorizing or approving the 2020 Lease Agreements. (Counsel Dec., Ex. 1 (Vlahakis Depo. p. 46-48), Ex. 4 (Int. 10); http://www.co.yankton.sd.us/custom/meetings).

RESPONSE:

Disputed. Reliance Telephone and Reliance Systems dispute that either the 2020 Telephone Contract or the 2020 Systems Contract were "lease agreements" or had a fair market value as of the date on which each were made. *See supra* Responses to Yankton's Statement of Undisputed Material Facts, Nos. 5-14, 22.

- Neither the 2020 Telephone Contract nor the 2020 Systems Contract in fact require the payment of any fixed or set amount of money for any specific or identified space at the Yankton County Jail. LRF Decl. Ex. J (28); LRF Decl. Ex. B (Vlahakis Depo. 31:16-23, 34:13-17); LRF Decl. Ex. G (Brandt Depo. 83:14-23, 84:9-12, 84:22-85:6); DH Decl., ¶s 15-20, 23-28.

- The 2020 Systems Contract does not provide for any minimum or guaranteed amount to be paid by Reliance Systems to Yankton for the services provided. LRF Decl. Ex. J (28); LRF Decl. Ex. B (Vlahakis Depo. 31:16-32:3); LRF Decl., Ex. G (Brandt Depo. 83:14-23; 84:9-12); DH Decl., ¶s 23-28.

- The 2020 Telephone Contract does not provide for any minimum or guaranteed amount to be paid by Reliance Telephone to Yankton for the services provided. LRF Decl. Ex. J (28); LRF Decl. Ex. B (Vlahakis Depo. 34:13-17); LRF Decl. Ex. G (Brandt Depo. 84:22-85:6); DH Decl., ¶s 15-20.

- The Yankton County Sheriff, who executed the 2020 Telephone Contract and 2020 Systems Contract on behalf of Yankton understood and believed that he was authorized to execute both contracts on behalf of Yankton without any need for any public hearing or further action by the Yankton County Commission. He had both contracts reviewed by the Yankton States Attorney prior to signing. He was never told or advised that he could not sign them

or that any approvals or public notices were required. He repeatedly spoke to the Yankton County Commission and commissioners regarding the various contracts he signed on behalf of Yankton with Reliance Telephone and Reliance Systems. He spoke to the Yankton County Commission and commissioners monthly and quarterly regarding the contracts and the amount of money being received by Yankton as a result of the 2020 Telephone Contract and the 2020 Systems Contract. The Yankton County Commission was provided with monthly and quarterly reports that explicitly mentioned the contracts with Reliance Telephone and Reliance Systems. Neither the Yankton County Commission nor any commissioner ever questioned the validity of the two contracts or indicated there was a need to have any sort of public notice or public hearing prior to entering into the contracts. Mr. Hangsleben, Reliance Telephone's and Reliance System's president never was told that any action by the Yankton County Commission was required for the two contracts to be signed or valid. LRF Decl. Exs. P, T, U, V (57, 75, 76, 77); LRF Decl. Ex. F (Reliance Systems Depo. 61:10-63:6); LRF Decl. Ex. B (Vlahakis Depo. 21:5-27:2, 27:24-36:9, 38:24-443:19, 54:12-56:4); LRF Decl. Ex. H (Crissey Depo. 118:12-119:13, 120:2-20, 121:8-22, 134:11-18, 136:18-137:8, 141:11-142:4); LRF Decl. Ex. A (Payer Depo. 30:8-11, 49:15-50:1); LRF Decl. Ex. D (Yankton [Crissey designee] Depo. 92:14-93:6); LRF Decl. Ex C (Yankton [Schindler designee] Depo. 16:10-18:8); DH Decl., ¶s 21-22, 29-30. These facts establish or support at least an inference that the Yankton County Commission did not believe a public hearing on a resolution was required authorizing or approving the terms of the 2020 Telephone Contract or the 2020 Systems Contract, or that it had an established practice or policy of not requiring any such formal authorization, or that in fact it held such a public hearing.

- Further, some of the evidence cited by Yankton in support of this assertion is inadmissible as hearsay and for lack of authentication. A website is not admissible evidence. *See* Fed. R. Evid. 801, 803, 901.

Dated: September 3, 2025.

Patrick L. Sealey AT0007085
HEIDMAN LAW FIRM, P.L.L.C.
1128 Historic Fourth Street
P.O. Box 3086
Sioux City, IA 51102
Tel: (712) 255-8838
Fax: (712) 258-6714
Email: Patrick.Sealey@heidmanlaw.com

and

Alan M. Anderson (MN Bar #149500)
(admitted *pro hac vice*)
L. Reagan Florence (MN Bar #0396468)
(admitted *pro hac vice*)
ALAN ANDERSON LAW FIRM LLC
11100 Wayzata Blvd., Suite 545
Minneapolis, MN 55305
Tel: 612-756-7010
Fax: 612-756-7050
Email: aanderson@anderson-lawfirm.com
       LRForence@anderson-lawfirm.com

*Attorneys for Plaintiff Reliance Telephone of Grand Forks Incorporated and Reliance Systems Inc.*