IN THE UNITED STATES DISTRICT COURT
FOR SOUTH DAKOTA

| | |
|---|---|
| RELIANCE TELEPHONE OF GRAND FORKS INCORPORATED, a North Dakota corporation, <br><br> and <br><br> RELIANCE SYSTEMS INC., a Nevada corporation, <br><br> Plaintiffs, <br><br> v. <br><br> YANKTON COUNTY, SOUTH DAKOTA, <br><br> and <br><br> NETWORK COMMUNICATIONS INTERNATIONAL CORP., a Texas corporation, <br><br> Defendants. | Civil No. 4:24-cv-04098-ECS <br><br><br><br> **DECLARATION OF DAVE HANGSLEBEN** |

I, Dave Hangsleben, hereby declare under penalty of perjury as follows:

1. I am the president of each of Plaintiffs Reliance Telephone of Grand Forks Incorporated ("Reliance Telephone") and Reliance Systems Inc. ("Reliance Systems") and am familiar with the business operations of each of them. This declaration is based on personal knowledge unless otherwise indicated.

2. I am not an attorney. I do not have any legal education or training. I have no legal training or expertise relating to drafting contracts. I am not familiar with any particular form or format or words of art for drafting of contracts.

3. Reliance Telephone first installed a telephone system for inmates at the Yankton County Jail in 2010. In return for providing these services, Reliance Telephone paid Defendant Yankton County, South Dakota ("Yankton"), a percentage of the revenues Reliance Telephone received from inmates. There was no minimum or guaranteed amount to be paid by Reliance Telephone to Yankton for these services. These services were provided to Yankton pursuant to an oral agreement with the then-sheriff of Yankton. Reliance Telephone did not "lease" or rent any property or space or any identifiable area from Yankton or the Yankton County Jail pursuant to the 2010 oral agreement. This oral agreement continued until August 2020, when it was replaced by a written contract.

4. At no time during the approximately ten (10) years from the 2010 oral agreement with Yankton until Reliance Telephone signed a written contract with Yankton in 2020, did any sheriff, representative, or other person associated with Yankton, the Yankton County Commission or any other employee of Yankton ever tell or suggest to me that the sheriff was not authorized to enter into the 2010 oral agreement, or that any public hearing, public notice, resolution or authorization of any kind was necessary by Yankton or the Yankton County Commission with regard to the 2010 oral contract.

5. During the existence of the 2010 oral agreement, Reliance Telephone paid commissions to Yankton on a monthly basis to the extent it had revenues from the services provided. I believe Yankton and the Yankton County Commission and its members knew that it was receiving payments from Reliance Telephone during the existence of the 2010 oral agreement.

6. If I had had any belief or understanding that any prior authorization, public notice, public hearing or resolution was necessary from the Yankton County Commission or any other

2

person, Reliance Telephone would not have continued to provide services and payments to Yankton. It also would not have continued to invest money in the provision of its services to Yankton.

7.   Reliance Systems signed a contract with Yankton dated August 1, 2016 ("2016 Systems Contract"). I titled the 2016 Systems Contract, "Inmate Text and Video Call Location Agreement." Although I used the terms "Lessor" and "Lessee" in the text of the 2016 Systems Contract, I did not believe or understand that Yankton actually was a "lessor" as a legal designation. I did not believe or understand that Reliance Systems actually was a "lessee" as a legal designation. I had no knowledge or understanding of the legal meaning or definition of those terms.

8.   I understood and intended the 2016 Systems Contract was an agreement by which Reliance Systems would provide services to Yankton, specifically installation and operation of text message and video call services for inmates at the Yankton County Jail for a five-year term. In return for the exclusive right to do so for five years, Reliance Systems agreed to pay to Yankton a 25% cost recovery fee calculated from the gross revenues Reliance Systems received from the operation of its text messaging and video calling services.

9.   Reliance Systems never "leased" or rented any property or space or any identifiable area from Yankton or the Yankton County Jail pursuant to the 2016 Systems Contract. The 2016 Systems Contract was an agreement pursuant to which Reliance Systems provided services and paid a percentage of its revenues received from those services to Yankton. Reliance Systems never paid any "rent" to Yankton for any part of any property owned or operated by Yankton.

