UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

RELIANCE TELEPHONE OF GRAND
FORKS INCORPORATED, a North Dakota
corporation, and RELIANCE SYSTEMS,
INC., a Nevada corporation,

               Plaintiffs,

v.

YANKTON COUNTY, SOUTH DAKOTA
and NETWORK COMMUNICATIONS
INTERNATIONAL CORP.,
               Defendants.

Case No.: 4:24-cv-04098

**YANKTON COUNTY, SOUTH
DAKOTA'S MEMORANDUM IN
OPPOSITION TO PLAINTIFFS'
OBJECTIONS TO REPORT AND
RECOMMENDATIONS (DOC 124)**

## INTRODUCTION

Plaintiffs' Objections to the Magistrate's Report and Recommendation on Motions in Limine, to Compel, for Joinder, to Strike and for Expenses (DOC 124) (hereinafter "R&R") highlights Plaintiffs' obstructive strategy with respect to its initial disclosure and discovery obligations that led to the filing of the subject Motion in Limine and Motion to Compel, and is called out in the factual findings and ultimate conclusions of the Magistrate's detailed, well-reasoned R&R to which Plaintiffs now object.

Plaintiffs' Objections fail on their face. For starters, many of cased cited by the Plaintiffs and the arguments made by Plaintiffs in their Objections were not presented to the Magistrate, and thus, cannot furnish the basis for the relief Plaintiffs now seek. This Court may only consider the evidence, case law and arguments that were actually presented to the Magistrate in considering objections to the R&R. More importantly, Plaintiffs' Objections fail because Plaintiffs persist in the misconception that (a) they are allowed to wait to make their required initial disclosures on the computation of their claimed damages until the expert disclosure deadline, and (b) that discovery

1

only permits Yankton County to uncover evidence that Plaintiffs unilaterally decide is relevant. Plaintiffs' Objections are supported solely by Plaintiffs' revisionist history, which is belied by the exhibits and case law considered by the Magistrate. The record clearly demonstrates that Plaintiffs purposefully withheld disclosure of their computation of damages until their expert disclosure deadline to play "gotcha" with the Defendants. Defendants responded appropriately, and now Plaintiffs seek to mischaracterize their conduct that warranted sanctions.

The R&R is well supported by the circumstances and applicable law. The Magistrate correctly applied Rule 26 and Rule 37, along with applicable case law precedent, in recommending the Court exercise its wide discretion and impose an appropriate sanction for Plaintiffs' willful, egregious failure to comply with their initial disclosure obligations and in compelling Plaintiffs to produce relevant, discoverable information. The Objections should be overruled and the R&R should be accepted in its entirety.

## **BACKGROUND**

To avoid repetition, Yankton County incorporates the background set forth in DOC 97 and 101 by this reference.

## **STANDARD OF REVIEW**

This Court reviews a report and recommendation under the statutory standards found in 28 U.S.C. § 636(b)(1), which provides that "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." "In the absence of an objection, the district court is not required to 'give any more consideration to the magistrate's report than the court considers appropriate.'" [ ] The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

*Princeton Alt. Income Fund, L.P. v. Little Owl Argon, LLC,* 2024 U.S. Dist. LEXIS 196337, *4-5

(D.S.D. October 25, 2024) (internal citations omitted).

## ARGUMENT AND AUTHORITIES

### A.  PLAINTIFFS' NEW ARGUMENTS WERE WAIVED.

This Court cannot consider new arguments and case law submitted by the Plaintiffs in their Objections that were not presented in Plaintiffs' Memorandum in Opposition to Defendant Yankton County's Motion *In Limine*, or in the alternative, Motion to Compel. It is well-settled that this Court cannot sustain an objection to the Magistrate's initial decision based on new evidence or new arguments.

> A party's failure to present timely arguments, case law, or evidentiary materials to a magistrate judge prior to the magistrate's ruling, thereby depriving the magistrate of the opportunity to rectify any alleged errors, waives that party's right to present those arguments or materials to the district court on appeal from the magistrate's nondispositive order. Furthermore, a district court is not authorized to sustain objections to a magistrate judge's order on a nondispositive matter based on evidence not presented to the magistrate judge.

14 Moore's Federal Practice - Civil § 72.11.1; *Tenen v. Winter,* 15 F. Supp. 2d 270, 272 (W.D.N.Y. 1998) (in reviewing magistrate judge's report and recommendation, district court normally will not consider arguments, case law, or evidentiary material that could have been, but was not, presented to magistrate judge); *Lithuanian Commerce Corp. Ltd. v. Sara Lee Hosiery,* 177 F.R.D. 205, 210–211 (D.N.J. 1997) , *vacated on other grounds*, 179 F.R.D. 450 (D.N.J. 1998) (refusing to consider new arguments); *Moore v. Ford Motor Co*., 755 F.3d 802, 808 (5th Cir. 2014). Under this standard, Plaintiffs have waived many of the arguments on which it bases its objections.

First, Plaintiffs ask this court to consider numerous cases that the Plaintiffs could have, but did not present to the Magistrate prior the Magistrate's ruling. Those new cases include: *Zoss v. Protsch*, 2023 U.S. Dist. LEXIS 36274 (D.S.D. Mar. 1, 2023), *Gruttemeyer v. Transit Auth.*, 31 F.4th 638 (8th Cir. 2022), *Lauing v. Rapid City, Pierre & E. R.R.*, 610 F.Supp.3d 1203 (D.S.D. 2022), *Sancom, Inc. v. Qwest Commc'ns Corp.*, 683 F.Supp.2d 1043 (D.S.D. 2010), *Aware Prods. LLC v. Epicure Med. LLC*, 2025 U.S. Dist. LEXIS 60937 (E.D. Mo. Mar. 31, 2025), *Fraase v.*

*Advantage Credit Bureau*, 2025 U.S. Dist. LEXIS 59364 (D.N.D. Mar. 28, 2025), *Amex v.*

*Nationwide Mut. Ins. Co.*, 2012 U.S. Dist. LEXIS 192011 (S.D. Iowa Sept. 18, 2012), *Farmland*

*Indus., Inc. v. Morrison-Quirk Grain Corp.*, 54 F.3d 478 (8th Cir. 1995), *Lead GHR Enters., Inc. v.*

*Am. States Ins. Co.*, 2014 U.S. Dist. LEXIS 38860 (D.S.D. Mar. 25, 2014), and *Burch v. United*

*States*, 2014 U.S. LEXIS 192879 (D.N.D. Dec. 2, 2014). Plaintiffs waived the right to present the

foregoing case law and their new arguments based thereon by not raising them prior the

Magistrate's ruling, and therefore, those new arguments and cases should not be considered.

Plaintiffs also raise a new argument in its Objections that the Court could not impose a

sanction under Rule 37 <u>and</u> grant Yankton County's motion to compel because Yankton County's

motions were in the alternative. That argument was also waived and should not be considered.

