UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| RELIANCE TELEPHONE OF GRAND FORKS INCORPORATED, a North Dakota corporation, and RELIANCE SYSTEMS, INC., a Nevada corporation, <br><br> Plaintiffs, <br><br> v. <br><br> YANKTON COUNTY, SOUTH DAKOTA and NETWORK COMMUNICATIONS INTERNATIONAL CORP., <br> Defendants. | Case No.: 4:24-cv-04098 <br><br> MEMORANDUM IN SUPPORT OF MOTION TO STRIKE |

**INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 56(c)(4) and Federal Rule of Evidence 602, Defendant Yankton County, South Dakota ("Yankton County") moves to strike portions of the Declaration of Dave Hangsleben (hereinafter "Declaration") (DOC 137). The Declaration contains inadmissible, speculative statements that are not based upon Hangsleben's personal knowledge. As such, pursuant to Federal Rule of Civil Procedure 56(c)(4) and Federal Rule of Evidence 602, those inadmissible, speculative statements may not be considered in support of Plaintiffs' opposition to Yankton County's motion for summary judgment, and the Court cannot rely on them in evaluating whether a genuine issue of material fact exists. Those statements should be stricken from the Declaration.

**BACKGROUND**

On August 13, 2025, Yankton County filed its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. (DOC 125-130). On September 3, 2025, Plaintiffs filed their opposition to the Motion for Summary Judgment. (DOC 133-139). In their opposition, Plaintiffs rely on

the Declaration of Dave Hangsleben, which contains the following statements that are purely speculative

conjecture and not rooted in Hangsleben's personal knowledge:

> **Paragraph 5:** "**I believe** Yankton and the Yankton County Commission and its members knew that it was receiving payments from Reliance Telephone during the existence of the 2010 oral agreement."

> **Paragraph 6:** "**If I had had any belief or understanding** that any prior authorization, public notice, public hearing or resolution was necessary from the Yankton County Commission or any other person, Reliance Telephone would not have continued to provide services and payments to Yankton."

> **Paragraph 12:** "**I believe** Yankton and the Yankton County Commission and its members knew that it was receiving payments from Reliance Systems during the existence of the 2016 Systems Contract."

> **Paragraph 14:** "**If I had had any belief or understanding** that any prior authorization, public notice, public hearing or resolution was necessary from the Yankton County Commission or any other person with respect to the 2016 Systems Contract, Reliance Systems would not have continued to provide services and payments to Yankton."

> **Paragraph 20:** "**I believe** Yankton and the Yankton County Commission and its members knew that it was receiving payments from Reliance Telephone during the existence of the 2020 Telephone Contract."

> **Paragraph 22:** "**If I had had any belief or understanding** that any prior authorization, public notice, public hearing or resolution was necessary from the Yankton County Commission or any other person with respect to the 2020 Telephone Contract, Reliance Telephone would not have continued to provide services and payments to Yankton."

> **Paragraph 28:** "**I believe** Yankton and the Yankton County Commission and its members knew that it was receiving payments from Reliance Systems during the existence of the 2020 Systems Contract."

> **Paragraph 30:** "**If I had had any belief or understanding** that any prior authorization, public notice, public hearing or resolution was necessary from the Yankton County Commission or any other person with respect to the 2020 Systems Contract, Reliance Systems would not have continued to provide services and payments to Yankton."

Docket 137 at 2-8 (emphasis added).

## ARGUMENT AND AUTHORITIES

Federal Rule of Civil Procedure 56(c)(4) requires that "[a]n affidavit or declaration used to

support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts

that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4); *see also Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 796 (8th Cir. 2006) ("Affidavits that contain evidence not admissible at trial should not be relied upon" in considering motions for summary judgment). Statements in a declaration that amount to mere speculation, conjecture, or iterations of belief do not satisfy this standard because they are not admissible facts within the declarant's personal knowledge. *See Brooks v. Tri-Systems, Inc.,* 425 F.3d 1109, 1111-12 (8th Cir. 2005) (finding statements in affidavit were properly not considered at summary judgment because there was no source or support provided for affiant's belief that there as debris on the road when the declarant did not have the opportunity to personally observe the road, and, thus, the affidavit could not show that the "affiant is competent to testify to that matter." (citation omitted)). A declaration that does not meet the requirements of Rule 56(c)(4) is subject to a motion to strike. *McSpadden v. Mullins*, 456 F.2d 428, 430 (8th Cir. 1972); *Weitlauf v. Parkway Sch. Dist.*, 2008 U.S. Dist. LEXIS 63703, at *10 (E.D. Mo. Aug. 20, 2008); *see also* Fed. R. Civ. P. 56 (c)(2) (stating a party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence).

