UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| RELIANCE TELEPHONE OF GRAND FORKS INCORPORATED, a North Dakota corporation; RELIANCE SYSTEMS, INC., a Nevada corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>YANKTON COUNTY, SOUTH DAKOTA; NETWORK COMMUNICATIONS INTERNATIONAL CORP., a Texas corporation,<br><br>Defendants. | 4:24-CV-04098-ECS<br><br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE REPLY MEMORANDA AND DENYING MOTION TO STRIKE PLAINTIFFS' REPLY |

On August 26, 2025, Plaintiffs lodged their objections to the Magistrate Judge's Report and Recommendations concerning multiple nondispositive motions in this matter. Doc. 131. After Defendants Yankton County and Network Communications International Corp. ("NCIC") responded to those objections, Docs. 141 & 144, Plaintiffs filed a reply to Yankton County's brief. Doc. 152. Yankton County moved to strike that reply because Federal Rule of Civil Procedure 72(b) does not explicitly authorize it, and Plaintiffs did not move this Court for leave to file it. Doc. 153; Doc. 154 at 1.

Pro hac vice counsel for Plaintiffs argues the rules are unclear as to the permissibility of a reply brief and that it relied on the advice of local counsel when filing its brief. Doc. 156 at 2–6.

Local counsel "believed that LR 7.1(B) applied to objections to a report and recommendation and that therefore, a party was permitted to file a reply in support of its objections." Doc. 157 ¶ 5. Plaintiffs move the Court to excuse their misstep and for leave to file the reply, as well as a new reply to NCIC's response. Doc. 156 at 6–8.

D.S.D. LR 7.1, which Plaintiffs' local counsel relied on, concerns "Motions." "An objection is not a motion." In re Nicolaus, 963 F.3d 839, 843 (8th Cir. 2020). So, Local Rule 7.1 is unhelpful in determining whether a reply brief to objections to a report and recommendation may be filed as of right. Federal Rule 72 is the only rule of civil procedure—federal or local in this district—that contemplates objections to a report and recommendation made by a magistrate judge. That rule is silent on the filing of a reply brief. Fed. R. Civ. P. 72. When a rule is silent on the filing of a reply brief, parties must move the Court for leave to file one. E.g., Counts v. Wasko, No. 4:23-CV-04103-KES, 2024 WL 4068651, at *3 (D.S.D. Sept. 5, 2024). While that requirement most often manifests itself where parties seek to file a surreply, the principle is no different here.

But the Court finds the ends of justice are not always best served by stubborn adherence to procedure. This Court typically provides a long leash for parties to fully frame and develop their arguments. And so, the Court is aware that had Plaintiffs first moved the Court for leave to file their reply, the Court would have granted that leave. The same holds true for Plaintiffs' proposed reply to NCIC's response. It is therefore

ORDERED that the Motion to Strike Plaintiffs' Reply in Support of Their Objections to R & R, Doc. 153, is denied. It is further

ORDERED that Plaintiffs' Motion for Leave to File Reply Memoranda in Support of Their Objections to the Report and Recommendation and in Opposition to Defendant Yankton County, South Dakota's Motion to Strike, Doc. 155, is granted. Plaintiffs will file their reply to NCIC's response no later than September 30, 2025. If any Defendant wishes to argue matter raised in these reply briefs, it may do so at oral argument on October 3, 2025.

The question of the proper standard of review of the Report and Recommendations was raised by Yankton County in its reply to its Motion to Strike. Doc. 158. The Court will consider the proper standard at the time it adjudicates Plaintiffs' objections. If any party wishes to further argue what standard this Court should apply, it may do so at oral argument on October 3, 2025.

DATED this 26th day of September, 2025.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE