IN THE UNITED STATES DISTRICT COURT
FOR SOUTH DAKOTA

| | |
|---|---|
| RELIANCE TELEPHONE OF GRAND FORKS INCORPORATED, a North Dakota corporation,<br><br>and<br><br>RELIANCE SYSTEMS INC., a Nevada corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>YANKTON COUNTY, SOUTH DAKOTA,<br><br>and<br><br>NETWORK COMMUNICATIONS INTERNATIONAL CORP., a Texas corporation,<br><br>    Defendants. | Civil No. 4:24-cv-04098-ECS<br><br>**PLAINTIFFS' REPLY MEMORANDUM IN SUPORT OF ITS OBJECTIONS TO REPORT AND RECOMMENDATIONS (DOC. 124) IN RESPONSE TO DEFENDANT NCIC'S RESPONSE MEMORANDUM (DOC. 144)** |

This Reply Memorandum is submitted on behalf of Plaintiffs Reliance Telephone of Grand Forks Incorporated ("Reliance Telephone") and Reliance Systems Inc. ("Reliance Systems") (collectively, "Reliance" or "Plaintiffs") in response to Defendant Network Communications International Corp.'s ("NCIC") Memorandum in Opposition to Plaintiffs' Objections to Report and Recommendations (DOC 124) ("Opposition").[1] *See* Doc. 144. NCIC does not address the fact that its "Joinder" is not authorized by, and did not comply with, the Federal Rules of Civil Procedure or the Local Rules. For the first time, NCIC presents arguments on which it allegedly based its

---

[1] To the extent necessary, Plaintiffs have contemporaneously filed a motion for leave to file this Reply.

improper and unauthorized "Joinder" of Yankton's Alternative Motion *In Limine*, thereby denying Plaintiffs any opportunity to respond. NCIC waived these arguments by failing to present them to the Magistrate Judge in the first instance. Regardless, its newly-presented arguments are without merit. This Court should not permit NCIC's improper "Joinder" and should reject its arguments in support of the R&R.

## ARGUMENT

### I. NCIC's "Joinder" Was Improper and Failed to Comply With the Federal Rules or this Court's Local Rules.

NCIC does not address the fact its "Joinder" was improper and failed to comply with the Federal Rules or this Court's Local Rules. The closest it comes is its contention that it did not have to comply with the Federal or Local Rules because its "joinder was neither an opposition brief nor a reply brief." Doc. 144 at 2. NCIC does not address the cases holding that bare "Joinder" is not permitted under Federal Rule of Civil Procedure 7 or the Local Rules. NCIC does not address the fact its motion failed to comply with the requirements of Federal Rule 7 or Local Rule 7.1.

NCIC presents no cases that would allow it to free-ride on Yankton's Alternative Motion *In Limine*. NCIC contends that *Reigler v. Carlisle Cos.*, 2023 U.S. Dist. LEXIS 1492 (D. Utah Jan. 3, 2023), supports its improper "Joinder." Doc. 144 at 5. But *Reigler* expressly held that "parties seeking to incorporate arguments of another party's motion must do so 'in accordance with [the Rules].'" *Id.* at 5. Here, NCIC did not comply with either the Federal Rules or the Local Rules. This Court therefore should reject the R&R's recommendation to permit NCIC's "Joinder." *See* Doc. 131 at 16-21.

### II. NCIC has Waived Any Arguments in Support of Yankton's Alternative Motion *In Limine* or the R&R.

Because NCIC did not present any substantive arguments in its "Joinder," it waived any arguments in support of Yankton's Alternative Motion *In Limine* or in support of the R&R. NCIC

2

cannot now be permitted to raise arguments in support of its positions that were never presented to the Magistrate Judge or to which Plaintiffs never had any opportunity to respond. *See, e.g., Sprafka v. Med. Device Bus. Servs., Inc.*, 139 F.4th 656, 662 (8th Cir. 2025) (failure to present argument to district court constitutes waiver of that argument). Here, NCIC's "Joinder" did not present any substantive arguments in support of its unique position. This Court therefore should find that NCIC waived any substantive arguments in support of Yankton's Alternative Motion *In Limine* or the R&R. Basic principles of due process require that Plaintiffs have a full and fair opportunity to respond to any such arguments and that they have been presented to the Magistrate Judge in the first instance.[2]

