UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| RELIANCE TELEPHONE OF GRAND FORKS INCORPORATED, a North Dakota corporation, and RELIANCE SYSTEMS, INC., a Nevada corporation,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>YANKTON COUNTY, SOUTH DAKOTA and NETWORK COMMUNICATIONS INTERNATIONAL CORP.,<br>　　　　　　　　Defendants. | Case No.: 4:24-cv-04098<br><br>REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE PORTIONS OF DAVE HANGSLEBEN'S DECLARATION |

## INTRODUCTION

Defendant Yankton County submits this reply in further support of its Motion to Strike Portions of the Declaration of Dave Hangsleben (DOC 137) (hereinafter "the Declaration"). DOC 147-148. Pursuant to Federal Rule of Civil Procedure 56(c)(4), the eight statements identified in Yankton County's initial brief cannot be relied upon to defeat a motion for summary judgment because they are speculative and not based on personal knowledge, rendering them inadmissible. Plaintiffs' bare-bones assertions to the contrary are unavailing. As such, the statements should be stricken from the Declaration and not considered by the court in evaluating whether a genuine issue of material fact exists in this matter.

## BACKGROUND

On September 17, 2025, Yankton County moved to strike the following statements from the Declaration on the grounds that the statements fail to meet the standard set forth in Federal Rule of Civil Procedure 56(c)(4):

1

**Paragraph 5:** "**I believe** Yankton and the Yankton County Commission and its members knew that it was receiving payments from Reliance Telephone during the existence of the 2010 oral agreement."

**Paragraph 6:** "**If I had had any belief or understanding** that any prior authorization, public notice, public hearing or resolution was necessary from the Yankton County Commission or any other person, Reliance Telephone would not have continued to provide services and payments to Yankton."

**Paragraph 12:** "**I believe** Yankton and the Yankton County Commission and its members knew that it was receiving payments from Reliance Systems during the existence of the 2016 Systems Contract."

**Paragraph 14:** "**If I had had any belief or understanding** that any prior authorization, public notice, public hearing or resolution was necessary from the Yankton County Commission or any other person with respect to the 2016 Systems Contract, Reliance Systems would not have continued to provide services and payments to Yankton."

**Paragraph 20:** "**I believe** Yankton and the Yankton County Commission and its members knew that it was receiving payments from Reliance Telephone during the existence of the 2020 Telephone Contract."

**Paragraph 22:** "**If I had had any belief or understanding** that any prior authorization, public notice, public hearing or resolution was necessary from the Yankton County Commission or any other person with respect to the 2020 Telephone Contract, Reliance Telephone would not have continued to provide services and payments to Yankton."

**Paragraph 28:** "**I believe** Yankton and the Yankton County Commission and its members knew that it was receiving payments from Reliance Systems during the existence of the 2020 Systems Contract."

**Paragraph 30:** "**If I had had any belief or understanding** that any prior authorization, public notice, public hearing or resolution was necessary from the Yankton County Commission or any other person with respect to the 2020 Systems Contract, Reliance Systems would not have continued to provide services and payments to Yankton."

DOC 146 citing DOC 137 at 2-8 (emphasis added). Plaintiffs filed a response on October 10, 2025, arguing that the aforementioned statements flow from Hangsleben's personal knowledge and therefore comply with Rule 56(c)(4) and are admissible under Federal Rule of Evidence 602 and 701. DOC 167.

## ARGUMENT AND AUTHORITIES

Federal Rule of Civil Procedure 56(c)(4) requires that "[a]n affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4); *see also Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 796 (8th Cir. 2006) ("Affidavits that contain evidence not admissible at trial should not be relied upon" in considering motions for summary judgment). Courts disregard any declaration statements that constitute mere speculation, conjecture, or iterations of belief because they are not admissible facts within the declarant's personal knowledge. *See Brooks v. Tri-Systems, Inc.,* 425 F.3d 1109, 1111-12 (8th Cir. 2005). Statements within a declaration that fall short of the requirements of Rule 56(c)(4) are subject to a motion to strike and may not be considered by the court in deciding a motion for summary judgment. *Weitlauf v. Parkway Sch. Dist.*, 2008 U.S. Dist. LEXIS 63703, at *10 (E.D. Mo. Aug. 20, 2008); *Howard v. Columbia Pub. Sch. Dist.*, 363 F.3d 797, 801 (8th Cir. 2004) (court must disregard portions of affidavits made without personal knowledge, hearsay, or legal conclusions); *see also* Fed. R. Civ. P. 56 (c)(2) (stating a party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence).

