UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| RELIANCE TELEPHONE OF GRAND FORKS INCORPORATED, a North Dakota Corporation; RELIANCE SYSTEMS, INC., a Nevada Corporation,<br><br><br>Plaintiffs,<br><br>vs.<br><br><br>YANKTON COUNTY, SOUTH DAKOTA; NETWORK COMMUNICATIONS INTERNATIONAL CORP., a Texas corporation,<br><br><br>Defendants. | 4:24-CV-04098-ECS<br><br><br><br>ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATIONS ON MOTIONS IN LIMINE, FOR JOINDER, TO STRIKE, AND FOR EXPENSES |

On August 12, 2025, Magistrate Judge Mark Moreno filed a Report and Recommendation on various motions brought by Defendants. Doc. 124. Plaintiffs lodged objections to the Report and Recommendation; Defendants did not. Doc. 131. On October 3, 2025, at Sioux Falls, South Dakota, this Court heard oral argument on the matters. Doc. 165. At that time, the Court orally granted Defendant Yankton County, South Dakota's Motion to Compel, Doc. 94, and took the remaining matters under advisement, later memorializing that decision in writing. Doc. 166. The Court now turns its attention to the outstanding matters.

## I.    Standard of Review

"In considering a magistrate judge's recommendation on a dispositive matter, . . . a district court must make a 'de novo determination of those portions of the report or . . . recommendations to which objection is made.'" United States v. Running, 698 F. Supp. 2d 1186, 1189 (D.S.D. 2009) (quoting 28 U.S.C. § 636(b)(1) (second alteration in original)); see also Fed. R. Civ. P. 72(b).  Objections on a nondispositive matter will be sustained "where it has been shown that the magistrate judge's [report and recommendation] is clearly erroneous or contrary to law." See § 636(b)(1)(A); Northbrook Digit., LLC v. Vendio Servs., Inc., 625 F. Supp. 2d 728, 734 & n.3 (D. Minn. 2008).

## II.    Motion in Limine

Because of Plaintiffs' failure to make their initial damages disclosures, see Fed. R. Civ. P. 26(a)(1)(A)(iii), and related delays in the production of damages-related discovery, Yankton County moves the Court to exclude from trial Plaintiffs' damages-related evidence—a sanction contemplated under Fed. R. Civ. P. 37(c)(1).  Docs. 94, 97.  In his Report and Recommendation, Judge Moreno recognized "[w]holesale preclusion of Reliance's damages computations would effectively kill Reliance's case." Doc. 124 at 8.  But he considered it appropriate to exclude untimely-produced and unforeseeable damages evidence related to assumed contract renewals. Id.  While not dispositive of their case, such a sanction would effectively kill a class of Plaintiffs' damages claims.  Plaintiffs object to the exclusion as contrary to law and clearly erroneous.  Doc. 131 at 3–16.  Plaintiffs argue that their acts were made in good faith, their discovery was timely, and that even if Yankton County suffered prejudice, the appropriate remedy is a continuance.  Id.

2

The Court reviews a claim-dispositive sanction de novo. Fed. R. Civ. P. 72(b). In doing so, the Court agrees with Judge Moreno that Plaintiffs did not honor their discovery obligations. But it considers any prejudice Yankton County suffered by late-received discovery mitigated by several extensions this Court made to the scheduling order. See Doe v. Young, 664 F.3d 727, 735–36 (8th Cir. 2011) (continuance "proper course" to remedy unfair surprise). Further, this Court believes it is more suitable to take up whether Plaintiffs have made a viable claim for damages on a substantive motion. For these reasons, Plaintiffs' objection is sustained.

### III.    Motion for Joinder

After Yankton County filed its Motion in Limine, or in the alternative, Motion to Compel and Plaintiffs responded, Defendant Network Communications International Corp. (NCIC) joined in Yankton County's motion. Doc. 112. Rather than docketing the document as a "joinder," simpliciter, NCIC filed the joinder as a "Motion for Joinder," Doc. 112, leading to Plaintiffs' opposition to the "motion" and further briefing on the matter.

There is nothing novel in this district about parties joining others' filings. See, e.g., Counts v. Wasko, No. 4:23-CV-04103-KES, ECF No. 286 (Nov. 13, 2024) (co-defendant joining in brief in response to motion to compel); Healy v. Supreme Ct. of S.D., No. 4:23-CV-04118-RAL, ECF No. 31 (D.S.D. Sept. 11, 2023) (defendant's joinder in motion for sanctions); Burton v. United States, No. 3:16-CV-03033-RAL, ECF. No. 61 (Jan. 3, 2017) (co-defendants joining in motion for filing injunction); id. at ECF No. 68 (Jan. 12, 2017) (co-plaintiff joining in emergency petition for preliminary injunction). In fact, there is an event in the Court's CM/ECF system titled "Joinder" for this express purpose.

3

Judge Moreno recommended the Court grant the Motion for Joinder because a joinder adds nothing new, is "workable," "not problematic," and not barred by the federal rules "or the tenets of due process, nor prejudicial." Doc. 124 at 13–14 (citation omitted). Plaintiffs object because the Federal Rules of Civil Procedure are silent on a party's ability to join in another's motion. Doc. 131 at 16–21.

Because this Court denied Yankton County's Motion in Limine, supra, the effect of granting NCIC's Motion for Joinder would be nondispositive. The Court reviews Judge Moreno's recommendation to grant under the clearly erroneous or contrary to law standard.

