UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| RELIANCE TELEPHONE OF GRAND FORKS INCORPORATED, a North Dakota corporation, and RELIANCE SYSTEMS, INC., a Nevada corporation,<br><br>Plaintiffs,<br><br>v.<br><br>YANKTON COUNTY, SOUTH DAKOTA and NETWORK COMMUNICATIONS INTERNATIONAL CORP.,<br>Defendants. | Case No.: 4:24-cv-04098<br><br><br>**YANKTON COUNTY'S APPLICATION FOR FEES INCURRED IN RELATION TO THE MOTION TO COMPEL** |

In the January 2, 2026 Order Adopting in Part and Rejecting in Part Report and Recommendations on Motions in Limine, For Joinder, To Strike, and For Expenses (Doc. 176), the Court determined that Yankton County could recover attorneys' fees incurred in bringing and prevailing on the Motion to Compel, pursuant to Fed. R. Civ. P. 37(a)(5)(A). The undersigned counsel, Claire E. Wilka, submits the fee application on behalf of Yankton County, who respectfully submits that good cause exists to award the full amount of fees requested.

1.  The starting point for determining an award of attorney fees usually involves calculating the lodestar – i.e., the number of hours reasonably expended multiplied by a reasonable hourly rate. *Libertarian Party of S. Dakota v. Krebs*, No. CIV 15-4111, 2018 WL 4762966, at *1 (D.S.D. Oct. 2, 2018).

2.  As part of this Application, Yankton County seeks compensation for compensable time of partners Melissa Jelen and Claire Wilka.

1

3. The hourly rate for attorneys Jelen and me in this matter is $190 per hour, which is well below the market rate and standard rate that both Ms. Jelen and I typically charge in similar litigation matters.

4. The above-identified rates are reasonable, as peer comparators with the relative experience of Ms. Jelen and myself charge higher hourly rates for similar commercial rates. *See* Doc. 213, *Wilbur-Ellis Co. LLC v. Jens*, 4:23-cv-04104 (D.S.D. April 28, 2025) (noting that experienced, partner-level trial counsel in the community was recently awarded $300.00 per hour in an attorney's fee award in one case; local South Dakota counsel were awarded $260.00 per hour for associate level work and $350.00 per hour for partner-level work in another case; and finding the requested rate of $300 per hour for two senior partners, $245 per hour for a junior partner,[1] and $245 per hour for an associate were reasonable).

5. Ms. Jelen and I routinely represent clients in federal court and routinely defend municipalities and public entities similar to Yankton County. I believe that the nature and quality of my work is known to the Court based on this litigation and other matters, and the same holds true of Ms. Jelen.

6. Melissa Jelen is a partner at our firm who joined the Cadwell Sanford Deibert & Garry LLP law firm in 2010, after previously serving as a law clerk for the First Judicial Circuit of the State of South Dakota. She became a partner of our firm in 2015. She received her law degree from the University of South Dakota in 2009, where she graduated with Sterling Honors and first in her class and served as a member on the Trial Team and Client Counseling & Negotiation Board. Her practice emphasizes commercial and civil litigation, corporate disputes, and the defense of claims brought against governmental entities. Her practice also includes

---

[1] The junior partner referenced in Judge Duffy's opinion in Doc. 213 in *Wilbur-Ellis* was Ms. Wilka.

trademark and copyright applications, guardianships, conservatorships and adoptions. She is admitted to practice in the State of South Dakota, the U.S. District Court for the District of South Dakota, the U.S. Court of Appeals for the Sixth Circuit, and the U.S. Court of Appeals for the Eighth Circuit.

7.  I joined the Cadwell firm in August 2019, after previously serving as a law clerk for the Hon. Karen Schreier in the District of South Dakota for two years, and I became a partner at our firm in 2023. I received my law degree from Creighton University School of Law in 2017, where I graduated *magna cum laude* and served as the Editor in Chief of Volume 50 of the Creighton Law Review. My practice emphasizes commercial and civil litigation, employment and contract disputes, claims arising under 42 U.S.C. § 1983, and I routinely take appointments from this Court as a member of the District of South Dakota's Criminal Justice Act panel. I am admitted to practice in the State of South Dakota, the State of Iowa, the U.S. District Court for the District of South Dakota, and the U.S. Court of Appeals for the Eighth Circuit.

8.  As set out in the accompanying Declaration, counsel for Yankton County incurred the following time in relation to the successful effort to compel Plaintiffs to provide supplemental discovery responses at issue in the Court's Order:

| Attorney | January – May 2025 | June 2025 – October 2025 | **Total** |
|:---:|:---:|:---:|:---:|
| Jelen | 8 | 70.1 | **78.1** |
| Wilka | 6.8 | 34.3 | **41.1** |

The itemized time entries from which this aggregate summary is derived are set out in Exhibit A to the Declaration of Claire E. Wilka, which is being filed with this Application.

9. Based on the foregoing, the preliminary lodestar calculation is as follows:

Jelen / Wilka Hours:

| | |
|---|---:|
| January – May 2025:  14.8 x 190 = | $2,812.00 |
| June – October 2025:  104.4 x 190 = | $19,836.00 |
| Total: | $22,648.00 |

10. Once the lodestar is calculated, the Court generally applies the *Johnson* factors, which are relevant in considering whether that figure should be adjusted up or down: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (1) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Keil v. Lopez*, 862 F.3d 685, 701 (8th Cir. 2017); *see also Wilbur-Ellis Co. LLC v. Jens*, 2025 U.S. Dist. LEXIS 198944, at *20-21 (D.S.D. Oct. 6, 2025) (noting Magistrate Judge Duffy applied the *Johnson* factors after calculation of the lodestar in affirming Individual Defendants' Motion for Attorney's Fees). The most critical factor is "the degree of success obtained." *Wilbur-Ellis*, 2025 U.S. Dist. LEXIS 198944, at *21 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983)).

11. On August 12, 2026, Judge Moreno filed a Report and Recommendation on various motions, in which he recommended that the Court grant Yankton County's pending Motion to Compel. *See* Doc. 124. On October 3, 2025, the Court heard oral argument on the various pending motions and Plaintiffs' objections to Judge Moreno's Report and

Recommendation. During the hearing, the Court orally granted Yankton County's Motion to Compel (Doc. 94) and later issued its written decision in Doc. 166. Thus, the Court adopted Judge Moreno's Report and Recommendation in full in relation to Yankton County's Motion to Compel in Doc. 94 and further granted all of the requested relief in Yankton County's Motion to Compel in Doc. 94.

12. Under the terms of the Order in Doc. 176, the Court found that an award of attorney's fees for Plaintiffs' failure to make initial disclosures and incurred by Yankton County in moving to compel was warranted. *See* Doc. 176 at 6. Specifically, this Court found that Plaintiffs violated Rule 26's initial disclosure requirement and further found that a "motion to compel was necessary for Defendant Yankton County to obtain basic damages information from Plaintiffs." *Id.* It then permitted Yankton County to "seek reasonable attorney's fees." *Id.* It further ordered that Yankton County may "file a motion for reasonable attorney's fees and expenses complete with detailed time records demonstrating the time its lawyers spent on making its motion at Doc. 94." *Id.* at 7.

13. The Orders (Docs. 166 and 176) grant the following requested relief from Yankton County: compelling supplemental production for RFP 8-9, 26, and 30 after finding that Plaintiffs failed to meet their initial disclosure obligations under Rule 26. Each RFP at issue related to Plaintiffs' purported damages. The Orders overruled the objections raised by Plaintiffs to RFP 8-9, 26, and 30. With respect to RFP 18, Judge Moreno recommended that Yankton County's motion to compel be denied. *See* Doc. 124 at 10. Yankton County did not object to that portion of the Report and Recommendation. Yankton County estimates that less than 5% of the work performed was on matters related to RFP 18, and no time was spent on RFP 18 after Judge Moreno issued his Report and Recommendation on Doc. 94.

14. The Orders did not modify the scope of Yankton County's requests in RFP 8-9, 26, or 30. Notably, Plaintiffs had stood on objections to the RFPs in question and claimed that they had turned over everything they had and any of the requested information was not considered in Plaintiffs' damages calculation. *See* Doc. 109; Doc. 124 at 10-11.[2] Thus, work performed to compel supplemental production was necessary to evaluate and contest Plaintiffs' claimed damages calculation, which purports to be several million dollars.

15. Because the Court's Order rejected the Report and Recommendation's recommendation that some of Plaintiffs' damages be excluded, which was recommended by Judge Moreno in response to Yankton County's Motion in Limine in Doc. 94, Yankton County is proposing a 50% reduction in its fees incurred from June 2025 through October 2025. This will fairly account for time and efforts spent on the Motion in Limine in the time entries provided in Exhibit A to the Declaration of Claire E. Wilka.

16. All of the attorney fees between January 2025 through May 2025, as reflected in Exhibit A to this Declaration, were incurred as a result of the discovery deficiencies that led to the Motion to Compel in Doc. 94. As such, Yankton County respectfully submits that no reduction should be taken from Yankton County's attorneys' fees incurred from January 2025 through May 2025.

---

[2] Subsequent to entry of the Order in Doc. 166 on October 6, 2025, Plaintiffs provided supplemental production, contrary to the prior representation that Plaintiffs had produced everything they had. This supplemental production included thousands of pages and contained expense reports as requested, tax returns and balance sheets, detailed billing record reports, partial profit and loss statements for Plaintiffs in 2025 as requested, and documents reflecting purported mitigation of damages as requested, Consequently, Yankton County's Motion to Compel sought highly relevant documents and was largely successful.

17. The proposed adjusted lodestar is therefore calculated as follows:

   Jan. – May 2025        $2,812.00 x 100% =   $2,812.00

   June – Oct. 2025       $19,836.00 x 50% =   $9,918.00
   _____

              Total =                $12,730.00

18. Yankton County respectfully submits that the adjusted lodestar proposed by Yankton County's counsel is based on reasonable hourly rate and that the total amount of hours incurred was proportional to the effort required to prevail on the Motion to Compel.

19. Based on the nature of the case, the complexity of the issues, my experience in this area, and my familiarity with the market for legal services in Sioux Falls, South Dakota, I believe that the rates contained in this fee application and the total hours expended are reasonable and reflect the effort that was necessary to prepare and prevail on the Motion to Compel. This includes additional time and effort necessary to respond to Plaintiffs' Objections to the Report and Recommendation and prepare for oral argument on the Motion to Compel.

20. Case law supports the compensability of time, effort and expense incurred in preparing, submitting and litigating the Application for Attorneys' Fees and Expenses. *El Tabech v. Clarke*, 616 F.3d 834, 843-44 (8th Cir. 2010); *Kelly v. Bowen*, 862 F.2d 1333 (8th Cir. 1988). To that end, the undersigned counsel's sworn declaration quantifies the additional hours worked and fees requested in relation to work performed in preparing, submitting, and (if necessary) defending this Fee Application.

21. Yankton County seeks compensation of $950.00, based on a total time of 5.5 hours incurred in reviewing the Court's Orders in Docs. 166 and 176, researching the applicable lodestar standard for the Fee Application and identifying authority in support of recovery of time spent working on the Fee Application; reviewing the time entries from January, February, March,

April, May, June, July, August, September, and October 2025; preparing the sworn declaration; and drafting and finalizing this Fee Application. Time entries for these tasks are also shown on Exhibit A to the Declaration of Claire E. Wilka.

      Yankton County respectfully submits that, pursuant to the January 2, 2026 Order and governing law, the Court should enter an Order awarding $13,680.00 in attorney's fees plus sales tax incurred at 6.2%, and directing Plaintiffs' or their counsel to tender full payment of such sum by a date certain, without prejudice to Yankton County's ability or right to seek additional fees incurred in responding to Plaintiffs' Objection, if any.

      Dated: January 26, 2026.

/s/ *Claire E. Wilka*
Melissa R. Jelen
Claire E. Wilka
Cadwell Sanford Deibert & Garry LLP
200 E 10th Street Suite 200
Sioux Falls, SD 57104
(605)336-0828
mjelen@cadlaw.com
cwilka@cadlaw.com

*Attorneys for Defendant Yankton County, SD*