## IN THE UNITED STATES DISTRICT COURT
## FOR SOUTH DAKOTA

|  |  |  |
|---|---|---|
| RELIANCE TELEPHONE OF GRAND FORKS INCORPORATED, a North Dakota corporation, | ) ) ) ) | Civil No. 4:24-cv-04098-ECS |
| and | ) ) |  |
| RELIANCE SYSTEMS INC., a Nevada corporation, | ) ) ) |  |
| Plaintiffs, | ) ) | **PLAINTIFFS' OPPOSITION TO DEFENDANT YANKTON COUNTY'S APPLICATION FOR FEES INCURRED IN RELATION TO THE MOTION TO COMPEL** |
| v. | ) ) ) |  |
| YANKTON COUNTY, SOUTH DAKOTA, | ) ) |  |
| and | ) ) |  |
| NETWORK COMMUNICATIONS INTERNATIONAL CORP., a Texas corporation, | ) ) ) ) |  |
| Defendants. | ) ) |  |

This Memorandum is submitted on behalf of Plaintiffs Reliance Telephone of Grand Forks Incorporated ("Reliance Telephone") and Reliance Systems Inc. ("Reliance Systems") (collectively, "Plaintiffs") in opposition to Defendant Yankton County, South Dakota's ("Yankton") Application for Fees Incurred in Relation to the Motion to Compel ("Application"). *See* Doc. 177. Yankton's Application is excessive. Yankton seeks to recover more than six times the number of hours typically allowed and awarded by this Court on similar motions. Yankton requests the award of an unreasonable amount of fees in light of the fact that its motion to compel was only minimally successful. For the reasons stated herein, Yankton's Application should be denied in its entirety or, in the alternative, substantially reduced.

## ARGUMENT

### I.  Yankton Has Not Submitted "Detailed Time Entries" as Required by the Court's Order.

Under the seminal case of *Hensley v. Eckerhart*, 461 U.S.424 (1982), and its progeny, the starting point for any award of attorneys' fees is "the number of hours *reasonably expended* on the litigation multiplied by a *reasonable* hourly rate." *Id.* at 433 (emphasis added). The applicant for a fee award must submit adequate evidence supporting the hours worked and the rates claimed. Failing to do so justifies a reduction in any amount requested. *Id.* A court considering a fee award should exclude, "hours that were not 'reasonably expended.'" *Id.* at 434 (quoting S. Rep. No. 94-1011 at 6 (1976)). Counsel submitting a fee application is required to, "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice is obligated to exclude such hours from his fee submission. … 'Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary*….'" *Id.* (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (*en banc*) (emphasis in original).

A "particularly crucial" factor for a court to consider is the extent to which the party applying for fees actually succeeded. Hours expended on an unsuccessful claim or argument must be excluded entirely from any fees ultimately awarded. *Hensley*, 461 U.S. at 434. "[N]o fee may be awarded for services on an unsuccessful claim." *Id.* at 435. *See Emery v. Hunt*, 272 F.3d 1042, 1046 (8th Cir. 2001) (plaintiff may not be compensated for time spent on unsuccessful claims); *Atmosphere Hosp. Mgmnt. LLC v. Curtullo*, 2015 U.S. Dist. LEXIS 31302, at *6-7 (D.S.D. Mar. 11, 2015) ("The 'most critical factor' in determining what constitutes a reasonable award of attorney's fees is the degree of plaintiff's success.") (quoting *El-Tabeck v. Clarke*, 616 F.3d 834, 843 (8th Cir. 2010)).

This apportionment requirement – between successful and unsuccessful arguments – is also imposed by the Federal Rules of Civil Procedure. Rule 37 states in relevant part:

> (C) *If the Motion Is Granted in Part and Denied in Part.* If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

Fed. R. Civ. P. 37(a)(5)(C) (italics in original).

In its motion filed at Doc. 94, Yankton sought, "an Order excluding all evidence related to Plaintiffs' claim for lost profits damages…." Doc. 94 at 1. Alternatively, Yankton requested an order "compelling Plaintiffs to produce all documents that are responsive to [its] Requests for Production Nos. 8, 9, 18, 26, and 30…." *Id.*[1]

The Magistrate Judge did not grant Yankton complete exclusion as requested, but instead recommended only exclusion of part of Plaintiffs' lost profits damages. *See* Doc. 124 at 8. The Report and Recommendation recommended granting Yankton's motion to compel only insofar as it related to four of the five document requests on which Yankton moved. *See* Doc. 124 at 8-12. Thus, from the beginning, Yankton failed to achieve any of its primary relief, and ultimately only obtained partial success on its alternative motion to compel.

Plaintiffs' objections to the Report and Recommendation focused on the exclusion of Plaintiffs' lost profits damages calculations. *See generally* Docs. 131, 169. The District Court adopted the Report and Recommendation relating to Yankton's motion to compel during oral argument on Plaintiffs' objections. However, the District Court sustained Plaintiffs' objections to the Report and Recommendation insofar as it recommended exclusion of part of Plaintiffs' damage

---

[1] On the same date as it filed its motion to compel, Yankton filed a Motion to Extend Deadlines. *See* Doc. 95. Plaintiffs substantively did not oppose that motion. *See* Doc. 106. Regardless, the District Court did not award Yankton any fees in connection with its motion to amend the scheduling order. This fact is critical, because Yankton includes time spent relating to its motion to amend the deadlines in its Application. *See, e.g.,* Doc. 177-2 at 2-3 (entries for 6/10/25, 7/8/25, 7/9/25, 9/10/25). All such time must be excluded from any fees awarded.

calculations. *See* Doc. 176 at 2-3. Thus, Yankton achieved only limited success on its motion to compel – on four of the five document requests on which it moved.

The District Court recognized the limited success obtained by Yankton. The District Court ruled that Yankton, "should it choose to do so," could file a motion for attorneys' fees "complete with detailed time records demonstrating the time its lawyers spent" only on its motion to compel. Doc. 176 at 7. A party applying for an award of attorneys' fees must "keep and present records from which the court may determine the nature of the work done, the need for it, and the amount of time reasonably required." *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1265 (2d Cir. 1987). "The burden is on the moving party to prove that the request for attorneys' fees is reasonable." *Atmosphere Hosp.*, 2015 U.S. Dist. LEXIS 31302, at *4.

Yankton's Application does not comply with the District Court's Order and does not satisfy its burden of proof.[2] Rather than submit "detailed time records," Yankton has submitted only a summary of selected, edited time entries. *See* Doc. 177-1 at ¶s 9-10. Yankton claims that in editing and summarizing time entries, "If other work was entered on the same date of a time entry was unrelated [*sic*] to the discovery deficiencies or the Motion to Compel, the description of such work has been removed and the time spent is not included in the calculation." *Id.*, ¶10.

However, this assertion is not supported by Yankton's own summary. Many, if not all, of the summarized and edited entries include descriptions relating to unrelated work or work on Yankton's unsuccessful motion *in limine* to exclude Plaintiffs' lost profits damages or unrelated motion to amend the scheduling order. *See* Doc. 177-2 at 2-4 (for example: entries for June 10, 13; July 7, 8, 9, 11; August 12, 26, 27, 28, 29; September 2, 3, 4, 10, 19; October 1, 2, 3). Additionally,

---

[2] Yankton's Application does not indicate it considered any of the twelve factors identified in *Hensley* or the various factors to be considered by an attorney in determining the reasonableness of a fee. *See* Declaration of Alan M. Anderson, dated February 23, 2026 ("Anderson Decl."), at ¶4.

nearly all of Yankton's summary time entries are improper "block billing," or are so vague as to render it impossible for the Court to determine how much time was reasonably spent on the limited, successful portion of Yankton's motion to compel. *See, e.g., id.* (for example, entries for June 10, 11, 12, 13; July 7, 8, 9, 11; August 12, 26, 27, 28, 29; September 2, 3, 4, 10, 19; October 2, 3). Yankton even seeks an award of fees for services performed *six months* before it filed its motion at Doc. 94. *See* Doc. 177-2 at 1-2. As shown *infra*, this Court should entirely exclude these entries.[3]

## II.    **Yankton's Fees Request is Excessive, Unreasonable and Improper.**

Yankton's deficient Application, to the extent it is reviewable, is excessive, unreasonable and improper. Consistent with prior decisions in this District and elsewhere, this Court should exclude all fees incurred prior to the date on which Yankton began preparing its partially successful motion to compel. This Court also should exclude all "block billing" or vague time entries Yankton submitted, consistent with prior precedents in this District. Yankton's time unrelated to its partially successful motion to compel, *i.e.*, all time related to its unsuccessful motion *in limine* or motion to amend the discovery schedule, also must be excluded. Finally, the excessive number of hours spent by Yankton on many of the tasks for which it seeks fees should be reduced considerably, if allowed at all.[4]

---

[3] Yankton's deficient application is also questionable because it is not paying for its defense in this action. In its Rule 26(a)(1) disclosures, Yankton revealed that it has insurance coverage for the claims asserted against it in this action up to $6 million total ($1 million base policy; $5 million umbrella policy). *See* Anderson Decl., ¶14, Ex. A. Therefore, Yankton has not incurred any fees in connection with its mostly unsuccessful motion to compel. Any award of fees to it would represent a windfall. The existence of insurance coverage may also explain Yankton's failure to submit "itemized billing statements," if they otherwise exist, because they were never submitted to, or paid by, Yankton.

[4] While Plaintiffs do not presently challenge the reasonableness of the $190 hourly rate proposed by Yankton for its two partner-level attorneys, Plaintiffs do challenge the failure of Yankton to utilize *any* associate-level attorneys or paralegals for the work associated with its partially-successful motion to compel. *See infra*.

A.  <u>Yankton's Fees Incurred Prior to Preparing its Motion to Compel Should be Excluded.</u>

Yankton filed its motion to compel on June 16, 2025. *See* Doc. 94. The District Court restricted Yankton's fees request to "the time its lawyers spent on making its motion at Doc. 94." Doc. 176 at 7. However, Yankton seeks to recover 16.0 hours incurred between January 14 and June 10, 2025, before it even started work on its largely unsuccessful motion. *See* Doc. 177-2 at 1-2. These entries must be excluded entirely from any fee award.

This Court faced a similar issue in *Wilbur-Ellis Co. LLC v. Jens*, Civil No. 4:23-CV-04104-LLP.[5] There, the plaintiff presented the Court with a fee application that included time entries for services incurred *prior to* filing the subject motion to compel, relating to preparation and submission of discovery deficiency letters and conferring with opposing counsel. Magistrate Judge Duffy refused to award any of the fees incurred prior to preparing the actual motion to compel, including time spent complying with the meet and confer process. *See id.*, Doc. 213 at 6-9, *aff'd*, *Wilbur-Ellis Co. LLC v. Jens*, 2025 U.S. Dist. LEXIS 198944 at *23-27 (D.S.D. Oct. 6, 2025). *See Jim Hawk Truck-Trailers of Sioux Falls, Inc. v. Crossroads Trailer Sales & Service, Inc.*, 2023 U.S. Dist. LEXIS 22971, at *5-6 (D.S.D. Feb. 8, 2023) (time spent on meet-and-confer process not compensable under Rule 37); *Stephenson v. Pfizer Inc.*, 2014 U.S. Dist. LEXIS 92859, at *16 (M.D.N.C. Jul. 9, 2014) (excluding time spent prior to drafting motion to compel).

The District Court affirmed Magistrate Judge Duffy's exclusion of the pre-motion hours. *Wilbur-Ellis*, 2025 U.S. Dist. LEXIS 198944 at *23-24. Accordingly, consistent with multiple prior decisions, this Court should exclude 16.0 hours from Yankton's Application.

---

[5] For the Court's convenience, Plaintiffs have provided a copy of Magistrate Judge Duffy's Order. *See* Anderson Decl., ¶15, Ex. B.

B. <u>Yankton's "Block Billing" and Vague Time Entries Should be Excluded.</u>

"Block billing" are time entries that include descriptions of multiple tasks. Use of block billing in fee applications necessitates a reduction in the hours claimed. Time entries that are vague or irrelevant also should be excluded or reduced. *See, e.g., J.M. v. Sec'y of HHS*, 2018 U.S. Claims LEXIS 209, at *15 (Ct. Fed. Cl. Feb. 13, 2018); *Xerox Corp. v. Conduit Glob., Inc.*, 2024 U.S. Dist. LEXIS 132596, at *40 (W.D.N.Y. Jul. 26, 2024); *Signature Fin., LLC v. McClung*, 2018 U.S. Dist. LEXIS 22978, at *11 (C.D. Cal. Aug. 13, 2018); *Encon Int'l v. Garrahan*, 2012 U.S. Dist. LEXIS 204794, at *10 (D. Kan. Aug. 23, 2012).

When faced with fee applications that improperly use block billing or vague time entries that include both compensable and non-compensable time, this Court has excluded them. In *Wilbur-Ellis*, the Magistrate Judge excluded all time entries that included both compensable and non-compensable time and all of the time entries where the descriptions were so vague that it was not reasonably possible to determine how much time was spent on the successful aspects of the motion to compel. The Court stated that while it "could make a speculative guess as to how much of these time entries was spent on the motion to compel and is, therefore, compensable under Rule 37, … that would not be fair to" the opposing party. *Wilbur-Ellis*, Doc. 213 at 9. The Court pointed out that, "At the end of the day, defendants have the burden to justify the attorney's fees they are requesting." *Id.* On appeal, the District Court affirmed the Magistrate Judge's exclusion of those time entries. *Wilbur-Ellis*, 2025 U.S. Dist. LEXIS 19844, at *22.

Here, many of Yankton's time entries are improper block billing, in which multiple tasks are included, or are so vague as to not permit this Court to rationally differentiate between time spent on the partially successful motion to compel as compared to the non-compensable motions to exclude or to amend the discovery schedule. *See also* Anderson Decl., ¶5. These entries include: June 10 (MJ) (.5 hour); June 10 (MJ) (.4 hour); June 11 (MJ) (2.5 hours); June 12 (MJ) (6.5 hours);

June 13 (MJ) (6.8 hours); June 13 (MJ) (1.5 hour); June 13 (MJ) (.5 hour); June 13 (MJ) (.3 hour); June 13 (MJ) (.3 hour); June 13 (MJ) (.5 hour); July 7 (MJ) 2.0 hours); July 8 (MJ) (1.5 hour); July 8 (CEW) (.8 hour); July 8 (CEW) (2.0 hours); July 9 (MJ) (.5); July 9 (CEW) (3.2 hours); July 9 (CEW) (1.5 hour); July 11 (MJ) (.4 hour); July 11 (MJ) (4.9 hours); July 11 (CEW) (1.5 hour); August 12 (MJ) (.8 hour); August 26 (MJ) (2.4 hours); August 27 (MJ) (5.8 hours); August 28 (MJ) (3.5 hours); August 29 (MJ) (4.0 hours); August 29 (MJ) (5.5 hours); September 2 (MJ) (8.6 hours); September 3 (MJ) (8.9 hours); September 4 (CEW) (4.5 hours); September 4 (CEW) (1.2 hour); September 10 (CEW) (.3 hour); September 19 (CEW) (1.4 hour); October 1 (6.8 hours); October 2 (CEW) (7.3 hours); October 3 (1.5 hours); October 2 (2.3 hours).

These hours total 102.9 hours. Consistent with this Court's recent decision in *Wilbur-Ellis*, all of them should be excluded from any fee award.

C.    The Hours Claimed to Have Been Incurred by Yankton are Excessive.

Yankton claims to have reasonably incurred 119.2 total hours, by two partners, in connection with its mostly unsuccessful motion to compel. *See* Doc. 117-1, ¶8. This number of hours is facially unreasonable and excessive. This Court has held that "4 to 12 hours is a reasonable amount of time to spend on 'run-of-the-mill motions to compel.'" *Haukaas v. Liberty Mut. Ins. Co.*, 2022 U.S. Dist. LEXIS 95573, at *27 (D.S.D. May 27, 2022) (quoting *Hoffman v. MJC America, Ltd.,* 2019 U.S. Dist. LEXIS 201778, at *3-5 (D.S.D. Nov. 19, 2019) (collecting cases)). "In 'extraordinary case[es],' where the moving party 'makes a detailed motion to compel involving numerous issues,' this court has determined that 53-58 hours is reasonable." *Haukaas*, 2022 U.S. Dist. LEXIS 95573, at *27 (quoting *Hoffman*, 2019 U.S. Dist. LEXIS 201778, at *4)). However, courts in this district "have held that 30 or 21 hours spent researching and drafting a discovery motion were a disproportionate amount of time for the nature of the dispute." *Hoffman*, 2019 U.S.

Dist. LEXIS 201778, at *4. Here, once Yankton's unsuccessful motion to exclude is eliminated, its motion to compel was a "run-of-the-mill motion[] to compel."

Plaintiffs have found no decisions in this District that considered an application for fees with a starting point anywhere close to the more than 119 hours Yankton now seeks to recover – and Yankton cites none. This Court should not ignore its long-established precedents. As this Court has held, "'Because any award [of attorney's fees] has the potential for precedential value in future cases, the Court owes a duty to the principled development of the law to exercise careful judgment in reviewing … fees.'" *Atmosphere Hosp.*, 2015 U.S. Dist. LEXIS 31302, at *3. The starting point for any fee award to Yankton therefore should be greatly reduced, before reducing any fee award further given Yankton's lack of success on its motion to compel, improper block-billing and vague time entries, unrelated entries, and over-staffing by using only two partner-level attorneys.

A review Yankton's Application shows the excessive and unreasonable amount of time submitted. In considering Yankton's Application, this Court must remain focused on the limited part of its motion to compel on which it prevailed: four of the five document requests on which it moved. Yankton is not entitled to *any* time spent on its unsuccessful motion to exclude or motion to amend.

In June 2025, Yankton's partner-level counsel spent 20.1 hours preparing its motion to compel, LR 37.1 certificate, a five-page declaration (nearly all of which simply listed exhibits filed), and its supporting memorandum. *See* Doc. 177-2 at 2. On June 13 alone, Yankton's counsel spent 9.9 hours working on the motion, including its unsuccessful motion to exclude. *See id.* Yankton's supporting memorandum, as filed, consisted of 15 pages of background facts, most of which simply quoted discovery requests and responses. The argument in support of Yankton's motion was less than five pages long. *Little more than two pages of the memorandum addressed*

*Yankton's motion to compel relating to the five document requests*. *See* Docs. 96, 97. None of this work was performed by an associate-level attorney or a paralegal, even though a considerable portion of the work could have been performed at those levels. *See, e.g., Orr v. Shinseki*, 2012 U.S. App. Vet. Claims LEXIS 557, at *2-3 (Ct. App. Vet. Claims Mar. 27, 2012) (work performed by attorney that could have been performed by paralegals or non-attorney personnel should be reduced or excluded). *See also* Anderson Decl., ¶s 6-7.

Plaintiffs' opposition focused on Yankton's motion *in limine*. *Id*. at ¶8. Barely two pages of Plaintiffs' opposition addressed Yankton's motion to compel relating to the five discovery responses. *See* Doc. 109 at 20-22.

Yankton's hours submitted in connection with preparation of its reply brief are also facially excessive. Less than a third of the pages in its reply brief relate to its partially-successful motion to compel. *See* Doc. 115 at 9-15. *In* July 2025, *both* of Yankton's partner-level counsel spent a total of 18.3 hours drafting its reply. *See* Doc. 177-2 at 3. Many of the hours are duplicative and relate to non-compensable time spent on Yankton's failed motion to exclude or unopposed motion to amend the scheduling order.[6] *See id.* Yankton may not recover for duplicative work performed by multiple attorneys. *See, e.g., Signature Fin.,* 2018 U.S. Dist. LEXIS 22978, at *10 (unreasonable to require party to pay for unnecessary duplication of effort between multiple lawyers). Again, none of the work on Yankton's reply brief or supporting declaration was performed by an associate-level attorney or a paralegal, even though some of the work should have been delegated to lower-

---

[6] Yankton includes time spent on its "motion to amend scheduling order" on July 8 and 9 (*see* Doc. 177-1 at 3), even though the Court granted Yankton's motion on June 25 – over two weeks earlier. *See* Doc. 107. Those time entries should therefore be excluded.

billing rate individuals. Two partners performed much of the same work.[7] *See* Anderson Decl., ¶s 6-7.

Plaintiffs' objections to the Report and Recommendation focused on the recommendation to exclude the majority of their damages claim. *See id.*, ¶9. Fewer than six pages of Yankton's objections addressed the motion to compel production of documents. *See* Doc. 131 at 21-27.

Yankton continued its duplicative, unreasonable and excessive practices in responding to Plaintiffs' objections. In August 2025, Yankton's senior counsel spent 16.5 hours simply reviewing the Report and Recommendation, Plaintiffs' objections, and the cases cited. *See id.* at 3-4. Yankton's lead counsel then spent 5.5 hours drafting a response to Plaintiffs' objections "on motion in limine and motion to compel." *Id.* at 4.

Despite having spent 22.0 hours in August, Yankton's two partner-level counsel were not finished with their response to Plaintiffs' objections. In September, Yankton's senior counsel spent 17.5 hours over two days drafting a response. *See id.* at 4. Yankton's senior counsel then turned the opposition over to her co-counsel, who spent 5.7 additional hours, including conducting legal research. *See id.* Yankton may not recover for such duplicative work. *See, e.g., Signature Fin.*, 2018 U.S. Dist. LEXIS 22978, at *10. Fewer than three pages of Yankton's response – ten percent (10%) of its total length – addressed the motion to compel relating to the document requests. *See* Doc. 141 at 27-29. Again, none of the services were performed at the associate or paralegal level.

Yankton's partner-level counsel incurred an astonishingly excessive number of hours in preparation for the hearing on Plaintiffs' objections. In September and October 2025, Yankton's counsel spent 19.3 hours preparing for a hearing where the focus was Plaintiffs' objections to the

---

[7] Yankton's two partner-level attorneys each spent time reviewing and analyzing Plaintiffs' opposition. *See* Doc. 177-2 at 3 (entries for July 7 and 8). Each of them spent time drafting the reply brief, often on the same day. *See id.* (entries for July 8, 9, 11). The Court should not allow such inefficient and duplicative work.

recommendation to exclude its damages. *See* Doc. 177-2 at 4. The hearing lasted less than two hours and most of it was focused on Yankton's unsuccessful motion to exclude. Anderson Decl., ¶12. *See generally* Doc. 169. By the time of the hearing, Plaintiffs had produced documents responsive to all but two of the document requests in issue. Anderson Decl., ¶11. The motion to compel was not seriously contested at oral argument. *See* Doc. 169 at 65 ("It sounds like [Plaintiffs' counsel] is conceding on our motion to compel."). Yet, Yankton's counsel seeks reimbursement for 2.3 hours for attendance at the oral argument – longer than the hearing lasted. *See* Doc. 177-2 at 4 (entry for October 2); Doc. 169 at 3, 76 (hearing began at 9:33am and ended at 11:23am). Thus, simply in connection with a hearing focused on its unsuccessful motion to exclude, Yankton seeks to recover 21.6 hours – a clearly excessive and unreasonable number. *See id.*; Anderson Decl., ¶12.

Finally, Yankton spent 5.5 hours preparing its Application. *See id.* But its Application and supporting declaration are essentially duplicates of each other. Most of what appears in its Application is repeated in its declaration. *Compare* Doc. 177 *with* Doc. 177-1. Given that nearly all of the hours submitted are non-compensable – because they are unrelated to its partially-successful motion to compel or excessive or both – the amount of time Yankton spent on its Application is excessive. Yankton should not be awarded time spent pursuing a fees award where nearly all – if not all – of the time it submitted should be excluded.

D. <u>Yankton's Time Unrelated to Its Partially-Successful Motion to Compel Should be Excluded.</u>

This Court must reduce Yankton's Application to exclude time related to its unsuccessful motion to exclude Plaintiffs' damages calculations and the motion to amend the discovery deadlines. Additionally, the time allocable to its motion to compel must be further reduced to reflect the fact that it prevailed on only four of the five document requests which it moved to compel.

Attempting to remove time unrelated to Yankton's partially successful motion to compel forces this Court into the realm of impermissible speculation and guess. It would be unfair to Plaintiffs for the Court to engage in such speculation. *See Wilbur-Ellis*, Doc. 213 at 9. Nevertheless, if the Court decides to engage in guesswork, this Court's decisions provide some guidance. In *Haukaas*, the plaintiff requested fees for 72.1 hours for work by three attorneys and one paralegal. *Haukaas*, 2022 U.S. Dist. LEXIS 95573, at *25. The Court noted that cases in which over 50 hours of time were found reasonable involved complex issues, lengthy briefs, and three times as many discovery requests as in this case. *Id.* at *27. Considering that the motion concerned "only six discovery requests," the length of the briefs and number of exhibits, the court in *Haukaas* determined that no more than 30 hours was reasonable, rather than the 72.1 hours submitted. *Id.* at *28. The court then further reduced the award by two-thirds, because the plaintiff only prevailed on two of the six discovery requests in issue. *Id.* at *29.

In *Jim Hawk Truck-Trailers*, the plaintiff sought an award for 60.7 hours. *Jim Hawk Truck-Trailers*, 2023 U.S. Dist. LEXIS 22971, at *5. The court first deducted 22.6 hours spent prior to drafting the motion to compel. *See id.* at *7-11, 21. It then reduced the remaining 38.1 hours by 42.68%, representing the percentage of document requests on which the plaintiff prevailed. *Id.* at *16-17. In doing so, the Court stated that 38.1 hours, "is on the higher side," but justified that amount because the case involved complex issues, and was more than a "run of the mill" contract case. *Id.* at *21.

In *Wilbur-Ellis*, the District Court affirmed the Magistrate Judge's rejection of all time spent prior to actual preparation of the motion to compel and time entries that were block-billing or vague. *Wilbur-Ellis*, 2025 U.S. Dist. LEXIS 198944, at *19-28. The Magistrate Judge found that elimination of those time entries sufficiently accounted for the fact that the plaintiff had not

entirely prevailed on its motion to compel. *Wilbur-Ellis*, Doc. 213 at 11-12. While the plaintiff requested an award for 77.4 total hours, the Court ultimately allowed only 40.4 hours. *Id.* at 5-6, 12. In doing so, the Magistrate Judge noted that the plaintiff's motion included seventeen discovery matters, and therefore 40.4 hours was reasonable. *Id.* at 12.

Here, Yankton's proposal to reduce the number of hours submitted from June through October 2025 by 50% is patently unreasonable and insufficient. Yankton provides no analysis or justification for such a reduction. *See* Doc. 177 at 6. Yankton's proposed reduction is untethered to any facts, other than Yankton's "say-so." Acceptance of Yankton's proposed reduction would require this Court to ignore the multiple deficiencies and excesses with Yankton's Application and the number of hours submitted. Acceptance would encourage parties to submit grossly inflated fee requests which then could be reduced by a still insufficient percentage, giving the patina of reasonableness. This Court should not accept Yankton's arbitrary 50% reduction in its Application. *See Haukaas*, 2022 U.S. Dist. LEXIS 95573, at *29 (rejecting applicant's proposed one-third reduction because no reasoning provided for that amount).

Additionally, any remaining hours should be reduced by 20%, to reflect the fact that Yankton only prevailed on 4 of 5 document requests on which it moved. Yankton is only entitled to fees to the extent it ultimately prevailed on its motion to compel.

### III.    Yankton Should be Awarded at Most a Fraction of the Amount Requested in Its Application, If Any.

Removal of the pre-motion 16.0 hours submitted by Yankton, as well as the entries that represent block-billing or are so vague as to invite speculation and guess as to how much time actually was spent on the partially successful motion to compel (102.9), leaves .3 hours of compensable time, or $57. Many of those time entries should be eliminated for other reasons as well. *See supra* notes 1, 6, 7; Sections II. C. & II. D. While appearing a harsh result, it is the correct

14

and appropriate outcome given Yankton's failure to submit detailed time entries limited to its partially successful motion to compel as directed by the Court. It is also reflective of the fact that nearly all of the work after submission of its initial motion (the majority of which related to its unsuccessful motion to exclude), related to Plaintiffs' objections to the exclusion of their damage claims. It also is justified by the incredible 17.9 hours Yankton submitted for preparing for a less than 2-hour oral argument, nearly all of which was devoted to the entirely unsuccessful motion to exclude. Yankton should not be permitted to submit a patently unrealistic, excessive and unreasonable Application. A different result would require this Court to ignore this District's prior precedential decisions and would necessitate guesswork and charting a new, never-before trod path for fee applications.

Yankton asks this Court to engage in impermissible speculation and guess, contrary to the very recent decisions in *Wilbur-Ellis*. Even if its request is not rejected outright, Yankton is at best entitled to a fraction of the fees requested.

First, this Court should eliminate the 16.0 hours incurred by Yankton prior to beginning work on its motion to compel and motion in limine, consistent with multiple prior decisions of this District. This reduces Yankton's submission to 103.2 hours.

Second, it should exclude all of the time entries that mention or refer to its unrelated motion to extend deadlines or to other unrelated topics. These are the entries for: June 10 (.8 hour); June 13 (.5 hour); July 8 (.8 hour); July 8 (2.0 hours); July 9 (3.2 hours); and September 10 (.3 hour). Next, it should eliminate duplicative time entries, in which Yankton's two partner-level counsel performed the same or similar tasks. These entries include July 8 (.8 hour); July 9 (3.2 hours (already deducted)); July 9 (1.5 hours); July 11 (1.5 hours); September 4 (4.5 hours); September 4

15

(1.2 hours); and September 19 (1.4 hour). These entries total 18.5 hours, and reduces Yankton's submission to 84.7 hours.

Third, the facially excessive 17.9 hours in October 2025 incurred preparing for and appearing at the hearing on October 3 should be reduced to no more than 3.0 hours. This reduces Yankton's submission to 69.8 hours. Additionally, the Court should reduce the 5.5 hours Yankton spent on its Application by 2.5 hours, given the excessive hours submitted. This reduces Yankton's hours to 67.3.

Finally, the Court should then reduce these hours to reflect the fact that most of the time submitted by Yankton relates in whole or in part to its entirely unsuccessful motion to exclude. Given the focus of Plaintiffs' objections, and Yankton's response to those objections, were on the unsuccessful motion *in limine*, the Court should reduce the remaining hours by 80%, to no more than 13.5 hours.[8] Those hours should then be reduced by 20%, because Yankton did not prevail on one of the five document requests on which it moved to compel. This results in a fee award to Yankton of no more than 10.8 hours, or $2,052, before any further reductions in light of the use of two partner-level counsel, because some amount of the work could and should have been done at the associate attorney or paralegal levels. *See* Anderson Decl., ¶s 12-13. This amount is consistent with prior decisions of this Court and the fact the four document requests on which Yankton ultimately prevailed did not present any complex or difficult issues. They were entirely "run-of-the-mill." *Haukaas*, 2022 U.S. Dist. LEXIS 95573, at *27.

---

[8] The Court should also consider the fact that Plaintiffs' objections to Request Nos. 26 and 30 were substantially justified. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii); Anderson Decl., ¶10; Doc. 131 at 23-25. *See also* Doc. 85 at 7 (granting Plaintiffs' motion to compel against Yankton and its co-defendant, but declining to award attorneys' fees because their refusal to produce documents was substantially justified). This fact further militates against the excessive amount of fees sought in Yankton's Application.

## <u>CONCLUSION</u>

For the foregoing reasons, Yankton's Application should be denied in its entirety. If the

Court awards any fees, Yankton's Application should be reduced to less than $2,052.


Dated: February 23, 2026.

*/s/ Patrick L. Sealey*
Patrick L. Sealey AT0007085
HEIDMAN LAW FIRM, P.L.L.C.
1128 Historic Fourth Street
P.O. Box 3086
Sioux City, IA 51102
Tel: (712) 255-8838
Fax: (712) 258-6714
Email: Patrick.Sealey@heidmanlaw.com

and

Alan M. Anderson (MN Bar #149500)
(admitted *pro hac vice*)
L. Reagan Florence (MN Bar #0396468)
(admitted *pro hac vice*)
ALAN ANDERSON LAW FIRM LLC
11100 Wayzata Blvd., Suite 545
Minneapolis, MN 55305
Tel: 612-756-7010
Fax: 612-756-7050
Email: aanderson@anderson-lawfirm.com
      rflorence@anderson-lawfirm.com

*Attorneys for Plaintiff Reliance Telephone of Grand Forks Incorporated and Reliance Systems Inc.*