**IN THE UNITED STATES DISTRICT COURT
FOR SOUTH DAKOTA**

| | |
|---|---|
| RELIANCE TELEPHONE OF GRAND FORKS INCORPORATED, a North Dakota corporation, | )<br>)<br>)<br>) |
| and | ) |
| RELIANCE SYSTEMS INC., a Nevada corporation, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) |
| YANKTON COUNTY, SOUTH DAKOTA, | )<br>) |
| and | )<br>) |
| NETWORK COMMUNICATIONS INTERNATIONAL CORP., a Texas corporation, | )<br>)<br>) |
| Defendants. | )<br>) |

Civil No. 4:24-cv-04098-ECS

**PLAINTIFFS' MEMORANDUM
IN SUPPORT OF THEIR
MOTION TO EXCLUDE
NCIC'S EXPERT WITNESS**

This Memorandum is submitted on behalf of Plaintiffs Reliance Telephone of Grand Forks Incorporated ("Reliance Telephone") and Reliance Systems Inc. ("Reliance Systems") (collectively, "Plaintiffs") in support of their Motion to Exclude Defendant Network Communications International Corp.'s ("NCIC") expert witness, Lee G. Petro ("Petro"). This Court should exercise its "gatekeeping" function pursuant to Fed. R. Evid. 702 and 703, and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny and exclude Petro from providing evidence or testifying as an expert witness in this action.

Petro's proffered opinions are not relevant to any issue in question. Rather than offer an opinion on the issue addressed by Plaintiffs' expert, Petro provided his personal opinion on an

issue that has no relevance to this action. Petro's primary opinion therefore offers no assistance to the jury in deciding the facts of this case. Beyond this critical defect, Petro did not review the relevant evidence. His opinion is based on a review of a webpage screenshot, unrelated to Yankton County, from an entirely different time period. Petro's analysis thus is untethered from the facts of this action. Petro's opinion is just his personal opinion from reviewing the irrelevant screenshot. He offers no opinion based on specialized skill or knowledge. Petro's attempt to opine on what the law requires impermissibly invades the Court's prerogative to instruct the jury on the law. Finally, his opinion regarding the credibility of Plaintiff's expert witness is not permissible. Credibility determinations are entirely the province of the jury. For these reasons, the Court should exclude Petro from providing any evidence or testifying at all at the trial of this action.

## SUMMARY OF RELEVANT FACTS

Plaintiffs' claims against NCIC are for violation of the Lanham Act, 15 U.S.C. §1125, and tortious interference with business relationships. *See* Doc. 28 (Amended Complaint), ¶s 106-119. Plaintiffs claims are based, in part, on false and misleading statements made by representatives of NCIC to representatives of Yankton County, which caused Yankton County to prematurely and improperly terminate its business relationships with Plaintiffs. *See generally* Doc. 1. One of the false and misleading statements made by NCIC accused Plaintiffs of illegal behavior. Specifically, NCIC repeatedly told Yankton County's representatives that Plaintiffs were illegally charging telephone communication rates in excess of the maximum permitted by the Federal Communications Commission (FCC). *Id.*, ¶s 39, 46.

NCIC knew of Yankton County's business relationships with Plaintiffs. NCIC understood it would have to convince Yankton County to terminate its relationships with Plaintiffs early, even though Plaintiffs' contracts did not contain any provision permitting early termination. *See* the

2

Declaration of L. Reagan Florence ("Florence Decl.,") dated June 3, 2026, ¶s4-7, Ex. C at 33:7-9; 54:9-12; 54:20-55:22; 56:15-21; 59:13-19; 62:24-63:8; 72:10-20; 74:23-75:1; 75:23-76:9; 77:4-8; 78:4-79:20 92:4-94:25; 95:10-23; 96:15-22; 98:5-9; 118:24-119:5; Ex. B at 68:5-9; Ex. D at 74:23-75:6; 75:20-25; 76:12-19; 98:1-5; Ex. E at 51:6-52:8; 133:3-10; 173:14-174:11; 181:1-25.[1] NCIC prepared letters for Yankton County falsely asserting that Plaintiffs were unlawfully charging Yankton County and its inmates rates and fees in excess of those permitted by applicable FCC regulations. *See id.*, ¶s 6-8, 10-13, Ex. F at 81:16-21; 82:14-15; 126:10-127:2; 168:21-169:8; 200:15-22; Ex. D at 14:20-15:4; Exs. H, I, J, K. NCIC's false statements were based entirely on its review of certain Reliance Telephone webpages relating to Yankton County. However, the information on the website pages indicated that Reliance Telephone was compliant with FCC regulations. *See id.*, ¶s 4-5, 7, 9, 12, 22; Exs. J, T; Ex. C at 26:5-7; 26:12-18; 27:10-19; 114:9-17; 115:11-22; Ex. E at 38:8-21; 47:10-48:9; 99:13-100:15; 102:5-104:6; 106:16-24; 107:10-108:6; 112:20-113:3; 117:8-22; 145:16-25; Ex. G at 142:13-23; 148:10-149:5; 150:18-21; 151:17-21; 156:9-157:22; 158:17-159:1; 177:4-178:7; 193:10-13 [filed under seal]; Ex. B at 61:2-13. NCIC did not conduct any investigation or research to determine whether Plaintiffs were in fact charging Yankton County's inmates rates in excess of those permitted by the FCC. *See id.*, ¶s 5-6, Ex. C at 26:5-7; 26:12-18; 27:10-19; Ex. D at 91:1-4; 91:25-92:4; 94:19-22; 100:6-101:12.

NCIC also made these false and highly damaging statements to Yankton County in separate emails on multiple occasions. *See id.*, ¶s 14-16, 20; Exs. L, M, N, R. NCIC even told Yankton County that Plaintiffs were "flat-out lying about violating FCC rate caps." *Id.*, ¶17, Ex. O. Subsequent letters drafted by NCIC for Yankton County's use repeated the false and damaging

---

[1] All cited deposition exhibits and deposition excerpts are attached to the Declaration of L. Reagan Florence, dated June 3, 2026.

3

charges. *See id.,* ¶s 18-19, Exs. P, Q. In a remarkable display of candor, NCIC's president told his employees regarding the company's efforts to induce Yankton County to improperly end its business relationships with Plaintiffs, "We will probably be ok if we don't try to get more to terminate early.☻☻" *Id.,* ¶21, Ex. S. NCIC's director of marketing immediately agreed with the president's assessment. *Id.*

Given the complex and technical methodologies involved in calculating the rates charged by Reliance Telephone to ensure compliance with FCC regulations, Plaintiffs' presented their president, Dave Hangsleben ("Hangsleben"), as an expert witness. Hangsleben's initial expert report carefully reviewed and explained Reliance Telephone's rate calculation methodology. *See* Florence Decl., ¶24, Ex. V at ¶29(a), 31-48 [filed under seal]. Hangsleben opined, "Reliance Telephone and Reliance Systems were at all times charging fees in accordance with FCC regulation 47 CFR Part 64 (*WC Docket No. 12-375; FCC 15-136*)." Ex. V at ¶29(a).

In response, NCIC presented a report prepared by its long-time attorney, Petro. Petro has represented NCIC in FCC-related matters since 2018.[2] NCIC is a client Petro would like to retain. Florence Decl., ¶3, Ex. A at 16:21-17:8. He regularly advocates for NCIC in proceedings before the FCC. *Id.,* 18:6-13. Petro was "asked to analyze and determine whether the alleged statements by certain NCIC employees regarding the Plaintiffs' practice of charging more than $0.21 per minute accurately reflected the FCC's rules." Florence Decl., ¶s 3, 23; Ex. U at 3; Ex. A at 39:2-14.

However, Petro did not answer or analyze the question presented. He made no attempt to determine whether or not Reliance Telephone was, in fact, charging rates in excess of those

---

[2] Petro's expert report fails to comply with Fed. R. Civ. P. 26(a)(7). *See generally* Florence Decl., ¶23, Ex. U (failing to disclose list of publications for previous 10 years); *Id.,* ¶3, Ex. A at 133:1-17.

permitted by FC regulations. *Id.*, ¶3, Ex. A at 40:5-20; 65:20-66:10. Petro did not review any of the webpages NCIC allegedly relied on in making the false and disparaging statements about Plaintiffs charging excess rates. *Id.*, Ex. A at 42:1-43:14; 53:2-11. Instead, Petro reviewed a screenshot of a page from Reliance Telephone's website relating to the Barnes County Jail, located in Valley City, North Dakota, <u>not</u> Yankton County. The screenshot was given to him by an NCIC employee in connection with preparing an FCC submission on behalf of NCIC. *Id.*, ¶s 3, 23; Ex. U, Appendix II; Ex. A at 40:12-41:5; 46:21-48:17; 51:4-11. The screenshot on which Petro based his analysis, therefore, is not the webpage NCIC allegedly reviewed in making its false assertions regarding Plaintiffs' compliance with FCC pricing regulations.

Rather than answer the pertinent question of whether or not Plaintiffs were charging rates in excess of those permitted by the FCC – as repeatedly asserted by NCIC – Petro instead answered a different, and irrelevant question. Petro assessed the adequacy of the disclosure on the Barnes County Jail webpage. *Id.*, ¶3, Ex. A at 93:3-94:19; 125:12-14; 126:10-127:9; 131:2-15. He opined that, "the Plaintiffs provided the public with inconsistent information regarding the two IPCS calling products offered for sale on their website." *Id.*, ¶23, Ex. U at 7.

He also opined, "that the plaintiff's website did not provide to the public any information as to what individual charges would be considered as applicable taxes," These opinions were his personal opinions based on his personal reading of the webpage. *Id.*, ¶3, Ex. A at 95:21-97:10; 104:6-15. In reaching his personal opinion, Petro did not interview or ask any customers about their understanding or impressions relating to the one screenshot for Barnes County, North Dakota, that he reviewed. *Id.*, Ex. A at 97:21-98:8. In fact, Petro has no knowledge whether any Yankton County customer ever reviewed any webpage of Reliance Telephone relating to telephone charges. *Id.*, Ex. A at 99:7-11.

Petro also provided his personal views on various FCC regulations and how they should be interpreted or applied. In his expert report, Petro offers his interpretation regarding "the FCC's rules, set forth in Subpart FF of Part 64 of Title 47 of the Code of Federal Regulations." Florence Decl., ¶23, Ex. U at 4. He also opines regarding the "requirements set forth in Section 64.6110 to display the rates and all Ancillary Fees charged to the customer, ...." *Id.* at 5. Petro's statements regarding the FCC rules is his interpretation of them. *Id.*, ¶3, Ex. A at 70:17-71:3

Finally, in addition to providing personal opinions on a question other than that in issue, Petro opines as to the credibility of Hangsleben's expert opinion. *Id.*, Ex. A at 105:1-14; 122:12-123:1. *See id.,* ¶23, Ex. U, at 6-7. He concluded that there are "serious questions on the reliability of Hangsleben's expert opinion."

## ARGUMENT

### I.    The Court's Role as "Gatekeeper".

Federal Rule of Evidence 702 imposes a strict gatekeeping obligation on courts to ensure that expert testimony "rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597. Expert testimony is admissible only when the proponent establishes, by a preponderance of the evidence, that the witness is qualified, the testimony is reliable, and the testimony fits the issues in the case. Fed. R. Evid. 702. *See Union Fac. R.R. v. Progress Rail Servs. Corp.*, 778 F.2d 704, 709 (8th Cir. 2015); *Schneider ex rel. Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003). "Under Rule 702, the trial judge acts as a 'gatekeeper' screening evidence for relevance and reliability." *Sancom, Inc. v. Qwest Communs. Corp.*, 683 F. Supp. 2d 1043, 1050 (D.S.D. 2010). *See Daubert*, 509 U.S. at 583. Courts must exclude expert opinions that are speculative, unsupported, irrelevant, or that impermissibly offer legal conclusions. Expert

6

testimony must also not "usurp the exclusive function of the jury to weigh the evidence and determine credibility." *United States v. Hill*, 749 F.3d 1250, 1260 (10th Cir. 2014).

"Trial judges are tasked with a gatekeeping role to 'ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" *Shipp v. Murphy*, 9 F.4th 694, 700 (8th Cir. 2021) (quoting *Daubert*, 509 U.S. at 597). In performing that role, the court must evaluate whether the expert evidence reflects "the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). Expert testimony must also "'fit', in that it must assist the trier of fact." *Oddi v. Ford Motor Co.*, 234 F.3d 136, 145 (3d Cir. 2000). The "fit" requirement demands a showing of relevance or helpfulness and "a valid scientific connection to the pertinent inquiry as a precondition to admissibility." *Id.* at 144 n.12. *Daubert* further instructs that trial judges must be mindful of the outsized influence expert testimony can have on juries, cautioning that "[e]xpert evidence can be both powerful and quite misleading because of the difficulty in evaluating it." *Daubert*, 509 U.S. at 595. "Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 ... exercises more control over experts than over lay witnesses." *Id.* Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Id.* at 591.

The Eighth Circuit has established a three-part test when exercising its function as gatekeeper under Rule 702. First, the testimony must be relevant and useful to the factfinder. Second, the expert must be qualified to assist the factfinder. Finally, the testimony must be "reliable," such that if the factfinder accepts it as true, it provides the assistance the factfinder needs. *In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 9 F.4th 768, 777 (8th Cir. 2021); *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001).

## II.     This Court Should Exercise Its Role as Gatekeeper and Exclude Petro's Expert Testimony in Its Entirety.

This Court should exclude Petro's expert testimony in its entirety for multiple reasons. First, his opinion relating to the clarity of the information on a single screenshot from a webpage relating to a county jail other than Yankton is not relevant to any of the issues in this action. Petro has not offered any opinion on whether or not Plaintiffs were charging rates in excess of those allowed under FCC regulations, as asserted by NCIC. Second, even if Petro's opinion on the adequacy of the disclosure on a webpage was relevant to any of the issues in this action, it is not helpful to the factfinder because it is based on a review of a screenshot from a webpage for a different county jail in a different state. It therefore does not address or shed any light on the sufficiency of the webpages on which NCIC claims to have based its representations of illegality.

Third, Petro's analysis is simply his personal opinion, i.e., his own review of the unrelated screenshot. He conducted no interviews or surveys. It is just his *ipse dixit* under the guise of expert testimony. If the adequacy of the information on the Barnes County, North Dakota, screenshot Petro reviewed is somehow relevant, the factfinders can just as easily look at the webpage and draw their own opinions on the clarity of the information presented.

Next, to the extent he is offering any opinions on the meaning of FCC regulations or how they should be interpreted or applied, Petro is barred from offering such views. Any such opinions improperly invade the exclusive province of this Court to instruct the jury on the law or legal requirements.

Finally, Petro's opinions regarding the credibility of Plaintiffs' expert witness should be precluded. Credibility determinations are the function of the factfinders. An expert witness may not provide their personal views on whether or not another expert should be believed. Such credibility testimony is inadmissible and not helpful.

8

A.    Petro's Opinion is not Relevant to Any Issue in this Case.

To be relevant, an expert's testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue." *Faria v. McCarrick*, 2019 WL 4695993, at 15 (E.D. Mo. Sept. 26, 2019). "The testimony must relate 'to an issue in the case.'" *Dunne v. Res. Converting, LLC*, 2022 U.S. Dist. LEXIS 105922, at *6 (E.D. Mo. June 14, 2022) (quoting *Faria*, 2019 WL 4695993, at *15). "Otherwise, it is irrelevant and inadmissible." *Id. See* Fed. R. Evid. 402.

The pertinent issue in this action is the accuracy of NCIC's representations to Yankton County that Plaintiffs were charging rates in excess of those allowed by FCC regulations. *See* Doc. 28, ¶s 39, 46. That is the subject of Plaintiffs' expert opinion. *See* Florence Decl., ¶24, Ex. V at ¶29(a), 31-48 [filed under seal].

However, Petro did not address that issue. *See id.,* ¶3, Ex. A at 65:12-66:10; 92:6-94:1. Instead, he rendered his personal opinion on the adequacy of Plaintiffs' disclosure based on a screenshot of a webpage relating to the Barnes County Jail in North Dakota. *See, e.g., id.*, Ex. A at 63:7-12; 95:11-15; 131:2-15. Petro confirmed that he is not aware of any statements by any NCIC representative claiming that Reliance Telephone's disclosures on any webpage were adequate or compliant with FCC regulations. *Id.*, Ex. A at 76:4-9. Petro does not know whether any of Plaintiffs' rates were in excess of those permitted by FCC rules. *Id.*, Ex. A at 92:6-12; 93:16-94:1. In effect, rather than confront the opinion of Plaintiffs' expert witness – rather than admit that NCIC's representations to Yankton County were false and misleading – Petro side-stepped the issue and opined on a completely irrelevant question of his choosing that has nothing to do with any issue in this action. As a result, Petro's opinion as to the adequacy or sufficiency of Reliance Telephone's information based on reviewing a screenshot of a webpage relating to the Barnes County Jail in North Dakota should excluded. It will not be helpful to the factfinders and is irrelevant and inadmissible.

B.    <u>Petro's Opinion is not Based on Relevant Evidence.</u>

"If an expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury, it must be excluded." *Neb. Plastics, Inc. v. Holland Colors Ams., Inc.*, 408 F.3d 410, 416 (8th Cir. 2005). "An expert opinion is fundamentally unsupported when it 'fails to consider the relevant facts of the case.'" *Hogan Logistics, Inc. v. Davis Transfer Co.*, 2018 U.S. Dist. LEXIS 3600, at *7 (E.D. Mo. Jan. 9, 2018) (quoting *Neb. Plastics*, 408 F.3d at 416).

Here, Petro did not consider or review any of the relevant deposition testimony that was available prior to reaching his opinions. *See* Florence Decl., ¶3, Ex. A at 32:17-34:3. He did not review or consider any of the pertinent deposition exhibits – most significantly the screenshots from Reliance Telephone's webpage relating to the Yankton County Jail that NCIC relied on in stating repeatedly that Plaintiffs were charging illegal rates. *Id.*, Ex. A at 53:2-11. Instead, Petro solely and exclusively considered a screenshot from a webpage relating to the rates Reliance Telephone charged the Barnes County Jail in Valley City, North Dakota. Florence Decl., ¶s 3, 23; Ex. U, Appendix II; Ex. A at 50:11-51:7; 94:8-15; 125:12-14; 126:10-127:9; 131:2-15. Petro admitted he does not know if any of the rates listed for Barnes County were applicable to Yankton County. *Id.*, ¶3, Ex. A at 77:21-78:5.

The screenshot of a webpage relating to the Barnes County Jail in North Dakota from July 2023 has no relevance to the actual webpages that NCIC claims it relied on for its representations that Plaintiffs were charging Yankton County illegally high rates. It also has no relevance to the adequacy of the information conveyed on Reliance Telephone's webpage relating to Yankton County. The screenshot on which Petro based his opinion is for a different jail in a different state and was not reviewed, used or considered by NCIC in telling Yankton County that Plaintiffs were charging unlawful rates in order to induce Yankton County to improperly terminate its business

10

relationships with Plaintiffs. Petro's opinion regarding the adequacy of the information contained on an irrelevant screenshot is, "fundamentally unsupported" and so should be excluded by this Court.

C.    Petro's Personal Opinions are Not Admissible.

"An expert's opinion is subject to being rejected if it is substantially based upon the expert's subjective belief or unsupported speculation." *Dunne*, 2022 U.S. Dist. LEXIS 105922, at *6. A court is not required, "to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). "Expert testimony is appropriate when it relates to 'issues that are beyond the ken of people of ordinary experience.'" *United States v. Clapp*, 46 F.3d 795, 802 (8th Cir. 1995). *See Aviva Sports, Inc. v. Fingerhut Direct Mktg.*, 829 F. Supp. 2d 802, 827 (D. Minn. 2011) (excluding "expert's testimony that pictures are important and convey product characteristics ... [because it] does not assist the jury. This is common sense and well within the knowledge or experience of lay people.").

Here, Petro's opinion as to the adequacy of Plaintiffs' disclosures on the Barnes County, North Dakota, webpage is nothing more than his personal opinion – his *ipse dixit*. Petro testified that his opinion on the adequacy of Plaintiffs' disclosure of the advertised rates, based on the screenshot relating to the Barnes County Jail, is his personal opinion, based on his review of that single page. Florence Decl., ¶3, Ex. A at 95:11-97:10; 104:6-15. Petro did not conduct any interviews or surveys or ask any customers their understanding or impressions relating to the page from Barnes County, North Dakota. *Id.*, Ex. A at 97:21-98:8. Petro's views regarding the sufficiency or adequacy of Plaintiffs' disclosure of advertised rates on a webpage for a different jail in a different state are of no use to factfinders. Any factfinder can look at the irrelevant webpage

11

and draw their own conclusions regarding the sufficiency of the information disclosed. There is nothing special or technical about drawing one's own conclusions about what a webpage conveys.

Further, Petro made no attempt to add any specialized knowledge or research to his analysis. He did not conduct any surveys or ask relevant users what they understood from seeing the Barnes County, North Dakota, webpage. *Id.*, Ex. A at 97:21-98:8. His opinion is nothing more than his "say so," and so should be excluded on this basis as well.

D.    Petro May Not Offer Opinions Interpreting FCC Regulations, Their Application, or Whether Plaintiffs Violated Them.

Petro intends to provide his interpretation regarding several FCC regulations. *See* Florence Decl., ¶s 3, 23; Ex. U at 4, 5; Ex. A at 70:17-71:3. The Court should exclude all such opinions, attempts to interpret the regulations, or whether Plaintiffs violated any FCC regulation.

"'[E]xpert testimony on legal matters is not admissible' because '[m]atters of law are for the trial judge, and it is the judge's job to instruct the jury on them.'" *United States v. Bull*, 8 F.4th 762, 768 (8th Cir. 2021) (quoting *S. Pine Helicopters, Inc. v. Phx. Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003)). An expert may not instruct the jury on the law, interpret legal documents, or opine on whether a party complied with legal duties. *See, e.g., Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 217-18 (3d Cir. 2006); *United States v. Lumpkin*, 192 F.3d 280, 289 (2d Cir. 1999). *See also United States v. Melcher*, 672 F. App'x 547, 552 (6th Cir. 2016) (an expert offers an improper "legal conclusion when he defines the governing legal standard....").

Petro also may not testify on whether or not Plaintiffs violated any FCC regulations. *See Manes' Pharm., Inc. v. AmerisourceBergen Drug Corp.*, 2024 U.S. Dist. LEXIS 130056, at *12-13 (W.D. Ark. July 23, 2024) (excluding proposed expert testimony on interpretation of regulations and whether the regulations were violated); *Langenbau v. Med-trans Corp.*, 167 F. Supp. 3d 983, 1004 (N.D. Iowa 2016) (experts "cannot 'properly testify as to whether a regulation was

violated.'") (quoting *Cowden v. BNSF Ry. Co.,* 2013 WL 5442926, at *6 (E.D. Mo. Sept. 30, 2013)). Accordingly, Petro's opinions interpreting FCC regulations, views on how they should be applied, and whether or not Plaintiffs violated or complied with them should be entirely excluded.

E.      Petro May Not Offer Opinions on the Credibility of Plaintiffs' Expert Witness.

Petro intends to offer his opinion as to the credibility of Plaintiffs' expert. Rather than address the actual issue – whether or not Plaintiffs' were charging rates in excess of those permitted by the FCC, as NCIC told Yankton County – Petro plans to provide his personal view regarding the Hangsleben's credibility. Petro claims that there are "serious questions on the reliability of Hangsleben's expert opinion…." Florence Decl., ¶23, Ex. U at 7. Petro admits he intends to comment on Hangsleben's credibility. *Id.,* ¶3, Ex. A at 105:1-14; 122:12-123:1.

An expert witness may not tell the jury which evidence is credible, which conclusions are correct, or how to resolve factual disputes. *See, e.g., United States v. Hill,* 749 F.3d 1250, 1260 (10th Cir. 2014); *Westcott v. Crinklaw,* 68 F.3d 1073, 1076 (5th Cir. 1995). Petro's intended testimony regarding the reliability of Hangsleben's expert opinion or his credibility is not admissible. Petro, "is simply telling the factfinder how to weigh the evidence." *Grant Holdings, Inc. & Energique, Inc. v. JB7, LLC,* 2025 U.S. Dist. LEXIS 256229, at *15-16 (S.D. Iowa Sept. 22, 2025). *See Nichols v. Am. Nat. Ins. Co.,* 154 F.3d 875, 884 (8th Cir. 1998). Any such testimony is not permitted. This Court therefore should exclude Petro's opinions regarding Hangsleben's credibility and reliability.

**CONCLUSION**

For the foregoing reasons, Plaintiffs Reliance Telephone of Grand Forks Incorporated and Reliance Systems, Inc. respectfully request that the Court grant their motion, and exclude entirely

13

Defendant Network Communications International Corp.'s expert witness, Lee G. Petro, from providing evidence or testifying as an expert witness in this action.

Dated: June 3, 2026.

Patrick L. Sealey AT0007085
HEIDMAN LAW FIRM, P.L.L.C.
1128 Historic Fourth Street
P.O. Box 3086
Sioux City, IA 51102
Tel: (712) 255-8838
Fax: (712) 258-6714
Email: Patrick.Sealey@heidmanlaw.com

and

Alan M. Anderson (MN Bar #149500)
(admitted *pro hac vice*)
L. Reagan Florence (MN Bar #0396468)
(admitted *pro hac vice*)
ALAN ANDERSON LAW FIRM LLC
11100 Wayzata Blvd., Suite 545
Minneapolis, MN 55305
Tel: 612-756-7010
Fax: 612-756-7050
Email: aanderson@anderson-lawfirm.com
          LRForence@anderson-lawfirm.com

*Attorneys for Plaintiff Reliance Telephone of Grand Forks Incorporated and Reliance Systems*

14