## IN THE UNITED STATES DISTRICT COURT
## FOR SOUTH DAKOTA

RELIANCE TELEPHONE OF GRAND
FORKS INCORPORATED,
a North Dakota corporation,

and

RELIANCE SYSTEMS INC.,
a Nevada corporation,

Plaintiffs,

v.

YANKTON COUNTY, SOUTH DAKOTA,

and

NETWORK COMMUNICATIONS
INTERNATIONAL CORP.,
a Texas corporation,

Defendants.

Civil No. 4:24-cv-04098-ECS

**PLAINTIFFS' REPLY
MEMORANDUM IN SUPPORT
OF THEIR MOTION TO
EXCLUDE NCIC'S EXPERT
WITNESS**

In its opposition memorandum, NCIC dances around the arguments Plaintiffs presented that establish the need to exclude NCIC's expert witness. NCIC tries to muddy the waters, obfuscates, and argues issues Plaintiffs never raised in their memorandum in support of their *Daubert* motion. *Compare* Doc. 195 *with* Doc. 203. Rather than address the merits of Plaintiffs' arguments, NCIC argues about the qualifications of its expert witness, despite the fact that Plaintiffs never argued that Mr. Lee G. Petro ("Petro") was unqualified. Desperate to avoid the exclusion of its expert witness, NCIC finally appeals to the mercy of the Court, contending it would not be "fair" to exclude its expert. *See* Doc. 203 at 12-13. But well-established caselaw shows that the Court should exclude NCIC's expert. Allowing Petro to testify on non-existent, self-concocted,

irrelevant issues would needlessly confuse the jury, contrary to the standards established by *Daubert* and its progeny. No matter how hard NCIC tries, it cannot distract this Court from reviewing the merits, facts, and law in this case. This Court should not be dissuaded from excluding NCIC's expert and his irrelevant and improper opinions in their entirety.

## ARGUMENT

I.    **Petro's Personal Opinion Regarding the Clarity of the Barnes County, North Dakota Webpage Does Not Relate to Any Issue in this Action and Should be Excluded.**

The bedrock principle for the admissibility of expert witness testimony is that it must "be useful to the trier of fact in deciding the ultimate issue of fact." *Berg v. Johnson & Johnson*, 940 F. Supp. 2d 983, 988 (D.S.D. 2013). *See Faria v. McCarrick*, 2019 WL 4695993, at 15 (E.D. Mo. Sept. 26, 2019). "Expert testimony that does not relate to any issue in the case is not relevant and, ergo, not helpful." *Sorenson by & Through Dunbar v. Shaklee Corp.*, 31 F.3d 638, 648 (8th Cir. 1994) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993)). Expert testimony that is not helpful to the factfinder is inadmissible. *See Daubert*, 509 U.S. at 591; Fed. R. Evid. 402. *See also* Doc. 195 at 6-9.

One of the critical false statements made by NCIC's employees to Yankton County was that Plaintiffs were charging illegally high rates in violation of FCC regulations. NCIC based its oft-repeated false statements of "illegality" solely on its cursory review of certain Reliance Telephone webpages relating to Yankton County, despite the fact that those webpages showed that Reliance Telephone was compliant with FCC Regulations. NCIC never conducted any investigation or research to determine whether Plaintiffs were in fact charging Yankton County illegally high rates. *See* Doc. 195 at 3; Doc. 197, Ex. B at 61:2-13; Ex. C at 26:5-7, 26:12-18, 27:10-19, 114:9-17, 115:11-22; Ex. D at 91:1-4, 91:25-92:4, 94:19-22, 100:6-101:12; Ex. E at 38:8-21, 47:10-48:9, 99:13-100:15, 102:5-104:6, 106:16-24, 107:10-108:6, 112:20-113:3, 117:8-22, 145:16-

25; Ex. G at 142:13-23, 148:10-149:5, 150:18-21, 151:17-21, 156:9-157:22, 158:17-159:1, 177:4-178:7, 193:10-13 [filed under seal]; Ex. J; Ex. T.

However, Petro did not offer an opinion on whether Plaintiffs were charging illegal rates in violation of FCC regulations. He never reviewed Reliance Telephone's webpages relating to Yankton County, on which NCIC based its false accusations. Doc. 197, Ex. A at 40:12-41:5, 42:1-43:14, 46:21-48:17, 51:4-11, 53:2-11. Instead, Petro offered an opinion on a different, irrelevant, and undisclosed question: the adequacy of the information disclosed on a Reliance Telephone webpage relating to the Barnes County Jail in North Dakota. *Id.*, Ex. A at 93:3-94:19; 125:12-14; 126:10-127:9; 131:2-15. Petro opined that, "the Plaintiffs provided the public with inconsistent information regarding the two IPCS calling products offered for sale on their website." *Id.*, Ex. U at 7. NCIC agrees that Petro's opinion was regarding the adequacy of Reliance Telephone's information contained on the Barnes County webpage – a webpage that NCIC never reviewed or considered when it made its false accusations of illegal conduct. *See* Doc. 203 at 7.

Whether Reliance Telephone's webpage relating to the Barnes County Jail in North Dakota adequately disclosed Plaintiffs' rates does not "relate to any issue in the case." NCIC makes no attempt to show how Petro's opinion regarding the adequacy of disclosures on a webpage relating to a North Dakota jail is relevant to the Yankton County Jail's webpage. Petro cannot offer a comparison between the two pages, because he never reviewed the Yankton County Jail webpages. Doc. 197, Ex. A at 42:1-43:14, 53:2-11. NCIC only argues generalities regarding the alleged relevance of Petro's opinion. *See* Doc. 203 at 6-8. Petro's opinion will not "be useful to the trier of fact in deciding the ultimate issue of fact." Whether or not the Barnes County Jail webpage – or any webpage – adequately disclosed Plaintiffs' rates is not now, and never has been, an issue in this case.

3

NCIC's interrogatory answers confirm that the adequacy of the information on any webpage is not an issue in this action. When asked, "State the basis(es) for NCIC's statements to Yankton that the Plaintiffs were illegally charging and billing for the services the Plaintiffs were providing to Yankton or its inmates," NCIC answered:

> Subject to and without waiving the foregoing objection, on October 22, 2015, the FCC capped interstate rates at $.21 per minute. On July 28, 2021, the FCC passed a rule that stated if a provider could not identify the jurisdiction of a call to a mobile phone as to whether it was in-state or out-of-state, that provider would have to default to the lower interstate rate of $.21 per minute or less for these calls. The FCC has stated that the total rate cap can never exceed $.21 per minute. Plaintiffs, through its own advertising and promotional materials, its pleadings, and other statements, have asserted and represented that it is charging Yankton's inmates, and others, $.40 per minute for local and in-state calls and $.25 per minute on interstate calls. At no time have Plaintiffs represented that its charged rates comply with the FCC's $.21 per minute rate cap.

Declaration of L. Reagan Florence, dated June 29, 2026, ¶2, Ex. A (answer to interrogatory no. 4). NCIC has never amended or supplemented its answer. *Id.*, ¶3.

Similarly, when asked, "State all facts and Identify all Documents on which [NCIC] rely in defense of Plaintiffs' claims for violation of the Lanham Act or tortious interference with business relationships and the damages claimed by Plaintiffs for each such cause of action," NCIC never claimed that its allegations that Plaintiffs were charging illegal rates were based on any alleged ambiguity in Plaintiffs' webpages for Yankton County, much less for Barnes County, North Dakota. *See id.*, ¶4, Ex. B (answer to interrogatory no. 21). NCIC also has never amended or supplemented this answer. *Id.*, ¶5.

NCIC cannot, after the close of discovery, now claim that its expert may opine on an issue it never raised during discovery. NCIC never asserted that its false accusations that Plaintiffs were violating FCC regulations were based on any "ambiguity" in the Barnes County Jail webpage, much less the Yankton County Jail webpage. The Court should not allow NCIC to confuse the jury by raising a previously-undisclosed argument to justify its wrongful conduct. Petro's proffered

4

opinion fails the first factor under the Eighth Circuit's three-part test to determine the admissibility of an expert's opinion. His testimony will not be relevant and useful to the factfinder. *See, e.g., In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 9 F.4th 768, 777 (8th Cir. 2021); *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001); *Neb. Plastics, Inc. v. Holland Colors Ams., Inc.*, 408 F.3d 410, 416 (8th Cir. 2005); *Hogan Logistics, Inc. v. Davis Transfer Co.*, 2018 U.S. Dist. LEXIS 3600, at *7 (E.D. Mo. Jan. 9, 2018). *See also* Doc. 195 at 8-11.

Moreover, even if NCIC's expert is permitted to opine on an irrelevant, never-previously-disclosed issue, Petro's testimony is purely his *ipse dixit* personal opinion. Petro conducted no interviews or surveys, and never asked any consumers their understanding or impressions relating to the adequacy of the disclosures contained on the Barnes County Jail webpage or any other of Plaintiffs' webpages. Doc. 197, Ex. A at 95:11-97:10, 97:21-98:8, 104:6-15. Petro's personal opinion regarding the clarity of the information contained on the Barnes County Jail webpage requires no expert training or qualifications. Any juror is quite capable of coming to their own conclusion concerning the clarity of the webpage's information regarding rates charged. Indeed, the webpages are directed toward actual and potential users of Plaintiffs' services, not to some allegedly-skilled FCC regulation lawyer. There is nothing technical about what the webpage does nor does not disclose. The Court should exclude Petro's personal, non-expert opinion on an irrelevant, undisclosed justification for NCIC's false statements for this reason as well. *See, e.g., Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997); *United States v. Clapp*, 46 F.3d 795, 802 (8th Cir. 1995); *Dunne v. Res. Converting, LLC*, 2022 U.S. Dist. LEXIS 105922, at *6 (E.D. Mo. June 14, 2022); *Aviva Sports, Inc. v. Fingerhut Direct Mktg.*, 829 F. Supp. 2d 802, 827 (D. Minn. 2011). *See also* Doc. 195 at 11-12.

None of the cases on which NCIC relies support admission of his personal, irrelevant, and previously undisclosed opinion. NCIC's cases state basic principles concerning the general purpose of expert testimony and the usefulness of expert testimony for a jury on a complex issue. *See* Doc. 203 at 6-7. However, Petro's personal opinion on an undisclosed alleged basis for NCIC's wrongful conduct is hardly relevant to an issue "so far removed from the realm of common experience or beyond the ken of the average layman ...." *Krasniqi v. Holdahlt, Inc.*, 2022 WL 612660, at *3 (D.S.D. Mar. 2, 2022). An expert's personal opinion on whether or not the Barnes County Jail webpage adequately disclosed Plaintiffs' rates hardly is necessary for an ordinary juror to reach their own conclusion – assuming the issue is relevant and was timely disclosed.

Contrary to NCIC's arguments, Plaintiffs' motion is not based on the sufficiency or adequacy of Petro's methodology. *See* Doc. 203 at 9-10. Petro's opinion does not respond to Plaintiffs' expert's opinion. Petro does not render an opinion on the actual issue presented: whether Plaintiffs were in fact charging rates in violation of FCC regulations as asserted by NCIC. *See* Doc. 107, Ex. V, ¶s 29(a), 31-48. Plaintiffs' motion is based on the irrelevancy of Petro's opinion concerning the sufficiency of the information on the Barnes County Jail webpage, and the fact that any factfinder may look at the webpage, assuming the undisclosed apparent defense for NCIC's false statements is permitted, and reach their own conclusion. *See* Doc. 195 at 9-12.

After nearly three years of litigation, nearly twenty depositions, and the production of thousands of pages of documents, NCIC has no witness who can say that Reliance Telephone in fact was illegally charging any customer. This complete absence of evidence on the part of NCIC should reveal to the Court the lack of merit in NCIC's defense. This Court should exclude Petro's personal opinion regarding the sufficiency of the Barnes County, North Dakota webpage, which does not address any timely disclosed issue in this action.

## II.    Petro May Not Offer His Personal Opinion on the "Reliability" of Hangsleben's Opinions.

NCIC admits that Petro intends to offer his opinion as to "the reliability of Mr. Hangsleben's expert opinions." Doc. 203 at 12. NCIC provides a litany of undisclosed opinions relating to alleged personal interests and supposed inadequacies in the bases for Mr. Hangsleben's opinion. *See id.* Petro may not be permitted to provide these previously undisclosed opinions.

Nowhere in his expert report does Petro disclose that he intends to offer an opinion regarding Mr. Hangsleben's alleged personal interest in the outcome of the case, or the adequacy of Mr. Hangsleben's methodology employed. *See generally* Doc. 197, Ex. U. Petro only summarily concluded – and testified – that he intends to comment on Mr. Hangsleben's credibility. *Id.*, Ex. A at 105:1-14, 122:12-123:1, Ex. U at 7. He never questioned Mr. Hangsleben's methodology. *See generally id.*, Ex. U.

An expert may not tell the jury which evidence is credible, which conclusions are correct, or how to resolve factual disputes. *See, e.g., United States v. Hill*, 749 F.3d 1250, 1260 (10th Cir. 2014); *Nichols v. Am. Nat. Ins. Co.*, 154 F.3d 875, 884 (8th Cir. 1998); *Westcott v. Crinklaw*, 68 F.3d 1073, 1076 (5th Cir. 1995). *See also* Doc. 195 at 13. Petro's intended testimony "is simply telling the factfinder how to weigh the evidence." *Grant Holdings, Inc. & Energique, Inc. v. JB7, LLC*, 2025 U.S. Dist. LEXIS 256229, at *15-16 (S.D. Iowa Sept. 22, 2025). Such testimony is impermissible and inadmissible.

NCIC's cited cases do not compel any result other than exclusion of Petro's alleged opinion on the reliability or credibility of Mr. Hangsleben's opinions. NCIC's cases involved instances of legitimate debate between experts regarding the appropriate methodology. None of them involved outright opinions that in the competing expert's views were unreliable or that the other expert lacked credibility. Such testimony is a conclusion that only the jury may draw. An expert witness

7

may not testify or comment on the credibility or reliability of the other side's expert. This Court therefore should exclude Petro's personal opinions regarding Hangsleben's credibility or reliability.

### III.    <u>Petro May Not Offer His Interpretation of FCC Regulations.</u>

NCIC ignores the fact that Petro intends to provide his personal interpretation of several FCC regulations. NCIC claims that Petro will "explain[] specialized regulatory concepts." *See* Doc. 203 at 11. NCIC concedes that Petro will not testify whether Plaintiffs violated the law, and that he may not offer any legal opinions. *Id.*. Plaintiffs agree that Petro may not do so. *See* Doc. 195 at 12-13.

NCIC contends that Petro, "will explain how the FCC's IPCS rate-cap and disclosure framework operates, what providers were required to disclose and report and why Reliance's disclosures and filings raise serious questions about Mr. Hangsleben's opinion." Doc. 203 at 11. Conspicuously, NCIC does not cite any source for this claim in Petro's expert report or his deposition testimony. *See id.* That is because none exists. Petro has never disclosed any such opinion or analysis. Petro testified under oath to the contrary. He testified that he intends to provide his interpretation of several FCC regulations. Indeed, his expert report does not contain any explanation of rate-cap structure or disclosure requirements. *See* Doc. 107, Ex. A at 70:17-71:3; Ex. U at 4, 5.

NCIC's argument regarding another undisclosed opinion of Petro is nothing more than a thinly-veiled attempt to convince the Court to permit him to give his personal opinion on a matter within the sole and exclusive province of the Court or the jury. Only the Court may instruct the jury on the meaning of laws or regulations; only the jury may decide whether or not a party violated the law. *See* Doc. 195 at 13. The Court therefore should exclude all such opinions, interpretations of FCC regulations, or whether Plaintiffs violated the law or any FCC regulation.

## CONCLUSION

For the foregoing reasons, as well as the reasons stated in their initial memorandum (Doc. 195), Plaintiffs Reliance Telephone of Grand Forks Incorporated and Reliance Systems, Inc. respectfully request that the Court grant their motion in its entirety, and exclude Defendant Network Communications International Corp.'s expert witness, Lee G. Petro, from providing any evidence or testifying as an expert witness in this action.

Dated: June 29, 2026.

Patrick L. Sealey AT0007085
HEIDMAN LAW FIRM, P.L.L.C.
1128 Historic Fourth Street
P.O. Box 3086
Sioux City, IA 51102
Tel: (712) 255-8838
Fax: (712) 258-6714
Email: Patrick.Sealey@heidmanlaw.com

and

Alan M. Anderson (MN Bar #149500)
(admitted *pro hac vice*)
L. Reagan Florence (MN Bar #0396468)
(admitted *pro hac vice*)
ALAN ANDERSON LAW FIRM LLC
11100 Wayzata Blvd., Suite 545
Minneapolis, MN 55305
Tel: 612-756-7010
Fax: 612-756-7050
Email: aanderson@anderson-lawfirm.com
        LRForence@anderson-lawfirm.com

*Attorneys for Plaintiff Reliance Telephone of Grand Forks Incorporated and Reliance Systems*

9

Copy to:

Nicholas G. Moser
Dylan M. Miller
Marlow, Woodward & Huff, Prof. LLC
PO Box 667
200 W. Third St.
Yankton, SD 57078
Telephone: (605) 665-5009
Facsimile: (605) 665-4788
Email: nick@mwhlawyers.com
dylan@mwhlawyers.com
ATTORNEYS FOR DEFENDANT
NETWORK COMMUNICATIONS
INTERNATIONAL CORP.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served on all parties to the above-entitled cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on June 29, 2026.

10