10. The 2016 Systems Contract contains no minimum or guaranteed amount of cost recovery fees or payments of any type that Reliance Systems would make to Yankton. There was no fixed amount that Reliance Systems agreed to pay to Yankton. Under the 2016 Systems Contract, Reliance Systems might not pay any amounts to Yankton for any particular month or year during the term of the agreement.

11. The 2016 Systems Contract was the first written contract between Reliance Systems and Yankton. The contract required the installation and operation of new technology that I had developed and patented. Its success or usefulness was uncertain.

12. During the existence of the 2016 Systems Contract, Reliance Systems paid commissions to Yankton on a monthly basis to the extent it had revenues from the services provided. I believe Yankton and the Yankton County Commission and its members knew that it was receiving payments from Reliance Systems during the existence of the 2016 Systems Contract.

13. At no time during the 2016 Systems Contract with Yankton, did any sheriff, representative, or other person associated with Yankton, the Yankton County Commission or any other employee of Yankton ever tell or suggest to me that the sheriff was not authorized to enter into the 2016 Systems Contract, or that any public hearing, public notice, resolution or authorization of any kind was necessary by Yankton or the Yankton County Commission with regard to the 2016 Systems Contract.

14. If I had had any belief or understanding that any prior authorization, public notice, public hearing or resolution was necessary from the Yankton County Commission or any other person with respect to the 2016 Systems Contract, Reliance Systems would not have continued

to provide services and payments to Yankton. It also would not have continued to invest money in the provision of its services to Yankton.

15. When I drafted the contract Reliance Telephone signed with Yankton, effective as of December 2, 2020 ("2020 Telephone Contract"), I did not consult with any attorney in connection with its preparation. I entitled the 2020 Telephone Contract, "Reliance Telephone – Phone/iPod/iPad Voice call Location Agreement." I did not title it as any form or type of lease. This was the first written contract Reliance Telephone had with Yankton.

16. Although I used the terms "Lessor" and "Lessee" in the text of the 2020 Telephone Contract, I did not believe or understand that Yankton was a "lessor" as a legal designation. I did not believe or understand that Reliance Telephone actually was a "lessee" as a legal designation. I had no knowledge or understanding of the legal meaning or definition of those terms.

17. I understood and intended the 2020 Telephone Contract was an agreement by which Reliance Telephone would provide services to Yankton, specifically installation and operation of inmate telephones and other inmate devices using a graphical user interface at the Yankton County Jail for a five-year term. In return for the exclusive right to do so for five years, Telephone agreed to pay to Yankton certain percentages of the gross revenues Reliance Telephone received from its operations, as set forth in an attachment to the 2020 Telephone Contract.

18. Reliance Telephone never "leased" or rented any property or space or any identifiable area from Yankton or the Yankton County Jail pursuant to the 2020 Telephone Contract. The 2020 Telephone Contract was an agreement pursuant to which Reliance Telephone provided services and paid a percentage of its revenues received from those services to Yankton.

Reliance Telephone never paid any "rent" to Yankton for any part of any property owned or operated by Yankton.

19. The 2020 Telephone Contract contains no minimum or guaranteed amount of percentage payments or payments of any type that Reliance Telephone would make to Yankton. There was no fixed amount that Reliance Telephone agreed to pay to Yankton. Under the 2020 Telephone Contract, Reliance Telephone might not pay any amounts to Yankton for any particular month or year during the term of the agreement.

20. During the existence of the 2020 Telephone Contract, Reliance Telephone paid commissions to Yankton on a monthly basis to the extent it had revenues from the services provided. I believe Yankton and the Yankton County Commission and its members knew that it was receiving payments from Reliance Telephone during the existence of the 2020 Telephone Contract.

21. At no time during the 2020 Telephone Contract with Yankton, did any sheriff, representative, or other person associated with Yankton, the Yankton County Commission or any other employee of Yankton ever tell or suggest to me that the sheriff was not authorized to enter into the 2020 Telephone Contract, or that any public hearing, public notice, resolution or authorization of any kind was necessary by Yankton or the Yankton County Commission with regard to the 2020 Telephone Contract.

22. If I had had any belief or understanding that any prior authorization, public notice, public hearing or resolution was necessary from the Yankton County Commission or any other person with respect to the 2020 Telephone Contract, Reliance Telephone would not have continued to provide services and payments to Yankton. It also would not have continued to invest money in the provision of its services to Yankton.

23.     The 2016 Systems Contract was replaced by a new contract in 2020. While I drafted the contract Reliance Systems signed with Yankton, effective as of December 2, 2020 ("2020 Systems Contract"), I did not consult with any attorney in connection with its preparation. I entitled the 2020 Systems Contract, "Reliance Systems – Inmate Text Message and Video Call Location Agreement." I did not title it as any form or type of lease.

24.     Although I used the terms "Lessor" and "Lessee" in the text of the 2020 Systems Contract, I did not believe or understand that Yankton actually was a "lessor" as a legal designation. I did not believe or understand that Reliance Systems actually was a "lessee" as a legal designation. I had no knowledge or understanding of the legal meaning or definition of those terms.

25.     I understood and intended the 2020 System Contract was an agreement by which Reliance Systems would provide services to Yankton, specifically installation and operation of text message and video call devices to provide text message and video call services for inmates at the Yankton County Jail for a five-year term. In return for the exclusive right to do so for five years, Reliance Systems agreed to pay to Yankton a cost recovery fee based on a certain percentage of gross revenues Reliance Systems received from the operation of its text messaging and video calling services.

26.     Reliance Systems never "leased" or rented any property or space or any identifiable area from Yankton or the Yankton County Jail pursuant to the 2020 Systems Contract. The 2020 Systems Contract was an agreement pursuant to which Reliance Systems provided services and paid a percentage of its revenues received from those services to Yankton. Reliance Systems never paid any "rent" to Yankton for any part of any property owned or operated by Yankton.

27. The 2020 Systems Contract contains no minimum or guaranteed amount of cost recovery fees or payments of any type that Reliance Systems would make to Yankton. There was no fixed amount that Reliance Systems agreed to pay to Yankton. Under the 2020 Systems Contract, Reliance Systems might not pay any amounts to Yankton for any particular month or year during the term of the agreement.

28. During the existence of the 2020 Systems Contract, Reliance Systems paid commissions to Yankton on a monthly basis to the extent it had revenues from the services provided. I believe Yankton and the Yankton County Commission and its members knew that it was receiving payments from Reliance Systems during the existence of the 2020 Systems Contract.

29. At no time during the 2020 Systems Contract with Yankton, did any sheriff, representative, or other person associated with Yankton, the Yankton County Commission or any other employee of Yankton ever tell or suggest to me that the sheriff was not authorized to enter into the 2020 Systems Contract, or that any public hearing, public notice, resolution or authorization of any kind was necessary by Yankton or the Yankton County Commission with regard to the 2020 Systems Contract.

30. If I had had any belief or understanding that any prior authorization, public notice, public hearing or resolution was necessary from the Yankton County Commission or any other person with respect to the 2020 Systems Contract, Reliance Systems would not have continued to provide services and payments to Yankton. It also would not have continued to invest money in the provision of its services to Yankton.

31.  Reliance Telephone and Reliance Systems' contracts typically have five-year terms. This is necessary in order to permit them to recover the investment that each of them must make in providing services to a county correctional facility—including Yankton.

32.  Throughout the period from approximately 2010 until Yankton unilaterally announced it was terminating the 2020 Systems Contract and 2020 Telephone Contract effective on October 17, 2023, Yankton accepted payments from Reliance Telephone and Reliance Systems. It did so without any suggestion or hint that any steps or acts required to make the two contracts fully enforceable and effective had not been taken.

33.  Prior to this litigation, I was not aware of, and had never been made aware of, SDCL §§ 7-18-31 or 7-18-32. I had never heard of those South Dakota statutes.

34.  After the Iowa district court ruled against my companies in the case against O'Brien County, Iowa, we reached a settlement. O'Brien County agreed to continue its then-current relationship with my companies until a future date, in return for us agreeing not to appeal the district court's decision, with which we disagreed.

I declare under penalty of perjury pursuant to 28 U.S.C. §1746 that the foregoing is true and correct to the best of my knowledge, information and belief as of the date of execution of this declaration.

Dated: September 3, 2025.

_____
Dave Hangsleben