### B. PLAINTIFFS WERE REQUIRED TO DISCLOSE THEIR COMPUTATION OF DAMAGES WITH THEIR INITIAL DISCLOSURES.

Throughout this litigation and in their Objections, Plaintiffs take the erroneous position that

Plaintiffs were not required to provide any computation of their damages until they disclosed their

expert report. Plaintiffs' contention is directly contrary to the plain language of Rule 26(a)(1) and

well-established case law. Rule 26(a)(1) provides:

> (A)In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise
> stipulated or ordered by the court, a party must, without awaiting a discovery
> request, provide to the other parties:…
> (iii) a computation of each category of damages claimed by the disclosing
> party—who must also make available for inspection and copying as under Rule
> 34 the documents or other evidentiary material, unless privileged or protected
> from disclosure, on which each computation is based, including materials
> bearing on the nature and extent of injuries suffered;…
> (C) Time for Initial Disclosures—In General. A party must make the initial
> disclosures at or within 14 days after the parties' Rule 26(f) conference unless a
> different time is set by stipulation or court order, or unless a party objects during
> the conference that initial disclosures are not appropriate in this action and states
> the objection in the proposed discovery plan. In ruling on the objection, the court
> must determine what disclosures, if any, are to be made and must set the time for
> disclosure.
> (E) Basis for Initial Disclosure; Unacceptable Excuses. A party must make its

> initial disclosures based on the information then reasonably available to it. A
> party is not excused from making its disclosures because it has not fully
> investigated the case or because it challenges the sufficiency of another party's
> disclosures or because another party has not made its disclosures.

The plain language of Rule 26(a)(1) makes abundantly clear that Plaintiffs were required to provide a computation of damages with their initial disclosures on or before August 30, 2024. The R & R correctly arrived at the same conclusion, and Plaintiffs' Objection fails to show otherwise.

Nation-wide case law, including the very cases cited by Plaintiffs, confirms that Plaintiffs were required to disclose their computation of each category of damages and to make available all documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered in their Rule 26(a) initial disclosures. *See e.g. Aware Prods.*, 2025 U.S. Dist. LEXIS 60937 (Rule 26(a) requires initial disclosures include a computation of each category of damages); *Janvrin v. Cont'l Res., Inc.*, 2016 U.S. Dist. LEXIS 11893 (D.S.D. Sept. 1, 2016) (same); *Middleton v. Hempstead County*, 2020 U.S. Dist. LEXIS 151803 (W.D. Ark. Aug. 21, 2020) (same); *N. Am. Communs., Inc. v. Sessa*, 2015 U.S. Dist. LEXIS 131549 (Sept. 29, 2015) (same); *Frontline Med. Assocs. V. Coventry Health Care*, 263 F.R.D. 567 (C.D. Cal. Nov. 6, 2009) (same); *Park Cityz Realty, LLC v. Archos Capital, LLC*, 2021 U.S. Dist. LEXIS 208428 (D. Utah October 27, 2021) (same).

Plaintiffs' refusal to disclose their computation of damages in their initial disclosures and continued insistence to date that they were allowed to sandbag Yankton County contradicts the plain language of Rule 26 and well-established law. Notably, this Court has expressly rejected a party's attempt to purposefully wait until the expert disclosure deadline to unveil the party's computation of damages and sources in support of that computation. *See Wilbur-Ellis Co. LLC v. Jens*, 2025 U.S. Dist. LEXIS 8670, 2025 WL 90098 (D.S.D. Jan. 14, 2025) (discussing obligation

to produce computation of damages with initial disclosures, and specifically noting <u>the fact that a plaintiff "does not yet have in hand it's expert's opinion on damages – is not a valid reason to refuse to produce the information</u>." (emphasis added)). Plaintiffs' argument is, quite frankly, frivolous and in violation of Rule 11.

### C. THE MAGISTRATE CORRECTLY FOUND THAT PLAINTIFFS VIOLATED THE INITIAL DISCLOSURE REQUIREMENTS OF RULE 26(a)(1)(A)(iii).

The Magistrate's determination that Plaintiffs failed to comply with their mandatory disclosure obligations under Rule 26(a) to provide the other parties with "a computation of each category of damages claimed" and the documents "on which each computation is based" and "bearing on the nature and extent of injuries suffered" was correct and well-supported by applicable case law. The Magistrate correctly recognized,

> a party is not "excused from making its disclosures because it has not fully investigated the case." …
>
> Reliance's initial disclosures cannot fly. That they had "not yet computed their damages" hardly even pays lip service to their obligations under Rule 26(a). Initial disclosures are not a nullity that can be waived away with simple, unhelpful phrases. At a minimum, the damages computation must include the types of damages sought and an estimate of their amount accompanied by "at least some analysis." Granted, Rule 26(a)'s requirements "do [ ] not elaborate further on the level of specificity required" and are not traps to prematurely pin down plaintiffs to their ideas at the start of this case. In that sense, the damages computation can be both a general estimate and adjustable as the case progresses. But Reliance's initial disclosure is not satisfactory even under a lax reading of the rule.
>
> Reliance's August initial disclosure is not the end of the analysis though. … With Hangsleben's report, Reliance has provided their estimated damages for lost profits and an explanation of how they got to their numbers. That at least satisfies their initial disclosure obligation. But the eight months it took for Reliance to comply with their obligation cannot be ignored.

(DOC 124, p. 5-7).

The Magistrate's determination that the Plaintiffs failed to disclose their computation of damages in violation of Rule 26(a)(1)(A)(iii) was legally and factually correct. Rule 26 is intended to

eliminate surprise and promote settlement. *Carmody v. Kansas City Bd. of Police Comm'rs*, 2012 US Dist. LEXIS 194818 (W.D.Mo. Aug. 27, 2012). Even before discovery commences, a party initiating a lawsuit and claiming monetary damages has an obligation to voluntarily disclose what they are and how they have been computed.  "In federal court, it is incumbent upon each party to make certain initial disclosures without awaiting a discovery request from opposing parties."  *Wilbur-Ellis, supra.* (citing Rule 26(a)(1)(A)). As the Magistrate correctly concluded here, "[a] party is not excused from making its disclosures because it has not fully investigated the case[.]" Rule 26(a)(1)(E) (emphasis added). And, again, this Court has specifically held that the fact that a plaintiff "does not yet have in hand it's expert's opinion on damages – is not a valid reason to refuse to produce the information." *See Wilbur-Ellis*, at *22-23 (emphasis added).

Rule 26(e) requires a party to "supplement or correct" its disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Rule 26(e) "does not give license to sandbag one's opponent" with new information that should have been disclosed earlier."  *Caruana v. Marcum*, 2016 U.S. Dist. LEXIS 99585 (M.D. Tenn. July 28, 2016).

This lawsuit was commenced in November of 2023. (DOC 1) Plaintiffs were required to provide their computation of damages, produce the source documents, and provide an explanation in writing of how they calculated each category of its claimed damages no later than their initial disclosure deadline of August 30, 2024. Plaintiffs failed to do so. Instead, despite Yankton County's repeated requests for Plaintiffs to comply with their initial disclosure obligations and efforts to obtain that information through numerous discovery requests over the course of the following eight (8) months, it is undisputed that Plaintiffs did not provide *any* computation of their damages or explanation in writing of how they were calculating their claimed damages until Plaintiffs produced

the expert report of the Plaintiffs' CEO and President, Dave Hangsleben, on April 30, 2025.[1] (DOC 96, EX 1-19). Notably, <u>all</u> of the documentation relied upon by Mr. Hangsleben bearing on the computation of Plaintiffs' alleged damages was within the Plaintiffs' control and possession, and thus, was readily available to the Plaintiffs when this lawsuit was commenced <u>in 2023</u>. (DOC 96-19 and 96-20). There is no question that the information upon which Plaintiffs based their damages computation was readily available when their initial disclosures were due. Plaintiffs willfully failed to comply with Rule 26.

To be sure, Plaintiffs' purported "first supplement" to its initial disclosures on April 30, 2025, which was served simultaneously with their expert report, was not premised on "incomplete or incorrect" information. Instead, that purported "supplement" disclosed brand new information to Yankton County that had never been disclosed before, including Plaintiffs' computation of damages and methodology for calculating said damages, and an entirely new category of damages. Plaintiffs did not make that supplementation based on information it had just discovered, but rather, its "supplement" was based entirely on information and documents that had been readily available and known by Plaintiffs since the commencement of this lawsuit. There is no question that Plaintiffs intentionally sought to keep Yankton County in the dark with respect to its computation of damages <u>and</u> the largest category of damages it would be seeking (lost profits under 5-15 years of nonexistent, hypothetical future contract renewals), hoping to deprive Yankton County of the opportunity to conduct discovery or respond to its claim for damages with its own expert given the impending

---

[1] Once disclosed on April 30, 2025, Plaintiffs' computation of damages through their expert report was provided only two months before Defendants' expert disclosure deadline in place at that time. Given that Plaintiffs had all of the documents cited in Mr. Hangsleben's expert report appendix in their possession when the lawsuit was commenced in 2023 (*see* Doc. 96-19, 96-20), Plaintiffs' attempt to claim several million dollars in damages for the first time, at the last possible moment under the scheduling order, was a clear attempt at gamesmanship to sandbag Yankton County in bad faith.

deadlines.

Notably, Plaintiffs do not dispute, nor could they, that they failed to provide a computation of damages with their initial disclosures. Indeed, Plaintiffs' stated in their initial disclosures, "The Plaintiffs have not yet computed their damages claim in this action, other than to determine that the damages suffered by each plaintiff are in excess of $75,000. The Plaintiffs will seasonably supplement its response to this item when they have determined their damages claims with reasonable certainty." (DOC 96-1)  Plaintiffs likewise ignored their discovery obligations in response to fact discovery issued by Yankton County on damages.[2]  Plaintiffs did not satisfy the initial disclosure requirements of Rule 26(a) or (e) by any stretch of the imagination.

On page 3 of their Objections, Plaintiffs claim they "timely produced their damages calculations and analysis as required by the then-applicable scheduling order."  That is obviously not true. Plaintiffs did not provide its computation of damages in its initial disclosures on or before August 30, 2024, as required by this Court's scheduling order and Rule 26(a)(1)(A)(iii).

On pages 9-10 of their Objections, Plaintiffs contend they fulfilled their disclosure obligations through subsequent discovery responses. That is blatantly false. The record unequivocally demonstrates that Yankton County attempted to obtain the damages-related documents and information that Plaintiffs were required to disclose in its initial disclosure for months through numerous discovery requests, but Plaintiffs continued to refuse to provide any computation of damages or analysis of its claim for damages, and to this day, Plaintiffs still refuse to produce relevant damages-related documents and information. (DOC 94, 96-97, 100-101, 114).

The Magistrate's determination that Plaintiffs failed to comply with their initial disclosure

---

[2] In response to Interrogatory Nos. 12 and 13, Plaintiffs merely revealed that they would "seek its lost revenues and/or lost profits for over two years that it expected to receive pursuant to the remaining term of the Reliance Contract," but again, Plaintiffs provided absolutely no computation of damages or any analysis for how it intended to calculate its damages.

requirements under Rule 26(a)(1)(A)(iii) was correct.

### D.  THE MAGISTRATE RECOMMENDED AN APPROPRIATE SANCTION.

Despite their initial disclosure deadline of August 30, 2024, Plaintiffs did not disclose that they were seeking lost profit damages under 5-15 years of nonexistent, "future" contract renewals as a category of damages until they disclosed their expert report on April 30, 2025.  The Magistrate's recommendation to exclude evidence of Plaintiffs' undisclosed damages claim under Rule 37(c)(1) is well supported by the circumstances and applicable law.

#### 1.  Plaintiffs' failure to disclose was not substantially justified or harmless.

Fed. R. Civ. P. 37(c)(1) provides, in pertinent part: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  "[W]hen a party fails to provide information… in compliance with [Rule] 26(a) or (e), the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case."  *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (citing Rule 37(c)(1)). A district court's decision to exclude evidence will only be reversed if such exclusion amounts to an abuse of discretion. *Dillon v. Nissan Motor Co., Ltd.*, 986 F.2d 263, 270 (8th Cir. 1993).

"[T]he district court may exclude the information… as a self-executing sanction unless the party's failure to comply is substantially justified or harmless." *Wegener*, 527 F.3d at 692. "The offending party has the burden to demonstrate their conduct was substantially justified or harmless." *Lead GHR*, 2014 U.S. Dist. LEXIS 38860. The Eighth Circuit has enumerated the following four additional factors to help the district court decide upon the appropriate sanction or remedy: "the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of

the trial, and the importance of the information or testimony." *Wegener*, 527 F.3d at 692. Unless Plaintiffs demonstrate their failure to disclose their computation of damages was "substantially justified" or "harmless," Plaintiffs are not allowed to use the undisclosed evidence.

In its R&R, the Magistrate correctly evaluated the circumstances and found Plaintiffs' failure to disclose was neither "substantially justified" nor "harmless", specifically finding:

> Reliance's initial disclosures cannot fly. That they had "not yet computed their damages" hardly even pays lip service to their obligations under Rule 26(a). Initial disclosures are not a nullity that can be waived away with simple, unhelpful phrases. At a minimum, the damages computation must include the types of damages sought and an estimate of their amount accompanied by "at least some analysis." Granted, Rule 26(a)'s requirements "do [ ] not elaborate further on the level of specificity required" and are not traps to prematurely pin down plaintiffs to their ideas at the start of this case. In that sense, the damages computation can be both a general estimate and adjustable as the case progresses. But Reliance's initial disclosure is not satisfactory even under a lax reading of the rule.

> …[T]he eight months it took for Reliance to comply with their obligation cannot be ignored. The delay left Yankton County in the blind on damages for a substantial period, prejudicing the County's ability to evaluate and address them early on.

(DOC 124, p. 5-8)  The Magistrate correctly noted that Yankton County was prejudiced because it had prepared its case "clueless to Reliance's altered plan" to seek lost profits for 5-15 years of hypothetical contract renewals. (DOC 124, p. 8) Thus, the Magistrate's recommendation to exclude all evidence of Plaintiffs' claim for lost profit damages under those 5-15 years of hypothetical, nonexistent "future" contract renewals is supported by the record.

To be sure, this Court's precedent confirms that Plaintiffs' failure to disclose its damages computation as required by Rule 26(a)(1)(A)(iii) was not "substantially justified," as Plaintiffs' only tendered excuse for failing to comply with their initial disclosure requirement is that the Plaintiffs did not determine who to identify as their expert witness or have an expert report until the date of the expert deadline of April 30, 2025. Waiting on an expert opinion is not a valid excuse under this Court's ruling in *Wilbur Ellis*, *supra*., or the plain language of Rule 26. *See Wilbur-Ellis*, at \*22-23.

11

Plaintiffs' objections completely ignore the applicable law clearly stated in *Wilbur-Ellis* and other District of South Dakota opinions. No other excuse has been proffered. *See also Park Cityz*, *supra.* ("A party's litigation position is substantially justified 'if it has a reasonable basis in both law and fact. …[I]f a party's position is not legally supported, it fails the test for substantial justification.").

Worse yet, Hangsleben's expert report confirms that the data and documentation relied upon by Plaintiffs for computing their damages was reasonably and readily available to them at the commencement of this lawsuit in 2023. Plaintiffs have proffered no acceptable justification for waiting eight (8) months after the initial disclosure deadline and seventeen (17) months after the lawsuit was commenced  to disclose their computation of damages and calculation thereof until their expert disclosure deadline, through an expert report of the Plaintiffs' own President and CEO, wherein his opinion is based entirely on data and documents that were undisputedly available to Plaintiffs (and their expert) months prior to the initial disclosure deadline. To be clear, the issue here has nothing to do with <u>whom</u> Plaintiffs identified as their expert, as Plaintiffs suggest. Rather, the problem lies in the fact that the information and source documents available to Plaintiffs to compute their damages were clearly available to Plaintiffs and Plaintiffs' officers when this lawsuit was commenced, but not disclosed.  Indeed, Yankton County's counsel repeatedly provided Plaintiffs with legal authority demonstrating that Plaintiffs had an obligation to provide a computation of damages and some analysis of how it computed its claim for damages under Rule 26(a)(1)(A)(iii), yet Plaintiffs have never provided Yankton County or this Court with a single legal authority to support its refusal to disclose any computation of damages in its initial disclosures. (DOC 96) Plaintiffs' failure and refusal to comply with their initial disclosure requirements for over eight months was willful and in bad faith, and Plaintiffs refusal was not substantially justified.

Additionally, Plaintiffs' failure to disclose its computation of damages was not harmless. When considering whether a failure to disclose was harmless, the court considers "the surprise and

prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of trial, and the importance of the information." *Wegener*, 527 F.3d at 692. Here, unlike the cases discussed in Plaintiffs' Objections, these factors weigh heavily in favor of exclusion of Plaintiffs' undisclosed damages evidence.

Yankton County defended this action completely in the blind for seventeen (17) months before the Plaintiffs finally disclosed their computation of damages. Thus, for nearly a year and a half, Yankton County was forced to defend this action while it had absolutely no idea how much Plaintiffs were claiming for damages, how the Plaintiffs were computing their claim damages, or how they were analyzing their claim for damages. This deprived Yankton County of a fair opportunity to analyze its exposure or settlement potential early on in this case, and Yankton County has unsuccessfully used many of its limited discovery requests in an effort to gather information and documentation from the Plaintiffs regarding their claim for damages, computation thereof, and damages-related documentation, that should have been voluntarily disclosed by the Plaintiffs at the outset of this litigation before discovery opened.

Those discovery efforts and meet and confer efforts have cost Yankton County a significant amount of time and money. Plaintiffs contend that "Yankton was hardly 'left in the blind'" because "Reliance produced and identified specific documents relevant to damages on January 31, 2025" and again on March 26, 2025. Plaintiffs' contention is an absurd mischaracterization, as none of those documents remotely disclosed any computation of damages, category of damages, or analysis as to how Plaintiffs were calculating their damages.[3] (DOC 96-5, 96-6, 96-9, 96-14, 96-20, 96-21)

---

[3] On this point, the Magistrate correctly stated that Plaintiffs' January and March 2025 supplements merely "appended a bates stamped list of documents that Yankton County could use to determine for itself what Reliance's damages computation would be," and Plaintiffs "added five new sets of bates stamped documents for the County to find." *See* Doc. 124 at 3-4. The Magistrate's characterization confirms that Plaintiffs' supplements were insufficient.

While parties are permitted to amend and supplement their discovery responses, Plaintiffs' damage calculation disclosed on April 30, 2025 was a new category of damages and a remarkable increase in alleged damages. For the first time, Reliance Telephone claimed to have lost profits from mid-October 2023 through the year 2040 "of between $200,148 and $2,231,276," and Reliance Systems claimed to have lost profits "in the amount of between $349,688 and 3,784,826" (DOC 96, Ex. 18-19)  Plaintiffs previously misled Yankton County for months during discovery, wherein Plaintiffs answered an interrogatory stating it was only seeking an undisclosed and unknown amount of damages for lost revenue or lost profits for the months remaining under the initial term of the agreements at issue, which was approximately two years. Thus, Plaintiffs' eleventh-hour attempt to identify a category of damages for an additional 5-15 years of lost profits under hypothetical, nonexistent future contract renewals from December 2025 through the year 2040 was not harmless.

This Court should not validate Plaintiffs' lack of candor and willful defiance of the initial disclosure obligations. Plaintiffs' brand-new revelation that they were now claiming millions of dollars in lost profits for fifteen years of nonexistent, hypothetical future contracts was a complete surprise to Yankton County that entirely changed the posture of this case and Yankton County's exposure. To make matters worse, at that point, Yankton County had very few discovery requests available, and under the scheduling order that was in place at that time, Yankton County was required to disclose its rebuttal expert report and complete fact discovery within two months. While Yankton County's motion for an extension of those deadlines was granted by this Court, the extension of the deadlines has not eliminated the harm and prejudice that was already caused to Yankton County by Plaintiffs' failure to disclose any computation of damages.

Contrary to Plaintiffs' blatantly false argument that the R&R never addressed or considered this Court's order amending the discovery schedule and extending the deadlines, the Magistrate specifically stated,

14

Judge Schulte's amendment to the scheduling order has already mitigated much of the harm Reliance's sluggish disclosure has caused. <u>But Yankton County's time in the dark still presents some lingering prejudice</u>. … Reliance's current theory of damages includes lost profits for the remainder of their contracts and assumes 5-15 years of contract renewals. Although Reliance's supplements hinted that they would be asking for lost profits through the end of their contract terms, the added profits on contract renewals were unforeseeable and amount to a considerable increase in damages. That is unacceptable. <u>And prejudicially so when Yankton County had been preparing its case clueless to Reliance's altered plan.</u>

(DOC 124, p. 8)  The Magistrate's specific finding that Yankton County has been prejudiced by Plaintiffs' failure to disclose despite the extensions granted by the Court is well supported by the record, and distinguishes this case from those cited by Plaintiffs in their Objections.

Indeed, Plaintiffs' failure to disclose its computation of damages has unquestionably hampered and prejudiced Yankton County's ability to defend this case. Yankton County was deprived of its opportunity to focus and prioritize its organization of discovery, to conduct meaningful written discovery related to Plaintiffs' claim for damages, to fully and fairly evaluate and defend Plaintiffs' claim for damages, to fairly evaluate settlement early on in the case before expending significant sums in attorneys fees and costs.  Plaintiffs' failure to comply with the initial disclosure requirements and continued refusal to produce its damages-related documents in violation of Rule 26(a)(1)(A)(iii) has also deprived Yankton County of its opportunity to have an expert fairly evaluate and rebut Plaintiffs' claim for damages.  Yankton County's litigation posture and discovery strategy would have been entirely different had it known that Plaintiffs were claiming millions of dollars of lost profit damages for future nonexistent contracts, as much more emphasis would have been placed on written discovery and early motions related to those alleged future lost profit damages. Plaintiffs' actions intentionally placed Yankton County at a tactical and substantive disadvantage throughout the litigation of this case.

Plaintiffs' continuous failure to comply with their discovery obligations exacerbated the harm to Yankton County. Plaintiffs' violation of Rule 26(a) caused Yankton County to expend a significant

amount of discovery requests, time, costs and attorneys fees. Plaintiffs' failure to comply with the initial disclosure requirements also caused substantial delays in the resolution of this case, disrupted the Court's calendar and wasted time in this Court's docket, and has significantly prolonged the litigation by necessitating extensions of the deadlines and delaying the scheduling of a trial in this matter which has already been pending for nearly two years. *See e.g. Carmody, supra.* (affirming the exclusion of evidence, finding that admission of the late disclosed evidence would not be harmless because the city's entire litigation posture might have been different if these numbers had been offered earlier and admission of the evidence would prolong the litigation, causing unnecessary burdens and expenses to the parties and tax judicial resources).

Additionally, it is important to note that the Plaintiffs' response brief confirms that their decision to wait until the expert deadline to disclose their damages computation and methodology for the first time was a willful and flagrant decision in bad faith. Plaintiffs' response shockingly reveals that the Plaintiffs made a conscious decision to wait until the date of their expert deadline to "determine" and disclose their computation of damages at the eleventh hour in the form of an expert report of their CEO/President on April 30, 2025. Plaintiffs' written response to this motion, position with respect to Yankton County's previous motion to amend the scheduling order, and repeated refusal to comply with their discovery obligations, further reveals that their refusal to comply with the initial disclosure requirements was done in bad faith, with the obvious intention to sandbag and purposefully limit the Defendants' time and opportunity to conduct meaningful discovery with respect to Plaintiffs' damages claim, and to evaluate and respond to their damages claim with expert testimony. Plaintiffs' bad faith is further revealed by the Plaintiffs' repeated failure to cite to any legal authority that supported their refusal to comply with the initial disclosure requirements.

Finally, the evidence that the Magistrate recommended be excluded is, quite frankly, of no importance. Plaintiffs' claim for breach of contract damages against Yankton County for lost profits

16

under nonexistent contracts and hypothetical contract renewals in the future is based on rank speculation and contingencies, and thus, would not be admissible or recoverable at trial. It is well settled that a jury cannot render a verdict and award damages based on speculation or guesswork. *McCleneghan v. Union Stock Yards*, 349 F.2d 53 (8th Cir. 1965). Indeed, the South Dakota Supreme Court has specifically held that breach of contract "damages which are uncertain, contingent or speculative cannot be recovered." *Mash v. Cutler*, 488 N.W.2d 642 (SD 1992); *Children's Broad Corp. v. Walt Disney Co.*, 357 F.3d 860 (8th Cir. 2004) (damages for breach of contract must be proved to a reasonable certainty, and a party cannot recover speculative, remote, or conjectural damages). Here, Plaintiffs' claim for lost profit damages presumes, without any factual support, that Yankton County would have renewed the lease agreements with Plaintiffs three times beyond the 2025 expiration term, which is pure speculation and conjecture. Moreover, Plaintiffs' claim for future lost profits under contract renewals beyond the initial term of the agreements at issue is entirely based on contingencies, because renewal of the agreements was subject to a party's timely notice of non-renewal. (DOC 96, Ex. 21, p. 36-38 [RELIANCE -PLTFS-000635-000637] (Plaintiffs' agreements provide "This agreement shall be automatically renewed with the same terms and conditions for consecutive five (5) year periods, <u>unless a notice is given by either party at least thirty (30) days prior to the renewal date.</u>")). Accordingly, Plaintiffs' claim for lost profits based on hypothetical, contingent 5-15 year renewals must be excluded anyways. *See Foods Inc. v. Sunrisch, LLC*, 626 F.Supp.2d 985 (D. Minn. 2009) (noting that "damages for loss of prospective profits due to a breach of contract cannot be remote, speculative, or based on contingencies" and excluding lost profit damages claim beyond the initial term of the contract because any claim for damages beyond the initial term would be speculative and based on the contingency that a party did not send a timely notice of non-renewal). An inadmissible claim for damages based on rank speculation, conjecture and contingencies that is not recoverable is simply not important to Plaintiffs' case. Period. Thus, all of

the factors weigh in favor of a finding that Plaintiffs failure to disclose was not harmless and that the recommended sanction is appropriate.

In their Objections, Plaintiffs contend that they should not be penalized or held accountable for the time that passed before Yankton County raised any concerns with the Initial Disclosures. In making that argument, Plaintiffs ignore their mandatory initial disclosure obligations under Rule 26(a)(1)(A)(iii) and the Court's scheduling order, as well as Yankton County's attempts to obtain the computation of damages information and damages-related documentation in written discovery requests that should been disclosed by Plaintiffs in their initial disclosures.

For all of these reasons, sanctions under Rule 37 are not only appropriate and justified, but required. Plaintiffs' failure to comply with the initial disclosure requirements was not substantially justified or harmless, and therefore, Rule 37(c)(1) requires the exclusion of their damages evidence. Accordingly, the Magistrate's recommendation to exclude evidence of Plaintiff's future lost profit damages under 5-15 years of nonexistent "future" contracts (which had <u>never</u> been disclosed as a category of damages that Plaintiffs may be seeking until they disclosed their expert report on April 30, 2025) was well within the Court's discretion.

## 2. A lesser sanction is not allowed under Rule 37(c)(1) because Plaintiffs did not request an alternative lesser sanction.

Rule 37(c)(1) provides:

(1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or <u>instead of this sanction</u>, the court, <u>on motion and after giving an opportunity to be heard</u>:
(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
(B) may inform the jury of the party's failure; and
(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).

(emphasis added). The Eighth Circuit recognizes that "[t]he text of Rule 37(c)(1) provides that

where a party violates the disclosure requirements in Rule 26(a), an alternative sanction to exclusion may be imposed by the court "on motion." *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 705 (8th Cir. 2018). Here, as in *Vanderberg*, Plaintiffs "did not make a motion or even argue for a lesser sanction." "[I]t is the obligation of the party facing sanctions for belated disclosure [or nondisclosure] to show that its failure to comply with the Rule was … deserving of some lesser sanction." *Id.* The Magistrate did not abuse its discretion by not imposing a lesser sanction when Plaintiffs never requested one. *Id.*

### 3. The cases cited by Plaintiffs do not support a modification or rejection of the Magistrate's Report and Recommendation.

All of the case law cited by Plaintiffs confirms that the Magistrate applied the correct standard of law in determining what sanctions to impose for Plaintiffs' Rule 26(a) violation (DOC 124, p. 5-8). The 8th Circuit case law relied upon by Plaintiffs confirms that when a party fails to disclose information as required by Rule 26(a), that information is excludable from trial unless the failure was substantially justified or harmless. (DOC 124) The Magistrate in this case determined that Plaintiffs' failure to disclose its computation of damages was not substantially justified and that it was not harmless. Accordingly, exclusion of the undisclosed damages evidence under Rule 37(c)(1) was appropriate (and required) under the very cases cited by Plaintiffs.

Throughout their Objections to the R&R, Plaintiffs discuss various cases that are outside of the 8th Circuit, and/or that address issues and/or circumstances that are distinguishable from those present in this case. Indeed, the vast majority of the cases cited by Plaintiffs do not involve a failure to disclose computation of damages under Rule 26(a)(1)(A)(iii), but rather, include late disclosures of witnesses, expert witnesses, expert opinions, and insurance policies. To be sure, those are not our facts. Importantly, contrary to Plaintiffs' repeated argument and case law discussions throughout their brief, the Magistrate did not recommend exclusion of Plaintiffs'

19

expert witness or his expert witness report. Rather, the Magistrate correctly recommended sanctioning Plaintiffs in accordance with the plain language of Rule 37(c)(1) for their failure to disclose their computation of damages in violation of Rule 26(a)(1)(A)(iii) because their failure to disclose was neither substantially justified nor harmless. The Magistrate's recommendation to exclude the damages evidence that was not disclosed is not only consistent with 8th Circuit precedent, but was actually required by Rule 37(c)(1).

The appropriate sanction to be imposed for failure to disclose under Rule 26(a) is a case-dependent determination based on a weighing of the factors articulated above. The cases cited by Plaintiffs are distinguishable from the circumstances and issues in this case. *See e.g. Doe v. Young*, 664 F.3d 727 (8th Cir. 2011) (did not involve the exclusion of evidence under Rule 37 for a Rule 26 disclosure violation); *Bonds v. D.C.*, 93 F.3d 801 (D.C. Cir. 1996) (District of Columbia case involved consideration of a discovery sanction under Rule 37(b)(2) and (d) for failure to respond in a timely manner to an interrogatory requesting names of all persons with knowledge of relevant events and then the provision of an inadequate interrogatory response); *Gruttemeyer, supra.* (involved a party's incorrect disclosure of an expert's qualifications); *Zoss, supra.* (Court held that the expert report was a timely disclosed rebuttal report and did not exclude it); *Palm Bay Int'l, Inc. v. Marchesi Di Barolo S.P.A.*, 2009 U.S. Dist. LEXIS 104020 (E.D.N.Y. November 9, 2009) (Eastern District of New York case addressing a motion to compel); *Pine Ridge Recycling v. Butts County*, 889 F.Supp. 1526 (M.D. Ga. January 18, 1995) (Middle District of Georgia found that list of categories of damages identified by plaintiffs were sufficiently specific in light of evidence initially developed by reason of the preliminary injunction hearing); *Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219 (10th Cir. 2015) (10th Circuit held that sanctions under Rule 37(c)(1) for failure to disclose an insurance policy could not be imposed against counsel because the rule only applies to parties); *Manigaulte v. C.W. Post of Long Island Univ.*, 533 Fed. Appx. 4 (2d Cir. 2013)

(affirming dismissal of action for failure to prosecute and to comply with court orders); *Cates v. Trs. of Columbia Univ. in N.Y.*, 330 F.R.D. 369 (S.D.N.Y. April 1, 2019) (plaintiff found to have complied with the initial disclosure requirements where the plaintiffs had disclosed the amount of damages they were seeking and the categories of damages they were seeking, and alerted defendant to the fact that expert disclosures and expert testimony regarding damages would be provided to further support the claim for damages); *Ames v. Nationwide Mut. Ins. Co.*, 2012 U.S. Dist. LEXIS 192011 (S.D. Iowa September 18, 2012) (failure to timely disclose an expert); *Farmland, supra.* (late disclosure of substance of expert testimony); *Burch v. United States*, 2014 U.S. Dist. LEXIS 192879 (D.N.D December 2, 2014) (late disclosure of expert witness).

On the other hand, several of the cases cited by Plaintiffs actually lend strong support to the Magistrate's R&R. For example, in *Remington v. Mathson*, 575 Fed. Appx. 808, 809 (9th Cir. 2014), the 9th Circuit affirmed the district court's exclusion of evidence as a discovery sanction where the failure to comply with expert witness disclosures was neither substantially justified nor harmless. Here, as in *Remington*, the Magistrate determined that Plaintiffs failure to comply with the initial disclosure requirements for computation of damages was neither substantially justified nor harmless, and therefore, exclusion of the evidence Plaintiffs failed to disclose was an appropriate exercise of the court's discretion.

As noted above, the 8th Circuit's decision in *Vanderberg, supra.*, provides that exclusion of the evidence is appropriate when plaintiffs violate the Rule 26(a) disclosure requirements and do not make a motion or argue for a lesser sanction before the Magistrate. Here, as in *Vanderberg*, Plaintiffs did not make a motion or argue for any lesser sanctions, and therefore, exclusion of evidence was the appropriate and required sanction.

In *ELCA Enters. v. Sisco Equip. Rental & Sales*, 53 F.3d 186 (8th Cir. 1995), the Court affirmed the district court's exclusion of evidence relating to the plaintiff's claim for permanent

diminution in value damages where the plaintiff had refused to disclose that they were seeking that category of damages in response to interrogatories and throughout the discovery process, and then shortly before the close of discovery and after the expert affidavit deadline, sought permission to have an expert testify regarding the fair market value and potential diminution in value. The 8th Circuit held:

> we reject ELCA's contention that the permanent diminution evidence should not have been excluded because its exclusion substantially prejudices ELCA. Exclusion of evidence is a harsh penalty, and should be used sparingly. However, in light of ELCA's behavior here, the district court did not abuse its discretion in excluding the evidence. For litigation to function efficiently, parties must provide clear and accurate responses to discovery requests. Parties are "entitled to accept answers to previous interrogatories as true, and to refrain from seeking additional discovery directed to the same issue." [ ] ELCA did not candidly respond to the defendants' questions. Instead, after misleading the defendants for several months, ELCA made an eleventh-hour attempt to switch the basis for its alleged damages. We will not validate such lack of candor, and so affirm this portion of the district court's decision.

*Id.* (internal citations omitted). Here, as in *ELCA*, Plaintiffs did not disclose any computation of damages and continuously refused to provide a computation or explanation of damages in response to numerous discovery requests. Instead, Plaintiffs, like *ELCA*, misled Yankton County for eight months, and then made an eleventh-hour attempt within weeks of the Defendants' expert disclosure and fact discovery deadlines to lodge brand new theories for millions of dollars in damages. The 8th Circuit made clear that such blatant violations of the discovery requirements and lack of candor should not be validated and that exclusion of evidence of undisclosed damages is an appropriate remedy.

In *Caruana v. Marcum*, the Middle District of Tennessee did not exclude supplemental damages responses where the supplementation simply added detail to the theory that the plaintiff had already put forward and did not add a new category of damages, noting that

> the circumstances here are distinct from those in which courts usually impose Rule 37 sanctions for Rule 26(e) violations. In those cases, a party often fails to present a coherent

theory of damages then later attempts to add new theories through Rule 26(e) supplementation. See, e.g., *Oceans Cuisine, Ltd. v. Fishery Prods. Int'l, Inc.*, No. 05-CV-3613, 2006 U.S. Dist. LEXIS 22133, 2006 WL 1071578, at *5 (E.D.N.Y. Apr. 21, 2006) (holding that a plaintiff could not use supplemental interrogatory responses to assert novel theory of damages, where plaintiff "belatedly consulted with . . . an advertising company, and later attempted to assert damages theories based upon that consultation"); *Austrian Airlines Oesterreichische Lufverkehrs Ag v. UT Fin. Corp.*, No. 04 Civ. 3854 RCCAJP, 2005 U.S. Dist. LEXIS 7283, 2005 WL 977850, at *2 (S.D.N.Y. Apr. 28, 2005) (precluding evidence of currency-conversion damages claim that plaintiff included in supplemental discovery when that claim had never been mentioned in prior disclosures); *Gilvin v. Fire*, No. 99-CV-530, 2002 U.S. Dist. LEXIS 15249, 2002 WL 32170943, at *3 (D.D.C. Aug. 16, 2002) ("At no time prior to filing the Pretrial Statement did Plaintiff identify any actual damages on [travel reimbursements], let alone provide a computation of such damages in accordance with Fed. R. Civ. P. 26(a)(1)(C).").

2016 U.S. Dist. LEXIS 99585, *12-13 (M.D. Tenn. July 28, 2016). Here, as in the cases distinguished by the court in *Caruana,* Plaintiffs failed to present any computation or theory of damages in their initial disclosures, and later attempted to add a completely new category and theory of damages through their expert report that had never been mentioned previously. Thus, *Caruana* and the cases discussed therein support the Magistrate's imposition of sanctions excluding the late disclosed category and theory of damages.

In *Design Strategy, Inc. v. Davis*, the 2nd Circuit affirmed the preclusion of evidence in support of the plaintiff's claim for lost profits for failure to provide an adequate computation in discovery. 469 F.3d 284, 287 (2d Cir. 2006). In so holding, the Court noted that the plaintiff had failed to provide any justification for its failure to disclose information regarding the amount of, or basis for computing, its alleged lost profits, and that its failure was not harmless because reopening discovery would result in substantial delays in the resolution of the case and impose additional costs on defendants, or in the alternative, the defendants would be required to proceed without having the opportunity to conduct adequate discovery on this issue. *Id.* at 293-97. The Court concluded that the district court did not abuse its discretion in excluding the plaintiff's evidence of lost profits as a sanction for violating Rule 26(a) because most of the factors weighed

heavily in favor of exclusion. *Id.*

Here, this case warrants the same result as all of the factors weigh heavily in favor of exclusion. Thus, *Design Strategy* supports the exclusion of Plaintiffs' claim for lost profit damages with respect to future, nonexistent 5-15 year contracts. *See also Wegener*, *supra.* (affirming the exclusion of untimely disclosed expert opinion where late disclosure was not substantially justified or harmless with respect to the other party's preparation for trial and the court's schedule, and the excluded expert opinion was not important); *Park Cityz, supra.* (affirming exclusion of Plaintiffs' damages evidence under Rule 37(c)(1) for failure to disclose a computation of damages because the failure to disclose was neither substantially justified nor harmless, noting that defendants were prejudiced because "they were bereft of any information about damages throughout fact discovery" and therefore at a tactical and substantive disadvantage and that plaintiffs' failure to disclose its computation of damages in its initial disclosures and during discovery was willful).

Finally, a few of the cases cited by Plaintiffs caution against exclusion of evidence as too harsh of a penalty when exclusion of evidence would result in a dismissal of the plaintiff's claim. That is not the result of the R&R in this case. The Magistrate's recommendation to exclude evidence of the Plaintiffs' claim for future lost profits damages under 5-15 years of nonexistent, future contracts, is not a sanction that would be tantamount to a dismissal of the Plaintiffs' claims. The Magistrate tailored the recommended sanction to specifically address the harm caused by the surprise. The Magistrate only recommended granting Yankton County's motion *in limine*, in part, to exclude only the theory of damages that had never been disclosed in the initial disclosures or discovery, and the Magistrate did not recommend the exclusion of all of Plaintiffs' damages evidence, thereby allowing Plaintiffs to pursue a claim for lost profits for the months remaining under the term of the agreements at issue. The recommended sanction is appropriate, as it only

excludes the new category of damages that Plaintiffs never disclosed in their initial disclosures or in discovery answers but  raised for the very first time in its expert report eight months after the initial disclosure deadline.

In sum, the Magistrate applied the unique circumstances of this case to Rule 26(a) and 37(c)(1), as well as the test and factors articulated by the 8th Circuit, and correctly found that exclusion of evidence was an appropriate sanction because Plaintiffs' failure to disclose was neither substantially justified nor harmless.

### 4. Yankton County timely and repeatedly addressed Plaintiffs' failure to comply with their initial disclosure requirements.

Plaintiffs contend that exclusion is not appropriate because Yankton County did not promptly raise its purported concerns regarding the adequacy of Reliance's initial disclosures. That argument is belied by numerous correspondence amongst counsel over the course of several months, as well as Yankton County's discovery requests and numerous meet and confer correspondence addressing Plaintiffs' failure to provide its computation of damages and damages-related information. (DOC 96)  Moreover, the *Aware Prods.*, *supra.,* case that Plaintiffs cite in support of that argument is easily distinguishable, as the defendants in that case did not raise the issue with the plaintiff until they filed their motion for summary judgment. Those are clearly not our facts, as Yankton County's counsel served discovery requests on Plaintiffs and sent Plaintiffs' counsel numerous letters and case law/legal authorities to address their failure to comply with the initial disclosure requirements prior to filing the motion *in limine*, which provided Plaintiffs with notice and more than ample time and opportunities to address their failure to comply with the initial disclosure requirements. Plaintiffs willfully chose not to do so.

### E.  THE MAGISTRATE APPROPRIATELY CONSIDERED THE MOTION IN LIMINE AND THE MOTION TO COMPEL.

Without citing to a single legal authority, Plaintiffs argue that the Magistrate erred in

granting relief under Yankton County's motion *in limine* and motion to compel because Yankton County's motions were stated in the alternative.[4] That argument was not raised before the Magistrate, and thus, was waived and should not be considered. *Supra.* That being said, the Magistrate's consideration of and granting of relief under both motions was entirely appropriate as both motions were granted in part, and denied in part. In its motion *in limine,* Yankton County sought to exclude <u>all</u> of the Plaintiffs' evidence of damages due to their failure to disclose a computation of damages in violation of Rule 26(a)(1)(A)(iii), and in the alternative, asked the Court to compel Plaintiffs to answer damages-related interrogatories and requests for production. Here, the Magistrate appropriately considered Yankton County's motion *in limine* and imposed sanctions under Rule 37 for the Plaintiffs' violation of Rule 26(a)(1)(A)(iii), but only recommended the motion be granted as to one category of Plaintiffs' damages, and denied the motion in limine as to the remainder of the relief requested. Because the Magistrate did not recommend the exclusion of <u>all</u> of Plaintiffs' damages-related evidence as had been requested by Yankton County in its motion, the Magistrate correctly considered Yankton County's alternative motion to compel Plaintiffs to respond to damages-related discovery requests as some of Plaintiffs' damages claims remain.

Yankton County would also note that Plaintiffs' argument is further without merit, as under Rule 37(c)(1), the "district court may exclude the information or testimony as a <u>self-executing sanction</u> unless the party's failure to comply is substantially justified or harmless." *Wegener*, 527 F.3d at 692 (emph. added). Thus, exclusion under Rule 37(c)(1) can be self-executing.

---

[4] Plaintiffs also mistakenly argue that Yankton County filed a motion to amend the scheduling order and extend the deadlines <u>in the alternative</u>. That is simply not the case, as the motion to amend the scheduling order was a stand-alone motion, and the relief requested therein was not sought "in the alternative."  (DOC 94-95)

### F.  THE MAGISTRATE CORRECTLY RECOMMENDED THAT THE MOTION TO COMPEL SHOULD BE GRANTED FOR RFPS 8, 9, 26 AND 30.

The Magistrate's recommendation that Yankton County's motion to compel should be granted with respect to RFP Nos. 8-9, 26 and 30 was correct. Yankton County satisfied the meet and confer requirements for each of those RFPs, and the information sought in those requests is relevant and discoverable. In this case, Plaintiffs seek lost profit damages. Plaintiffs' electronically stored information, documents, reports and financial records showing Plaintiffs' income and expenses is directly relevant to Plaintiffs' claim for lost profits damages and is discoverable. *See Hahn v. Monsanto Co.*, 39 F.4th 954, 966 (8th Cir. 2022) ("A plaintiff provides an adequate basis for lost profits by 'providing evidence of the income and expenses of the business for a reasonable time before the interruption caused by defendant's actions.'"); *Excel Underground v. Brant Lake Sanitary Dist.*, 941 N.W.2d 791, 807 (S.D. 2020) (in considering whether to award lost profits on a breach of contract action, the jury considered Excel's tax returns); *Table Steaks v. First Premier Bank, N.A.*, 650 N.W.2d 829,, 838 (S.D. 2002) (trial court "instructed the jury that it was to determine net profits in awarding any damages.").

In its objections, Plaintiffs do not appear to take issue with the Court's ruling that the information sought by RFP Nos. 8-9 and 26 is discoverable.  Instead, Plaintiffs claim that the Magistrate's R&R was erroneous because they "have produced all documents relating to its damages claim," they "have produced all documents responsive to Request Nos. 8-9," and "a party cannot be compelled to create documents that do not exist in response to document requests."  The R&R does not require Plaintiffs to produce information that does not exist, as Plaintiffs contend, but rather, requires production of all of the <u>documents</u> <u>and</u> <u>financial records</u> that are responsive to RFP Nos. 8-9 and 26. The testimony of Plaintiffs' President and CEO confirmed such information, documents, and financial records exist and are within Plaintiffs' possession, custody or control.

27

Request Nos. 8 and 9 required each Plaintiff to "Produce all documents relating to any damages [Plaintiffs] claim to have suffered as a result of Yankton County's alleged breach of contract, including calculations, receipts, invoices, financial statements, and any other evidence of damages." RFP No. 26 required each of the Plaintiffs to produce "<u>Your financial records for the years 2020 to present, **<u>including but not limited to</u>** your income tax returns, profit and loss statements, balance sheets, expense reports, gross revenue reports, and net revenue reports.</u>" (emphasis added). The information sought is clearly relevant and discoverable under the broad scope of discovery set forth in Rule 26. Contrary to Plaintiffs position throughout discovery and in response to Yankton County's motion to compel, Plaintiffs do not get to unilaterally play the role of gatekeeper to determine what is or is not relevant. Plaintiffs' CEO and President, Mr. Hangsleben, testified at length about Plaintiffs' financial records, electronically stored financial records and other financial documents in Plaintiffs' possession, custody and/or control that are relevant and responsive to Yankton County's RFP Nos. 8-9 and 26, that have not been produced in discovery by Plaintiffs in direct violation of Rule 26 and 34, including:

 (1) all of Plaintiffs' financial records on Quickbooks (which include financial records relating to and evidencing revenues and expenses, as well as expense reports and revenue reports that Mr. Hangsleben confirmed already exist in Plaintiffs' Quickbooks),
(2) other bookkeeping and financial records on Plaintiffs' proprietary software system that evidence revenue and expenses, as well as expense reports and revenue reports that Mr. Hangsleben confirmed already exist in the Plaintiffs' proprietary software system,
(3) Plaintiffs' credit card statements evidencing expenses, and
(4) Plaintiffs' bank account statements evidencing expenses and revenues.

(DOC 114-1)  All of the foregoing relevant and discoverable financial records, documents and electronically stored information, and any other responsive documents, electronically stored information and financial records, within Plaintiffs' possession, custody and control, and must be produce in response to RFP Nos. 8-9 and 26. The Magistrate's granting of Yankton County's motion to compel with respect to RFP Nos. 8-9 and 26 was correct.

Plaintiffs also object to the production of "all leases, contracts and/or agreements that you entered into with any other jail correctional facility, municipality, county, state, or other entity related to your technology and/or services from July 7, 2023 to present" in response to RFP No. 26, claiming that such information is not relevant to Yankton County's affirmative defense of failure to reasonably mitigate damages because only "efforts" to mitigate are relevant. Once again, Plaintiffs do not cite to any legal authority to support this objection. The Magistrate correctly determined that evidence relating to efforts to mitigate damages, whether unsuccessful or successful, are relevant to the affirmative defense of "failure to reasonably mitigate damages," and therefore, discoverable.  Thus, the Magistrate was also correct in granting Yankton County's motion to compel a complete response to RFP No. 26.

Finally, Plaintiffs object to the R&R with respect to RFP 8, contending that Yankton County did not satisfy the meet and confer requirement. The record shows that Yankton County first raised the deficiencies of RFP 8 and 9 in January of 2025.  In its June 10 correspondence, Yankton County once again addressed Plaintiffs' failure to fully respond to RFP No. 9 (which is identical to RFP No. 8, with one issued to Reliance Telephone and the other issued to Reliance Systems). DOC 96-31, p. 2. Plaintiffs cannot credibly claim surprise or lack of conferral when Yankton County raised deficiencies related to RFP Nos. 8 and 9 since January 2025. Accordingly, the Magistrate's determination that Yankton County satisfied the meet and confer requirement was also supported by the record.

## **CONCLUSION**

Yankton County respectfully submits that the Magistrate's R&R should be accepted, and that Yankton County should be awarded its attorneys fees and expenses in accordance with Rule 37. Yankton County will defer to the Court as to whether oral argument would further assist the Court.

29

Dated: September 5, 2025.                    /s/ *Melissa R. Jelen*
                                             Melissa R. Jelen
                                             Claire E. Wilka
                                             Cadwell Sanford Deibert & Garry LLP
                                             200 E 10th Street Suite 200
                                             Sioux Falls, SD 57104
                                             (605)336-0828
                                             mjelen@cadlaw.com
                                             cwilka@cadlaw.com
                                             Attorneys for Defendant Yankton County, SD