The statements within the Declaration of Hangsleben identified above are impermissible under Rule 56(c)(4) because they are not based on Hangsleben's personal knowledge. *See Jain v. CVS Pharmacy, Inc.*, 779 F.3d 753, 758 (8th Cir. 2015). Instead, they reflect speculation, conjecture, and subjective, unsubstantiated belief. And while courts are willing, in some instances, to " 'infer personal knowledge from the content' of the statements contained" in a declaration, *Brooks*, 425 F.3d at 1111-12, a declarant's statements must "include enough factual support to show that the [declarant] possesses that knowledge," *El Deeb v. University of Minn.*, 60 F.3d 423, 428 (8th Cir. 1995). Hangsleben's statements are completely devoid of factual support.

For example, in Paragraphs 5, 12, 20, and 28 Hangsleben states that he "believe[s that] Yankton

and the Yankton County Commission and its members knew" they were receiving payments. (DOC 137 ¶¶ 5, 12, 20, 28). Generally, although "a statement [in a declaration] does not become inadmissible simply because the [declarant] uses the word . . . believe" a declarant's "belief as to certain facts, when not based on personal knowledge, is not admissible as evidence." *Weitlauf v. Parkway Sch. Dist.*, 2008 U.S. Dist. LEXIS 63703, 2008 WL 3925162, at \*4 (E.D. Mo. Aug. 20, 2008). Here, Hangsleben does not identify any basis in personal knowledge for these alleged beliefs—he does not explain *why* he believes that County officials knew of the payments nor *how* he came to hold any beliefs as to their knowledge. Thus, his statements in paragraphs 5, 12, 20 and 28 are inadmissible under Federal Rule of Evidence 602 and therefore barred from consideration in conjunction with summary judgment under Rule 56(c)(4). *See* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").

Similarly, Paragraphs 6, 14, 22, and 30 of the Hangsleben Declaration contain unfounded assertions that if Hangsleben had "belie[ved] or underst[ood]" that certain procedures were necessary "Reliance Systems would not have continued to provide services and payments to Yankton." (DOC 137 ¶¶ 6, 14, 22, 30). These statements do not describe facts within Hangsleben's knowledge. Instead, they are merely conjecture about alternative conduct; namely, what Reliance Systems *might* have done under different circumstances. *Weitlauf*, 2008 U.S. Dist. LEXIS 63703, at \*11 (holding that statements from a declaration were not admissible and could not be used for a summary judgement determination because the declarant's "beliefs . . . [were] not based on personal knowledge, [and] often refer[ed] to why a certain action was taken."). The statements also fail to provide any factual support that would indicate Hangsleben's predictions are reliable. As such, Paragraphs 6, 14, 22, and 30 are inadmissible under Rule 602 and subject to a motion to strike under Rule 56(c)(4). *See id.* at 8 ("An affidavit does not meet the standards set in Fed. R. Civ. P. 56[(c)(4)], it is subject to a motion to strike.").

In short, all of the challenged statements fail to provide admissible evidence and therefore cannot

be relied on to create a genuine issue of material fact to defeat a motion for summary judgment.

## CONCLUSION

Based on the foregoing, Yankton County's motion to strike pursuant to Rule 56(c)(4) and Fed. R.

Evid. 602 should be granted because the cited portions of Hangsleben's declaration (Docket 137) consist

of inadmissible speculation and conjecture.

Dated: September 17, 2025.

/s/ *Melissa R. Jelen*
Melissa R. Jelen
Claire E. Wilka
Cadwell Sanford Deibert & Garry LLP
200 E 10th Street Suite 200
Sioux Falls, SD 57104
(605)336-0828
mjelen@cadlaw.com
cwilka@cadlaw.com
Attorneys for Defendant Yankton County, SD