### III.   NCIC's New Arguments Do Not Support the R&R.

Even if this Court decides to permit NCIC's improper "Joinder" and consider its newly-presented arguments, those arguments do not alter the fact that this Court should not adopt the R&R. NCIC does not address the failure of the R&R to consider in any meaningful way the four factors required by Eighth Circuit caselaw before imposing any exclusion of evidence under Rule 37(c)(1). *See generally* Doc. 131 at 3-16. NCIC now claims it should receive the benefit of Yankton's Alternative Motion *In Limine*. *See* Doc. 144 at 3-9. But NCIC fails to address the fact that prior to Yankton filing it Alternative Motion *In Limine*, it never served any written discovery on either of Plaintiffs. It never expressed or communicated any concerns with Plaintiffs' damages disclosures. NCIC never requested or participated in any meet and confer as required by LR 37.1, either on its own or as part of any meet and confer between Plaintiffs and Yankton. NCIC should

---

[2] NCIC contends that Plaintiffs' claim of prejudice is "honestly laughable." Doc. 144 at 2. Rhetoric aside, Plaintiffs' opposition to Yankton's Alternative Motion *In Limine* was due and filed on July 7, 2025. *See* Doc. 109. NCIC did not file its "Joinder" until four days later, on July 11. *See* Doc. 112. Plaintiffs therefore had no opportunity to respond to NCIC's "Joinder." When Plaintiffs filed an opposition to NCIC's "Joinder," Yankton – not NCIC – moved to strike it. *See* Doc. 119. The R&R recommended granting Yankton's motion to strike, thereby denying Plaintiffs' any opportunity to respond to NCIC's "Joinder." *See also* Doc. 131 at 19-20.

not be allowed to "join" in a motion *in limine* when it has never expressed any concerns about the sufficiency of damages disclosures, never bothered to serve any written discovery as of that time, and never complied with the clear requirements of LR 37.1.

Contrary to NCIC's contention, Plaintiffs' claims against it are separate and distinct causes of action from those asserted against Yankton. Plaintiffs' claims against NCIC are entitled to be considered and presented as stand-alone, separate causes of action. NCIC's positions, both on liability and damages, are completely distinct from Yankton. There is no congruity between the two defendants.

The only substantive argument NCIC now presents is that Rule 37(c)(1) is self-executing. It relies on a case never previously cited by it or Yankton, *Cantrell v. Coloplast Corp.*, 76 F.4th 1113 (8th Cir. 2023). *See* Doc. 144 at 3. But *Cantrell* does not support the R&R's recommendations. In *Cantrell*, the plaintiff failed to timely serve an expert report as required by the district court's scheduling order, unlike here, where Plaintiffs scrupulously filed their damages expert report timely. *See id.* at 1115. Moreover, the *Cantrell* plaintiff did not move for any lesser sanction. *See id.* at 1115-1116. Here, Plaintiffs have objected to the R&R and opposed any exclusion of their damage claims. Plaintiffs also supported an extension of the discovery schedule to eliminate any purported prejudice to Yankton. *See* Doc. 106 at 4 ("Plaintiffs agree the Scheduling Order should be amended to accommodate the fact deposition schedule to which all parties have agreed."). This Court granted that alternative form of relief, thereby eliminating any possible prejudice.

Eighth Circuit precedents make clear four factors must be considered before excluding critical evidence as here. NCIC does not address any of those factors and presents no arguments that would permit the exclusion recommended by the R&R. *See* Doc. 131 at 3-16. This Court therefore should reject NCIC's new arguments in support of its improper "Joinder."

## CONCLUSION

For the foregoing reasons, as well as the reasons stated in their original Objections to Report and Recommendation (Doc. 131), Plaintiffs Reliance Telephone of Grand Forks Incorporated and Reliance Systems Inc. respectfully request that the Court reject the Report and Recommendations (Doc. 124).

Dated: September 26, 2025.

Patrick L. Sealey AT0007085
HEIDMAN LAW FIRM, P.L.L.C.
1128 Historic Fourth Street
P.O. Box 3086
Sioux City, IA 51102
Tel: (712) 255-8838
Fax: (712) 258-6714
Email: Patrick.Sealey@heidmanlaw.com

and

Alan M. Anderson (MN Bar #149500)
(admitted *pro hac vice*)
L. Reagan Florence (MN Bar #0396468)
(admitted *pro hac vice*)
ALAN ANDERSON LAW FIRM LLC
11100 Wayzata Blvd., Suite 545
Minneapolis, MN 55305
Tel: 612-756-7010
Fax: 612-756-7050
Email: aanderson@anderson-lawfirm.com
         rflorence@anderson-lawfirm.com

*Attorneys for Plaintiff Reliance Telephone of Grand Forks Incorporated and Reliance Systems Inc.*

5