Rule 56(c)(4)'s personal knowledge requirement is defined more clearly in Federal Rule of Evidence 602, which provides:

> A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony. This rule does not apply to a witness's expert testimony under Rule 703.

Fed. R. Evid. 602. And while Rule 602 requires that witnesses must have personal knowledge to testify, Rule 701 allows lay witness opinions that are "(a) rationally based on the perception of

3

the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Fed. R. Evid. 701. But Rule 701 permits such testimony only when it is based on "relevant historical or narrative facts that the witness has perceived, and if it would help the factfinder determine a matter in issue." *Seals v. Bd. of Regents of the Univ. of Neb.*, 776 F. Supp. 3d 785, 798 (D. Neb. 2025) (internal citations and quotation marks omitted); *see also Hurst v. United States*, 882 F.2d 306, 312 (8th Cir. 1989). In short, "[l]ay opinion testimony is admissible only to help the jury or the court to understand the facts about which the witness is testifying and not to provide specialized explanations or interpretation." *Id*. Testimony is limited to facts within the witness's "range of generalized knowledge, experience, and perception." *Id.*; *see also United States v. Williams*, 41 F.4th 979, 984 (8th Cir. 2022).

I. **The statements in paragraphs 5, 12, 20, and 28 are not based on Hangsleben's personal knowledge; instead, they are speculative assumptions about Yankton County's knowledge**

The statements Defendant moves to strike in paragraphs 5, 12, 20, and 28 each contain rank speculation as to what *Hangsleben believes Defendant Yankton County knew*. Specifically, in each of these statements, Hangsleben asserts that he "believe[s] Yankton and the Yankton County Commission and its members knew that it was receiving payments" under the various contracts. *See* DOC 137 ¶¶ 5, 12, 20, 28 (Hangsleben's declaration); DOC 147. Plaintiffs contend that these statements are not speculative because, when read in context with the surrounding portions of the Declaration, Hangsleben's personal knowledge is clear. DOC 167 at 7. This argument fails because the statements lack any semblance of foundation, which context does not cure, and Federal Rule of Evidence 701 does not transform conjecture into an admissible lay witness opinion.

First, Yankton County agrees that in some situations, courts are willing to " 'infer

4

personal knowledge from the content' of the statements" in a declaration. *Brooks*, 425 F.3d at 1111-12. But nevertheless, a declarant's statements must "include enough factual support to show that the [declarant] possesses that knowledge." *El Deeb v. University of Minn.*, 60 F.3d 423, 428 (8th Cir. 1995). Here, Plaintiffs contend that if Hangsleben's declaration is read in its entirety, the fact that Plaintiffs made monthly commission payments to Yankton County somehow provides foundation for Hangsleben to testify that he believes that Yankton County had knowledge of those payments. That position is without merit, as Hangsleben has not provided any factual support that would demonstrate that he personally has knowledge of what Yankton County knew. *See* DOC 167 at 7. As the court explained in *Morrison v. Hale*, a declarant's ability to deduce or conclude what "must have occurred" does not transform speculation into personal knowledge. 2019 U.S. Dist. LEXIS 44319, at *7–8 (E.D. Mo. Mar. 19, 2019) (striking portion of declaration where the declarant "provide[d] a narrative concerning something he surmise[d] might have happened, and about which he could not possibly have first-hand knowledge, and . . . explicitly state[d] that his declaration is based on what he 'concludes' must have occurred"). Moreover, courts are willing to strike declaration statements where the declarant "fail[ed] to include any details . . . and the basis of his . . . belief," finding such statements are "unsupported conclusions" insufficient to create a genuine issue of fact. *Yeargans v. City of Kansas City*, 2019 U.S. Dist. LEXIS 152030, at *8, *13–14, *16 (W.D. Mo. Sept. 6, 2019). As such, Hangsleben's logical leap from the fact that payments were made to the purported fact that Yankton County, the Yankton County Commission, and its members knew about the payments is mere conjecture. The Declaration provides no explanation for how Hangsleben could have personal knowledge of the mental status of Yankton County, the Commission, or their individual members. Hangsleben's "belief" that Yankton County and

members of its board "knew" it was receiving payments is an unsupported conclusion devoid of foundation. None of the preceding sentences in the Declaration explain how Hangsleben knew what the County or its officials thought or understood. Although the Declaration underscores Hangsleben's familiarity with his own business, it fails to establish any first-hand perception of Yankton County's actual awareness.

Second, Plaintiffs' reliance on Federal Rule of Evidence 701 is misplaced. As explained above, Rule 701 allows lay opinion testimony only when it is (1) rationally based on the witness's perception, (2) helpful to understanding the testimony or determining a fact in issue, and (3) not based on specialized knowledge. *See* Fed. R. Evid. 701*; United States v. Espino*, 317 F.3d 788, 796-97 (8th Cir. 2003). Hangsleben's "belief" statements in paragraphs 5, 12, 20, and 28 are not based on any actual perception or experience demonstrating that he actually observed Yankton County's awareness. *See Espino*, 317 F.3d at 796-97 (stating lay witness testimony must be based on "relevant historical or narrative facts that the witness has perceived"); *see also Seals v. Bd. of Regents of the Univ. of Neb.*, 776 F. Supp. 3d 785, 798 (D. Neb. 2025) (holding statements expressing "feelings" and "vivid memories" about events merely related to the declarant were not "based on personal experience or observation" and therefore inadmissible under Rules 602 and 701). Hangsleben's personal assumptions about Yankton County's knowledge are not "narrative facts" based on perception, but conjecture outside the scope of Rule 701.

II.     **The statements in paragraphs 6, 14, 22, and 30 are not based on Hangsleben's personal knowledge; instead, they are speculative predictions about circumstances that never came to pass.**

Yankton County also moves to strike statements from paragraphs 6, 14, 22, and 30, where Hangsleben asserts that if he "had had any belief or understanding" that certain

6

authorizations or public hearings were required, the Plaintiffs "would not have continued to provide services and payments to Yankton." (DOC 146). Plaintiffs contend that they are admissible factual statements based on Hangsleben's experience and understanding as president of the Plaintiff companies. DOC 167 at 9. Specifically, Plaintiffs argue that the statements are founded in Hangsleben's personal knowledge of the companies' operations and decisions, and are therefore in line with Federal Rule of Civil Procedure 56(c)(4) and admissible under Federal Rule of Evidence 602. *See id.*

But, as explained in Yankton County's opening brief, these statements describing what Hangsleben or the Plaintiffs *would have done* under different hypothetical circumstances are speculative, not factual assertions within his personal knowledge. *See* DOC 148 at 4. Generalized predictions about how hypothetical events may have unfolded are not within a witness' personal knowledge. *See Nagel v. United Food,* 3 F.4th 730, 735 (8th Cir. 2023) (finding that declarant's predictions of how others "would have voted" were inadmissible and should be stricken because they were not based on personal knowledge and speculation about hypothetical events cannot create a genuine issue of fact for the purposes of summary judgment). Moreover, Hangsleben's statements lack any provided factual support indicating that his predictions are reliable. *See Yeargans*, 2019 U.S. Dist. LEXIS 152030, at *8, *13-14, *16 (striking statements from a declaration because the declarant "fail[ed] to include any details … and the basis of his information and belief," rendering them inadmissible, "unsupported conclusions").

In short, because the disputed statements in the Declaration are speculative, not based on personal knowledge, or entirely hypothetical, they do not meet the standards required by Rule 56(c)(4) and the court must disregard them in ruling on summary judgment.

## CONCLUSION

Based on the foregoing, Yankton County's motion to strike pursuant to Rule 56(c)(4) (DOC 147 & DOC 148) should be granted because the cited portions of Hangsleben's declaration (DOC 137) consist of speculation and conjecture.

Dated: October 20, 2025.

/s/ *Melissa R. Jelen*_____
Melissa R. Jelen
Claire E. Wilka
Cadwell Sanford Deibert & Garry LLP
200 E 10th Street Suite 200
Sioux Falls, SD 57104
(605)336-0828
mjelen@cadlaw.com
cwilka@cadlaw.com
Attorneys for Defendant Yankton County, SD