Plaintiffs consider the R&R clearly erroneous and contrary to law because "multiple courts have held, 'The Federal Rules of Civil Procedure do not recognize the concept of a party's "joinder" in another party's motion.'" Doc. 131 at 16. The courts Plaintiffs cite, all district courts in the Tenth Circuit, do not control the outcome here.

The Federal Rules of Civil Procedure allow for procedures external to what the rules themselves supply. Rule 83(b), titled "Procedure When There Is No Controlling Law," allows a judge to "regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules." The rule implicitly recognizes that no set of rules could anticipate the unique procedural needs of every case. Every day, courts entertain motions unknown or peripheral to the federal rules. See, e.g., Cooks v. Natural Grocers by Vitamin Cottage, Inc., No. 4:25-CV-4106-ECS, 2025 WL 2438702, at *1 (D.S.D. Aug. 25, 2025) (surreplies); Colombe v. United States, No. 5:24-CV-05069-ECS, 2025 WL 3063285, at *3 (D.S.D. Nov. 3, 2025) (motions to reconsider). Plaintiffs consider a joinder off-limits because it is violative of Rule 7(b), "which requires that any motion state 'with particularity the grounds for

4

seeking the order' and 'the relief sought.'" Doc. 131 at 18 (quoting Fed. R. Civ. P. 7(b)(1)(B)–(C)).

But NCIC did not file a motion, so the commands of Rule 7 or D.S.D. Local Rule 7.1 are not triggered. NCIC joined an existing motion, of which Plaintiffs already had notice of the grounds for relief (Plaintiff's dilatory discovery production) and the relief sought (exclusion of certain evidence or compelled production of certain discovery). By joining in Yankton County's motion, NCIC bound itself to the grounds stated and the relief sought. There is nothing more Plaintiffs need to know or defend themselves from. And so, if the grounds stated do not relate to the facts of NCIC's case, they will not assist it. And where the relief sought by Yankton County is unhelpful to NCIC, there is no advantage.

While the Court agrees with Plaintiffs that differences exist between the two Defendants' cases, it also agrees with Judge Moreno that a common denominator to both is Plaintiffs' failure to make initial damages disclosures. Doc. 124 at 6–7, 13–14. That common trait is sufficient for NCIC to join in Yankton County's motion to seek exclusion of damages evidence at trial. Fed. R. Civ. P. 37(c)(1). Plaintiffs' objection is overruled.

## IV.    Motion to Strike

Yankton County considers Plaintiffs' Opposition to NCIC's Motion for Joinder, Doc. 117, and associated Declaration of Alan M. Anderson, Doc. 118, as doubly serving as improper surreplies to Yankton County's Motion in Limine, or in the alternative, Motion to Compel. See Doc. 119. In that capacity only, Yankton County moves to strike them. Id. Judge Moreno recommended granting the motion, which meant keeping the filings as they served to oppose

5

NCIC's joinder but striking them to the extent they served as surreplies to Yankton County's motion. Doc. 124 at 14–15.

Plaintiffs object that the R&R "denies Plaintiffs' due process rights" by recommending "striking Plaintiffs' substantive opposition arguments." Doc. 131 at 21. No, it does not. The R&R states, "Reliance's opposition is more than a merits challenge to Yankton County's motion. The opposition goes beyond that, pointing out, for example, why NCIC's motion is procedurally improper." Doc. 124 at 15. In other words, the R&R validates and protects Plaintiffs' rights while acknowledging the possibility that Plaintiffs are, without Court leave, also attempting to get the last word in on a different motion. Id. at 14–15. If Plaintiffs' opposition was not filed in response to Yankton County's motion, Doc. 131 at 21 n.6, then it is not affected by the recommendation. The objection is overruled.

## V.   Attorney's Fees and Expenses

Judge Moreno deferred the question of expenses to this Court. Doc. 124 at 15. Having granted Yankton County's Motion to Compel, unless certain circumstances are present, this Court "must, after giving an opportunity to be heard, require the part[ies] . . . whose conduct necessitated the motion . . . pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A); see also Fed. R. Civ. P. 37(c)(1)(A) (court may order payment of the reasonable expenses, including attorney's fees, caused by the failure to make initial disclosures). The Court finds an award of such expenses warranted. The initial disclosure requirement found in Rule 26 was violated by Plaintiffs. A motion to compel was necessary for Defendant Yankton County to obtain basic damages information from Plaintiffs. In this Court's judgment, there must be some redress for this violation of the rules. Accordingly, Yankton County may seek reasonable attorney's fees.

6

## VI.    Order

For the above reasons, and the record as it now exists before the Court, it is hereby:

ORDERED that the Report and Recommendations on Motions in Limine, to Compel, for Joinder, to Strike, and for Expenses, Doc. 124, is adopted in part and rejected in part in accordance with this opinion.  It is further

ORDERED that the Motion in Limine, Doc. 94, is denied.  It is further

ORDERED that the Motion for Joinder, Doc. 112, is granted.  It is further

ORDERED that the Motion to Strike, Doc. 119, is granted.  It is finally

ORDERED that on or before January 28, 2026, Yankton County, should it choose to do so, may file a motion for reasonable attorney's fees and expenses complete with detailed time records demonstrating the time its lawyers spent on making its motion at Doc. 94.  Plaintiffs shall have 21 days thereafter to respond to the motion.  Yankton County may file a reply 14 days thereafter if it so desires.

DATED this 2nd day of January, 2026.

BY THE COURT:

_____

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE